Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., and JAIME SAN MIGUEL,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. J-04-008 CV (JWS) |

**MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF INQUIRING AS TO DEFENDANTS' LATE RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION**

Plaintiff, MYRNA JOHNSON, has sued the defendants, alleging that she was constructively discharged from her employment as an assistant manager at the Juneau Fred Meyer store in breach of the covenant of good faith and fair dealing and for purposes that violate State and Federal law.

In part, she claimed that her immediate supervisor, defendant JAIME SAN MIGUEL, decided to replace her with a pretty young woman after plaintiff had to take time off from work under the Family Medical Leave Act (FMLA) because of her teenage daughter’s emotional difficulties. She has alleged in her Complaint and throughout this litigation that defendant SAN MIGUEL undertook a concerted campaign to force her from her position. He did this in a

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

variety of ways, all focusing on her alleged failure to perform job duties which she had successfully completed for the better part of a decade. Once he decided that he was going to force her out of her position as assistant manager, he was able to do so in short order, through daily complaints about her work quality culminating in less than a week in a disciplinary meeting and her constructive discharge.

In her Complaint, plaintiff also alleged that she was in fact subsequently replaced by a pretty young "single" woman named Johnna Havard. Ms. Havard subsequently complained that when defendant SAN MIGUEL learned that she had become engaged, he immediately began treating her in much the same way as the plaintiff with similar effect; she left her position to transfer to another department away from Mr. SAN MIGUEL.

In discovery in this matter, plaintiff has requested what information might be in the defendants' possession regarding Mr. SAN MIGUEL's conduct as a manager. In particular, information was sought as to any complaints about Mr. SAN MIGUEL and any investigation undertaken by upper management into his conduct. Despite repeated requests, very little information was forthcoming about Mr. SAN MIGUEL. However, in depositions of management personnel on May 25 and May 26, 2006 in Portland, Oregon, individuals in Mr. SAN MIGUEL's chain of command, admitted to having received complaints about him.

Those depositions were immediately followed up with plaintiff's Third Requests for Production on May 26, 2006. They were responded to on July 10, 2006. In those responses, received after the formal close of discovery, defendants provided for the first time, pages of emails and hand-written notes containing specific complaints about Mr. SAN MIGUEL. (Attachment A) Surprisingly, these late-produced documents contained complaints about Mr.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

SAN MIGUEL and described conduct that was almost identical to that complained of by plaintiff in this matter. The complaints all came from Ms. Havard, the young woman who replaced the plaintiff.

The emails and hand-written notes that accompany them in Attachment A require the reopening of discovery for the limited purpose of inquiring as to the source of these emails and the author of the hand-written notes, as well as most likely, the re-deposition of Ms. Lucas who it is assumed, is the source of these documents.

Upon receipt and review of this discovery, plaintiff's counsel wrote to Mr. Dickens, counsel for defendants, on July 14, 2006, stating in pertinent part:

> "On July 11, 2006 we received Defendants' Responses to Plaintiff's Third Requests for Production of Documents Dated May 26, 2006. In response to our RFP No. 25, you provided document nos. 202414 – 202438G. The documents fall within two categories: (1) "Office Vision" emails relating to complaints regarding Jaime San Miguel's management, and (2) hand-written notes which appear to both memorialize and perhaps comment upon those same complaints. Neither the author nor the creation dates of the hand-written notes are identified.
>
> Succinctly, these documents should have been produced much earlier in this litigation. On January 5, 2005, Plaintiff's First Requests for Production of Documents was served on your office by Ms. Johnson's prior counsel. I asked in early January of 2006 that you respond to that production request and you did so on March 22, 2006. In RFP No. 5, Fred Meyer was asked to: "*Please produce all statements…referring, relating to or pertaining to any fact or issue in this matter or the conduct that is the subject of this litigation.*" You stated that any statement had been or would be provided with those responses.
>
> Similarly, in RFP No. 19, Fred Meyer was requested to: "*Produce any document referring, relating or pertaining to verbal or written complaints or expressions of concern from any employee of the Juneau Store regarding San Miguel from 2000 to present.*" Your answer was "there are none."
>
> Finally, in 30(b)(6) depositions, when I was attempting to obtain copies of prior Office Vision emails from this time period, I was specifically told under oath that there were

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

> no other Office Vision emails related to this matter or available as they had been destroyed in the migration to a Lotus Notes system.
>
> For these reasons, document nos. 202414 – 202438G, received on July 11, 2006 are a surprise. They deal with complaints about Jaime San Miguel's management style, absenteeism, discipline, treatment of female subordinates, store "tours", recovery and other issues directly related to the disciplinary event which we allege was a constructive discharge of our client.
>
> In the same vein, the extensive hand-written notes by an unknown author describing complaints about San Miguel are clearly responsive to both our earlier discovery and the facts at issue in this case. They should have been produced earlier, in time for us to address their content with the defendants and other Fred Meyer management personnel who have been deposed.
>
> While I'm sure their earlier omission was unintentional, I don't think their late production is justified by the argument that we didn't ask specifically for them earlier. We have sought exactly this type of information since I began discovery in this matter. These documents raise a number of questions which I'm certain will require the reopening of discovery, at least for the limited purposes of inquiring into their content, the events which form the basis for these complaints, the author and approximate creation dates of the hand-written notes and any action taken in regards to these. We'll of course also need to authenticate them in some fashion." (Attachment B)

Despite the passage of almost two weeks, plaintiff's counsel has received no response to the July 14, 2006 letter and as such must ask for the Court's assistance. Plaintiff has diligently pursued discovery. He has been assured by defendants that no other information existed in regards to Mr. SAN MIGUEL and took depositions of Mr. SAN MIGUEL, Ms. HAVARD, Mr. SAYRE, Ms. LUCAS and other management and former management personnel without possession of these important, germane and relevant complaints about Mr. SAN MIGUEL.

The Court should reopen discovery for the limited purpose of inquiring into these documents and deposing and/or re-deposing such witnesses as are necessary in regards to the subject matter and content of these documents.

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

DATED this 28th day of July, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/*Mark Choate*

MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

5 of 7

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003]*.
MOTION TO REOPEN DISCOVERY
J-04-008 CV (JWS)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On July 28, 2006, I served the foregoing document described as *Motion to Reopen Discovery***,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

6 of 7
*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF INQUIRING AS TO DEFENDANTS' LATE RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION
J-04-008 CV (JWS)

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 28, 2006 at Juneau, Alaska.

CHOATE LAW FIRM, LLC

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

7 of 7
*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF INQUIRING AS TO DEFENDANTS' LATE RESPONSES TO PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION
J-04-008 CV (JWS)