Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FRED MEYER STORES, INC., and ) JAIME SAN MIGUEL, ) | |
| Defendants ) | Case No. J-04-008 CV (JWS) |

**PLAINTIFF'S MOTION IN LIMINE NO. 1 - FRE 609
(1992 MISDEMEANOR CHARGE – NO CONVICTION)**

Plaintiff, MYRNA JOHNSON, through counsel, moves the Court for an Order *in limine* prohibiting the defendant from mentioning in any fashion her arrest in 1992 for shoplifting. There was no conviction and as such, the charge could not be admitted under any circumstances. Even if there was a conviction, the age of the charge, greater than ten years, warrants its exclusion pursuant to FRE 609(b) as its admission would be more prejudicial than probative.

In 1992, plaintiff was arrested for not paying for merchandise from a Target Store. Those charges were subsequently dismissed. FRE 609 provides that a conviction for a misdemeanor involving dishonesty is admissible unless it is more than ten years old. There's a strong presumption in FRE 609 against the use of stale convictions. *U.S. v. Estes,* 994 F.2d 147 (5th Cir. 1993); *U.S. v. Rodriguez-Garcia,* 983 F.2d 1562 (10th Cir. 1993).

To the best of plaintiff's knowledge, there was no conviction on the charge. It was dismissed. In addition, defendant has never given notice that it intends to attempt to impeach her with that charge. Finally, the age of the charge (more than 10 years) and its prejudice substantially outweighs any probative value it may have. *U.S. v. Beahm,* 664 F.2d 414 (4th Cir. 1981)

In the instant matter, plaintiff claims that she was constructively discharged from her position as an Assistant Apparel Manager at the Juneau Fred Meyer Store. Defendants claim that plaintiff voluntarily "quit" her position when she walked out of a "disciplinary session" in the Store Director's office. There are no claims of dishonesty as to plaintiff's conduct or actions at any time relevant to this matter. Defendants should be prohibited from raising in any fashion the stale 14 year old misdemeanor charge of shoplifting in an effort to impeach the plaintiff's credibility.

DATED this 28th day of July, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/*Mark Choate*

_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

# PROOF OF SERVICE

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On July 28, 2006, I served the foregoing document described as PLAINTIFF'S MOTION IN LIMINE NO. 1 – FRE 609(B), on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK  99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

*Johnson, Myrna v Fred Meyers [23003].*
PLAINTIFF'S MOTION IN LIMINE NO. 1 - FRE 609
J-04-008 CV (JWS)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 28, 2006 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

*Johnson, Myrna v Fred Meyers [23003].*
PLAINTIFF'S MOTION IN LIMINE NO. 1 - FRE 609
J-04-008 CV (JWS)