James R. Dickens                                                    Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage AK  99501
Telephone:  (907) 258-4338

    Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA  98101-2352
TELEPHONE (206) 622-8484

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

**DEFENDANTS' OMNIBUS MOTIONS IN LIMINE**

**I. MOTIONS**

Defendants Fred Meyer Stores, Inc. ("Fred Meyer") and Jaime San Miguel move *in limine* to exclude certain inadmissible testimony of potential witnesses for plaintiff, to include Paz Carrillo, Sarah Dexter, Mary Droddy, Jay Epstein, Charina Fontenot, Johnna Havard, Mathew Laney, Sallie Tenwolde and Maranda Wilburn.

**II. EVIDENCE RELIED UPON**

Declaration of James R. Dickens in support of motions *in limine* with attached affidavits.

### III. AUTHORITY

Motions *in limine* are appropriate to bring prior to the beginning of trial or before the introduction of specific evidence or testimony. Fenimore v. Drake Const. Co., 87 Wn.2d 85, 91, 549 P.2d 483 (1976).[1] "Pretrial motions to exclude evidence are designed to simplify trials and avoid prejudice[.]" Id. at 89. Such motions should be granted if:

(1) The evidence is described specifically;

(2) The moving party provides the court with a memorandum of authority showing the evidence is impermissible; and

(3) The evidence is too prejudicial, confusing, or its probative effect is outweighed by its prejudicial effect (i.e., it would be confusing to a jury and there is little probative effect but potential prejudice), or it is otherwise inadmissible.

Fenimore, 87 Wn.2d at 91. See also, *Note, Pretrial Exclusionary Evidence Rulings*, 1967 Wis. L. Rev. 738; *Comment, Motions in Limine in Washington*, 9 Gonzaga L. Rev. 780 (1974).

These requirements have been satisfied in the matters about which defendants Fred Meyer and Jaime San Miguel seek an order on their motions in limine and they should be spared the necessity of objecting at the time of trial or otherwise to any attempts to introduce such evidence.

**A. PLAINTIFF AND CO-WORKER TESTIMONY REGARDING PLAINTIFF'S WORK PERFORMANCE AND CHARACTER IS INADMISSIBLE AND SHOULD BE EXCLUDED.**

Neither Ms. Johnson nor her co-workers are competent to testify to Ms. Johnson's work performance. Even if they were, this evidence is irrelevant and is improper character evidence.

Plaintiff has submitted affidavits by Ms. Johnson's co-workers, suggesting that they may testify to Ms. Johnson's job performance. Testimony by Ms. Johnson or her co-workers regarding her job performance, however, is not relevant. Only the opinions of

---

[1] This obvious point of law is well recognized in the 9th Circuit as well, but the Circuit has apparently not had occasion to specifically discuss their allowance.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

the <u>decision-makers</u> are relevant.  <u>Schuler v. Chronicle Broadcasting Co., Inc.</u>, 793 F.2d 1010, 1011 (9th Cir. 1986), <u>citing</u> <u>Smith v. Flax</u>, 618 F.2d 1062, 1067 (4th Cir. 1980).  <u>See also</u> <u>Grimwood v. Univ. of Puget Sound, Inc.</u>, 110 Wn.2d 355, 360-61, 753 P.2d 517 (1988). Therefore, all such testimony must be excluded under Fed. R. Evid. 402.

Further, this evidence is also inadmissible character evidence.  Character evidence is *not* admissible to show that a person acted in conformity with his character except under very narrow exceptions, none of which are present here.  Fed. R. Evid. 404. Moreover, in civil cases, character evidence is admissible only if plaintiff's character is in issue.  Fed. R. Evid. 404; <u>Gates v. Rivera</u>, 993 F.2d 697, 700 (9th Cir. 1993); <u>Dickerson v. Chadwell, Inc.</u>, 62 Wash. App. 426, 432, 814 P.2d 687 (1991).  Ms. Johnson's character is not at issue in this lawsuit.  The principal issue is the motivation of the decision-makers. Evidence of Ms. Johnson's character is thus not admissible under Fed. R. Evid. 404.

**B.     HEARSAY TESTIMONY AND/OR AFFIDAVITS OF CO-WORKERS AND THEIR OPINIONS SHOULD BE EXCLUDED.**

   1.     [Paz Carillo](#).

Defendants expect Paz Carrillo to be asked to testify that plaintiff told her (hearsay) that Jaime San Miguel (apparel department manager) criticized plaintiff for her poor recovery of the store merchandise following plaintiff's return to work from her personal leave.  According to her ASCHR affidavit, however, Ms. Carrillo did not directly hear Mr. San Miguel criticize plaintiff's recovery or discuss any pictures allegedly taken with Mr. San Miguel, and has no personal knowledge of Ms. Johnson's recovery work or the pictures taken.  Thus, her testimony (personal and affidavit) both lacks foundation and is hearsay and is not admissible under Fed. R. Evid. 602 and Fed. R. Evid. 802.

   2.     [Sarah Dexter](#).

Defendants expect Sarah Dexter to be asked to testify about (personally or by ASCHR affidavit) working conditions in the apparel department.  Ms. Dexter is expected to express her *personal* opinions about working with Ms. Johnson and Mr. San Miguel,

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

operations in the department, recovery issues, and Fred Meyer management. Ms. Dexter is not a management employee and therefore does not have personal knowledge regarding management decisions and operations conducted in the apparel department. Thus, her potential testimony in this regard lacks foundation and is not admissible under Fed. R. Evid. 602.

Further, defendants expect that plaintiff may seek to have Sarah Dexter testify, as she did in her affidavit to the ASCHR, that she was told by Minerva Cortez (hearsay) that Mr. San Miguel had instructed Ms. Cortez to have Ms. Dexter write up anything she might notice about the previous night's recovery and send the write up in a secret email to Mr. San Miguel. This is obvious hearsay testimony with regard to the actions of Mr. San Miguel and is thus inadmissible under Fed. R. Evid. 802.

### 3. Mary Droddy.

Defendants expect Mary Droddy to be asked to testify that although she was on leave at the time plaintiff terminated her employment with Fred Meyer, she was personally upset when she learned that plaintiff was no longer an employee. Ms. Droddy admits that her information concerning the circumstances regarding Ms. Johnson's termination came from second-hand sources, not from personal knowledge. Her testimony is both hearsay and lacks foundation, and is thus not admissible under Fed. R. Evid. 802 and Fed. R. Evid. 602.

### 4. Jay Epstein.

Defendants expect Jay Epstein to be asked to testify about concerns he had regarding the meeting held between plaintiff, Jaime San Miguel, and store director Fred Sayre. Mr. Epstein was not at the meeting, he has no personal knowledge about the meeting or the circumstances surrounding the meeting, or what was discussed at the meeting, or any results or conclusions following the meeting. Thus, his testimony (personal or by affidavit) lacks foundation and is not admissible under Fed. R. Evid. 602.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

       5.      Charina Fontenot.

Ms. Fontenot was on leave at the time plaintiff terminated her employment with Fred Meyer and only learned that Ms. Johnson was no longer an employee upon her return to work. Defendants expect Charina Fontenot may be asked to testify regarding her March 19, 2002, assignment by Jaime San Miguel to mark down furniture that had been on display for sale. Ms. Fontenot testified in her ASCHR affidavit that she later learned Mr. San Miguel had previously instructed Ms. Johnson earlier that week to assemble the baby furniture display. Ms. Fontenot expresses an opinion regarding the assembly and removal of the baby furniture display. Ms. Fontenot has no personal knowledge that plaintiff was instructed by Mr. San Miguel to assemble the baby furniture display. Furthermore, Ms. Fontenot is not a management employee and is not privy to information or decisions made regarding management or operations decisions made or enacted in the apparel department. Thus, her testimony (personal or by affidavit) lacks foundation and is not admissible under Fed. R. Evid. 602.

       6.      Johnna Havard.

Defendants expect Johnna Havard may be asked to testify, based upon her ASCHR affidavit, that other Fred Meyer employees told her (hearsay) that Ms. Johnson had been pushed out of her job by Mr. San Miguel so that he could hire Ms. Havard, and that San Miguel supposedly told other employees that he wanted to replace Ms. Johnson with a younger and more beautiful employee. First, this is obviously inadmissible hearsay under Fed. R. Evid. 802. Second, neither Ms. Havard, nor the unnamed "[s]everal employees," have any foundation for an assertion that Mr. San Miguel pushed Ms. Johnson out of her job, as they were not privy to management discussions, let alone Mr. San Miguel's conversations with Ms. Johnson. Nor does Ms. Havard have any personal knowledge of the comment two other employees supposedly heard with regard to San Miguel wanting to replace Ms. Johnson. Thus, testimony by Ms. Havard on these issues lacks foundation and is inadmissible under Fed. R. Evid. 602.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Much of Ms. Havard's ASCHR affidavit relates to her own self perceived issues with Mr. San Miguel long after Ms. Johnson walked off the job. Testimony (or the affidavit) in this regard is completely irrelevant to Ms. Johnson's claims and this thus inadmissible under Fed. R. Evid. 402.

### 7.  Mathew Laney.

Defendants expect Mathew Laney to be asked to testify regarding what two older female employees supposedly told him that Mr. San Miguel had told them. This testimony is inadmissible hearsay under Fed. R. Evid. 802 and should be excluded.

Mr. Laney is also expected to be asked to testify about what Ms. Johnson told him about what Mr. San Miguel and Store Director Fred Sayre supposedly did. Mr. Laney has no personal knowledge regarding these alleged facts. Thus, his testimony lacks foundation and is not admissible under Fed. R. Evid. 602.

Further, Mr. Laney is expected to be asked to testify about Mr. San Miguel's work ethic and work performance years earlier when Mr. Laney was the apparel manager. Mr. San Miguel's work ethic and performance, however, are not at issue in this case. Therefore, any testimony in this regard (personal or by affidavit) is completely irrelevant and thus inadmissible under Fed. R. Evid. 402.

### 8.  Sallie Tenwolde.

From 1984 to September 2002, Sallie Tenwolde worked off and on in various positions at the Fred Meyer store in Juneau. Defendants expect Ms. Tenwolde to be asked to testify and express her personal opinions about plaintiff, defendant San Miguel, and other Fred Meyer management employees. Ms. Tenwolde did not work in management of the apparel department. Ms. Tenwolde has no personal knowledge about whether or not Ms. Johnson was adequately and satisfactorily performing her job duties. She also has no personal knowledge regarding any disciplinary proceedings involving either Ms. Johnson, Mr. San Miguel or any other Fred Meyer management employee. Thus, any opinions she

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

may express are strictly her personal opinions, they are not based on fact, they lack foundation and they are inadmissible under Fed. R. Evid. 602.

Further, Ms. Tenwolde's perception of Mr. San Miguel's work ethic is completely irrelevant to Ms. Johnson's case. Thus, any testimony (or affidavit) by Ms. Tenwolde on this issue is barred by Fed. R. Evid. 402.

9.  Maranda Wilburn.

Maranda Wilburn was a part-time employee in the apparel department at the time plaintiff terminated her employment with Fred Meyer. Defendants expect Ms. Wilburn may be asked to testify and express her personal opinions that Mr. San Miguel "had pushed Myrna out of her job in order to replace her with a younger and attractive female employee." Ms. Wilburn may testify that Mr. San Miguel called a meeting on or about March 18, 2002 when he advised his subordinates (including Ms. Wilburn), that Myrna Johnson was no longer an employee of Fred Meyer. As a department manager, Mr. San Miguel was only able to give out limited, non-detailed information regarding Ms. Johnson's departure from Fred Meyer (Ms. Johnson was not terminated, as Ms. Wilburn asserts). Ms. Wilburn has no personal knowledge regarding the reasons, circumstances and conditions regarding Ms. Johnson's departure from Fred Meyer. Thus, any opinions Ms. Wilburn may express are strictly her personal opinions, they are not based on fact, they lack foundation and they are inadmissible under Fed. R. Evid. 602.

Ms. Wilburn is also expected to testify (in person or by affidavit) that Johnna Havard told her that Mr. San Miguel had offered Ms. Havard an "Assistant's position." This is inadmissible hearsay under Fed. R. Evid. 802, and should be barred.

/ / /

/ / /

/ / /

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 8

SEADOCS:239666.1

## IV. CONCLUSION

The defendants respectfully ask that their motions *in limine* be granted.

DATED this 31st day of July, 2006.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
Admitted *pro hac vice*

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on July 31, ,2006, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484