James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle WA 98101-2352  
Telephone: (206) 622-8484  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage AK 99501  
Telephone: (907) 258-4338  

    Attorneys for Defendants

Judge Ralph R. Beistline

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>        Defendants. | Case No. 1J-04-008-CV (RRB) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

### I.    INTRODUCTION

Defendants Fred Meyer Stores, Inc. and Jaime San Miguel file this response in opposition to plaintiff's motion to reopen discovery because of their responses to plaintiff's untimely third set of requests for production.

### II.    LAWSUIT AND DISCOVERY

Over four years ago, March 2002, plaintiff was counseled in a meeting with her manager and the store director at the Fred Meyer store in Juneau. Despite being advised that if she walked out of the meeting it would be considered an involuntary termination, plaintiff walked out of the meeting and her employment with Fred Meyer ended.

Since plaintiff's voluntary termination, which undoubtedly she now regrets, over the last four years her claims have been pursued by four different attorneys. She filed charges with the Alaska State Commission for Human Rights, in response to which Fred Meyer produced hundreds of documents in response to her various claims. No finding in favor of plaintiff was issued, and she requested a right to sue letter.

On March 17, 2004, plaintiff filed the present lawsuit. The complaint has over 122 paragraphs of allegations. (Apparently plaintiff's counsel did not understand the concept of notice pleading.) Counsel also did not provide prompt notice to Fred Meyer as it was not until June 29, 2004 – over three months later – that a copy of the complaint was even sent to Fred Meyer for service, which Fred Meyer accepted on July 1, 2004. The answer on behalf of both defendants was filed on August 11, 2004.

The Court entered a Scheduling and Planning Order on October 12, 2004, *which required all discovery to be completed by May 9, 2005.*

In November 2004 the parties exchanged their initial disclosures. On December 30, 2004, defendants sent plaintiff their first written discovery requests. On January 3, 2005, plaintiff's two counsel moved to withdraw and also sent written discovery to defendants. Their withdrawal was approved on January 11, 2005.

A couple of months later, current counsel entered his appearance on behalf of plaintiff. Since that time counsel for plaintiff and defendants have cooperated with regard to discovery, including the production of documents, producing witnesses and otherwise. To date, Fred Meyer has produced over 2,400 documents for plaintiff in response to her numerous discovery requests.

After plaintiff's current counsel appeared, a second Scheduling and Planning Order was entered on July 26, 2005, which required that:

> *(6)     All discovery must be scheduled so as to be <u>completed</u> by April 28, 2006.*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO REOPEN DISCOVERY - 2
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 6

Depositions of seven witnesses occurred in Juneau in January 2006. In March 2006 plaintiff noted five more depositions for mid-April 2006 in Portland, Oregon. Plaintiff's counsel then had a conflict and postponed the depositions. Defendants cooperated in rescheduling those depositions for May 25-26, 2006, even though some witnesses did not work for Fred Meyer. But as the rescheduling was *after* April 28, 2006, at plaintiff's request, a stipulation was entered for a 60-day extension for:

Management and 30(b)(6) depositions (by plaintiff) . . ..

No reference was made to other discovery by plaintiff.

After the May 25, 2006, depositions, plaintiff sent defendant more requests for documents. These requests were <u>not</u> within the scope of the 60-day extension. Fred Meyer, however, still made a good faith effort to respond. While its response was a week after the close of discovery, it made no difference as there remained no time to schedule more depositions. Furthermore, if the April 2006 depositions had occurred as initially set, there would have been no time to serve any written discovery so that it would "be <u>completed</u> by April 28, 2006."

### III.   CONTENTION

Plaintiff's motion for more discovery should be denied. She has had over two years to litigate, multiple extensions of discovery completion dates, and received thousands of documents. Moreover, the proposed additional discovery is without a date for its completion, or any limit on its scope. Reopening discovery is not warranted at this time.

### IV.   PRIOR DISCOVERY REQUESTS

Plaintiff's first requests for production of documents were overlooked initially with the withdrawal of plaintiff's earlier attorneys contemporaneously with the service of plaintiff's first those discovery requests, and then new counsel and a new scheduling order. RFP No. 5 stated as follows:

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO REOPEN DISCOVERY - 3
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 6

Please produce all statements (including any audio or video tape recording thereof) referring, relating or pertaining to any fact or issue in this matter or the conduct that is the subject of this litigation.

**Response No. 5:** Fred Meyer objects to the extent this request covers attorney work product. Without waiving these objections, no audio or video tape recording was done by Fred Meyer. To the extent any statements exist, they have been produced previously, and some are produced again in response to request no. 7 below.

The above request was vague as to what was meant by "statements" and Fred Meyer responded as it understood the requests to be written statements by witnesses during investigation This type of request is a generic catch-all for differing interpretations of what is meant by "any fact or issue in this matter or the conduct that is the subject of this litigation." Under no stretch of one's imagination did Fred Meyer construe this request as seeking documents about daily operational issues, or actions, occurring months after the termination of plaintiff. Such documents are not relevant in any way to the issues about which plaintiff complains. Accordingly, defendants contend this request did not cover the documents or discovery issues about which plaintiff brings the present motion.

**Request for Production No. 19:** Please produce any document referring, relating or pertaining to verbal or written complaints or expressions of concern from any employee of the Juneau Store regarding San Miguel from 2000 to the present.

**Response No. 19:** There are none.

The complaints in this action are about alleged discrimination based on gender or age. The daily comments, or e-mail from employees reporting to Mr. San Miguel which might be critical of the way he ran the department, or comments about his hours worked, or comments about the manner in which he ordered displays set, and which occurred months after plaintiff walked off the job, are not reasonably within the scope of this request.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO REOPEN DISCOVERY - 4
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 6

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Under the contrary contention, as plaintiff broadly seems to be asserting herein, every document written by every employee after plaintiff walked off the job in March 2002 should have been produced. Defendants contend that it is not a reasonable construction of this request.

All discovery was to be completed by April 28, 2006. The third request for documents was not served 30 days prior thereto. The subsequent 60-day extension was specifically limited, on behalf of plaintiff, to the taking of management and Rule 30(b)(6) depositions.

While not required by the specifics of the discovery extension, Fred Meyer did produce documents in response to plaintiff's third requests for production of documents. These documents which contain some complaints by a subordinate about Mr. San Miguel involve incidents or actions occurring seven to ten months after plaintiff walked off the job. Per the Fred Meyer Employee Responsibilities Form "walking off the job" is "regarded and accepted as an employee's voluntary resignation (quit) of her employment." See Exhibit 1 attached.

The additional discovery also is not relevant. This is not a pattern and practice case but a claim of disparate treatment against one plaintiff. Just as subsequent remedial measures are not admissible to prove negligence, Fed. R. Evid. 407, the conduct of Mr. San Miguel months after plaintiff walked off the job a year earlier is neither admissible nor relevant to the issues regarding plaintiff's departure from her employment with Fred Meyer. Evidence of subsequent acts is not admissible for the purpose of determining similar action on an earlier date, Fed. R. Evid. 404, or if a waste of time and confusing, Fed. R. Evid. 403. This proposed additional discovery falls within all of these evidentiary rules for its exclusion

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION
TO REOPEN DISCOVERY - 5
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 6

## V. CONCLUSION

For the reasons set forth above, defendants request that the Court deny plaintiff's motion to reopen discovery or to pursue further information on these documents produced in response to plaintiff's third requests for production of documents.

DATED this 14th day of August, 2006.

Respectfully submitted,

MILLER NASH LLP

*s/ James R. Dickens*
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
Admitted *pro hac vice*

GRUENSTEIN & HICKEY

*s/ Peter Gruenstein*
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on August 14, 2006,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

*s/ James R. Dickens*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484