Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

MYRNA I. JOHNSON,

Plaintiff,

vs.

FRED MEYER STORES, INC., and JAIME SAN MIGUEL,

Defendants

Case No. J-04-008 CV (RHB)

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

## I.
## Summary of Case Facts

Myrna Johnson was an exceptional employee for ten years at the Juneau Fred Meyer Store. Working her way up from selling shoes part-time, she became an assistant manager in the apparel department, successfully completing ongoing educational and training programs and on the job training for each level of management as she moved up through the management program in the apparel department. At the time of her constructive discharge, she was the Assistant Manager in the Apparel Department with a long and proven record of commitment and competence.



CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

This all changed within a week of her return from an emergency trip to the Philippines in February 2002. Upon her return to work on February 12, 2002, she was immediately and continuously deluged with a series of emails and complaints from her supervisor, Jaime San Miguel, all stating that she was not performing her job adequately. Despite believing that she was performing the work satisfactorily, she made every effort to respond proactively to her supervisor's criticisms, working till well beyond her shift each evening in an attempt to insure that the apparel department was in good order.

Notwithstanding those efforts and her proven record at being able to competently perform this work, nothing satisfied Jaime San Miguel. Each day when she returned to work for another 10 hour or longer shift, she would again receive a barrage of complaints from him, all within the company's internal email system.

She worked at least ten (10) hours per day from Tuesday, February 12 to Sunday February 17, 2002 – a total of more than 60 hours, frequently working till after midnight. On Monday, February 18, 2002, when she came to work – her seventh straight day in a row, she was directed by Mr. San Miguel, to meet with him and Mr. Fred Sayre, the store Director.

In the meeting, Ms. Johnson was confronted in a very small room by two large men. San Miguel produced a document he wanted her to sign. While there's some confusion as to what stage of discipline the written document was supposed to represent, there's no question that it stated that if Ms. Johnson's job performance didn't improve in 30 days, she would be fired.

Myrna Johnson sobbed uncontrollably, unable to understand what was happening to her. She was the primary breadwinner in her family and took enormous pride in her work and



CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

her long history of performance and success at Fred Meyer. Embarrassed by her tears and intimidated by the confrontation engineered by San Miguel, she left the room to go downstairs to the break room where she continued to cry. Unable to compose herself emotionally, she then went home. When there is a personal or medical emergency, managers are allowed to leave work. They are required to clock in once a shift but do not clock "out".

The following morning, before coming in for her next shift, she called Time and Attendance, to record that she had been absent for part of Monday. She was informed at that time that her employment was terminated and that her final check was being sent to her. She subsequently attempted to contact her regional supervisor and human resources in Portland. None of her calls were returned.

Myrna Johnson had been told by fellow employees that San Miguel wanted to replace her with a younger and "prettier" woman, Johnna Havard. This is in fact exactly what occurred. Ms. Havard, upon replacing Myrna Johnson, was asked by San Miguel to do some "Latin dancing" with him at his home. She declined, repulsed by him and his lack of professionalism. Subsequently, when San Miguel learned that Havard had become engaged, he instituted the same type of campaign to force her out of her job as he had done to Myrna Johnson, criticizing the quality of her work through a barrage of emails with no effort, no matter how hard, enough to satisfy him. The emotional distress became so severe that Havard became physically ill, finally leaving apparel to take a position with a separate Fred Meyer entity, Fred Meyer Jewelry.

Discovery, produced by Fred Meyer, late and after the close of the formal discovery process, confirms that Havard had made repeated complaints about San Miguel's conduct –



CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

conduct directed towards her because he wanted to force her out of her position that was functionally identical to that targeted to Myrna Johnson.

Like Johnson's case, Fred Meyer did nothing in regards to San Miguel's conduct even though it cost two hard-working and dedicated managers their jobs. No investigation was undertaken into the circumstances surrounding the constructive discharge of Johnson. Similarly, despite identical conduct, no investigation occurred regarding San Miguel's campaign to force Havard out of the job once she was no longer a potential partner for him.

## II.
## Summary of Discovery

The Court entered a Scheduling Order in this matter on July 26, 2005. Counsel for plaintiff, Mark Choate, was in the final stages of trial preparation in a medical malpractice trial throughout the early Fall of 2005, completing a one month jury trial in Fresno, California just before Thanksgiving 2005.

In November and December 2005, the parties began planning discovery in earnest in this matter. On January 6, 2006, Choate wrote to defense counsel Dickens identifying individuals he wanted to depose in Juneau. (Exhibit A) Depositions of the plaintiff, San Miguel, and other percipient witnesses occurred the week of January 23, 2006 in Juneau.

Immediately upon receipt of the deposition transcripts, Choate, on February 14, 2006, (Exhibit B) wrote to Dickens requesting dates to depose upper management personnel identified in the January depositions, requested discovery responses to Plaintiff's First Request for Production of Documents dated January 3, 2005 (12 months overdue) and reminded

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Dickens that the management depositions could only occur *after* receipt of responses to Plaintiff's Second Request for Production of Documents dated February 14, 2006.

Choate followed up on February 23, 2006 (Exhibit C) asking when he might expect responses to the January 3, 2005 discovery requests and for depositions dates. Dickens responded on February 24, 2006 indicating that he was unavailable in March for depositions and that his April calendar was better, beginning April 10, 2006. (Exhibit D)

On February 27, 2006, Choate wrote to Dickens indicating the management depositions would occur the week of April 10, 2006 and closed the letter stating:

> "I should have received good discovery responses to our two outstanding sets of discovery from you well before then so this timing should work out fine." (Exhibit E)

On March 8, 2006, Choate wrote once again about the overdue responses to the January 3, 2005 discovery requests and asked for notice if there was going to be a problem in responding to the February 14, 2006 discovery requests. Deposition notices accompanied that letter for management depositions to occur in Portland beginning April 10, 2006. (Exhibit F)

On March 9, 2006, Dickens wrote to Choate indicating that discovery responses to *both* sets of discovery would be provided at least two weeks before the scheduled depositions. (Exhibit G)

On March 21, 2006, Dickens wrote to Choate indicating that on March 22, 2006, *plaintiff's requests for production of documents* would be responded to. (Exhibit H) Subsequently, defendants did provide responses on March 22, 2006, but upon review, it was confirmed that there were *no* responses to plaintiff's Second Request for Production dated February 14, 2006 and now a week past due.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

On April 4, 2006, Choate wrote to Dickens, reminding him that the discovery was past due, had not been received and needed to be reviewed before depositions to occur the following week. (Exhibit I)

In response to a letter received from Dickens on that same day, a second letter went out from Choate again confirming the need to have responses to the February 14 discovery requests before the upcoming depositions. (Exhibit J)

On April 5, 2006, Susan K. Stahfeld, an attorney working with Mr. Dickens, indicated that she was sending supplemental discovery, some of if *also responsive* to plaintiff's second requests for production. (Exhibit K)

Counsel for plaintiff waited until April 6, 2006, and having not received either the documents referred to by Ms. Stahfeld in her April 5, 2006 letter or any responses to the February 14, 2006 discovery set, now three weeks past due, had no alternative than to reschedule the management depositions and issue a "meet and confer" regarding defendant's failure to respond to discovery and discovery-related issues. (Exhibit L)

On April 12, 2006, defendant provided discovery responses to plaintiff's first and second sets of discovery. Mr. Dickens suggested an extension of the discovery schedule to allow for the orderly completion of discovery in the case. (Exhibit M)

On April 17, 2006, Choate wrote to Dickens indicating that he had received the discovery responses and wanted to re-calendar the management depositions which had to be postponed because of the failure to provide discovery. (Exhibit N)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

On May 5, 2006, Dickens wrote to Choate indicating that management personnel would be available on May 25 and May 26, 2006 in Portland. (Exhibit O) Choate responded on the same day confirming those dates (Exhibit P) and re-noticed the depositions. (Exhibit Q)

On May 17, 2006 Dickens wrote to Choate finalizing the May 25 and 26 dates for management depositions. (Exhibit R) The following day, on May 18, 2006 Choate wrote confirming those dates. (Exhibit S)

The management depositions, that plaintiff had been attempting to obtain since February 14, 2006 finally occurred three (3) months later on May 25 and May 26 in Portland. Because some of the deponents indicated that there might be additional information in regards to complaints about Jaime San Miguel which had not been previously produced, plaintiff's issued on May 26, their Third Requests for Production which were faxed and mailed to defense counsel on that same date. (Exhibit T) Responses were due 30 days later plus 3 for mailing if the fax is disregarded or no later than June 28, 2006. Pursuant to the Stipulation of the parties, discovery closed on July 1, 2006.

On July 6, 2006, Choate wrote to Dickens asking for the status of responses to the Third Requests for Production. (Exhibit U)

On July 11, 2006, plaintiff received responses to the Third Requests for Production dated July 10, 2006. (Exhibit V) The responses provided new documents which confirmed that someone in management at Fred Meyer had received repeated complaints about Jaime San Miguel from Johnna Havard. No source or author is identified for the complaints or hand-written notes regarding those complaints.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

The complaints describe conduct by San Miguel identical to that in the instant action and all targeted to Ms. Havard after the announcement of her engagement.

On July 14, 2006 Choate wrote to Dickens indicating that there would be a need to reopen discovery on the contents of this late production and that the documents needed to be authenticated in some fashion. (Exhibit W) Dickens never responded to this letter. On July 28, 2006 plaintiff filed a Motion to Reopen Discovery on these documents.

**III.**
**Argument**

If defendant Fred Meyer had responded on time to plaintiff's First and Second Requests for Production, management depositions could have occurred the week of April 10, 2006 as scheduled. Plaintiff, who has diligently pursued discovery in this matter, would have promulgated and received discovery responses in time to complete any additional discovery within the two month period that discovery was extended by stipulation.

Unfortunately, Fred Meyer has routinely been late in regards to all of its discovery responses in this matter. It was more than a year late with responses to plaintiff's First Discovery Requests. It was a month late in response to plaintiff's Second Discovery Requests. It was two weeks late in response to plaintiff's Third Discovery Requests.

More importantly, the documents received in response to plaintiff's Third Discovery Requests should have been authenticated and provided much earlier in the discovery process as is set forth in plaintiff's original Motion to Reopen Discovery. The emails and hand-written notes address conduct by Jaime San Miguel which is at the heart of this wrongful discharge case. San Miguel forced the constructive discharge of Myrna Johnson by making unreasonable

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

and unremitting demands for improved performance of any employee who could and did perform satisfactorily. It really didn't matter what Myrna Johnson did to respond to his demands. Any response was inadequate. More importantly, it didn't matter to defendant Fred Meyer that a dedicated ten year employee with an outstanding work and performance record was forced out of her job in less than a week.

The discovery regarding Ms. Havard and her complaints to Fred Meyer management about San Miguel is directly relevant to this matter. Ms. Havard was also targeted by San Miguel. He forced her from her job just as he did with Ms. Johnson. He used the same tactics and the same means. He obtained the same results.

The documents also confirm that Fred Meyer was informed for a second time of specific problems with San Miguel's job performance. His attendance was erratic. He came and left without notifying others. He was a poor supervisor who blamed others. He used emails and complaints about work performance to harass employees he didn't like and wanted to force off the job. All of these documents, received late, are unauthenticated. They should have been provided prior to Havard and San Miguel's depositions. They should have been available for the depositions of the managers – at least the manager who received them and whose hand-written notes accompany them.

D.Ak. LR 16(c)(3)(B) provided that if more than 2 months is required to complete discovery, then the parties must request a discovery conference with the Court. Plaintiff needs to have defendant's most recent discovery set authenticated and the opportunity to re-depose Mr. San Miguel, Johnna Havard (telephonically) and Mary Lucas regarding the emails and hand-written notes. The depositions can be done in a day.

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**IV.**
**Conclusion**

The record reflects that defendant should have provided this discovery earlier and it should have been authenticated. The delays in its production lay at the defendant's feet and discovery should be reopened for the limited purpose of authenticating the production and inquiring of relevant witnesses through deposition as to the contents of that production.

DATED this 16th day of August, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/*Mark Choate*

MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska.. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On August 17, 2006, I served the foregoing document described as REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY**,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record’s electronic service system,.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 17, 2006 at Juneau, Alaska..

/s/ Mark C. Choate

CHOATE LAW FIRM, LLC

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490