Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT JUNEAU**

| | |
|---|---|
| MYRNA I. JOHNSON, ) | |
| Plaintiff, ) | |
| vs. ) | |
| FRED MEYER STORES, INC., and ) | |
| JAIME SAN MIGUEL, ) | |
| Defendants. ) | Case No. J-04-008 CV (RRB) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE**

Defendants move *in limine* to exclude testimony of the following witnesses: Paz Carrillo, Sarah Dexter, Mary Droddy, Jay Epstein, Charina Fontenot, Johnna Havard, Matthew Laney, Sallie Tenwolde and Maranda Wilburn.  Plaintiff seeks to establish that Jaime San Miguel, her immediate supervisor, orchestrated a concerted campaign over a six-day period to remove Plaintiff from her position in violation of state and federal laws and in breach of the terms of her "for cause" employment relationship with Defendant Fred Meyer.  Accordingly, Plaintiff Myrna Johnson hereby opposes Defendants' blanket motion to exclude testimony of potential witnesses for Plaintiff.

I.   **THE FACTS MANDATE DENIAL OF DEFENDANT'S MOTION *IN LIMINE*.**

In 1992, Fred Meyer and Myrna Johnson entered into a for-cause employment contract. Fred Meyer promised to provide Ms. Johnson with a career, offering her job security and increasing pay raises and promotions if Ms. Johnson performed her job well and met all enumerated, objective requirements for advancement within the Fred Meyer organization.

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

Throughout her employment, to induce her to devote the large quantities of time required to become a manager, Fred Meyer made numerous representations to her, both orally and in writing, that she would be treated fairly and consistently with its documented internal disciplinary processes.

Based on those promises, for almost a decade, Ms. Johnson committed herself fully to her job at Fred Meyer. She progressed from an hourly, part-time employee to full-time, salaried management position working an average of 55 and up to 70 hours a week. In March of 2002, over a period of just six days, her career was terminated by the actions of defendant Jaime San Miguel, her immediate supervisor, with the knowledge and consent of Fred Meyer upper-level management. Defendants wanted to replace Ms. Johnson for improper reasons – her age and because she was the mother of a troubled child – but needed to violate the terms of her for-cause employment relationship with them to do so.

In order to remove Ms. Johnson from her management position Mr. San Miguel needed to have her either terminated or demoted. Among the voluminous policies and rules by which Plaintiff and all employees performance ought to have been judged are "recovery" standards (the appearance of clothing products on shelves and tables) and "planograms" (clear-cut charts or illustrations of desirable appearances of retail areas), both of which are unarguably objective standards meant to maximize consistency in retail operations. Mr. San Miguel used his position as supervisor of other employees to browbeat and demoralize Plaintiff, and failed to follow the clear, objective standards and terms to which Plaintiff, and all Fred Meyer employees, were trained and expected to adhere. He waged a campaign of unceasing daily oral and written subjective criticisms and harassment which culminated in an emotional confrontation with Ms. Johnson trapped in a small, confined space with Mr. San Miguel and Fred Sayre, both large men.

Ms. Johnson began sobbing uncontrollably as Mr. San Miguel ordered her to sign a Written "Employee Warning Notice", an advanced form of discipline which threatened her with removal from the managerial position to which she was entitled according to the terms of her employment. The Written Employee Warning Notice is a form of discipline which normally occurs only after other progressive disciplinary steps have been taken, after the

2 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

passage of significantly more time than a week. As none of the disciplinary actions pursuant to Fred Meyer policies precedent to the Written Employee Warning Notice had occurred, and given that Ms. Johnson had worked unceasingly and uninterruptedly, though unsuccessfully, for the prior six days to respond to San Miguel's escalating complaints, she very reasonably feared that he was going to have her fired or demoted.

Overwhelmed with the impending potential loss of her career and the series of events that had occurred over less than a week's time which had allowed Mr. San Miguel to accomplish his nefarious objective despite Fred Meyer policies, Ms. Johnson began sobbing uncontrollably. Distraught, embarrassed, and humiliated, she told the men she had to leave the room and did so in an effort to collect herself emotionally. She did not hear Mr. Sayre threaten that if she left the room that it would be considered a voluntary "walk off" from the job.

While Ms. Johnson went downstairs to continue crying in the Apparel stock room, Mr. Mr. San Miguel and Mr. Sayre took advantage of her absence and called the Portland headquarters for Fred Meyer. They then took an action not allowed for by Fred Meyer policies, and the decision was made to describe Ms. Johnson's tearful exodus from the room as a "walk-off" from the job and thus, a "voluntary termination." The following day Ms. Johnson was surprised to discover that she had been terminated in clear violation of the for-cause employment relationship between herself and Fred Meyer.

Ms. Johnson intends to call all of the witnesses who have previously provided affidavits in this matter to testify live at trial. In general, the witnesses are expected to testify as to their personal knowledge in the following non-exclusive areas:

- Representations made to them in the hiring and employment process by Fred Meyer as to the nature of the employment contract;
- Representations made to them in the hiring and employment process by Fred Meyer as to the nature of the company's use of progressive discipline;
- Their training and experience in regards to the progressive discipline process used by Fred Meyer;
- Their training and experience in working with Ms. Johnson in the Apparel Department;

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

- Their training and experience in working closing shift, recovery and assembling planograms;
- Their observations of Ms. Johnson the week prior to her termination – her work efforts, concentration, attitude, diligence and quality of work performed based upon their training and experience;
- Their observations of Mr. San Miguel and his actions which support the conclusion that he was motivated to terminate or demote Ms. Johnson for reasons other than her job performance.

These witnesses' testimony is relevant and admissible.

## II. DEFENDANTS' MOTION *IN LIMINE* FAILS TO MEET THEIR OWN STATED STANDARD.

Defendants cite *Fenimore v. Drake Const.Co.*[1] as controlling authority for the appropriateness of granting a motion *in limine*. Plaintiff notes that this is a State of Washington case and is not controlling in U.S. District Court for the District of Alaska, but concedes for the purposes of this motion that even if this is the standard, Defendants fail to meet it. Firstly, Defendants have failed to describe the evidence they seek to have excluded with adequate specificity. Defendants appear to anticipate that, "testimony regarding … job performance," and, "testimony regarding … work performance and character," will be elicited at trial. However, Plaintiff seeks to call the witnesses in question for their knowledge of Fred Meyer employment policies and practices. In so far as the witnesses in question may testify as to the topics enumerated by Defendants in their Motion *in limine*, Defendants still must show such evidence to be inadmissible or likelier to prejudice or confuse than prove a valid point. Plaintiff asserts that the performance did not merit disciplinary action, let alone termination, and therefore the witnesses in question may offer valid testimony as to the quality of her work. There is little reason to suspect this might confuse or prejudice a jury, certainly when weighed against its probative impact.

---

[1] 87 Wn.2d 85, 91, 549 P.2d 483 (1976).

4 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

### III. PLAINTIFF AND CO-WORKER ARE COMPETENT WITNESSES WHOSE TESTIMONY REGARDING PLAINTIFF'S WORK PERFORMANCE IS ADMISSIBLE BECAUSE IT IS RELEVANT, AND IS NOT IMPROPER CHARACTER EVIDENCE.

Defendants move the court *in limine* to prohibit nine (9) of her Fred Meyer co-workers from testifying about Plaintiff's work performance. (While Defendants' Motion does not specifically state the goal of excluding Plaintiff's testimony, the heading to Section A states that, "PLAINTIFF AND CO-WORKER TESTIMONY … SHOULD BE EXCLUDED" and thus this Opposition refutes this larger assertion.)

Firstly, Defendants argue that Plaintiffs and her co-workers are not competent to testify about Plaintiff's work performance. Each of the co-workers Plaintiff seeks to call to testify is competent unless otherwise provided by evidentiary rules, given personal knowledge of the matter.[2] Plaintiff herself and each of the co-workers have firsthand knowledge of Fred Meyer employment policies and practices, and may further have knowledge of the extent to which these polices and practices were followed in Ms. Johnson's case. A lay witness's opinion is admissible if the testimony is rationally based on the witness's own perceptions and would be helpful to the determination of the facts at issue.[3] Plaintiff and her co-workers' opinions are rationally based on their own perception of Fred Meyer standards and criteria for recoveries and planograms, and of Plaintiff's job performance based on their experience and training. This testimony is helpful to explain to the jury that the Plaintiff's discharge from Fred Meyer had nothing to do with her work performance on recoveries and planograms, and further that it was in violation of the for-cause employment relationship.

Plaintiff and her witnesses will testify that plaintiff's job performance in performing "recovery" and building a "planogram" were consistent with their training, experience and Fred Meyer's own written policies and procedures. While defense counsel may inquire as to the

---

[2] Fed R. Ev. 601 & 602.

[3] Fed. R. Ev. 701.

5 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

basis for those opinions, they are certainly relevant.  In essence, plaintiff's witnesses are talking about their training, experience and observations.  Since Mr. San Miguel apparently claims that the recoveries were done improperly, it is proper to introduce testimony that they were not.  He cannot be the sole judge of Ms. Johnson's work performance.  Fred Meyer is a standards based business with explicit and detailed descriptions of how work is to be performed.  In no place is it stated that one's job performance depend on nothing more than satisfying the whims of one's supervisor.

Defendants next argue that the evidence that might be elicited from these witnesses should be excluded because, "[o]nly the opinions of the decision-makers are relevant."[4]  The cases cited by Defendants in support of this proposition do not establish such a broad rule.  For example, in *Schuler v. Chronicle Broadcasting Co., Inc.,* 793 F.2d 1010 C.A.9. (Cal). 1986, the question before the Court was whether the plaintiff's subjective opinions about her own skills was enough to overcome the employer's assertions that she was less competent than competing applicants.  This case does not support the defendants' broad attempt to prevent relevant evidence from being admitted in this matter.

Ms. Johnson is certainly qualified to discuss her training and experience in working with Fred Meyer.  She's also qualified to testify that the work she performed was consistent with that training and experience.  Mr. San Miguel can dispute that through his testimony but her testimony, that she acted in accordance with her training and decade of experience at Fred Meyer, is clearly relevant and admissible.

Similarly, her co-workers can testify as to their training and experience.  They can also testify as to their observations.  It does not take a "Manager" to determine whether the objective criteria for completing "recovery" or a "planogram" have been completed.  Someone who is trained, experienced and tasked with completing the work can testify as to what they did and what they observed.

---

[4] Defendants' Omnibus Motion *in limine* at 2.

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

In *Grimwood vs. University of Puget Sound, Inc.,* 753 P.2d 517 (WA., 1988), the Court found that a plaintiff whose affidavit simply consisted of "conclusions and opinions as to the significance of facts" did not create a genuine issue for trial. Observations by eye witnesses are not conclusions. For example, if one of plaintiff's witnesses says, "I was at the store the same morning Mr. San Miguel complained about recovery. I observed the recovery. It was done in accordance with the standards and trainings I received. Shirts were sorted by size and properly hung…." This testimony would contradict Mr. San Miguel's.

While Mr. San Miguel and Fred Meyer's corporate intentions are ultimately at issue here in this wrongful termination case, they must be evaluated in light of the direct and circumstantial evidence available. If employees are taught to do recovery one way and Ms. Johnson is observed to complete her recovery consistent with policy and practice, this evidence must be juxtaposed against Mr. San Miguel's assertions that the recovery was done improperly.

Applicable case-law provides that in the course of wrongful-discharge litigation, a plaintiff may not meet the burden of showing that a defendant employer's reason for discharging an employee is merely pretextual by offering up, "subjective personal judgments."[5] The instant case clearly differs in that the testimony of a plaintiff's co-workers is inherently less subjective than an individual's perception of her own work. Moreover, in the cited cases there is no indication of voluminous employer-provided standards of performance, which again increase the potential likelihood of objectivity of testimony that may be offered. Most importantly, there are genuine issues of material fact in Ms. Johnson's case as to how well she was doing her job. While there may certainly be managerial functions which could not be evaluated through the observations of co-employees, when the criticism is based upon "recovery" and "planograms", activities which all of these same employees are trained and accomplish on a daily basis, their observations are clearly relevant and admissible.

---

[5] *Schuler v. Chronicle Broadcasting Co., Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986) (citing *Smith v. Flax* 618 F.2d 1062, 1067 (4th Cir. 1980)).

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

Plaintiff and her co-worker's testimony are not to be offered as subjective personal judgments or perception. Rather, Fred Meyer has comprehensive training manuals outlining objective criteria and standards for recoveries and planograms. As Fred Meyer employees and former employees, with training from Fred Meyer regarding the objective standards and criteria at issue in this case, Plaintiff and her co-workers have extremely relevant testimony regarding Plaintiff's job performance. This testimony is relevant to determine whether, despite numerous volumes of Fred Meyer objective standards and criteria for recoveries and planograms, and despite the fact that Plaintiff performed these duties for over 10 years without any problems, Mr. San Miguel had legitimate cause for criticizing Plaintiff's performance and then threatening her with demotion or discharge if her performance did not improve. Moreover, one of the very issues in this case is whether Mr. San Miguel's subjective personal judgment regarding Plaintiff's performance of recoveries and planograms during the six days after she returned, conformed to Fred Meyer's objective standards and criteria for performing such tasks.

Finally, Defendants argue that Plaintiff's and her co-workers' testimony about Plaintiff's work performance should be excluded because it is improper character evidence. Evidence of a plaintiff's character, disposition, or personality may not be introduced to prove that she acted in conformity with any of these personal characteristics.[6] Because this evidence is not offered to prove Plaintiff's character or for the purpose that Plaintiff acted in conformity therewith, the testimony is not improper character evidence. Instead, the subject evidence is opinion testimony relevant to establish that Plaintiff's termination had nothing to do with her work performance. Plaintiff offers the evidence to assist the court in determining whether Mr. San Miguel had legitimate cause for criticizing Plaintiff's performance and then threatening her with demotion or discharge if her performance did not improve, and whether he acted in accordance with Fred Meyer policies and practices. The fact that Plaintiff offers evidence regarding first-hand observations of Plaintiff's work performance does not convert otherwise relevant testimony into improper character evidence.

---

[6] Fed. R. Ev. 404(a).

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

While Defendants would undoubtedly prefer that Mr. San Miguel's subjective judgments and perception of Plaintiff's work performance be the only opinion heard by the jury, such a position is not supported by the Federal Rules of Evidence or applicable case law.

IV. **PLAINTIFF'S AND HER CO-WORKERS' TESTIMONY AND/OR AFFIDAVITS AND THEIR OPINIONS ARE ADMISSIBLE AS THEY HAVE FOUNDATION BASED ON PERSONAL KNOWLEDGE AND AS THEY ARE CLEARLY NOT HEARSAY OR QUALIFY AS EXCEPTIONS TO THE HEARSAY RULE.**

Defendants attempt to exclude testimony of Plaintiff's Fred Meyer co-workers arguing, generally, that this testimony lacks foundation and is hearsay. Evidence may be excluded when it lacks foundation in that the witness does not have personal knowledge of the matter; personal knowledge may be established by the same witness's own testimony.[7] All of the co-workers expected to testify on Plaintiff's behalf were employees at Fred Meyer when Plaintiff's employment was terminated. Each and every one is familiar with Fred Meyer policies and practices. Each was thoroughly trained by Fred Meyer on the objective standards and criteria for recoveries and planograms. The training and employment experiences of each of these witnesses – in addition to their own statements – clearly establish the foundational basis for their personal knowledge of the matters on which they will be asked to testify.

Hearsay is testimony as to an out-of-court statement offered in court for the purpose of proving the truth of the matter asserted.[8] The testimony of each of Plaintiff's witnesses is here to be offered for the purpose of showing the existence of a comprehensive program of policies and practices by which Plaintiff had the right and reasonable expectation to be measured. While other evidence may be offered to prove that Mr. San Miguel's subjective personal judgment regarding Plaintiff's performance of recoveries and planograms did not conform to Fred Meyer's objective standards and criteria for performing such tasks, that is not the purpose for which Plaintiff seeks to call her co-workers as witnesses. A further purpose in the

---

[7] Fed. R. Ev. 602.

[8] Fed. R. Ev. 801(c).

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

testimony to be elicited from Plaintiff's co-workers is the nature of employment at Fred Meyer, which helps illustrate the reasonableness of Plaintiff's reactions to Defendant San Miguel's repeated barrage of subjective criticism regarding her work performance and her emotional response when she was presented with a Written "Employee Warning Notice," which threatened removal from her managerial position. To whatever extent any impermissible hearsay inferences might be drawn by the trier of fact from any of the co-workers' testimony, counsel for Defendant must object discretely to these points at trial if by oversight or happenstance such testimony is offered.

Defendants' Omnibus Motion in Limine, which seeks to exclude the valid, admissible testimony of fellow employees with first-hand knowledge of Fred Meyer's training, policies, procedures and practices, as well as day to day experience in working with Plaintiff and Defendant San Miguel, should be denied.

DATED this 5th day of September, 2006.

Respectfully submitted,
CHOATE LAW FIRM LLC

S/*Mark Choate*
_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

10 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

# **PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska... I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On September 5, 2006, I served the foregoing document described as **,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK  99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☐ By electronic service through the court of record's electronic service system,.

11 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 5, 2006 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANTS' OMNIBUS MOTIONS IN LIMINE
J-04-008 CV (RHB)