BEFORE THE ALASKA STATE COMMISSION OF HUMAN RIGHTS

MYRNA I. JOHNSON,    )
                            )
     Plaintiff      )
                            )
vs.                      )
                            )
FRED MEYER STORES, INC.  )
     Defendants   )
                            )   ASCHR No. C-02-132

## AFFIDAVIT OF SALLIE TENWOLDE

I, Sallie Tenwolde, being first duly sworn upon oath, depose and state as follows:

1. I am more than 19 years of age, and competent to testify regarding these matters, based on personal knowledge and belief.

2. My mailing address is 28890 Lilac Road (# 147), Valley Center, California.

3. I first began working at the Juneau store of Fred Meyer, Inc. ("Juneau Store") in 1984 as part of the opening crew for that store but left that job when I moved later that year to California.

4. I returned to Juneau and began working as a salesperson in the apparel department of the Juneau Store in April of 1996 and held that position until I returned to California in December of 1996.

5. While I worked in the apparel department, Myrna Johnson was my supervisor as she was the closing PIC (person-in-charge) at the Juneau Store.

*MJ Exhibit 5    Page 1 of 4*

Exhibit H
page 6 of 18

6. I returned to Juneau, Alaska in 1997 and again worked at the Juneau Store. However, this time I was employed as a Visual Display Specialist and was supervised by Matthew Laney.

7. Mr. Laney also supervised Ms. Johnson at that time.

8. In January of 1998, I returned to California but came back to Juneau in April of 1998 and worked at the Juneau Store again as a Visual Display Specialist under Mr. Laney's supervision.

9. In September of 1998, I left Juneau and returned to California and did not return to Juneau until May of 2000.

10. After I returned to Juneau in May of 2000, I went back to work at the Juneau Store as a Visual Display Specialist until I returned to California in August of 2000.

11. When I returned to Juneau in 2002, I subsequently took a job at the Juneau Store again but this time I worked in the mail order department under the supervision of Drew Norman.

12. Jaime San Miguel had replaced Mr. Laney by the time I returned to Juneau in 2002 and I did not want to work under Mr. San Miguel.

13. I had had ample opportunity to observe San Miguel's work habits and conduct when I worked at the Juneau Store in previous years. I had complained about his poor work ethic to Matthew Laney on one occasion and I personally viewed San Miguel as lazy and unreliable.

14. In my dealings with San Miguel, I had noticed that he often left work early to play baseball or to pick up his son and had observed that he failed to follow through on things and then blamed others if the work was not completed.

15. I felt San Miguel "played favorites" and did not treat all the employees working for him fairly or even-handedly.

Exhibit H page 2 of 78

MJ Exhibit 5   Page 2 of 4

*Johnson v. Fred Meyer Stores, Inc.,*   ASCHR No. C-02-132

16. I quit my job at the Juneau Store when I returned to California two months later and have not been back to Juneau, Alaska since September of 2002.

17. I saw Ms. Johnson at work on a regular basis during the times when we were both employed by the Juneau Store.

18. Throughout my dealings with her, I was very impressed by her professionalism and work ethic.

19. Myrna Johnson was an incredibly hard worker and sometimes even covered for San Miguel by doing his job when he left work early to play baseball or to attend to other personal matters.

20. I considered Ms. Johnson to be a role model for me and other workers at the Juneau Store because of her work ethic and loyalty to the Juneau Store and its management.

21. I felt that San Miguel was part of the "boys' network" as he was a drinking buddy and played baseball with Fred Sayre's predecessor and there was a "macho" tone to his dealings and those of other males in management at the Juneau Store.

22. After I returned to Juneau in 2002, I ran into Ms. Johnson and she was sobbing when she told me that she had been terminated. I had previously heard that Ms. Johnson was no longer working at the Juneau Store.

23. I was shocked that the Juneau Store would terminate such a hardworking, competent, and professional employee like Ms. Johnson while the poor work ethic of San Miguel was overlooked.

24. In fact, I was so appalled by Ms. Johnson's termination that I wrote a letter to Mary Lucas – the head of human resources at the Portland, Oregon headquarters of Fred Meyer Stores, Inc. – telling her how wonderful an employee Myrna was.

25. In my letter to Ms. Lucas, I told her to contact me about Myrna Johnson. I

Exhibit 4
page 8 of 18

*MJ Exhibit 5    Page 3 of 4*

*Johnson v. Fred Meyer Stores, Inc.,*    ASCHR No. C-02-132

never heard back from Ms. Lucas even though I gave her a fax and phone number where I could be reached.

FURTHER your affiant sayeth naught.

DATED this 13 day of April, 2004.

State of California  } SS.
County of San Diego }

_Sallie Tenwolde_
Sallie Tenwolde

SUBSCRIBED and SWORN TO before me this 13th day of April, 2004.

_[signature]_
Notary Public, State of California
My commission expires:



DANIEL W. SUNDQUIST
Commission # 1357744
Notary Public - California
San Diego County
My Comm. Expires Jun 19, 2006

Exhibit H
page 9 of 18