James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA  98101-2352  
Telephone:  (206) 622-8484  
Fax:  (206) 622-7485  
jim.dickens@millernash.com  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK  99501  
Telephone:  (907) 258-4338  
Fax:  (907) 258-4350  
ghlaw3@gci.net  

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>               Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>               Defendants. | Case No. 1J-04-008-CV (RRB) |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE

### I. INTRODUCTION

    Defendants Fred Meyer Stores, Inc. ("Fred Meyer") and Jaime San Miguel (collectively, "defendants") herewith provide their response to plaintiff's motions *in limine*.

DEFENDANTS' MEMORANDUM IN OPPOSITION TO  
PLAINTIFF'S MOTIONS IN LIMINE  
Johnson v. Fred Meyer  
Case No. 1J-04-008-CV  
Page 1 of 4

SEADOCS:246471.1

## II. LEGAL ANALYSIS

**A.  Plaintiff's Motion *in Limine* No. 1:  Exclude evidence of plaintiff's charge of shoplifting in 1992.**

Plaintiff seeks to exclude evidence of the 1992 shoplifting charge against her. Defendants do not oppose this motion.

**B.  Plaintiff's Motion *in Limine* No. 2:  Exclude evidence of the charge of selling counterfeit goods in South Carolina.**

Plaintiff asks the court to exclude all evidence of the criminal charge of selling counterfeit goods, currently pending in South Carolina. Defendants oppose this motion for the following reasons.

Plaintiff relies on Fed. R. Evid. 609 for her motion, contending that as it is only a pending charge, it is not admissible for credibility impeachment purposes under that rule. But defendants do not seek to have it admitted under Fed. R. Evid. 609 or for credibility impeachment. Rather, the evidence is relevant to plaintiff's claims for damages following the end of her employment with Fred Meyer.

Plaintiff seeks lost wage damages and emotional distress damages. In her motion *in limine*, plaintiff explains that she went into business for herself after leaving Fred Meyer because she allegedly could not find any job comparable to the one she had at Fred Meyer. Plaintiff's Motion *in Limine* No. 2, at p.1. Starting a business is acceptable mitigation of lost wages damages, but any monies earned <u>or which could have been earned</u> in such a business offset any lost wage damages awarded. If plaintiff seeks lost wage damages for any period after she began this business, defendants have the right to argue that plaintiff would have earned more in the business if she had not been charged with unethical business practices, and therefore the evidence regarding the charge (and subsequent confiscation of her inventory) is relevant. The loss of income from the fact that she lost her business cannot arguably be related to either defendant, and any right she may have to recover for such damages is not against defendants.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 4

SEADOCS:246471.1

Likewise, the charge and subsequent confiscation of her inventory is relevant to plaintiff's claim for emotional distress damages. To the extent that she claims she continues to suffer emotional distress because of the situation at Fred Meyer, the evidence that she began a business, was accused of unethical and illegal business practices, faces criminal charges, lost her business, and has a judgment pending against her are all relevant to her claim for emotional distress damages.

For the above stated reasons, this evidence is admissible and plaintiff's Motion *in Limine* No. 2 should be denied.

### C. Plaintiff's Motion *in Limine* No. 3: Exclude evidence of the judgment against plaintiff for failing to pay the promissory note related to her business in South Carolina.

Plaintiff also seeks to exclude any evidence of the fact that she failed to pay the promissory note for the business she purchased and has an outstanding judgment against her. Plaintiff asserts that her failure to pay the promissory note is due to the fact that her inventory was confiscated when she was charged with unethical and illegal business practices. Plaintiff's Motion *in Limine* No. 3 at p.1.

Defendants oppose this motion for the same reasons as set forth in their opposition to plaintiff's Motion *in Limine* No. 2. The evidence is relevant to the issue of damages. Plaintiff's Motion *in Limine* No. 3 should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 4

SEADOCS:246471.1

### III. CONCLUSION

Defendants do not oppose plaintiff's Motion *in Limine* No. 1. For the reasons set forth above, defendants do oppose plaintiff's Motions *in Limine* Nos. 2 and 3, and ask the court to deny the motions.

DATED this 20th day of September, 2006.

        MILLER NASH LLP

        *s/ James R. Dickens*
        Miller Nash LLP
        4400 Two Union Square
        601 Union Street
        Seattle, WA 98101-2352
        Phone: (206) 622-8484
        Fax: (206) 622-7485
        E-mail: jim.dickens@millernash.com
        Admitted *pro hac vice*

        GRUENSTEIN & HICKEY

        *s/ Peter Gruenstein*
        Gruenstein & Hickey
        Resolution Plaza
        1029 W. 3rd Avenue, Suite 510
        Anchorage, AK 99501
        Phone: (907) 258-4338
        Fax: (907) 258-4350
        E-mail: ghlaw@gci.net
        ABA No. 7910079

        Attorneys for Defendants

Certificate of Service

I hereby certify that on September 20, 2006,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

*s/ James R. Dickens*

DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 4

SEADOCS:246471.1