James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484
Fax: (206) 622-7485
jim.dickens@millernash.com

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338
Fax: (907) 258-4350
ghlaw3@gci.net

    Attorneys for Defendants

Hon. Ralph R. Beistline

# UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

### DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

    Plaintiff's opposition exemplifies why summary judgment is a necessary part of our legal system. Rather than putting forth admissible evidence to support her remaining claims (plaintiff wisely has withdrawn half of her claims), plaintiff attempts to make the Court believe that there must be an issue of material fact somewhere in her blizzard of paper

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 13

SEADOCS:246377.1

(a 52-page novel, denominated as her "brief", and nearly 1,000 pages of largely inadmissible and/or irrelevant documents).

Plaintiff's opposition, and the mountain of paper with it, does not, however, show any remaining issue of *material* fact. Instead, she attempts to create such an issue by asking the Court improperly (1) to act as a super-personnel department to second-guess Mr. San Miguel's evaluation of plaintiff's job performance, (2) to make an erroneous legal determination regarding plaintiff's at-will employment status based upon either misunderstandings or misrepresentations of referenced documents, and (3) to find an issue of material fact regarding alleged discrimination based upon weak inferences from inadmissible hearsay and irrelevant testimony.

After reviewing defendants' motion and supporting evidence, and evaluating the paucity of plaintiff's evidence regarding issues of *material* fact, plaintiff has failed to provide evidence or law to support her position. Defendants' motion for summary judgment should be granted.

## II. REPLY

Plaintiff does not have a meritorious legal claim. At best, she suggests a "conspiracy" theory based upon her own subjective assertions and inadmissible untrustworthy gossip among her coworkers. The admissible facts show that plaintiff walked off the job while being disciplined (not demoted, not fired – simply warned) despite directly being told by her store director that her leaving would be considered a voluntary quit,[1] which action plaintiff knew was listed on the Fred Meyer Employee Responsibilities form (she signed multiple times) as a voluntary quit. Plaintiff chose this path in that moment and now seeks to blame Fred Meyer and Jaime San Miguel for her actions. But Fred Meyer and its managers did *not* want plaintiff to quit, nor were they trying to fire or demote her. Why would they? Plaintiff asserts, and defendants agree, that she was a long-time valued

---

[1] Plaintiff does not deny that this was said to her three times, she asserts only that she did not hear it.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 13

SEADOCS:246377.1

employee in whom Fred Meyer had invested much time and effort and training. Her managers wanted her to remain with Fred Meyer, but to improve her performance and, thereby, the performance of the Juneau store.

When defendants attempted to counsel plaintiff about her performance to meet the increased standards required for her management position, plaintiff walked out, apparently too thin-skinned to accept the criticism of her job performance. Neither Fred Sayre, nor Jaime San Miguel, did anything out of the ordinary in their management of the apparel department. Plaintiff, on the other hand, broke down in tears and left her post in the face of management's first formal criticism of her job performance. Plaintiff's decision to leave Fred Meyer was based purely on her own subjective conclusions. Her personal decision, and apparent subsequent regrets, should not now be held to potentially create liability for Fred Meyer or Mr. San Miguel.

### A. Plaintiff Was Clearly Employed "At-Will"

Plaintiff asserts that Fred Meyer never informed her that she was employed "at-will." This is incorrect. Fred Meyer's Employee Handbook, on which plaintiff even relies as not containing at-will language, does contain such language:

> This handbook should not be construed and does not constitute a contract, expressed or implied, guaranteeing employment for any specific duration. Although we hope your employment relationship with us is long term, either you or *the Company may terminate this relationship at any time, for any reason, with or without cause or notice.* Please understand that no supervisor or representative of Fred Meyer has the authority to enter into any agreement with you for employment for any specific period of time or to make any promises or commitments contrary to the foregoing.

*See* MJ Exhibit 16 (201457).[2] Plaintiff simply must have missed this language in assembling the hundreds of pages of irrelevant information.

---

[2] Additional copies of plaintiff's Ex. 16, pp. 1, 34 and 35, are attached hereto for ease of reference. These pages confirm that they are from the Employee Handbook (Ex. 16, p. 1); they quote the "at will" definition set forth above (Ex. 16, p. 34); and they state the publishing date of March 2001 (Ex. 16, p. 35).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 13

SEADOCS:246377.1

The language in Fred Meyer's Employee Handbook, Ex. 16 (which plaintiff admitted receiving) meets all of the at-will requirements articulated in Jones v. Central Peninsula General Hosp., 779 P.2d 783 (Alaska 1989). In Jones, the Alaska supreme court acknowledged that employers are free to have employee manuals, and that such manuals do not change the employee's presumed at-will employment status if the employer's manual "clearly and conspicuously tells their employees that *the manual is not part of the employment contract* and that their *jobs are terminable at the will of the employer with or without reason.*" Id. at 787 (emphasis added). In the words of the Jones court, "[s]uch actions, either not issuing a personnel manual or *issuing one with clear language of limitation, instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual.*" 779 P.2d at 787-88 (emphasis added).

The above-quoted language from the Fred Meyer Employee Handbook explicitly states exactly what the Jones court required. Under these circumstances, to allow this question to go to trial would be contrary to Jones. Fred Meyer did exactly what the Alaska supreme law required it to do. Therefore, plaintiff's contention that she had a "for cause" employment relationship with Fred Meyer should be rejected and this court should hold as a matter of law that plaintiff was employed at-will. There is no question for the jury of a "for cause" agreement between plaintiff and Fred Meyer.

**B.    Plaintiff Cannot Establish a Prima Facie Case of Age or Parental Discrimination as a Matter of Law**

Plaintiff walked off the job of her own free will. The Juneau store director, Fred Sayre, told her three times that if she left his office it would be considered a walk-off and thus a voluntary quit. Plaintiff does not dispute that Mr. Sayre said this (which Mr. San Miguel affirms), only that she did not hear it. Therefore, this point is not in dispute. When plaintiff walked out the door after Mr. Sayre's warnings, as the store director he informed human resources of her actions and confirmed that she had "voluntarily quit" under

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 13

SEADOCS:246377.1

the explicit terms of Fred Meyer's Employee Responsibilities form.³ Mr. Sayre could not go after her to try to get her to stay "because if [he] did that every time, then [he] would have no consistency. [He] couldn't manage the store doing that." Sayre Dep. at 87-88 (Dickens Decl., Ex. C, pp. 7-8).

Fred Meyer did not discharge plaintiff, nor constructively discharge her. Plaintiff voluntarily quit. Accordingly, plaintiff cannot state a *prima facie* case of age or parental discrimination because she was not discharged by Fred Meyer. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), adopted in Brown v. Wood, 575 P.2d 760, 770 (Alaska 1978). Plaintiff's claims should be dismissed.

> C.   **Even if Plaintiff Could Establish a Prima Facie Case, She Has Not Put Forth Sufficient Evidence of Pretext to Avoid Summary Judgment**
>
>> 1.   Summary Judgment Proper on Age Discrimination Claim Where Only Arguably Admissible Evidence of Possible Pretext is an Alleged "Stray Remark"

Even if plaintiff could establish a *prima facie* case of age discrimination, the only admissible evidence of possible pretext is the ambiguous comment Sarah Dexter allegedly heard Mr. San Miguel make when he "learned that Fred Meyer Inc. was sending an employee from another store to fill in during Myrna's absence." According to Ms. Dexter, "San Miguel said, 'if it is a woman, send somebody young and beautiful' and 'not a hag.'" *See* MJ Exhibit 6 (Sarah Dexter Aff. at ¶ 15).⁴ Other than this alleged statement, plaintiff provided the Court with only inadmissible hearsay and speculation from other possible witnesses.

Even if we assume that Mr. San Miguel made the statement alleged by Ms. Dexter, this limited evidence is still insufficient to avoid summary judgment in the face

---

³ An additional copy of one of the Fred Meyer Employee Responsibilities forms signed by plaintiff is attached hereto for ease of reference. It was previously submitted as Ex. F to Dickens Decl. (7/31/06).

⁴ Plaintiff's opposition misquotes this statement from Sarah Dexter's affidavit, by rewording it to better fit her purposes: "*Don't send me an old hag, send me someone young and beautiful*." *See* Opposition at 27.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 13

SEADOCS:246377.1

of the legitimate non-discriminatory reasons given by defendants for the counseling at issue. Stray remarks like the one alleged here are not sufficient to establish pretext. <u>Merrick v. Farmers Ins. Group</u>, 892 F.2d 1434, 1438-39 (9th Cir. 1990).  In <u>Merrick</u>, an age discrimination plaintiff asserted that the hiring manager's remark that he chose a younger candidate over plaintiff because the younger candidate was "a bright, intelligent, knowledgeable young man," was not enough to overcome summary judgment.  This comment was made in direct relation to why the younger employee was hired, but was still not sufficient to meet the plaintiff's burden on summary judgment (that is, a showing of possible pretext).  <u>See also</u> <u>Nebit v. Pepsico</u>, 994 F.2d 703, 705 (9th Cir. 1993), summary judgment for employer affirmed in age discrimination case ("we don't necessarily like gray" ambiguous statements not directly related to plaintiff's termination).

Here, on the other hand, the alleged off-hand comment was not made as part of any decision relating to plaintiff's continued employment with Fred Meyer.  Rather, it was allegedly made in relation to Fred Meyer's efforts to locate a willing "fill-in" temporary manager to cover for plaintiff while she was on leave.  This comment should not be extrapolated into implying discriminatory animus upon Mr. San Miguel, who supervised plaintiff for six years prior to her leaving (with no prior incidents between the two), and socialized with plaintiff and her family outside of work.  Fortunately, as is stated above, stray comments such as the one alleged here are insufficient to establish pretext.  <u>Merrick</u>, 892 F.2d at 1438-39.  Accordingly, defendants' motion for summary judgment must be granted with regard to plaintiff's age discrimination claims.

### 2. Plaintiff Has No Evidence of Parental Discrimination

In support of her claim for parental discrimination, plaintiff provides no evidence that could possibly establish pretext in the face of defendants' legitimate non-discriminatory reasons for the counseling at issue.  Instead, plaintiff has submitted a "theory," based on questionable assumptions rather than evidence, stemming from a

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 13

SEADOCS:246377.1

statement that she allegedly made to Mr. San Miguel. Plaintiff's theory is not only illogical on its face (given that Mr. San Miguel also has a child and had previously celebrated plaintiff's daughter's birthday with her at plaintiff's house), but it is certainly not evidence sufficient to establish the necessary pretext required to defeat a motion for summary judgment. Mahan v. Arctic Catering, Inc., 133 P.3d 655, 661-62 (Alaska 2006). Accordingly, defendants' motion for summary judgment should be granted on plaintiff's parental discrimination claim.

### D. Plaintiff Cannot Establish Breach of Covenant of Good Faith and Fair Dealing

It is undeniable that plaintiff was employed at-will (*see above*). Therefore, her remaining breach of contract claim rests entirely upon the thin ice of the covenant of good faith and fair dealing. In this regard, plaintiff must establish, by admissible evidence, a question of material fact under the objective prong of the covenant, as she has not alleged any facts relating to the subjective prong. *See* Defendants' Motion for Summary Judgment at pp. 25-26. To this end, plaintiff must establish by admissible evidence that the reasonable person would regard Fred Meyer's actions as unfair when applying the objective limitations. Pitka v. Interior Reg'l Hous. Auth., 54 P.3d 785, 789 (Alaska 2002). The objective aspect of this claim requires proof of actions such as "disparate employee treatment, terminations on unconstitutional grounds, [or] firings that violate public policy." Pitka, 54 P.3d at 789. None of those situations are present in plaintiff's termination for walking off the job. She cannot meet this burden.

#### 1. Characterization of Plaintiff's Departure as a Voluntary Quit was Fair

Plaintiff admitted in her deposition that she twice signed Fred Meyer's Employee Responsibilities form which states that Fred Meyer regards "walking off of the job" "As An Employee's Voluntary Resignation (Quit) of Her Employment." *See* Dickens Decl. Ex. A, pp. 156-58, and Ex. F (attached hereto). Plaintiff also does not dispute that

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 13

SEADOCS:246377.1

Mr. Sayre told her three times that if she left his office during their counseling meeting, she would be considered to have walked off the job. And plaintiff acknowledges that despite Mr. Sayre's warnings she did leave his office during that meeting.

Plaintiff made her choice. It was reasonable for Mr. Sayre not to chase in an effort to have her stay "because if [he] did that every time, then [he] would have no consistency. [He] couldn't manage the store doing that." Sayre Dep. at 87-88 (Dickens Decl., Ex. C, pp. 7-8). Mr. Sayre's decision in this regard was clearly reasonable.

### 2. Progressive Discipline – No Issue of Material Fact

Plaintiff attempts to create an issue of material fact by arguing that progressive discipline applied (it does not – plaintiff was employed "at will"). First, plaintiff contends that there is an issue of fact as to whether a system of progressive discipline existed at all, and second, whether such progressive discipline was properly followed. But as defendants have shown, plaintiff was employed "at will." The fact that lesser discipline was imposed, rather than termination at the employer's initiation "for any reason, with or without cause or notice," does not convert plaintiff's clear at-will status into a requirement to terminate only for "cause." See MJ Ex. 16 attached. Fred Meyer had the right to terminate plaintiff at-will, then it also had the right to take lesser disciplinary measures, i.e., counseling plaintiff. As plaintiff has no claim that she could be terminated only "for cause," whether Fred Meyer sometimes used progressive discipline has no legal significance.

Regardless, plaintiff's opposition admits that no progressive disciplinary process is described in either the Employee Handbook or Corporate Policy Manual. But, in the exercise of management's legal discretion, progressive discipline was admittedly used at times at the Fred Meyer store in Juneau, to include: (1) counseling (manager meets with employee); (2) verbal warning (improve or receive more formal discipline); (3) verbal warning with written confirmation for file (work still not being done properly, and consequences unless improvement); and (4) written warning notice (written warning placed

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 8 of 13

SEADOCS:246377.1

in employee's file and other discipline likely). *See* Opposition at 35-36. Thus, there is also no issue of fact in this regard.

Plaintiff next asserts that an issue of fact exists as to whether Fred Meyer followed such a system of progressive discipline based purely on plaintiff's own alleged subjective unawareness that it was being implemented. Fred Meyer, however, had no legal obligation to follow any progressive discipline with an at will employee such as plaintiff. Nevertheless, plaintiff's assertion, that progressive discipline was not being followed is still in direct contradiction to the facts plaintiff admits occurred. Plaintiff admits that Mr. San Miguel talked with her about her performance problems on multiple occasions. *See* Opposition at 19-22. Plaintiff also admits that she was specifically told many times (from 3/13/02 to 3/16/02) that she needed to complete the planogram project as outlined on 3/13/02. *Id*. Specifically included in Mr. San Miguel's direction regarding the planogram on 3/13/02 was the instruction: "I want this done tonight, have them make the upl at store level." Then, three days later, on Sunday, 3/16/02, *when the planogram project was still not done*, including the UPLs (Universal Product Labels) not being completed, Mr. San Miguel verbally warned plaintiff: "You have till MONDAY 7:00am to complete this project. I will not accept any more excuses on why isn't done." *Id.* at 22. The project was not finished at 7:00 a.m. on Monday (3/17/02), and Mr. San Miguel decided it was necessary to set up a meeting with plaintiff and Fred Sayre to give plaintiff a verbal written warning. These facts are undisputed. Therefore, the disciplinary practice described above was followed, even though following it is not relevant to the claim of a breach of the covenant of good faith and fair dealing.

Plaintiff's argument that she was actually being given a written warning as opposed to a verbal written warning during the meeting in Mr. Sayre's office is not an issue of *material* fact, nor even a relevant issue for an at-will employee. This does not defeat the motion for summary judgment. It is undisputed that the warning was never signed by

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 9 of 13

SEADOCS:246377.1

plaintiff or any manager because plaintiff walked off the job rather than discussing the performance issues noted. *See* MJ Exhibit 49. With plaintiff's extensive knowledge of the progressive discipline process, she could have discussed this issue rationally with Mr. Sayre and Mr. San Miguel, and asked them to write "verbal" on the top. Instead, plaintiff walked out of the counseling session.

Plaintiff cannot establish that she was treated unfairly in the disciplinary process. Analyzing plaintiff's evidence in the limited context of the objective prong of the covenant of good faith and fair dealing, she has not shown a termination on unconstitutional grounds, or a termination contrary to public policy, or disparate treatment compared to any other employee. See Pitka, supra, 54 P.3d at 789. What would be unfair is to deny defendant's motion for summary judgment under these facts.

        3.    Plaintiff's Assertions Re Her Job Performance Cannot Defeat Motion for Summary Judgment – Court Is Not a Super-Personnel Department

Plaintiff next asserts that the job criticisms she received were unfair because she worked hard and for long hours (and so did many other employees). But she was employed at will. Plaintiff's own subjective view of her performance does not give rise to a claim, whether alleged discrimination or breach of the covenant of good faith and fair dealing. Kuhn v. Ball State Univ., 78 F.3d 330, 332-33 (7th Cir. 1996). (The plaintiff must "do more than show by [her] own standards that [she] should have been treated better. . . . Employers may act for many reasons, good and bad; they may err in evaluating employees' strengths; unless they act for a forbidden reason, these errors (more properly, differences in assessment) do not matter."). Furthermore, the factfinder (whether judge or jury) may not substitute its judgment for that of the employer in determining the requirements of the job. Thornley v. Penton Publishing, Inc., 104 F.3d 26, 29 (2d Cir. 1997). Finally, the issue is not whether Fred Meyer was correct in its assessment of plaintiff's failure to perform, but only

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 10 of 13

SEADOCS:246377.1

whether it believed her performance was not satisfactory. Moore v. Sears, Roebuck & Co., 683 F.2d 1321, 1323 n.4 (11th Cir. 1982).

The undisputed facts are that in the week leading up to plaintiff walking out of Mr. Sayre's office, Mr. San Miguel asked plaintiff to do discrete tasks that she failed to do. Plaintiff's only counter to Mr. San Miguel's criticism are her own subjective conclusions that she did a good job and worked hard, and the general statements of her co-workers that she was doing a good job. Plaintiff's self-evaluation (as noted above) or the general statements of her co-workers, however, are not relevant and thus not sufficient to defeat a motion for summary judgment. See Peele v. Country Mutual Ins. Co., 288 F.3d 319, 329 (7th Cir. 2002) ("general statements of co-workers, indicating that plaintiff's job performance was satisfactory, are insufficient to create a material issue of fact as to whether a plaintiff was meeting her employer's legitimate employment expectations").

Telling, however, is the statement by Johnna Havard, which is cited in plaintiff's opposition, that there was no difference between the recoveries after plaintiff returned from her leave as compared with the recoveries while she was on leave. There is no dispute that the apparel department was having difficulty with recoveries while plaintiff was on leave, nor is it disputed that plaintiff was informed that the standards for recovery were higher when she returned, "especially when the lead assistant (plaintiff) [was] closing." See Opposition at 19, MJ Exhibit 24. Thus, there can be no dispute that plaintiff's job performance with regard to recoveries was not meeting her manager's legitimate expectations.

To let this case go to trial on the issue of whether or not plaintiff was actually doing a good job would be contrary to the law. Any time an employee (and/or her co-workers) disagrees with her manager's assessment of her performance, the employee is not entitled to a trial to ascertain whether the trier of fact believes the manager's decision was

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 11 of 13

SEADOCS:246377.1

correct.[5]  This is not what the objective prong of the covenant of good faith and fair dealing analysis is meant to accomplish.[6]  Plaintiff's claim for an alleged breach of the covenant must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, and for the reasons originally set forth in defendants' moving papers, defendants respectfully request that their motion for summary judgment be granted and that all of plaintiff's claims be dismissed with prejudice.

DATED this 22nd day of September, 2006.

MILLER NASH LLP

*s/ James R. Dickens*
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone:  (206) 622-8484
Fax:  (206) 622-7485
E-mail:  jim.dickens@millernash.com
Admitted *pro hac vice*

---

[5] This is not allowed in the discrimination context, and it certainly should not be allowed into the less protective breach of contract jurisprudence: "the employment-discrimination laws have not vested in the federal courts the authority to sit as super-personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination." Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995).

[6] As noted earlier, Pitka describes actions that violate the object prong: disparate employee treatment, terminations on unconstitutional grounds, and firings that violate public policy.  Pitka 54 P.3d at 789.  Litigation over an employee's disagreement with her manager's evaluation of her job performance is not what the covenant was intended to address.

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 12 of 13

SEADOCS:246377.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

<div style="margin-left:auto;">

GRUENSTEIN & HICKEY

*s/ Peter Gruenstein*
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

</div>

Certificate of Service

I hereby certify that on September 22, 2006, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 13 of 13

SEADOCS:246377.1