James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA 98101-2352  
Telephone: (206) 622-8484  
Fax: (206) 622-7485  
jim.dickens@millernash.com  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK 99501  
Telephone: (907) 258-4338  
Fax: (907) 258-4350  
ghlaw3@gci.net  

   Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

MYRNA I. JOHNSON,

        Plaintiff,

  v.

FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,

        Defendants.

Case No. 1J-04-008-CV (RRB)

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTIONS *IN LIMINE***

## I. INTRODUCTION

Defendants Fred Meyer Stores, Inc. ("Fred Meyer") and Jaime San Miguel, (collectively, "defendants") moved *in limine* to exclude various statements by witnesses on the grounds that they are inadmissible hearsay, lack foundation, are irrelevant opinions of non-decision-makers, and/or are otherwise irrelevant and prejudicial. Plaintiff has filed an opposition brief; defendants herewith provide their reply in support of their motions.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 8

SEADOCS:247400.1

## II. LEGAL ANALYSIS

### A. Plaintiff concedes that the testimony identified by defendants as inadmissible hearsay should be excluded.

In their motions *in limine* defendants identified several statements (both written and verbal) by various plaintiff witnesses that are inadmissible hearsay and moved for their exclusion. Plaintiff concedes on this motion by not addressing or rebutting it in any fashion.

The numerous written statements provided by witnesses to the Alaska State Commission of Human Rights ("ASCHR") are clearly inadmissible hearsay and should be excluded. See Dickens Decl. at Exhibits 1-9.

Additionally, all testimony along the lines of "Jane Doe told me that Mr. San Miguel said this and this" are inadmissible hearsay within hearsay and should be excluded. See, e.g., Breneman v. Kennecott Corp., 799 F.2d 470, 473 (9th Cir. 1986) (testimony by employee-witness regarding what a second employee said a third employee said is inadmissible).

### B. Plaintiff's witnesses should not be allowed to testify as to their opinion on plaintiff's or Mr. San Miguel's work performance, plaintiff's attitude, their "conclusions" regarding Mr. San Miguel's motives, or their speculation as to factual events.

Defendants moved to exclude the testimony of various plaintiff's witnesses with regard to their opinions of plaintiff's work performance or Mr. San Miguel, speculation as to Mr. San Miguel's motivations, and other issues about which they had no personal knowledge. A primary basis for this motion was the fact that these people were not decision-makers with regard to plaintiff and were not involved in any fashion in the decision to address performance issues with plaintiff. Case law is quite clear that the opinions and conclusions of non-decision-makers are irrelevant and inadmissible. See Breneman, supra, and authority cited in defendants' moving brief. These witnesses also speculate as to many things about which they have no personal knowledge.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 8

SEADOCS:247400.1

Plaintiffs responded that they should be allowed to introduce testimony by plaintiff's coworkers/subordinates regarding what they were told when they were hired about policies, their experiences with "progressive discipline", what it was like to work with plaintiff, their personal opinions about plaintiff's work efforts, attitude, etc., in her final week of work, and their opinions about Mr. San Miguel's motivations for his actions. None of this testimony is relevant, and most of it lacks foundation or personal knowledge. It should be excluded.

Although plaintiff attempts (unsuccessfully) to distinguish from her case the case law cited by defendants in support of their motion, she does not provide a single case cite demonstrating or even suggesting that any of the evidence she seeks to admit is, in fact, admissible. Plaintiff is attempting to avoid well-established case law and enter in evidence inadmissible opinion and speculative testimony.

1. Opinions of coworkers regarding plaintiff's or Mr. San Miguel's job performance are irrelevant and inadmissible.

Plaintiff bluntly asserts that she wants to introduce in evidence the opinions of her subordinates and others as to whether her or Mr. San Miguel's job performance was satisfactory. Only one of plaintiff's projected witnesses *ever* had any supervisory authority over her or Mr. San Miguel, and that was at least two years prior to the time period in which plaintiff received counseling.[1] None of plaintiff's witnesses were responsible for evaluating the job performance of plaintiff or Mr. San Miguel at the time in issue.

It is well-settled law that only the opinions of the decision-maker(s) or persons charged with the responsibility of evaluating plaintiff's job performance are relevant and admissible. Breneman; Schuler v. Chronicle Broadcasting Co., 793 F.2d 1010, 1011 (9th Cir. 1986), citing Smith v. Flax, 618 F.2d 1062, 1067 (4th Cir. 1980); Chen v. State, 86 Wn. App. 183, 192, 937 P.2d 612 (1997) (trial court properly excluded coworkers' affidavits

---

[1] Mathew Laney had supervised both plaintiff and Mr. San Miguel in the past, but that was at least two years prior to the incidents at issue in this case.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 8

SEADOCS:247400.1

and declarations regarding their opinion of the plaintiff's performance); <u>Hill v. Spiegel</u>, 708 F.2d 233, 236-37 (6th Cir. 1983); <u>Balderrama v. Rock River Training Corp.</u>, No. 00C50148, 00C50149 (N.D. Ill. Feb. 24, 2003) ("Needless to say a co-worker's opinion of plaintiffs' job performance is obviously insufficient to show plaintiffs were meeting their employer's legitimate expectations.").

Plaintiff's witnesses may be able to testify as to facts (e.g., were the shirts stacked in size order or the merchandise signs crooked at the time when Mr. San Miguel says they were), but that is not the same as offering their opinion that plaintiff's recovery work met Fred Meyer's standards or that her job performance was, in their opinion, otherwise satisfactory. Unless plaintiff can demonstrate that her witness was charged with the responsibility of evaluating the job performance of either plaintiff or Mr. San Miguel at the relevant time, that witness should not be allowed to offer his or her opinion on the issue at trial.

### 2. Witnesses should not be allowed to speculate about events for which they have no personal knowledge.

The ASCHR statements by plaintiff's witnesses are full of unsupported speculation as to factual events.

For example, Mr. San Miguel and his superior, Fred Sayer, took pictures of the conditions of the Apparel Department prior to the store being open for business, which showed the conditions existing when recovery was complete. This was to demonstrate to plaintiff how poor the recovery had been in her department the night before. Paz Carillo "thinks" that the pictures Mr. San Miguel and Mr. Sayer took "must have been taken around 9 a.m." (two hours after customers had been in the store) *because* – as she admits – the pictures show unacceptable conditions. Dickens Decl. at Exhibit 1 (paragraph 16). Ms. Carillo has no personal knowledge of when the pictures were taken, and she should not be allowed to speculate on that issue.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 8

SEADOCS:247400.1

Likewise, Jay Epstein's ASCHR statement expresses "serious concerns" about "how" the meeting between Mr. Sayre, Mr. San Miguel, and plaintiff, was "handled," assuming that it must have been intimidating and threatening to plaintiff. See Dickens Decl. at Exhibit 4 (paragraph 11). Yet Mr. Epstein admits that he was not present at the meeting and has no firsthand knowledge of how it was handled.

This type of speculation about events for which the witness has no firsthand knowledge is inadmissible and should be excluded.

3. Speculation or conclusions by plaintiff's coworkers as to the decision-maker's motivation is irrelevant and inadmissible.

Plaintiff asks this court to allow her former coworkers to testify as to their beliefs, conclusions, and speculations about Mr. San Miguel's motivations in taking corrective action related to plaintiff.

For example, Sarah Dexter claims that after she learned that plaintiff had received corrective action, an unnamed co-worker remarked that Mr. San Miguel "got what he wanted." Dickens Decl. at Exhibit 2 (paragraph 31).[2] Likewise, Matthew Laney, who left the Juneau store two years before the incidents at issue in this case and has no knowledge of relevant events other than what plaintiff has told him, "suspect[s] that [Mr. San Miguel] was very resentful that Ms. Johnson had taken a leave of absence."

Clearly, such "testimony" speculating on Mr. San Miguel's motivations or state of mind is inadmissible. While witnesses may be able to testify as to what they personally heard Mr. San Miguel say about plaintiff or what they personally observed, they should not be permitted to then proceed into their speculation that this meant he was out to get her or was discriminating against plaintiff.

---

[2] This is also inadmissible hearsay, of course.

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 8

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

SEADOCS:247400.1

    4. Coworker-witnesses should be instructed to not refer to plaintiff as "terminated" as they have no personal knowledge as to why plaintiff's employment ended.

  Throughout their ASCHR statements, plaintiff's witnesses baldly assert that plaintiff's employment was involuntarily terminated by defendants. As the court knows, it is defendants' position that plaintiff voluntarily quit when she abruptly walked out of the middle of the corrective action meeting.

  Witnesses who were not present in the corrective action meeting (and who therefore lack firsthand knowledge of what occurred) should be instructed not to refer to plaintiff as having been terminated.

  **C.** **Plaintiff's witnesses should not be allowed to testify about training they received or their interpretation of company policies unless Mr. San Miguel was the source.**

  Plaintiff purports to have witnesses testify about their personal understanding of company corrective action policies or what they were told when they were hired. Unless this information was received by the witness from Mr. San Miguel, it is irrelevant.

  Mr. San Miguel is the person who is being accused of discrimination. It is his judgment as to how well plaintiff performed her job that is being challenged as pretext and his decision to proceed with corrective action that is being questioned. Since it is his motivation that is being challenged – and only his – then what employees may once have heard from some other persons is irrelevant.

  If these witnesses plan to testify as to what Mr. San Miguel told them was his understanding of recovery standards or corrective action policies, then it might have some relevance. Otherwise, what witnesses may have been told about these policies by others is irrelevant and should be excluded.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 8

SEADOCS:247400.1

      **D.**    **Plaintiff's witnesses should not be allowed to testify about their own allegations regarding events occurring after plaintiff's employment with Fred Meyer ended.**

In their ASCHR statements, some of plaintiff's witnesses present their own allegations of what they consider wrongful conduct against themselves that occurred after plaintiff's employment with Fred Meyer ended. For example, Miranda Wilburn alleges that more than a year after plaintiff's termination, Mr. San Miguel made false accusations against her in retaliation for her complaints about him to his superior. Dickens Decl. at Exhibit 9 (paragraph 5).

Such accusations and subjective opinions should be excluded as they do not involve plaintiff or her claims, and it would be highly prejudicial to defendants to have to present evidence on and defend against multiple claims that are not part of this lawsuit. Haskell v. Kaman Corp., 743 F.2d 113, 121 (2d Cir. 1984).

> [T]he probative value of the testimony was so "substantially outweighed by the danger of unfair prejudice" that it definitely should have been excluded by the district court in accord with Fed.R.Evid. 403. . . . [W]ith respect to similar testimony of former employees concerning the reasons for their terminations, "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." Thus the error can hardly be characterized as harmless.

Id. at 122 (quoting Moorhouse v. Boeing Co., 501 F.Supp. 390, 393 n.4 (E.D. Pa.), aff'd, 639 F.2d 774 (3d Cir. 1980)) (reversible error to allow former employees to testify as to their subjective opinions regarding their own performance or the plaintiff's performance, and their subjective opinions regarding their termination or the termination of other employees). See also, Spence v. Maryland Cas. Co., 803 F.Supp. 649, 670 (W.D.N.Y. 1992) ("the probative value of subjective evidence from fellow employees regarding their employment experiences, introduced as proof of what happened to a particular plaintiff is substantially outweighed by the danger of unfair prejudice of such testimony.").

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 8

SEADOCS:247400.1

### III. CONCLUSION

Defendants respectfully ask this court to grant their motions *in limine*.

DATED this 22nd day of September, 2006.

                                  MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
Admitted *pro hac vice*

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

                                  Attorneys for Defendants

Certificate of Service

I hereby certify that on September 22, 2006,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTIONS *IN LIMINE*
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 8 of 8

SEADOCS:247400.1