CHOATE LAW FIRM, LLC
424 North Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>FRED MEYER STORES, INC., and )<br>JAIME SAN MIGUEL, )<br>)<br>    Defendants. ) | Case No. J-04-008 CV (RRB) |

### REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE NOS. 2 & 3

  Plaintiff, MYRNA JOHNSON, through counsel moves the Court for orders *in limine* prohibiting Defendants from mentioning in any fashion the following: (1) that Plaintiff was charged with shoplifting in 1992; (2) that Plaintiff was charged with the sale of counterfeit goods; and (3) that Plaintiff failed to pay on a promissory note, and a subsequent civil judgment was entered against her on that note.  Defendants do not oppose the first motion, but they do oppose the remaining motions.

## I.  BACKGROUND

  In 1992, Fred Meyer and Plaintiff entered into a for-cause employment contract.  Fred Meyer promised to provide Plaintiff with a career, offering her job security, increasing pay raises and promotions, if Plaintiff performed her job well and met all requirements for advancement within the Fred Meyer organization.  Based on those promises, for almost a decade, Plaintiff committed herself fully to her job at Fred Meyer.  She progressed from an hourly, part-time employee to a full-time, salaried management position, working as much as

70 hours a week.  In March of 2002, over a period of just six days, her career was terminated by the actions of Defendant Jaime San Miguel, her immediate supervisor, with the knowledge and consent of Fred Meyer upper-level management.  Defendants wanted to replace Plaintiff for improper reasons – her age and because she was the mother of a troubled child – but needed to violate the terms of her for-cause employment relationship with them to do so.

In order to remove Plaintiff from her management position Mr. San Miguel needed to have her either terminated or demoted.  Accordingly, he waged a campaign of unceasing daily oral and written subjective criticisms and harassment which culminated in an emotional confrontation.  Overwhelmed with the impending potential loss of her career and the series of events that had occurred over less than a week's time, Plaintiff began sobbing uncontrollably as Mr. San Miguel ordered her to sign a Written "Employee Warning Notice", an advanced form of discipline, which threatened her with removal from the managerial position to which she was entitled according to the terms of her employment.  Distraught, embarrassed, and humiliated, she told the men she had to leave the room, and did so in an effort to collect herself emotionally.  She did not hear Mr. Sayre threaten that if she left the room that it would be considered a voluntary "walk off" from the job.

While Plaintiff went downstairs to regain her composure, Mr. San Miguel and Mr. Sayre took advantage of her absence and called the Portland headquarters for Fred Meyer.  They then decided to characterize Plaintiff's tearful exodus from the room as a "walk-off" from the job and thus, a "voluntary termination."  The following day Plaintiff was surprised to discover that she had been terminated in clear violation of the for-cause employment relationship between herself and Fred Meyer.

After Plaintiff's constructive discharge, she lost her home through foreclosure and relocated to South Carolina.  Despite her extensive retail and management experience, she was unable to find work similar to her management position at Fred Meyer.  She, therefore, decided to enter into business for herself, and in 2003, purchased a small business, Isabel's, selling "look alike" handbags and purses.  That purchase was secured in part by Plaintiff executing a promissory note to the seller.

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

Plaintiff's shop always represented that the goods were "not" genuine and were "look alike." Nonetheless, in September 2004, law enforcement officials raided the boutique, claiming that a small portion of the business inventory was "counterfeit," rather than "look alike." This resulted in criminal charges against Plaintiff for the "sale of counterfeit goods." In addition, the entire business' inventory was seized for evidentiary purposes.

Plaintiff was initially charged in county court with the sale of counterfeit goods. But the county decided not pursue prosecution, and instead referred the case to federal prosecutors for review. To Plaintiff's knowledge, two years later, no further action has taken place in regards to those charges. There is no court date, nor has there been any indication that there is an ongoing intent to further investigate or prosecute Plaintiff.

In addition, because Plaintiff did not have the funds to replace the seized inventory, the business had to close and she was unable to pay on the promissory note. A civil judgment for that debt in the amount of $12,879.00 was filed against her in South Carolina on January 21, 2005. To Plaintiff's deep regret, she was unable to recover from this series of unfortunate events and her business ultimately failed.

## II.  MOTION IN LIMINE NO. 2 (UNPROSECUTED CRIMINAL CHARGE)

Plaintiff was *charged* with the "sale of counterfeit goods" in a York County, South Carolina court. Defendants argue that this evidence should be admitted because it is relevant. First, they argue that because "any monies earned or which should have been earned in [a business venture] offset any lost wage damages awarded," they have "the right to argue that plaintiff would have earned more in the business if she had not been charged with *unethical business practices*, and therefore the evidence regarding the charge (and subsequent confiscation of her inventory) is relevant."[1] Second, they argue that the charge is relevant to Plaintiff's claim for emotional distress damages. But even if the court concludes that an

---

[1] Defendants Memorandum in opposition to Plaintiff's *Motion in Limine* at 2 (emphasis added).

*Johnson, Myrna  v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

unsubstantiated criminal charge is relevant to this employment case, the court should exclude it because its probative value is slight when balanced against other dangers.

The court must grant Plaintiff's motion *in limine* for several reasons. First, the criminal charge is irrelevant because a jury could not reasonably conclude from an unsubstantiated criminal charge that Plaintiff was engaged in unethical business practices, as asserted by Defendants.[2] Second, not only are the allegations of criminal activity unfounded, but Defendants' attempt to admit such evidence is a poorly disguised attempt to admit improper character evidence.[3] Finally, the court should exclude this evidence because any probative value the evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and waste of time.[4]

The criminal charge at issue arose when a group of overzealous law enforcement personnel in York County, South Carolina decided that a small portion of Plaintiff's designer "look alike" purse and handbag inventory was "counterfeit," rather than "look alike." But evidence of this charge is admissible only if it is relevant.[5] "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case."[6] Therefore, the evidence is only relevant "if the jury can reasonably conclude that the act occurred and that [Plaintiff] was the actor."[7] In this case, Defendants wish to prove that Plaintiff was involved in unethical business practices, and consequently, her business failed. But the only evidence they have to support this assertion is an unprosecuted and untried criminal charge. Plaintiff denies that there was any basis for the

---

[2] *Huddleston v. U.S.*, 485 U.S. 681, 689 (1988).

[3] F.R.E. 404.

[4] F.R.E. 403.

[5] *Huddleston*, 485 U.S. at 689.

[6] *Huddleston*, 485 U.S. at 689 (quoting Advisory Committee's Notes on Fed.Rule Evid. 401, 28 U.S.C. App., p. 688).

[7] *Huddleston*, 485 U.S. at 689.

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

criminal charge to begin with. She denies that she sold counterfeit goods, and to the best of her knowledge, the case was dropped. Moreover, because the case was never prosecuted, Plaintiff was never tried, much less convicted. In sum, a jury could not reasonably conclude from a criminal *charge* that there was any wrongdoing on Plaintiff's part, or that her business failed because she was engaged in any unethical business practices, as asserted by Defendants. There simply is no evidence to support these assertions.

     As discussed, even if the court concludes that the criminal charge has relevancy to this case, Defendants wish to admit it to establish that Plaintiff was an unethical businessperson.[8] Not only are the allegations of criminal activity unfounded, but Defendants' attempt to admit such evidence is a poorly disguised attempt to admit improper character evidence. "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."[9] While such evidence may be admitted for other purposes, such as motive, opportunity, or knowledge, the threshold issue a court must decide before admitting evidence of other acts "is whether that evidence is probative of a material issue *other than character*."[10] Character evidence "is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence in the case shows actually happened."[11] In this case, Defendants wish to distract the jury from

---

[8] Defendants Memorandum in opposition to Plaintiff's *Motion in Limine* at 2.

[9] F.R.E. 404(b).

[10] *Huddleston*, 485 U.S. at 686 (emphasis added).

[11] Commentary to F.R.E. 404; *see also*, *Old Chief v. U.S.*, 519 U.S. 172, 180-81 (1997) ("The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so over persuade them as to prejudge one with a bad general record . . .. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

their unlawful actions by casting doubt on Plaintiff's character as an unethical, dishonest person. Because they cannot paint such a picture from the decades of hard work Plaintiff contributed to Fred Meyer, they will attempt to do so from the series of unfortunate events that unfolded as Plaintiff attempted to rebuild her life. Because Defendants only introduce evidence of the criminal charge in an attempt to prove that Plaintiff was unethical, the court must exclude it.

Perhaps the best example of why the court should grant Plaintiff's motion *in limine* is illustrated in Defendants' opposition to this motion. In their motion, Defendants assume that because Plaintiff was *charged* with a criminal offense, she must have been guilty, not only of the charge itself, but of unethical business practices. The fact that Defendants wish to use this criminal *charge* to assert that Plaintiff's business practices were unethical is precisely why the court should prohibit Defendants from introducing this evidence. While Plaintiff disputes that an unfounded criminal charge is relevant to her claims or Defendants' defenses, certain circumstances call for the exclusion of evidence even when its relevance is unquestioned.[12] These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme.[13] The court may, and should, exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative

---

[12] Commentary to F.R.E. 403; *see also*, *U.S. v. Ellis*, 147 F.3d 1131, 1134-35 (9th Cir. 1998).

[13] Commentary to F.R.E. 403; *see also*, *Ellis*, 147 U.S. at 1135.

6 of 12
*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

evidence."[14]  This requires the court to balance "the probative value of and need for the evidence against the harm likely to result from its admission."[15]

Because the probative value of the criminal charge is slight, it is substantially outweighed by other dangers.  First, just as Defendants assume by the criminal charge that Plaintiff was engaged in unethical business practices, the jury might assume that Plaintiff was guilty of the charges, and that she is, therefore, unethical or dishonest.  This will likely, induce the jury to focus excessively on Plaintiff's character.  Second, such evidence misleads the jury by implying that Plaintiff was engaged in unethical business practices—an allegation that Plaintiff vehemently denies.  Finally, allowing Defendants to present evidence of the criminal charge confuses the issues and wastes time.  The criminal charge is not evidence that Plaintiff failed to mitigate her damages; it does nothing to excuse Defendants for their behavior towards Plaintiff; and it only serves as an invitation for the jury to judge Plaintiff's character rather than Defendants' unlawful conduct.  Presenting evidence of the criminal charge unfairly shifts the jury's focus from the facts of this case to the unfounded and unprosecuted criminal allegations that arose in South Carolina.  Accordingly, the court must exclude this evidence.

### III.  MOTION IN LIMINE NO. 3 (FAILURE TO PAY ON PROMISSORY NOTE AND SUBSEQUENT JUDGMENT)

After Plaintiff's unlawful termination from Fred Meyer, she attempted to mitigate her damages by opening a designer "look alike" handbag and purse boutique.  As described above a group of law enforcement personnel decided that a small portion of her inventory was "counterfeit" and seized the entire business' inventory for evidentiary purposes.  The seizure of Plaintiff's inventory was financially devastating.  To Plaintiff's deep regret, she was unable to recover from these ill-fated events, and her business ultimately failed.  As a result, she was

---

[14] F.R.E. 403; *Ellis*, 147 U.S. at 1135 ("Although trial courts have broad discretion under Fed.R.Evid. 403, to admit or exclude relevant evidence, it *should* be excluded if its probative value is outweighed by unfair prejudice.")

[15] Commentary to F.R.E. 403.

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

unable to pay on the promissory note, and a civil judgment for that debt in the amount of $12,879.00 was filed against her on January 21, 2005.  Basically, Defendants assume that Plaintiff was involved in unethical business practices, and argue that this evidence is admissible because it is relevant to Plaintiff's damages.

For the reasons discussed above the court must exclude this evidence.  First, Plaintiff's failure to pay on a promissory note or the resulting civil judgment against Plaintiff, are not relevant to any claim or defense in this matter.  Second, because Defendants wish to present this evidence in an attempt to prove that Plaintiff was an unethical business person, it is improper character evidence.[16]  Finally, any slight probative value the evidence may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, and waste of time.[17]

Defendants concede that "[s]tarting a business is acceptable mitigation of lost wage damages," and argue "that any monies earned or which could have been earned in such a business offset any lost wage damages awarded."[18]  Then they assert that "defendants have the right to argue that plaintiff would have earned more in the business if she had not been charged with *unethical business practices*."[19]  Again, the problem with this argument is that it assumes, without any evidence, that Plaintiff was engaged in some type of wrongdoing.  Moreover, without linking the business failure to the unsubstantiated criminal charge, Defendants fail to show how Plaintiff's inability to pay on a promissory note and the resulting civil judgment are relevant to this case.  The bottom line is that Plaintiff attempted to mitigate her damages by starting a small business.  Unfortunately, the business ultimately failed—as many small businesses do.  A jury could not reasonably conclude from Plaintiff's inability to pay on the

---

[16] F.R.E. 404.

[17] F.R.E. 403.

[18] Defendants' Memorandum in Opposition to Plaintiff's Motions *In Limine* at 2 (emphasis in original omitted).

[19] *Id.*

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

promissory note, or a subsequent civil judgment, that Plaintiff's business failed because she was engaged in unethical business practices, as asserted by Defendants.[20]

Even if the court finds relevancy in this evidence, Defendants wish to use it to infer that Plaintiff was an unethical businessperson.[21] Use of Plaintiff's financial misfortune to prove that she was an unethical businessperson is clearly contrary to the Federal Rules of Evidence, and the court must accordingly exclude it.[22]

Finally, the probative value of this evidence is not only dubious, but it is also substantially outweighed by other dangers. Just as Defendants assume that Plaintiff's misfortune was the result of unethical business practices, the jury is likely to assume that Plaintiff's business inventory was seized only because she was guilty of the criminal charges against her, and that she is, therefore, unethical or dishonest. Plaintiff's inability to pay on the promissory note and the subsequent civil judgment is not evidence that Plaintiff failed to mitigate her damages, nor does it reduce Defendants' liability for their behavior towards Plaintiff. Because the criminal charges were never prosecuted, and there is no evidence that Plaintiff's business failed because she was involved in illegal or unethical business activities, planting this doubt in the jurors' minds is unfairly prejudicial. Accordingly, the court must exclude this evidence.[23]

## IV. CONCLUSION

Plaintiff's post-termination legal problems are not relevant to any claim in this matter. Defendants wish to present this evidence to prove that Plaintiff was unethical or dishonest, and it is therefore, improper character evidence. Any slight probative value the evidence may have is substantially outweighed by other dangers, such as unfair prejudice, confusion of the issues,

---

[20] *See*, *Huddleston*, 485 U.S. at 686 (emphasis added).

[21] Defendants Memorandum in opposition to Plaintiff's *Motion in Limine* at 2.

[22] Commentary to F.R.E. 404; *see also*, *Old Chief*, 519 U.S. at 180-81.

[23] F.R.E. 403; *Ellis*, 147 U.S. at 1135.

Johnson, Myrna v Fred Meyers (03/18/2002) [23003].
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

CHOATE LAW FIRM, LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

or misleading the jury, and waste of time. Accordingly, this court should grant Plaintiff's motions *in limine* and issue an order prohibiting Defendants from mentioning in any fashion the following: (1) that Plaintiff was charged with shoplifting in 1992; (2) that Plaintiff was charged with the sale of counterfeit goods; and (3) that Plaintiff failed to pay on a promissory note, and a subsequent civil judgment was entered against her on that note.

DATED this 28th day of September, 2006.

>Respectfully submitted,
>CHOATE LAW FIRM, LLC
>
>s/*Jessica L. Srader*
>_____
>JESSICA L. SRADER
>424 N. Franklin Street
>Juneau, AK 99801
>Phone: (907) 586-4490
>Fax: (907) 586-6633
>EM: lawyers@choatelawfirm.com
>AK Bar: 0412105
>
>Attorneys for Plaintiff

# PROOF OF SERVICE

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On September 28, 2006, I served the foregoing document described as ***Reply to Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine,*** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

11 of 12

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

☒ By electronic service through the court of record's electronic service system.

☒ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 27, 2006 at Juneau, Alaska.

         s/*Jessica L. Srader*
         CHOATE LAW FIRM, LLC

*Johnson, Myrna v Fred Meyers (03/18/2002) [23003].*
REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE
J-04-008 CV (RRB)

**CHOATE LAW FIRM, LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490