Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON,  <br><br>　　　　Plaintiff,  <br><br>　　vs.  <br><br>FRED MEYER STORES, INC., and  <br>JAIME SAN MIGUEL,  <br><br>　　　　Defendants | Case No. J-04-008 CV (RRB) |

### MOTION FOR ORDER REOPENING DISCOVERY AND OTHER RELIEF

On August 18, 2006, this Court granted plaintiff's Motion to Reopen Discovery over objection of defendant Fred Meyer. The Order allowed plaintiff to take two additional depositions limited to 2 hours apiece "unless the defendant agreed otherwise or court order is obtained." (Docket No. 54) As a result of deposition testimony obtained on October 25, 2006, Plaintiff now seeks an Order from this Court for the following relief:

1. Reopening discovery for 120 days to allow counsel to promulgate follow up discovery and take such depositions as are needed related to discipline of Jaime San Miguel and Fred Sayre in 2002 and 2003;

2. Allowing plaintiff to supplement her Opposition to Motion for Summary Judgment and Oppositions to defendants' Motions *in Limine* within 30 days after the new close of discovery;

3. Awarding attorneys' fees and costs pursuant to FRCP 37 should the discovery confirm that Fred Meyer failed to provide records and/or Mr. San Miguel failed to testify truthfully in his deposition.

This request directly follows up on Mary Hill's (formerly known as Mary Lucas') second deposition which took place on October 25, 2006 in Portland, Oregon. Plaintiff's counsel noticed her deposition "guessing" that a portion of defendants' Responses to Plaintiff's Third Requests for Production [Bates Nos. 202414 – 202438G], received "late" and ten days after the close of discovery in this matter, were in fact from a file of Mrs. Hill's not previously disclosed in discovery and not referenced by any Fred Meyer witness or management employee during their depositions.

In her second deposition, Mrs. Hill confirmed that those pages were part of her investigation file into complaints about Mr. San Miguel.[1] [62:5/79:13] She was the regional Human Resources person responsible for the Juneau Fred Meyer Store between 2001 and 2003. [101:18] She was required to conduct an external investigation of these complaints because Mr. San Miguel's supervisor, Mr. Fred Sayre (previously deposed in this matter), had failed to respond to internal complaints about Mr. San Miguel's management practices and in particular, his absence or tardiness from work on a regular basis.

This information was of interest as Fred Meyer has asserted as its chief defense in this case that the plaintiff's departure from work, while sobbing uncontrollably, was a "walk-off" from the job and voluntary quit. Mrs. Hill in deposition indicated that as a result of her investigation, which involved traveling to Juneau and interviewing many of the witnesses in this case, she concluded that Mr. San Miguel was not working when scheduled, was tardy on a regular basis, that there was much confusion regarding the assignment of duties. [75:4] She also concluded that despite this information being passed on to Mr. Sayre, the Store Director, that he failed to respond or did not follow up and address complaints with Mr. San Miguel. [76:8]

---

[1] [Hill 2nd Depo. Excerpts at Exhibit "A (hereinafter all excerpts referenced by page and starting line)

2 of 7

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
MOTION FOR ORDER REOPENING DISCOVERY AND OTHER RELIEF
J-04-008 CV (RRB)

Mrs. Hill also testified that she had numerous conversations with Mr. Sayre [70:9] yet the materials produced by Fred Meyer contain no notes of those conversations. [69:16] She testified that as a result of her investigation, Mr. San Miguel received the final stage of progressive discipline before actual discharge, a "Last and Final Written Warning". [92/1] As a result of Mr. Sayre's failure to supervise Mr. San Miguel, and other deficiencies, she believed he was also subsequently disciplined. [93:17]

Mrs. Hill also testified that being tardy, failing to show up for work or leaving late, were attendance issues addressed by the progressive discipline system. If a manager shows up late, they would normally be verbally counseled. If it continued, they could receive a written warning. [84:23] If a manager leaves a shift early without giving notice, that would be addressed by the progressive discipline system. [86:13] If a manager leaves early for personal/children issues, it would be considered an attendance matter addressed initially by counseling. [86:24]

The extensive external investigation conducted into Mr. San Miguel's conduct and his and Mr. Sayre's discipline were never revealed by Fred Meyer in the normal course of discovery nor discussed in their depositions. In fact, Mr. San Miguel denied being subject to any discipline except for one instance in 1996 involving matters unrelated to attendance. But for the Court reopening discovery over the defendants' objection, the dots would never have been connected between the unidentified investigation file produced after the close of discovery and Mrs. Hill's testimony confirming the investigation, the conclusion that Mr. San Miguel violated store policies, and in a situation far more egregious than the one at issue in this matter, Mr. San Miguel was subject to the progressive discipline process. His failure to show up for work on time was not treated as a "walk-off" or quit.

Had this information been produced, plaintiff could have inquired in more depth with any number of witnesses, including Mr. Sayre (the Store Director who rubber-stamped Mr. San Miguel's decision that Ms. Johnson's departure was a "walk-off"); Ms. Havard (who replaced Ms. Johnson and whose complaints about Mr. San Miguel were confirmed by Fred Meyer's own investigation); Mr. San Miguel himself (who never was asked any questions about this investigation or the contradiction between his testimony that he was subject to no discipline and

3 of 7

Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].
MOTION FOR ORDER REOPENING DISCOVERY AND OTHER RELIEF
J-04-008 CV (RRB)

Mrs. Hill's statement that he was disciplined at the final stage before termination); various Fred Meyer upper-level management individuals (none of whom were questioned about these issues because they were unknown at the time of the depositions).

Finally, the late discovery of this important information, which also goes to Fred Meyer's own practices, and is at issue whether Mrs. Johnson is found to be a "for cause" employee or "at will" were never the subject of additional discovery and plaintiff did not have the opportunity to provide the Court with any of this information in the motions currently before the Court for decision.

At a minimum, this information was clearly discoverable and should have been produced in the regular course of discovery to allow plaintiff to pursue it. The failure to timely provide this information leaves many questions unanswered and threatens to turn the discovery process on its head. Plaintiff has no explanation for the absence of this information from Mr. San Miguel's personnel file. Plaintiff has not been able to inquire of anyone at Fred Meyer, other than Mrs. Hill as to why this investigation was omitted and the discipline not revealed within the normal course of discovery.

The delays in providing the information were the defendants'. This matter has been diligently prosecuted since last December with the plaintiff taking depositions and routinely requesting information in a timely fashion. It is reasonable to reopen discovery and reasonable to allow plaintiff to supplement her current motion practice with any additional information that is obtained. Finally, should discovery demonstrate that Fred Meyer and/or Mr. San Miguel failed to provide information as requested, then plaintiff should be allowed pursuant to FRCP 37 to be awarded fees and costs directly resulting from that discovery abuse.

DATED this 8th day of November, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

/s/ Mark Choate
MARK CHOATE
424 N. Franklin Street

4 of 7

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
MOTION FOR ORDER REOPENING DISCOVERY AND OTHER RELIEF
J-04-008 CV (RRB)

Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB)  [23003].*
MOTION FOR ORDER REOPENING DISCOVERY & COSTS
J-04-008 CV (RRB)

# PROOF OF SERVICE

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska.. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On November 8, 2006, I served the foregoing document described as MOTION FOR ORDER REOPENING DISCOVERY AND OTHER RELIEF, on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☐ By electronic service through the court of record's electronic service system,.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

6 of 7

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
MOTION FOR ORDER REOPENING DISCOVERY & COSTS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

1  ☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

2  Executed on November 8, 2006 at Juneau, Alaska..

_____
CHOATE LAW FIRM, LLC

7 of 7

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
MOTION FOR ORDER REOPENING DISCOVERY & COSTS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490