James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle WA  98101-2352  
Telephone:  (206) 622-8484  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage AK  99501  
Telephone:  (907) 258-4338  

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>          Plaintiff,<br><br>  v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>          Defendants. | Case No. 1J-04-008-CV (RRB) |

## OPPOSITION BY DEFENDANTS TO AGAIN REOPEN DISCOVERY

<u>Introduction</u>.  On July 28, 2006, plaintiff filed a motion to reopen discovery "for the *limited* purpose" of inquiring about defendants' responses to plaintiff's third requests for production.  On August 14, 2006, defendant filed its opposition to this motion to reopen discovery.  In summary, defendant noted that after plaintiff's second and third counsel withdrew on January 11, 2005, and then her present counsel appeared in March 2005, defendant produced over 2400 documents in discovery responses to plaintiff.  Furthermore, a second scheduling and planning order required all discovery to be completed by April 28, 2006.

In response to the second scheduling and planning order, six depositions were taken by plaintiff in January 2006, and plaintiff noted another five depositions for April 2006

in Portland, Oregon. When plaintiff's counsel advised that he had a conflict with the deposition dates he had set, defendant cooperated by stipulating to extend discovery for 60 days for these late-scheduled depositions. Furthermore, Fred Meyer produced additional documents in response to plaintiff's third requests for production received in late May 2006, served during the 60-day discovery extension for depositions. Defendant contended any further discovery sought by plaintiff in its July 2006 motion was unwarranted and should be denied.

After reviewing plaintiff's motion and defendant's response, the Court struck a compromise. By its Order of August 18, 2006, the Court permitted plaintiff to reopen discovery "limited to two depositions of two hours each unless Defendant agrees otherwise or a court order is obtained." Fred Meyer has not agreed otherwise. As a result, plaintiff has filed another motion seeking similar relief to her July 2006 motion – asking to reopen discovery. This issue already has been addressed. The November 8, 2006, motion by plaintiff is an attempt to obtain discovery this Court did not find warranted when ruling on the first motion. It is not warranted now, either, as the basis for the motion (the testimony of Ms. Lucas on October 25, 2006) is wrong.

## I. DISCUSSION

<u>Facts</u>. After the conflict by plaintiff's counsel in April 2006 when he could not take the five Fred Meyer management depositions he had scheduled in Portland, Oregon, before the close of discovery on April 28, 2006, defendants agreed to a 60-day extension so he could take these additional depositions (including Mary Lucas). Thereafter, plaintiff served a third set of requests for production in late May 2006 and defendant responded with some additional documents located in files in the regional office in Lynnwood, Washington, which had been left by a former Fred Meyer human resources representative (Mary Lucas) who left Fred Meyer in June 2003. Ms. Lucas testified in May 2006 that she had made some notes about an investigation in December 2002/January 2003 and they had been in a file in her former offices in Lynnwood, Washington, three years earlier. A follow-up review by

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Fred Meyer regarding these possible files outside of the corporate or Juneau offices resulted in locating Ms. Lucas' old files, which then were produced to plaintiff.

Plaintiff noted the second deposition of Mary Lucas (now Mary Lucas Hill) for October 25, 2006, in Portland and she was deposed for about two hours in accordance with the Court's August 18, 2006, Order. Plaintiff's counsel also had noticed on October 18, 2006, a second deposition of defendant Jaime San Miguel for Thursday, November 2, 2006, in Juneau, and counsel for defendant made non-refundable travel arrangements to be in Juneau on November 2, 2006.

After the testimony of Ms. Lucas, plaintiff cancelled the deposition of Mr. San Miguel, id., Ex. E, despite being advised that in reliance upon the deposition notice for Mr. San Miguel on November 2, 2006, nonrefundable airline tickets had been purchased. Id., Ex. F. In response to plaintiff's contention that either Ms. Hill's testimony was correct and documents had not been produced, or she was lying (comment: not the only option), defense counsel explained that on this issue Ms. Lucas simply was wrong. Id., Ex. G. But this did not persuade plaintiff and the present motion followed.

Argument. Plaintiff's second motion to reopen discovery is based upon the recollection of Ms. Lucas on October 25, 2006, that she thought a written last and final warning had been given to defendant Jaime San Miguel in January 2003 (ten months after plaintiff Myrna Johnson walked off the job) following a personality clash between him and his assistant manager, Johnna Havard. We can understand plaintiff pursuing such documents in reliance upon the accuracy of this testimony, but plaintiff was advised before filing this motion that Ms. Lucas Hill's recollection is not correct about a last and final warning to Mr. San Miguel, and he should have been deposed as scheduled on November 2, 2006. This motion should not have been brought, and it should be denied.

Jaime San Miguel was initially deposed by plaintiff's counsel on January 24, 2006. He was asked if he had ever been disciplined. He testified that the only time he had received any discipline was in 1996 when he received a verbal warning for not completing a

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION BY DEFENDANTS TO AGAIN REOPEN DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 7

SEADOCS:256097.1

project more quickly.  See San Miguel Deposition at pp. 215-216, Ex. C to Dickens Declaration (11/22/06).  See also the Declaration of Jaime San Miguel, November 20, 2006, confirming that while there was a meeting between him, Johnna Havard, and three management people from Fred Meyer (Mary Lucas, Ken Haverkost, and Fred Sayre) in January 2003, there was no written warning ever given to him at that time.  The regional vice president, Ken Haverkost, simply advised Mr. San Miguel to change the weekly schedule to reflect the time he reported to work when he had child care issues.

        Mr. San Miguel's recollection that there was no last and final written warning given to him regarding attendance and personality issues in the apparel department in January 2003 is confirmed in the Declaration of Ken Haverkost (11/17/06) filed herewith.  Mr. Haverkost remembers a personality clash between Mr. San Miguel and Ms. Havard and he concluded that all that was needed was a schedule adjustment.  But there "was no written warning and no 'first, last and final warning' issued to Mr. San Miguel."  Mr. Haverkost also was deposed on May 25, 2006, and he consistently testified then that there had been only one complaint about Mr. San Miguel and it was regarding his attendance at work, but that this was never memorialized in writing.  Haverkost Dep. at 45-46, Ex. B to Dickens Decl. (11/22/06).

        As further confirmation that there was no "last and final written warning" issued to Mr. San Miguel in January 2003, see the testimony of Johnna Havard taken by plaintiff's counsel on January 25, 2006.  Ms. Havard said that she complained to Ken Haverkost and Mary Lucas in December 2002 about Mr. San Miguel.  Havard Dep. at 60, Ex. A to Dickens Decl. (11/22/06).  She then testified:

> Jaime and I and Ken Haverkost, Mary Lucas, and I believe Fred Sayre were in the meeting in the manager's office, and we were to try and resolve the issues that were going on <u>without anybody being written up or anything</u>.

Havard Dep. at 61 (emphasis added).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

There are no written documents in the personnel file of Jaime San Miguel suggesting he was ever given a first, last and final written warning regarding any situation during his employment with Fred Meyer. Moreover, in the handwritten notes Ms. Lucas identified on October 25, 2006, as her notes, there is not one reference to recommended disciplinary action of any type against Jaime San Miguel, much less a recommendation of "first, last and final written warning."

At the time of the deposition of Mary Lucas Hill on October 25, 2006, she had not worked for Fred Meyer for almost three and one-half years. She is doing similar work for another company (Rite Aid). This simply is one of those situations where the witness's recollection is incorrect. Plaintiff was advised in January 2006 during the respective depositions of Mr. San Miguel and Ms. Havard that there was an issue between the two of them in January 2003, long after Myrna Johnson had left Fred Meyer's employ, and that there was no disciplinary action taken against Mr. San Miguel as a result of those discussions, including the meeting between them, Mr. Haverkost, Mr. Sayre and Ms. Lucas Hill. Accordingly, there is no basis for reopening discovery as the premise on which plaintiff relies (irrelevant disciplinary documents have not been produced) is flawed both by the improper reliance on the mistaken testimony of Ms. Lucas Hill and the timing, as there is nothing in the way of sufficient evidence to suggest the court's Order of August 18, 2006, should be expanded.

Further, there was never a request for any disciplinary action taken against the store director, Fred Sayre. What relevance would such action be to the issues in this case? And why, if this is an issue, was it not raised months ago during depositions taken by plaintiff's counsel in January and May 2006, including the deposition of Mr. Sayre in January 2006.

It is time to move on and deny any further discovery. Defendants do not object to plaintiff deposing Mr. San Miguel again (this issue was raised in response to the July 18, 2006, motion by plaintiff), but do request that they be awarded $1,000 in terms for

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

the purchase of the non-refundable airfare for the cancelled deposition of Mr. San Miguel previously noted for November 2, 2006. Defendants further request that if plaintiff wants to depose Mr. San Miguel this second time, that it be limited to questions concerning the <u>documents produced in response to plaintiff's third requests for production</u>, and that this deposition be at a mutually agreed upon time no later than January 31, 2007.

## II. CONCLUSION

Plaintiff's motion to reopen discovery for 120 days to discover information about the alleged written discipline of Jaime San Miguel and Fred Sayre in 2002 and 2003 should be denied for reasons set forth above. Plaintiff's request to not only reopen discovery but permit her to supplement her opposition to the motion for summary judgment within 30 days after the closing of discovery should be denied. The request for an award of attorney fees and costs by plaintiff should be denied. Fed. R. Civ. P. 1 indicates that the rules were promulgated "to secure the just, speedy, and inexpensive determination of a reaction." In accordance with that principle, it is time to move forward.

As an ancillary matter, defendants ask that the Court confirm that any additional deposition of Mr. San Miguel will be limited to two additional hours, it will occur before January 31, 2007, and plaintiff must pay defendants $1,000 prior thereto for the nonrefundable airfare arrangements for the earlier noted deposition set for November 2, 2006.

RESPECTFULLY SUBMITTED this 22nd day of November, 2006.

MILLER NASH LLP

*s/ James R. Dickens*
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

OPPOSITION BY DEFENDANTS TO AGAIN REOPEN DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 7

SEADOCS:256097.1

<div style="margin-left: auto;">

GRUENSTEIN & HICKEY

*s/ Peter Gruenstein*
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

</div>

Certificate of Service

I hereby certify that on November 22, 2006, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

*s/ James R. Dickens*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484