James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle WA  98101-2352  
Telephone:  (206) 622-8484  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage AK  99501  
Telephone:  (907) 258-4338  

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

### DECLARATION OF JAIME SAN MIGUEL

I, Jaime San Miguel, declare under oath as follows:

1.    I am over the age of 18 and make this declaration based on my personal knowledge.

2.    This declaration is being submitted in response to the motion by Myrna Johnson to reopen discovery. I understand there is a contention that in January 2003, ten months after Myrna Johnson walked off the job in March 2002, I was given a "last and final written warning" because of a complaint by an assistant manager reporting to me, Johnna Havard, regarding when I came to work. This is not true as I was not given a "last and final warning" then or at any other time during my 16 years with Fred Meyer. The only

discipline I ever received was a verbal warning in 1996 when I had not completed a project on time for my supervisor.

    3.    Johnna Havard was an assistant manager reporting to me after the departure of Myrna Johnson in March 2002. I had numerous problems with Johnna Havard as my assistant manager in late 2002 and early 2003 concerning her work schedule. She complained on a regular basis about when her schedule began and ended; and she argued over numerous matters that arose in the apparel department. I gave her a written disciplinary notice in early December 2002 when she left work twice several hours early over the Thanksgiving holiday claiming she "misread" the schedule. In response, she made complaints about me to human resources regarding my work schedule.

    4.    In January 2003 the regional human resources representative for Juneau, Mary Lucas, and our regional manager, Ken Haverkost, visited Juneau. They interviewed various employees in the apparel department. When Ms. Lucas and Mr. Haverkost initially met with me in January 2003, Ms. Lucas was very critical of me after her unilateral discussions with Johnna Havard. But after I explained my position, Mr. Haverkost stated that now they realized there was more to it than just the comments from Ms. Havard. Mr. Haverkost said that he wanted Ms. Havard and me to each list the three things which most concerned us about the other.

    5.    On the second day, there was a joint meeting with Ms. Lucas, Mr. Haverkost, Fred Sayre (store director), Johnna Havard and myself regarding her complaint that I was not arriving at the store at the time (7 a.m.) I had written on the weekly schedule, I explained that there were times when I was not arriving until about 8 a.m., and then working an hour later until 6 p.m., because I had custody of my son during the pendency of my divorce and there were some delays due to school and child care. Mr. Haverkost simply advised me to change the weekly schedule to reflect the time that I actually would arrive, and I did so thereafter.

DECLARATION OF JAIME SAN MIGUEL
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 3

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

SEADOCS:255756.2

6.     There was no written disciplinary warning of any type given to me as a result of the complaint by Ms. Havard. I was never given a "last and final warning" from Mr. Sayre or Mr. Haverkost, or by Ms. Lucas (which would have had to be approved by either Mr. Sayre or Mr. Haverkost). As I testified in my deposition by plaintiff's counsel on January 24, 2006, the only time I was ever disciplined was a verbal warning over 10 years ago. I never received any other disciplinary warnings either before 1996 or thereafter for any reason.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED at _Juneau_, Alaska, on November 20th, 2006.

_____
Jaime San Miguel

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE: (206) 622-8484

Certificate of Service

I hereby certify that on November 22, 2006, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

DECLARATION OF JAIME SAN MIGUEL
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 3

SEADOCS:255756.2