James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle WA 98101-2352  
Telephone: (206) 622-8484  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage AK 99501  
Telephone: (907) 258-4338  

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

## DECLARATION OF KEN HAVERKOST

I, Ken Haverkost, declare under oath as follows:

1.    I am over the age of 18 and make this declaration based on my personal knowledge.

2.    I am the Senior Vice President of Store Operations for Fred Meyer Stores, Inc., and I am based in the corporate offices in Portland, Oregon. Before promotion to my current position in May 2006, I was a group vice president and director of the Home Division; group vice president of Store Operations; and before that (about 2003) I was the regional director of stores for the Puget Sound (PG) Region, which included stores from Seattle to Bellingham and all stores in Alaska.

3.  In mid-January 2003 our human resources representative for the PG region, Mary Lucas, and I flew to Juneau to visit that store. I remember the visit quite well because we were fogged in for a couple of days.

4.  During our January 2003 visit we addressed some issues raised by the assistant manager in the apparel department, Johnna Havard. She complained that the apparel manager, Jaime San Miguel, was not always at work when he was scheduled to begin.

5.  Ms. Lucas interviewed some employees in the apparel department at the Juneau store for two days regarding the complaint by Ms. Havard. I concluded that this principally was a personality issue between Ms. Havard and the apparel manager, Jaime San Miguel. Mr. San Miguel had extra child care responsibilities for his son at that time because of a pending divorce, which some times delayed his reporting to the store at the time he anticipated, and Ms. Havard complained he was not present when she expected him to be.

6.  After Ms. Lucas completed her interviews, we had a meeting the second day with Ms. Havard, Mr. San Miguel, Ms. Lucas, Fred Sayre (the store director), and myself. The purpose of the meeting was to try and resolve issues in the apparel department. As for the question of Mr. San Miguel not arriving on time per the posted schedule, this was an easy issue to resolve: I suggested that he simply adjust his scheduled start time to begin one hour later to allow for taking his son to school or day care before coming to work, and then he would work one hour later. Mr. San Miguel agreed to do this adjustment. I felt that this revision of the schedule would eliminate the complaints by Ms. Havard. This personality clash between the two of them and schedule adjustment was not a situation which I felt warranted formal discipline. There was no written warning and

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DECLARATION OF KEN HAVERKOST
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 3

SEADOCS:255758.1

no "first, last and final warning" issued to Mr. San Miguel after we reviewed the situation and met with him and Ms. Havard.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED at PoeTLAND, Oregon, on November 17, 2006.

Ken Haverkost

Certificate of Service

I hereby certify that on November 22, 2006, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DECLARATION OF KEN HAVERKOST
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 3

SEADOCS:255758.1