Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Myrna Johnson

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>         Myrna Johnson,<br><br>    vs.<br><br>FRED MEYER STORES, INC., and<br>JAIME SAN MIGUEL,<br><br>         Defendants | Case No. J-04-008 CV (RRB) |

### REPLY TO OPPOSITION TO SECOND MOTION TO REOPEN DISCOVERY

#### I. Summary

Myrna Johnson has asked the Court to reopen discovery to follow up on conflicting accounts of whether defendant San Miguel was subjected to discipline because of his repeated attendance problems.  In addition, Myrna Johnson seeks information about how Fred Sayre, the former Store Director, dealt with these repeated attendance problems.   This discovery is relevant and/or calculated to lead to the discovery of relevant information because how San Miguel, Sayre and Fred Meyer Stores, Inc. dealt with attendance is at issue in this matter.

#### II. Background

Myrna Johnson was wrongfully terminated from her employment on the pretext that her tearful departure from a disciplinary meeting was actually a "walk-off" from her career management position with Fred Meyer.  She alleges that San Miguel wanted to remove her from her position as First Assistant Manager to replace her with a younger, single woman, Johnna Havard.  In one week, Myrna Johnson, who had no history of any discipline, was

singled out on a daily basis for increasing criticism by San Miguel, leading to a meeting with San Miguel and the Store Director, Fred Sayre, in Sayre's office.

At that meeting, San Miguel showed her a document entitled "Employee Warning Notice" and asked her to sign it. The document stated that if Myrna Johnson's work did not improve, she would be removed from her career management position in 30 days. Myrna Johnson began sobbing uncontrollably. She had worked 10-12 hour days straight for the last six days (this was her seventh straight day of working) and no matter what she did, San Miguel criticized her. Also, as a manager, Myrna Johnson understood that the "Employee Warning Notice" was an advanced stage of discipline. Somehow without being aware of it, in one week, Myrna Johnson had passed through earlier stages of Fred Meyer's Progressive Discipline policy: (1) Counseling; and (2) Verbal Warning; and was at (3) Written Warning – a final stage of progressive discipline before termination.

Trapped in a small, closed room with two large men, sobbing uncontrollably, Myrna Johnson had to leave to compose herself emotionally. She went downstairs where she continued to cry in the Apparel stock room. Unable to return to work, she left for home only to discover the following morning that her absence that afternoon had been determined to be a voluntary walk-off and "quit" of the job. Despite her efforts to discuss this with Fred Sayre and upper management, she never received any other response from the defendants. In one week, San Miguel was successful in ending her career.

Johnna Havard replaced Myrna Johnson. Young, pretty and very ambitious, she made it known to San Miguel that she would be happy to move to Juneau for a First Assistant position. San Miguel, recently divorced, and someone with an obvious eye and interest in both pretty employees and customers, immediately replaced Myrna Johnson with Havard. However, when Havard announced that she was engaged, San Miguel's treatment of her radically changed. In a fashion highly similar to the way he ousted Johnson, Havard's every action was criticized, she was given the worst shifts despite having the senior assistant position. When she misread the daily schedule and left early one day, after working repeated double shifts in November, San Miguel immediately disciplined her.

Unlike Johnson, who comes from a more passive culture, Havard fought back against what she considered to be San Miguel's unfair treatment of her. In particular, she complained that his discipline of her for misreading a schedule, and leaving early one day, was uncalled for when San Miguel was consistently tardy for work, didn't call in, didn't prepare "Daily Tours" and then when she attempted to do that work, criticized her efforts, tore up her "Tours" and told employees to not listen to her.

### III. Argument

Plaintiff only learned at the second deposition of Mrs. Hill, which occurred over objection of Fred Meyer, that San Miguel had been subject to an extensive on-site investigation by corporate Human Resources resulting in findings that (1) he routinely failed to show up for work on time, (2) didn't call in to let his staff know he wouldn't be arriving on time for his scheduled shift and (3) failed to communicate with his staff.

Plaintiff only learned at the second deposition of Mrs. Hill, that San Miguel was subject to discipline which was never disclosed at any time in the mass of documents provided by Fred Meyer. While this alone with its late disclosure would merit reopening this matter for further discovery, the Affidavits submitted by defendants raise even more questions as they directly contradict Mrs. Hill's sworn testimony.

Contrary to defendants' assertions, there have been no delays in prosecuting this case by this counsel. The delays in producing discovery have all been the defendants'. Myrna Johnson has had to repeatedly request defendants to provide past due discovery which have been uniformly late and required the postponement of depositions.[1] The post-discovery production of the extensive on-site investigation by Regional Corporate Human Resources (Mrs. Hill) into San Miguel's management and attendance problems should have been disclosed before lay depositions in this matter last January and certainly before management depositions in May. Its disclosure in mid-July *after* the close of discovery clearly requires the reopening of discovery.

---

[1] See Exhibit 1 – Johnson's "Meet & Confer" dated March 8, 2006; Exhibits 2 & 3– Johnson's "Missing Responses" and "Failure to Identify 30(b)(6) Witnesses" dated April 4, 2006; Johnson's Meet & Confer Dated April 6, 2006; Exhibit 4 – Johnson's "Meet & Confer" dated April 6, 2006; Exhibit 5 – Johnson's "Request for Status of [Past Due] Discovery Responses dated July 6, 2006; and Exhibit 6 – Johnson's "(Late) Responses to Third Requests for Production" dated July 14, 2006.

Rather than apologize and explain the circumstances surrounding these late disclosures, the defendants have adamantly opposed reopening discovery, claiming that it is not necessary because Mrs. Hill was simply wrong about her own memories of her investigation and its outcome.

Plaintiff notes that it has taken two motions to reopen discovery to even obtain from defendants, through counsel, the admission that these documents were allegedly only discovered in the regional corporate files *after* Mrs. Hill's first deposition. Defendants then provide testimony, by way of the Affidavits of San Miguel and Haverkost, essentially refuting Mrs. Hill's investigation, findings and discipline of San Miguel. In substance, defendants state that there's no reason for Myrna Johnson to engage in discovery on this issue because there's no question at issue. Mrs. Hill is simply wrong about her recollections of her investigation and the discipline of San Miguel. Myrna Johnson should simply accept the Affidavits of San Miguel and Haverkost and either ignore Hill's sworn testimony and the documents which support it, or alternatively, try to figure this out in trial before the jury.

The problem with defendants' argument is that Mrs. Hill's testimony is very specific. She states that:

- She investigated the complaints about San Miguel because Fred Sayre was not addressing issues in his store (Hill II Depo 72/18)[2];
- She investigated complaints about San Miguel that he was not present when he said he would be, would consistently arrive late, and would not communicate with his people (Hill II Depo 74/8);
- Her conclusions were that San Miguel was not working as scheduled, was coming in late on a regular basis, and there was confusion as to who was supposed to do what with regard to assignment of duties (Hill II Depo 75/2);

---

[2] Exhibit 7 - Deposition Excerpts from Second Deposition of Mary Hill (fka Lucas).

4 of 9
*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
REPLY TO OPPOSITION TO MOTION TO REOPEN DISCOVERY
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

- Her investigation determined that the Store Director (Sayre) had either not responded to complaints about San Miguel or didn't follow up on addressing those complaints with San Miguel (Hill II Depo 76/8);
- San Miguel admitted that he was frequently tardy (Hill II Depo 77/22);
- San Miguel admitted that when he was tardy he failed to call in to advise staff that he was going to be late (Hill II Depo 78/1);
- The absence of written tours on a regular basis was an indicator that he wasn't communicating well with his people (Hill II Depo 78/12);
- Because of his conduct, San Miguel was given a last and final warning (Hill II Depo 91/23 – 92/24);
- She specifically recalled issuing the "last and final" warning to San Miguel (Hill II Depo 93/5);
- Sayre was given a warning notice for failing to address issues in his store (Hill II Depo 95/7).

The Affidavits of San Miguel and Haverkost submitted by counsel in Opposition to the instant Motion to Reopen Discovery actually raise more questions than they attempt to answer. Did San Miguel's conduct warrant discipline? If so, what type? Was there discipline of San Miguel? If not, given Mrs. Hill's findings, why not? Was the discipline given by Mrs. Hill removed from San Miguel's file during the EEOC investigation? Was Mrs. Hill's discipline countermanded by someone higher up in the Fred Meyer hierarchy? Why are notes from the conversations she had with Fred Sayre missing?

In addition, if in fact as defendants claim, there was no discipline whatsoever of San Miguel, discovery needs to be reopened in order to attempt to understand and learn why San Miguel was apparently treated very differently than Myrna Johnson and Havard. When Myrna Johnson left a meeting crying and went home for the remainder of the day, her departure was deemed a "walk-off" and voluntary quit even though leaving early is at most something requiring "counseling" in the Fred Meyer Progressive Discipline process (Hill II Depo 76/9). Similarly, Havard, misreading a schedule, left work early one day and was subjected to written

5 of 9

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
REPLY TO OPPOSITION TO MOTION TO REOPEN DISCOVERY
J-04-008 CV (RRB)

discipline by San Miguel. This discipline, in conjunction with his other efforts which paralleled the tactics he used with Myrna Johnson, was successful in forcing Havard to leave her position as First Assistant.

In contrast, if one simply accepts the explanations of the defendants, San Miguel's frequent tardiness, failure to call in and failure to communicate was subject to no discipline whatsoever, not even counseling or a verbal warning. What was the standard? Was it applied uniformly? Was there an exception for family emergencies? Was there an exception for men that didn't apply to women? Was San Miguel simply insulated from any discipline because of his friendship with Sayre or with other upper management? Since Myrna Johnson is inquiring into the manner in which she was terminated on two separate theories – "for cause" or "in breach of the covenant of good faith and fair dealing", the manner in which San Miguel's own absences from work was treated by Fred Meyer is very relevant.

Had this information been produced in a timely fashion, Myrna Johnson could have investigated this during the normal course of discovery. The failure to produce it was the defendants. They should be held responsible for the costs of reopening discovery to address this relevant information. Myrna Johnson should not have to simply rely upon the defendants' assertion that Mrs. Hill's very specific recollections of her actions in regards to San Miguel are simply wrong.

### IV. Conclusion

For all of the foregoing reasons, the Court should reopen discovery in this matter to allow Myrna Johnson to inquire as to the circumstances surrounding the investigation of San Miguel's failure to timely appear at work when scheduled, failure to call in , failure to communicate with his staff, and why discipline was either given or not given in those circumstances. Should the facts show that this information was hidden or otherwise purposely withheld from disclosure, the Court should entertain a motion for costs and fees.

Finally, Myrna Johnson does want to redepose San Miguel but can only do so after obtaining additional information arising from the second deposition of Mrs. Hill. While it is unfortunate that defendants bought a non-refundable ticket, the sequencing of additional

6 of 9

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
REPLY TO OPPOSITION TO MOTION TO REOPEN DISCOVERY
J-04-008 CV (RRB)

discovery should be up to the Plaintiff and not be determined by the purchase of an airplane ticket.[3]

DATED this 30th day of November, 2006 at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

/s/ Mark Choate
_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Myrna Johnson

---

[3] Counsel's experience in purchasing such tickets is that while non-refundable, they can be used for another trip by the same traveler. It's value can be applied to additional travel in this matter by defense counsel to Juneau.

# **PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On November 30, 2006, I served the foregoing document described as **REPLY TO OPPOSITION TO SECOND MOTION TO REOPEN DISCOVERY,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system,

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

8 of 9

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
REPLY TO OPPOSITION TO MOTION TO REOPEN DISCOVERY
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 30, 2006 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

9 of 9

*Johnson, Myrna v Fred Meyer (J-04-008 CV RRB) [23003].*
REPLY TO OPPOSITION TO MOTION TO REOPEN DISCOVERY
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490