IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware Corporation, and JAIME SAN MIGUEL,<br><br>　　　　Defendants. | Case No. 1:04-CV-0008-RRB<br><br>**ORDER GRANTING MOTIONS AT DOCKETS 42, 43, AND 44** |

I.  **INTRODUCTION**

　　Before the Court is Plaintiff Myrna L. Johnson with motions in limine to exclude evidence of a 1992 misdemeanor charge for which she was not convicted (Docket 42), a hereto un-prosecuted criminal charge for the sale of counterfeit goods (Docket 43), and a civil judgment for failure to pay on a promissory note (Docket 44).

　　Defendants Fred Meyer Stores, Inc. ("Fred Meyer") and Jaime San Miguel (collectively "Defendants") partially oppose at Docket 68.  Defendants properly do not oppose exclusion of

Plaintiff's 1992 misdemeanor charge.  However, Defendants argue that the un-prosecuted criminal charge for selling counterfeit goods and a civil judgment for failure to pay on a promissory note are relevant to Plaintiff's claims for lost wage and emotional distress damages.[1]

## II.  FACTS

In 1992, Plaintiff was arrested for not paying for merchandise from a Target Store.[2]  Those charges were subsequently dismissed.[3]  This charge is not at issue because Defendants do not oppose Plaintiff's motion to exclude.[4]

In 2003, after the events at issue in this lawsuit, Plaintiff alleges she lost her home in foreclosure and relocated to South Carolina.[5]  After failing to find work similar to her management position at Fred Meyer, she went into business for herself and purchased a small business shop named "Isabel's," which sells designer "look-alike" handbags and purses.[6]  Plaintiff

---

[1]   Docket 68 at 2-3.

[2]   Docket 42 at 1.

[3]   Id.

[4]   Docket 68 at 2.

[5]   Docket 43 at 1.

[6]   Id.

secured the business purchase with a promissory note to the seller.[7]

She was subsequently charged with the sale of counterfeit goods.[8] Although the status of the charge against Plaintiff is unclear, Plaintiff believes that the charge is not going to be prosecuted by the county and that no further action has been taken.[9] While no court date has been set, the charge apparently has been referred to the federal prosecutor for review.[10]

Additionally, the entire inventory of Plaintiff's business was seized for evidentiary purposes in connection with the counterfeiting charge.[11] Plaintiff claims that because she lacks the funds to replace the seized inventory, she was forced to close the business and defaulted on the promissory note.[12] A civil judgment in the amount of $12,879 for default on the note was filed against her in South Carolina on January 21, 2005.[13]

---

[7]  Docket 44 at 1.

[8]  Docket 43 at 1.

[9]  <u>Id.</u> at 1-2.

[10] <u>Id.</u> at 2.

[11] Docket 44 at 1.

[12] <u>Id.</u>

[13] <u>Id.</u> at 1-2.

**III. DISCUSSION**

Plaintiff asserts that evidence of her hereto un-prosecuted criminal charge and the civil judgment against her for failure to pay on a promissory note should be excluded.[14]

Defendants argue that money which Plaintiff earned, or could have earned, after leaving Fred Meyer is relevant to Plaintiff's mitigation of lost wage damages incurred while unable to find comparable employment.[15] Specifically, Defendants assert that "[i]f plaintiff seeks lost wage damages for any period after she began this business, defendants have the right to argue that plaintiff would have earned more in the business if she had not been charged with unethical business practice . . . ."[16]

Similarly, Defendants claim that evidence that Plaintiff started a business, faces accusations of unethical and illegal business practices, faces criminal charges, and lost her business are relevant to her claim for emotional distress.[17]

Defendants also assert that evidence of the civil judgment against Plaintiff in the amount of $12,879 for failure to

---

[14] Docket 43 at 2; Docket 44 at 2.

[15] Docket 68 at 2.

[16] Id.

[17] Id. at 3.

pay on a promissory note should be admitted for the same reasons discussed above.[18]

The Court is cognizant of Defendants' proposed uses for evidence of Plaintiff's un-prosecuted criminal charge and the civil judgment assessed against her.  While these may be valid, it is premature to finally determine these issues.  The Court will therefore preclude Defendants from referencing the matters in question during opening statements.  A final analysis of the relevance, as well as the probative value, of this evidence must await trial.

**IV.  CONCLUSION**

For the reasons set forth above, Plaintiff's Motions in Limine at Docket 42, 43, and 44 are hereby **GRANTED**, without prejudice.

ENTERED this 29th day of December, 2006.

> s/RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[18]  <u>Id.</u>