IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware Corporation, and JAIME SAN MIGUEL,<br><br>      Defendants. | Case No. 1:04-cv-0008-RRB<br><br>**PRETRIAL ORDER** |

**TRIAL.** Subject to any conflicts with the Court's criminal calendar, trial by **jury** in this case is scheduled to commence on **Tuesday, October 9, 2007**, and is expected to take **ten (10)** days. Unless otherwise ordered, trial will commence at **8:30 a.m.** each day and will adjourn for the day at **4:30 p.m.,** except in unusual circumstances.

The final pretrial conference is scheduled for **Wednesday, September 26, 2007, at 8:30 a.m., telephonically,** in Courtroom 2 in Anchorage, Alaska, for the general purpose of reviewing compliance with this order and, in particular: limiting and defining the issues; resolving objections and other matters relative to

witnesses and exhibits; resolving any final motions; and addressing any other matters relating to trial.

**MOTIONS.** The time for the filing of pretrial motions has expired; however, motions as to known, difficult evidentiary matters will be served and filed not later than **September 10, 2007**.

**TRIAL BRIEFS (Local Rule 39.2).** In accordance with Local Rule 39.2, each party will serve and file a trial brief on or before **September 17, 2007**. Such brief will not exceed 25 pages and shall contain the information set forth in Local Rule 39.2.

**WITNESS LISTS.** On or before **September 12, 2007**, each party will serve and file a final, revised witness list which may include only persons who have been previously disclosed as potential witnesses in a timely filed prior witness list. This final witness list will disclose those witnesses whom the party will in fact call at trial. Only those witnesses so listed will be permitted to testify at trial. Witnesses will be listed in the order in which it is expected they will be called.

As to each witness so listed (even though the witness may have been deposed), counsel will disclose the testimony expected to be elicited from that witness at trial. The disclosure will be specific and not general, the purpose being to avoid surprise and delay at trial and to give opposing counsel an adequate basis for developing cross-examination.

Expert witnesses will be identified as such and as to their area(s) of expertise, and a statement of each expert's qualifications will be appended to the witness list.  The statement of qualifications of experts will be sufficiently detailed to permit opposing counsel to serve and file objections on or before **September 24, 2007**.  Any dispute as to qualifications will be resolved at the final pretrial conference.

**EXHIBITS (Local Rule 39.3)**.  On or before **September 12, 2007**, counsel will meet with a deputy clerk to review trial exhibits in accordance with Local Rule 39.3.

On or before **September 17, 2007,** each party shall serve and file an exhibit list, in the form of a pleading, identifying by number or letter those exhibits marked for admission and those marked for identification, and briefly describing each exhibit.  A copy of all exhibits that can be photographed, including depositions, must be lodged for use by the court and a copy provided to opposing counsel.

On or before **September 24, 2007**, the parties will serve and file all objections to exhibits and, in particular, will identify any exhibit as to which authentication will be required.  Absent such notice, formal authentication will be deemed waived.  Objections will be concise and appropriate authorities will be cited.  Objections to exhibits will ordinarily be resolved at or before the final pretrial conference.

**DEPOSITION DESIGNATION.** On or before **September 17, 2007**, witnesses whose depositions will be offered in lieu of live testimony will be identified. In lieu of a statement of testimony which counsel expects to elicit from such witnesses, the party will specify the inclusive pages from the deposition which are proposed to be offered. Objections to such testimony, as well as any desired counter-designation of deposition testimony, will be served and filed on or before **September 24, 2007.** Any objections to proposed deposition testimony (including objections to counter-designations) will be resolved at the final pretrial conference.

Depositions which are to be used for any purpose at trial will be lodged with the Clerk of Court at the time and in the manner hereinafter specified for the filing of exhibits, and the same will be ordered published as a matter of course, when and if such depositions are offered.

**JURY INSTRUCTIONS (Local Rule 51.1).** If this case is scheduled for a trial by jury, each party will prepare, serve, and file, on or before **September 17, 2007**, proposed jury instructions. Such instructions will be prepared in accordance with Local Rule 51.1. Objections to jury instructions shall be filed on or before **September 24, 2007.**

**VOIR DIRE.** If this case is scheduled for a trial by jury, counsel will please serve and file proposed *voir dire* questions on or before **October 1, 2007.**

**SETTLEMENT CONFERENCE.** A settlement conference may be conducted before another judge prior to trial, if there is a judge available, upon written request of the parties filed with the court.

The Court must be advised of a "last-minute" settlement no later than 3:00 p.m. of the last business day before the commencement of trial; otherwise, jury costs are incurred by the court and may be taxed to the parties.

**PRIOR STIPULATIONS/ORDERS.** To the extent that stipulations of the parties and/or earlier orders of the court require additional or more detailed filings or additional procedures, those earlier stipulations and/or orders will remain in effect. However, to the extent any such prior stipulation or order conflicts herewith, this order will control.

**FILING DATES.** The parties will prepare, serve or exchange, and file or lodge with the court on or before the dates above specified all of the documents above specified. These dates <u>will</u> <u>not</u> be subject to change by stipulation of the parties and may be changed only by order of the court for good cause shown. Both the final pretrial conference date and the trial date set for this case are contingent upon timely compliance with this order by the parties. Any party should expect to pay costs to the opposing party or to the court if it is found that he or she has willfully

and without good cause failed to comply with this order.  *See* Rule 16(f), Federal Rules of Civil Procedure.

ENTERED this 5th day of April, 2007.

                                        s/RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE