James R. Dickens                                        Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

      Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON, | |
|      Plaintiff, | |
| v. | Case No. 1J-04-008-CV (RRB) |
| FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL, | |
|      Defendants. | |

*(Left margin, vertical text:)* MILLER NASH LLP — ATTORNEYS AT LAW — 4400 TWO UNION SQUARE — 601 UNION STREET, SEATTLE WA 98101-2352 — TELEPHONE (206) 622-8484

## DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIM

### I.  MOTION

    Defendants move the Court for an order dismissing plaintiff's sole remaining claim of wrongful termination in breach of the covenant of good faith and fair dealing.

### II.  INTRODUCTION

    On February 9, 2007, this Court entered an order granting defendants' motions for summary judgment on multiple claims by the plaintiff.  The Court received a substantial volume of pleadings directed to several claims subsequently dismissed voluntarily by plaintiff after receipt of defendants' motions (gender discrimination, FMLA, tortious interference) or involuntarily thereafter by the Court (age discrimination, parenthood).  The

only claim on which defendants' motion was denied, and which still remains, is the claim for wrongful termination in violation of the Alaska common law covenant of good faith and fair dealing.

On behalf of defendants we have been preparing for the various pretrial matters and the trial set for October 9, 2007. We again reviewed the Court's decision on the wrongful termination claim and then the undisputed facts and Alaska case law. The sheer volume of pleadings submitted by both sides on the multiple claims later dismissed may have overshadowed the analysis of the wrongful termination claim. Therefore, in the interest of judicial economy, we request that this claim be re-examined. If defendants' position is correct that the wrongful termination claim should be dismissed, this will save substantial time and effort for the Court and the parties.[1]

Accordingly, with all due respect for the February 9, 2007, Order, defendants ask the Court to accept and decide this motion prior to the many pretrial matters due in September 2007. Defendants contend that plaintiff's sole remaining claim "for wrongful termination in violation of the common law duty of good faith and fair dealing," Order of 2/9/07 at 17, should be dismissed because it was not "wrongful" for Fred Meyer to enforce its policy that walking off the job constituted a voluntary resignation or quit, and plaintiff even believed that she had quit.

## III.  UNDISPUTED FACTS

1.     Plaintiff signed the Fred Meyer Employee Responsibilities form on multiple occasions while employed by Fred Meyer. Johnson dep. at 160 (attached to Declaration of James R. Dickens (7/20/07) (hereinafter "Johnson dep. ___")).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[1] Discovery has been completed and trial does not commence until October 9, 2007. Thus, it makes sense to defendants to focus on the wrongful termination claim now as opposed to a later date, such as a motion for a directed verdict.

DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIM
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 10

2.      The Fred Meyer Employee Responsibilities form states that "walking off of the job" is "accepted as an employee's voluntary resignation (quit) of her employment." Johnson dep., Ex. 4.

3.      Plaintiff understood that walking off the job would be considered a voluntary quit.  Johnson dep. at 157.

4.      When plaintiff was in the conference with the store director (Fred Sayre) and apparel manager (Jaime San Miguel) on March 18, 2002, she knew that no adverse action was being taken against her because she was not being suspended and she was not being fired.  Johnson dep. at 124, 222.

5.      Johnson knew on March 18, 2002, that any future adverse action was only speculative and would not occur for at least 30 days and only then if she did not show improvement.  Johnson dep. at 222; Ex. 18.

6.      During the counseling session plaintiff said that she should just quit, but the store director told her that they did not want her to quit.  Sayre dep. at 52.

7.      The store director testified that he told plaintiff that if she walked out of the meeting it would be considered "a voluntary resignation."  Sayre dep. at 85.  (Plaintiff disputes or does not recall these admonitions.)

8.      When plaintiff walked out of the meeting with Mr. Sayre and Mr. San Miguel on March 18, 2002, she testified that she "felt I'd quit my job."  Johnson dep. at 242.

9.      The March 18, 2002, employee warning notice was not a termination of plaintiff.  Sayre dep. at 86.

10.     After plaintiff left the March 18, 2002, meeting with the store director and the apparel manager, she later returned to request a copy of the counseling memo, which Mr. Sayre gave to her.  Sayre dep. at 56-58; Ex. 18.

11.     After receiving a copy of the counseling memo the afternoon of March 18, 2002, plaintiff left the Fred Meyer store and never returned, and never made any attempt

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

personally to communicate with either the store director or her apparel manager about their conclusion that she had voluntarily resigned her employment. Sayre dep. at 89-90.

## IV.  DISCUSSION

A detailed analysis of Alaska law is helpful regarding the limited circumstances when an at-will employee may pursue a claim of wrongful termination in violation of the covenant of good faith and fair dealing.

Alaska recognizes only a *limited* cause of action for breach of the covenant of good faith and fair dealing in the termination of an at-will employee. Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123, 1130-31 (Alaska 1989). While implicit in at-will employment relationships, this covenant does not lend itself to precise definition. It does, however, require that the employer not impair the right of an employee to receive the benefits of her at-will employment. French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996). Accordingly, for plaintiff to prove her claim in this case, she must demonstrate that her employer impaired her right to receive some benefit of her employment-at-will relationship and that it acted in bad faith. Id. There is a clear distinction in Alaska law between at-will employment and "for cause" employment, and in their defense defendants do not have to prove "cause" to terminate. Era Aviation, Inc. v. Seekins, 973 P.2d 1137, 1139 (Alaska 1999).

The Alaska Supreme Court has described the factors to be considered in evaluating this limited claim of wrongful termination in breach of the covenant of good faith and fair dealing. This claim may arise in two situations:

(1)    Termination in order to unfairly deprive the employee of a benefit contemplated by the employment agreement (e.g., a promised share of business profits) (*subjective* bad faith); or

(2)    Termination by disparate treatment (e.g., a termination based on unconstitutional grounds, or in violation of public policy, or different treatment from that for similarly situated employees) (*objective* bad faith).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Chijide v. Maniilaq Assoc. of Kotzebue, 972 P.2d 167, 172 (Alaska 1999).

The subjective prong "is not based on the employee's feelings, but rather on the employer's motives." Pitka v. Interior Reg'l Hous. Auth., 54 P.3d 785, 789 (Alaska 2002). There is no evidence in this case that plaintiff's termination involved any action taken to unfairly deprive Ms. Johnson of any benefit under her employment at-will relationship with Fred Meyer. *Accordingly, plaintiff cannot proceed on this alternative subjective prong of the covenant of good faith and fair dealing.*

The remaining prong requires *objective* bad faith and proof of action, such as termination on unconstitutional grounds, or termination in violation of public policy, or disparate treatment from those of similarly situated employees. This is the only possible claim open to plaintiff.

*Plaintiff walked out of the March 18, 2002, conference with her supervisor and the store director and later walked off the job.* She previously had signed the Fred Meyer Employee Responsibilities form which states that "walking off of the job" is "accepted as an employee's voluntary resignation of her employment." Johnson dep., Ex. 4. Plaintiff has no evidence of any other employee walking off the job and not being terminated. Therefore, there is no evidence that Fred Meyer acted in bad faith in concluding that by plaintiff walking off of the job, she voluntarily terminated her status as an at-will employee. Accordingly, there is no basis to go to trial on this claim by plaintiff of wrongful termination in breach of the covenant of good faith and fair dealing. Belluomini v. Fred Meyer of Alaska, Inc., 993 P.2d 1009, 1012-14 (Alaska 1999). Instead, at this remaining pretrial stage the claim should be dismissed.

Consider the following necessary elements to the wrongful termination in breach of covenant claim. First, was there a termination? No, because plaintiff walked off the job when she knew that walking off the job would be considered *her* voluntary resignation. Second, even if there was a termination by Fred Meyer, was it "wrongful"? Plaintiff was

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIM
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 10

employed at-will. *No* adverse action was being taken against her – no suspension and no demotion, and she understood this. Johnson dep. at 124, 222. Any future adverse action was purely speculative, depending on whether or not plaintiff's performance improved. An employer has a right to counsel employees on performance issues and such counseling cannot be considered as an action to be reviewed by the courts.

When plaintiff walked out of the March 18 meeting, for whatever reason, it was reasonable for the store director and apparel manager to conclude that she had walked off the job. Mr. Sayre testified that he told plaintiff about the consequences of walking off the job, and she ignored them. Sayre dep. at 85. While plaintiff disputes that she heard these admonitions, she cannot dispute signing Ex. 4, which explicitly states that walking off the job constitutes grounds for immediate termination. And plaintiff cannot dispute that when she walked out of the meeting she "felt I'd quit my job." Johnson dep. at 242. Consistent with her statement, she did not show up for work the next day and she never again sought to discuss her walking off the job with either Mr. Sayre or Mr. San Miguel and never sought a return to work at Fred Meyer. Sayre dep. at 89-90.

Plaintiff also cannot reasonably argue she was constructively discharged by Fred Meyer. Constructive discharge is not an independent cause of action, but merely satisfies the discharge element in a claim for wrongful discharge. <u>Pitka v. Interior Reg. Housing Auth.</u>, 54 P.3d 785, 790 (Alaska 2002). But criticism of job performance does not create intolerable workplace conditions, and plaintiff's subjective belief that she "might lose her job" or be demoted is not relevant. <u>Id.</u> The Alaska Supreme Court analysis in <u>Pitka</u> is consistent with decisions by courts in other jurisdictions.

The standard for establishing a claim of constructive discharge is quite high and a counseling session, without adverse action, does not rise to the level of a constructive discharge. To make a case for constructive discharge a plaintiff must present evidence of conditions so unpleasant or difficult that a *reasonable* person would feel compelled to resign.

DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIM
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 10

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

*Id.* *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001).  The employee's stress and discomfort with supervisory counseling did not constitute constructive discharge due to "intolerable conditions," even if that was her subjective view.  *Id.* at 168.  "[A] stressful environment does not amount to constructive discharge."  *Id.* at 169.

In another comparable situation to plaintiff Johnson, the court of appeals affirmed the entry of summary judgment by the district court.  *Agnew v. BASF Corp.*, 286 F.3d 307 (6th Cir. 2002).  The employer, BASF, required plaintiff Agnew to comply with a performance plan, and advised him that failing to make good progress could result in discipline up to termination.  He contended this constituted an adverse employment action, and constructive discharge, "by unfairly criticizing his performance and instituting the Performance Improvement Plans."  286 F.3d at 309.  The court of appeals held "that criticism in performance reviews and institution of performance improvement plans" did not constitute objectively intolerable conditions.  *Id.* at 310.  This is consistent with *Pitka*, *supra*, and *Thomas v. Douglas*, 877 F.2d 1428, 1434 (9th Cir. 1989).

Applying the above standards to plaintiff's claim of wrongful termination by constructive discharge, in breach of the covenant of good faith and fair dealing, plaintiff Johnson has no claim.  Fred Meyer had a legal right to initiate a counseling session and request for improvement by plaintiff.  *Therefore, meeting with Ms. Johnson to discuss the need for her to improve was not "wrongful," there was no "adverse employment action," and there was no "wrongful termination" contrary to the covenant*.  This claim should be dismissed.

In *Ramsey v. City of Sand Point*, 936 P.2d 126 (Alaska 1997), the former police chief brought a wrongful termination suit against the City of Sand Point.  Summary judgment for the City was affirmed on appeal.  After reviewing the Alaska law on wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing, the Alaska Supreme Court summarily concluded that the subjective element was not involved in

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE: (206) 622-8484

Ramsey's termination. The Court then turned to the objective prong of the covenant, where an employer should "act in a manner which a reasonable person would regard as fair," but which also requires the plaintiff to prove that she received disparate treatment compared to similarly situated employees. The Court stated that where the plaintiff was employed at-will, the employer can terminate the employee without investigating the complaints or taking any further action. Therefore, in an at-will relationship, in order to carry her initial burden of proof, the plaintiff must produce evidence of disparate treatment of her compared to similarly situated other employees. The covenant of good faith may not be interpreted to simply prohibit the termination of an at-will employee as not fair because *there is no legal right in an at-will relationship to expect compliance with any procedural or substantive policy in order to remain employed.* Ramsey, 936 P.2d at 133.

Following its analysis in Ramsey, the Alaska Supreme Court has confirmed in subsequent cases that an at-will employee is not entitled to dismissal only for good cause. Witt v. State, 75 P.3d 1030, 1034 (Alaska 2003); Era Aviation v. Seekins, supra. The Court has continued to clarify that the purpose of the covenant is only to effectuate the reasonable expectations of the parties, and not to alter or to add to the terms of the at-will employment status. Witt, supra.

While the objective prong may be breached when an employer fails to act in a manner that a reasonable person would consider fair, *the courts do not have the authority to sit as super-personnel departments reviewing the wisdom or fairness of business judgments made by employers.* Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995). Plaintiff's wrongful termination claim is restricted to evaluation of specific objective factors, such as whether similarly situated employees were treated differently, or whether the termination violated plaintiff's unconstitutional rights, or whether the termination was contrary to public policy. When the evidence fails to create an issue of fact based on any of these three approaches, dismissal of the wrongful termination claim is appropriate.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

As an at-will employee, Fred Meyer had the right to conclude that plaintiff had walked off the job contrary to its policy and without the burden of having to investigate or take further action. <u>Ramsey</u>, <u>supra</u>. As an at-will employee plaintiff had no legal right to expect Fred Meyer to either follow its policy or to not follow its policy. She had no right to expect "good cause" for Fred Meyer's conclusion that she had walked off the job and therefore voluntarily terminated her employment. <u>Witt v. State</u>, <u>supra</u>.

Plaintiff previously argued that there were certain issues of fact, such as whether she acted "reasonably" in leaving the store manager's office. As noted above, <u>Pitka</u>, <u>supra</u>, plaintiff's subjective beliefs of reasonableness or being emotionally overwhelmed are simply not relevant.

In the instant case plaintiff cannot point to public policy violation by Fred Meyer in concluding that she terminated her employment by walking off the job; nor evidence that her termination for walking off the job violated the Alaska constitution; nor evidence of disparate treatment compared to other employees who walked off the job. As the plaintiff is unable to introduce evidence justifying submitting this case to the jury, her claim of wrongful termination in breach of the covenant of good faith and fair dealing should be dismissed.

## V. CONCLUSION

The undisputed facts are that plaintiff's case lacks one of two critical elements of wrongful discharge – *discharge by the employer*. When counseled by her supervisors regarding the need to improve her job performance, she walked out of the meeting, and subsequently walked off the job – in direct contravention of an explicit employer policy that walking off the job constitutes a resignation. She did not return to work that day, or the next day, or the day after that. She never made any effort to communicate again with either of her supervisors about the possibility of returning to work.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' MOTION TO DISMISS WRONGFUL TERMINATION CLAIM
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 9 of 10

Each of these *facts* is uncontroverted by any reasonable reading of the record. Ms. Johnson's subjective emotional response to the counseling from her supervisors does not, *as a matter of law*, excuse her from walking off the job.

In short, Ms. Johnson decided to quit her job before any adverse employment action was taken; she was not fired. Her termination resulted from her decision, not Fred Meyer's. Her claim is without merit and should be dismissed.

DATED this 20th day of July, 2007.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
ABA No. 0610063


GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on July 20, 2007,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

SEADOCS:285534.3