James R. Dickens            Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

    Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

**REPLY BRIEF BY DEFENDANTS
ON MOTION TO DISMISS**

**I. INTRODUCTION**

    Defendants have filed a renewed motion for summary judgment on plaintiff's claim of wrongful discharge in breach of the covenant of good faith and fair dealing. The Court previously decided this was the sole remaining claim in this case.

    Plaintiff's response suggests the motion is not within the previously set time frames for such a motion, and defendants understand her position. But as is obvious from plaintiff's maximum 50-page response, the Court should decide defendants' motion at this time in the interests of judicial economy, and to avoid the unwarranted time, effort and expense for all involved if this case proceeds to trial. Furthermore, the Court needs to decide what is the

remaining claim because plaintiff now contends she has an implied contract claim (which was never alleged in her 122-paragraph complaint, which has never been amended), rather than the wrongful termination claim in the complaint and the one acknowledged by the Court. This motion was not meant to disrupt trial preparation for either side, but rather to decide what truly is the remaining claim and whether it should be dismissed.

Plaintiff contends she could be terminated only for "good cause" despite the Court's Order of February 7, 2007 (Docket 81). The Court should review the undisputed facts and decide (a) is there is a material issue of fact as to whether there was a constructive discharge; (b) even if there is a question on the constructive discharge, was plaintiff employed at-will; (c) if employed at-will, is plaintiff's only claim for wrongful termination in breach of the implied covenant of good faith and fair dealing; and (4) should this claim be dismissed because there is no material issue of fact.

Defendants' position is simple. First, there was no constructive discharge of plaintiff as a matter of law. Accordingly, there can be no "wrongful termination" claim regardless of theory. Second, plaintiff was employed at-will as a matter of law and must make any claim based on that employment status. Third, even if there was a constructive discharge, plaintiff cannot establish an issue of material fact to support a claim for wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing. Therefore, the wrongful termination claim should be dismissed as a matter of law.

## II. DISCUSSION

### A. Timeliness.

Plaintiff argues the current motion falls outside the prior time lines. She is correct. But sometimes the interests of justice, which include considering judicial economy for the Court, jury and parties, require further review before the substantial pretrial effort, particularly where we now know that plaintiff is asserting a new claim not previously pled. Initially defendants moved over a year ago to dismiss all claims. Plaintiff requested more discovery, which the Court granted. Plaintiff responded then with a 55-page brief and many

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

pages of supplemental material. The result was a massive amount of pleadings and evidence submitted to the Court. The Court completed its review on February 7, 2007, and dismissed all claims except for "Count V" "for wrongful termination in violation of the common law duty of good faith and fair dealing against Defendants Fred Meyer Stores, Inc. and Jaime San Miguel." Order at 19 (Docket 81).

Defendants believed the parties now would be focused on this remaining claim of wrongful termination, for which the relevant and material facts are limited. Plaintiff, however, now contends she was not employed at-will and that she has a new breach of contract claim never previously pled. Accordingly, this motion is important to all of us so that we are clear as to what is the claim which remains and the Court can decide whether this case should proceed to trial on that claim.

With respect for the prior ruling, defendants ask the Court to decide defendants' present motion for the reasons set forth herein.

### B. Plaintiff's Opposition.

1. The opposition by plaintiff on the merits is confused and confusing. With a response unnecessarily long (50 pages) plaintiff contends her entire work history is relevant and material – it is not.

2. Plaintiff contends she was not employed at-will. She is wrong as explained previously and again herein. If plaintiff's only claim is based on her at-will status, plaintiff tacitly recognizes that it should be dismissed.

3. Plaintiff contends a reasonable person would have felt compelled to resign. Defendants disagree that a "reasonable" person being merely counseled and asked to improve over the next 30 days (the same type of counseling that plaintiff provided her subordinates) would have felt "compelled to resign."

4. Plaintiff contends counseling was done in bad faith, but provides inadequate facts and law to support this contention.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

5.      Plaintiff contends a jury should hear how hard she worked for years and therefore it should decide if it was "fair" for Fred Meyer to terminate her. But the law states that a jury is not to act as a super personnel review board and decide whether in its subjective view a business decision was "fair," as "fair" is not a separate legal cause of action.

6.      Plaintiff spends the substantial majority of her 50-page opposition contending her remaining claim is an implied contract claim, that she could be terminated only for cause, and that she was not employed at will. Plaintiff never pled such a claim and the Court should reject this attempt to assert such a claim after plaintiff's deposition and the close of discovery.

7.      Plaintiff ignores the undisputed facts set forth by defendants – she errs in doing so.

In sum, plaintiff opposes the merits of defendants' motion by a massive submission of irrelevant information and argument. The Court should address only the relevant and material facts, and the law, which apply to the remaining claim of wrongful termination in alleged violation of the covenant of good faith and fair dealing. In so doing, it will be clear that plaintiff's claim should be dismissed.

### C.    Undisputed Facts.

At pp. 2-3 of defendants' motion to dismiss (Docket 86), we set out 11 material facts, 10 of which are undisputed (all except for no. 7). Plaintiff does not specifically address, nor contradict, any of these "material" facts.

### D.    Plaintiff Was Employed At-Will.

Plaintiff now argues that she was not employed at-will, but that she had an implied contract that she could be discharged only "for cause." Therefore, she contends, the Court should ignore the analysis of Alaska cases analyzing the legal and factual bases for a claim of wrongful termination of an at-will employee in breach of the covenant of good faith and fair dealing. No, the Court should not ignore those cases as they are applicable to plaintiff's

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

only remaining claim, the one she pled, which the Court already held was based on her status as an at-will employee.

Plaintiff's lengthy complaint was filed March 17, 2004 (Docket 1) and it contained 122 separately numbered paragraphs and multiple claims. The remaining claim herein for which she is seeking relief was described as follows:

INTRODUCTION (page 1)

(4) Defendants' wrongful discharge of Johnson in breach of the implied covenant of good faith and fair dealing;

* * *

FACTS (page 4)

11. . . . Defendants . . . wrongfully discharged Johnson and in doing so breached the covenant of good faith and fair dealing . . . .

* * *

Count V (page 20)

WRONGFUL DISCHARGE

117. Defendants breached their common law duty of good faith and fair dealing by terminating Plaintiff when she left work because she was emotionally distraught over Defendants' unlawful discriminatory, harassing and retaliatory conduct towards her.

* * *

Plaintiff also set forth in her FACTS section (87 paragraphs, nos. 11-97) various allegations, but none even remotely suggested an implied contract claim based upon a requirement of good cause to terminate. Instead plaintiff alleged only a *tort* claim of wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing. This claim of a covenant of good faith and fair dealing applies to "at-will employment contracts."[1] A breach of express or implied contract is a separate claim,[2] and

---

[1] The Alaska Supreme Court for years has consistently held that the claim of wrongful termination in breach of the covenant of good faith and fair dealing is applicable to "at-will employment contracts." The cases so holding include Mitford v. de Lasala, 666 P.2d 100, 107 (Alaska 1983); Luedtke v.

plaintiff never pled a separate breach of contract claim. Therefore, no implied contract claim is before the Court.

When plaintiff previously suggested she had an implied contract claim requiring "cause" for her termination, in their September 2006 reply (Docket 69), defendants produced the disclaimer from the March 2001 Employee Handbook on which plaintiff relied, and which plaintiff did not include. It states:

> *This handbook should not be construed and does not constitute a contract, expressed or implied, guaranteeing employment for any specific duration. Although we hope your employment relationship with us is long term, either you or the Company may terminate this relationship at any time, for any reason, with or without cause or notice. Please understand that no supervisor or representative of Fred Meyer has the authority to enter into any agreement with you for employment for any specific period of time or to make any promises or commitments contrary to the foregoing.*[3]

The language in Fred Meyer's Employee Handbook meets all of the at-will requirements articulated in Jones v. Central Peninsula General Hosp., 779 P.2d 783 (Alaska 1989). An employee manual does not change the employee's presumptive at-will employment status[4] if the employer's manual "clearly and conspicuously tells their employees that *the manual is not part of the employment contract* and that their *jobs are terminable at the will of the employer with or without reason*." *Id.* at 787 (emphasis added). Issuing an employee manual "*with clear language of limitation, instill[s] no reasonable*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

Nabors Alaska Drilling, Inc., 834 P.2d 1220, 1223 (Alaska 1992); French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996); Belluomini v. Fred Meyer of Alaska, Inc., 993 P.2d 1009, 1012 (Alaska 1999); and Holland v. Union Oil of Cal., 993 P.2d 1026, 1032 (Alaska 1999).

[2] In Jones v. Central Peninsula General Hosp., 779 P.2d 783 (Alaska (1989), and Pitka v. Interior Regional Housing Auth., 54 P.3d 785 (2002), the plaintiff pled *both* a claim of wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing, and a separate contract claim. Plaintiff Johnson herein is seeking to change her legal theories, obviously recognizing her wrongful termination claim at Count V lacks legal merit.

[3] Plaintiff's earlier Ex. 16, pp. 1, 34 and 35, are submitted separately again, for ease of reference, along with other materials also produced or available before.

[4] In Alaska, the presumption is that employees are employed at-will. Blackburn v. State DOT and Public Fac., 103 P.3d 900, 903 (Alaska 2004).

REPLY BRIEF BY DEFENDANTS ON MOTION TO DISMISS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 11

*expectations of job security and do[es] not give employees any reason to rely on representations in the manual.*" 779 P.2d at 787-88 (emphasis added).

The Fred Meyer Employee Handbook explicitly states exactly what Jones requires. There is no "contract, expressed or implied . . . for any specific duration," and Fred Meyer "may terminate this relationship at any time, for any reason, . . . without cause." Therefore, plaintiff's contention that she had a "for cause" employment relationship with Fred Meyer has no merit.

Besides plaintiff's complaint not alleging an implied contract claim, and Fred Meyer's noted disclaimer, it also follows that simply because an employer, in the exercise of *its* own subjective judgment, seeks to follow good business practices in its interaction with employees, does not mean it has surrendered its right to make business decisions, nor does it change an at-will relationship into one requiring "cause."

Finally, this Court already has ruled that plaintiff was employed at-will and this ruling is the law of this case. In the Court's February 7, 2007, Order (Docket 81), at page 18, the Court discusses plaintiff's "at will" claim and the legal standards related thereto. Plaintiff's only remaining claim, as noted by the Court, is her claim in "Count V" of her complaint "for wrongful termination in violation of the common law duty of good faith and fair dealing against Defendants . . . ."

### E. No Constructive Discharge.

Defendants have set forth above the reasons why plaintiff, as a matter of law, was employed at-will and why any remaining claim must proceed based solely on that status. But if plaintiff was not constructively discharged, then it is clear that she has no claim under any theory. Constructive discharge is not an independent cause of action, but merely satisfies the discharge element for wrongful discharge. Pitka, supra, 54 P.3d at 790. To establish constructive discharge, "an employee has the burden of showing that a reasonable person in the employee's position would have felt compelled to resign." Id.

REPLY BRIEF BY DEFENDANTS ON MOTION TO DISMISS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 11

SEADOCS:288337.1

Defendants refer the Court to the 10 undisputed facts in its recent motion[5] (excluding no. 7) at pp. 2-3. Plaintiff has refuted none of these 10 facts, but still continues to allege that she was constructively discharged. In addition to those facts, other testimony by plaintiff refutes this contention:[6]

(1) Plaintiff's complaints of improper actions by Mr. San Miguel and Fred Meyer are for events occurring in February and March 2002. (Johnson dep. at 139.)

(2) Plaintiff was in the Philippines from February 12, 2002, until March 10, 2002. Id. at 95. (So, nothing occurred during these weeks.)

(3) Mr. San Miguel emphasized to plaintiff the week of March 12, 2002, that now "standards were higher." Id. at 106, 112. He wanted the work done "by the book." Id. at 212-13.[7]

(4) When plaintiff met with Messrs. Sayre and San Miguel in Mr. Sayre's office, Mr. Sayre was sitting and Mr. San Miguel was standing when he read the written warning notice. Id. at 122.

(5) When Mr. San Miguel finished reading the warning notice, plaintiff said "I need to go" (id. at 126) and she stood up (id. at 128) and left the room (id. at 135). (He did not block the door, seek to restrain her, raise his voice, or otherwise acted less than professionally.[8])

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[5] Docket 86 (7/20/07).

[6] This testimony was submitted previously in Docket 45 (7/31/06) and selected segments are again submitted at this time by separate pleading for ease of reference.

[7] Plaintiff misstates her own testimony on several issues. For example, she states that Mr. San Miguel directed the display of merchandise dependent upon his "subjective opinions" and that he wanted the display done "differently" than what was called for in the plan-o-gram. Plaintiff's Opposition (Docket 88) at 41-42. But as plaintiff testified, "With Mr. San Miguel, it has to be by the book." Johnson dep. at 212-13. In another misleading statement, plaintiff complains that she was put on the "less desirable closing shift" when she returned to Juneau on Sunday, March 10, 2002. Opposition (Docket 88) at 5, 11. What she does not advise is that the Fred Meyer work week is Sunday through Saturday, and schedules were posted the prior Friday, March 8, 2002, before she returned. Johnson dep. at 56. Therefore, when plaintiff called Mr. San Miguel on Monday, March 11, 2002, to tell him she was back, the earlier shift with the temporary assistant already had been scheduled. Mr. San Miguel, however, immediately gave plaintiff an afternoon/evening shift starting the very next day, Tuesday, March 12, 2002. Id. at 99. Nothing in this sequence of events is remotely supportive of a claim of constructive discharge.

[8] On page 20 of plaintiff's current Opposition (Docket 88) she alleges that she was "trapped" in the room with Mr. San Miguel (a person she had known for years and with whom she was "friends" and whom she had invited to her home "numerous times." Johnson dep. at 52-53). But in the next sentence she states that "she left the room to go . . . regain her composure" and that she "composed

The other argument by plaintiff regarding constructive discharge is that Mr. San Miguel wanted to replace plaintiff with another employee. While patently not true, it is irrelevant. If that were the standard, probably millions of gainfully employed American employees would have a constructive discharge claim against their employers.

Plaintiff argues that <u>Pitka</u>, <u>supra</u>, does not preclude her constructive discharge claim. But <u>Pitka</u> held that there was no claim for constructive discharge based on the plaintiff's subjective belief she might lose her job or "criticism of job performance," as these did not create intolerable working conditions. 54 P.3d at 790. Thus, in Alaska (consistent with other jurisdictions), an employee has no claim of constructive discharge merely because her job performance has been criticized, even if her personal feelings have been hurt. <u>Id.</u>; <u>Era Aviation v. Seekins</u>, 973 P.2d 1137, 1141 (Alaska 1999).

In summary, plaintiff has advanced *no* probative evidence that a *reasonable person* would have found conditions for six days (March 12-18, 2002) so intolerable as to constitute constructive discharge. As there was no constructive discharge, there can be no claim of "wrongful discharge" and the claim of wrongful termination under any theory should be dismissed.

### F.     No Breach of Covenant.

As defendants described earlier, when the Court examines the undisputed material facts and the law on wrongful termination in breach of the implied covenant of good faith and fair dealing, plaintiff cannot create an issue of material fact.

Plaintiff's claims of age discrimination, parental status discrimination, gender discrimination, FMLA violation, and tortious interference have been dismissed. Order

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

herself." Plaintiff never used the word "trapped" in her testimony, and even now she does not allege that she was restrained or that she had to force her way out of the store director's office. All plaintiff alleges is that being disciplined made her distraught because of the *fact* of being disciplined, not the *manner*, and thus she fails to meet the heavy burden of constructive discharge which requires a conclusion that no reasonable person could bear to be counseled. The Alaska courts have rejected the contention that being "humiliated" by "criticism of job performance" meets the standard for constructive discharge.

REPLY BRIEF BY DEFENDANTS ON MOTION TO DISMISS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 9 of 11

SEADOCS:288337.1

(Docket 81) at 1. Accordingly, she has no public policy claim of wrongful termination on any of these claims already dismissed, e.g., the age claim based on the alleged motive of Mr. San Miguel to replace her with a younger woman. This attempt to back door the remaining claim by arguing the public policy based on a dismissed claim has no merit.

Plaintiff's other contention is that it was bad faith as a matter of law to discharge plaintiff because she "expected" to have a career at Fred Meyer. This contention fails to meet any of the bases for a claim of wrongful termination of an at-will employee under Alaska law and should be rejected. "Expectation" is not a constitutional issue, not a public policy issue, and does not equate with any alleged disparate treatment to which plaintiff can point. Belluomini v. Fred Meyer of Alaska, supra, 993 P.2d at 1012-14.

In sum, plaintiff is seeking to proceed on a claim similar to the one rejected by the Alaska Supreme Court in Ramsey v. City of Sand Point, 936 P.2d 126 (Alaska 1997). Plaintiff wants to argue broadly to the jury that "it just wasn't fair that my employment ended when I walked out of the counseling meeting with my supervisor and the store director, even though I knew I was not being suspended or terminated, and even though I knew walking off the job would result in immediate termination." But there is no right in an at-will relationship to require the company to comply with any policy before an employee is terminated. Ramsey, 936 P.2d at 133. Plaintiff wants to argue that "good cause" was required to terminate her, or that it was not "fair" (in whose eyes?), but as an at-will employee she has no such right. Witt v. State, 75 P.3d 1030, 1034 (Alaska 2003).

Alaska case law is consistent with other jurisdictions which recognize that neither the court nor the jury has the right to substitute its judgment for the employer and to sit as super personnel departments to review the fairness of business decisions. Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181 (Alaska 1992); Hudson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995). Plaintiff has not distinguished these cases cited by defendants, as she cannot. The remaining claim of wrongful termination should be dismissed.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANTS ON MOTION TO DISMISS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 10 of 11

SEADOCS:288337.1

### III. CONCLUSION

The Court should review and decide the present motion. The undisputed and material, relevant facts support a decision dismissing the sole remaining claim of the at-will plaintiff for "wrongful termination in violation of the common law duty of good faith and fair dealing."

DATED this 7th day of August, 2007.

    Respectfully submitted,

    MILLER NASH LLP

    s/ James R. Dickens
    Miller Nash LLP
    4400 Two Union Square
    601 Union Street
    Seattle, WA 98101-2352
    Phone: (206) 622-8484
    Fax: (206) 622-7485
    E-mail: jim.dickens@millernash.com
    ABA No. 0610063

    GRUENSTEIN & HICKEY

    s/ Peter Gruenstein
    Gruenstein & Hickey
    Resolution Plaza
    1029 W. 3rd Avenue, Suite 510
    Anchorage, AK 99501
    Phone: (907) 258-4338
    Fax: (907) 258-4350
    E-mail: ghlaw@gci.net
    ABA No. 7910079

    Attorneys for Defendants

Certificate of Service

I hereby certify that on August 7, 2007, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANTS ON MOTION TO DISMISS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 11 of 11

SEADOCS:288337.1