James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

## DEFENDANTS' MOTION TO EXCLUDE POTENTIAL EVIDENCE AT TRIAL

### I. MOTION

Defendants Fred Meyer Stores, Inc. ("Fred Meyer") and Jaime San Miguel, per the Court's Pretrial Order (Document no. 85), move to exclude certain inadmissible evidence or testimony on behalf of plaintiff.

### II. EXCLUDE ALL PROPOSED EVIDENCE RE "FOR CAUSE" CLAIM

Defendants request the Court to exclude all proposed evidence on behalf of plaintiff that she could be terminated only "for cause."

In Plaintiff's Opposition to Defendants' Omnibus Motions in Limine (Docket no. 55), she contended that she was removed from her position at Fred Meyer "in breach of the terms of her 'for cause' employment relationship with Defendant Fred Meyer." Id. at 1.

In the Court's Order Regarding Motion for Summary Judgment (Docket no. 81), the Court stated that plaintiff's only remaining claim was the one set forth in Count V for wrongful termination in violation of the common law duty of good faith and fair dealing, a claim which has as its foundation that plaintiff was employed "at-will." The Court's recent order of August 21, 2007, denying the defendants' renewed motion to dismiss (Docket no. 893) confirms that the parties are going "to proceed to trial on this single theory" as set forth in Count V of the complaint for wrongful discharge in alleged breach of the implied covenant of good faith and fair dealing. Accordingly, there is no claim to be tried that plaintiff could be discharged only "for cause." As a result, the evidence that plaintiff had earlier indicated she would seek to elicit at trial to support a "for cause" claim should be ordered excluded in advance of trial.

Defendants ask the Court to exclude the following evidence that plaintiff previously indicated (Docket no. 55 at pp. 3-4) she would seek to introduce to support the unalleged claim that she could be terminated only "for cause." As such a claim does not exist in this case, the Court should issue an exclusion order stating as follows:

1.  That there shall be no testimony, contention, or argument that plaintiff could have been terminated only "for cause" by Fred Meyer.

2.  That there shall be no testimony by present or former Fred Meyer employees as to alleged representations to them regarding:

    (a)   The nature of their employment contract, or that of plaintiff, with Fred Meyer;

    (b)   The use of progressive discipline as part of an implied or just cause for termination;

    (c)   Their training or experience in working with plaintiff in the apparel department;

    (d)   Their observations of plaintiff the week before her employment ended on March 18, 2002; or

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

(e) Their contentions or opinions that Jaime San Miguel terminated plaintiff for reasons other than her job performance.

Under Fed. R. Evid. 402, such evidence is not relevant to the claim of wrongful discharge in breach of the implied covenant of good faith and fair dealing. As this potential evidence is not relevant, it is not admissible. To avoid confusion of the jury, the Court should rule in advance of trial that plaintiff may not introduce evidence regarding the above topics.

In addition to the above categories of potential evidence which the Court should rule in advance of trial is inadmissible, the Court also should exclude evidence in the categories set forth below which may be related to, but also may be distinct from, these categories described above.

### III. EXCLUDE AFFIDAVITS AND OTHER HEARSAY EVIDENCE

Per Fed. R. Evid. 802, hearsay evidence generally is inadmissible. Per Fed. R. Evid. 801(c), unless a statement is made by the declarant while testifying at trial, and therefore subject to cross-examination by the adverse party, it is hearsay and therefore inadmissible.

Plaintiff previously submitted affidavits from the files of the Alaska State Commission for Human Rights for nine former co-workers of plaintiff. Only one of those former co-workers (Johnna Havard) has been deposed. Defendants contend that these affidavits may *not* be offered in evidence and ask the Court in advance of trial to so rule.

"[A]ffidavits are inadmissible as hearsay" because the "affiants [are] not available for cross-examination, as they would have been had they testified live or given depositions earlier at which defendants could have cross-examined them." *Travelers Cas. & Sur. v. Wells Fargo Bank N.A.*, 374 F.3d 521, 524 (7th Cir. 2004) (opinion by Judge Posner). *Accord*, *Spivey v. U.S.*, 912 F.2d 80, 85 (4th Cir. 1990).

Therefore, this Court should declare that plaintiff may not seek to introduce into evidence the affidavits or declarations (from whatever source) of any witnesses because they

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

are hearsay.  Furthermore, no affidavits may be used for any purpose from persons whom she will not be producing live at trial and who will not be available for cross-examination.

Additionally, all testimony along the lines of "Jane Doe told me that Mr. San Miguel said this and this" is inadmissible hearsay within hearsay and should be excluded.  *See, e.g.*, *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) (testimony by employee-witness regarding what a second employee said a third employee said is inadmissible).  Some of plaintiff's purported evidence falls into this category and it should be ordered excluded in advance of trial.

### IV. TESTIMONY REGARDING PLAINTIFF'S WORK PERFORMANCE AND CHARACTER IS INADMISSIBLE AND SHOULD BE EXCLUDED

Neither plaintiff nor her co-workers are competent to testify as to plaintiff's work performance.  Even if they were, this evidence is irrelevant.  Only the opinions of the decision-makers are relevant.  *Schuler v. Chronicle Broadcasting Co., Inc.*, 793 F.2d 1010, 1011 (9th Cir. 1986), *citing Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980).  *See also Grimwood v. Univ. of Puget Sound, Inc.*, 110 Wn.2d 355, 360-61, 753 P.2d 517 (1988).  Therefore, all such testimony must be excluded under Fed. R. Evid. 402.

Further, this evidence is also inadmissible character evidence.  Character evidence is *not* admissible to show that a person acted in conformity with his or her character except under very narrow exceptions, none of which are present here.  Fed. R. Evid. 404.  Moreover, in civil cases character evidence is admissible only if plaintiff's character is in issue.  Fed. R. Evid. 404; *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993); *Dickerson v. Chadwell, Inc.*, 62 Wash. App. 426, 432, 814 P.2d 687 (1991).  Ms. Johnson's character is not at issue in this lawsuit.  The sole remaining claim is whether plaintiff was wrongfully terminated in violation of the implied covenant of good faith and fair dealing.  Evidence of plaintiff's character is thus not admissible under Fed. R. Evid. 404 and the Court should so rule in advance of trial.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

## V. OPINION TESTIMONY SHOULD BE EXCLUDED

Defendants expect plaintiff to ask witnesses to testify about working conditions in the apparel department and to express their *personal* opinions about working with Ms. Johnson and Mr. San Miguel, and other Fred Meyer management. Such testimony is excludable for the Count V claim of wrongful termination in breach of the covenant of good faith and fair dealing. These expected witnesses are neither management employees, nor decision-makers, and therefore they do not have personal knowledge regarding management decisions and operations conducted in the apparel department. Thus, their potential testimony lacks foundation and is not admissible under Fed. R. Evid. 602, and to the extent such testimony also is hearsay, it is inadmissible under Fed. R. Evid. 802.

In addition to the hearsay reasons for exclusion of their testimony, the opinions and conclusions of non-decision-makers are irrelevant and inadmissible. Only the opinions of the decision-maker charged with the responsibility of evaluating plaintiff's job performance are relevant and admissible. *Breneman, supra; Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986), *citing Smith v. Flax*, 618 F.2d 1062, 1067 (4th Cir. 1980); *Chen v. State*, 86 Wn. App. 183, 192, 937 P.2d 612 (1997) (trial court properly excluded coworkers' affidavits and declarations regarding their opinion of the plaintiff's performance); *Hill v. Spiegel*, 708 F.2d 233, 236-37 (6th Cir. 1983); *Balderrama v. Rock River Training Corp.*, No. 00C50148, 00C50149 (N.D. Ill. Feb. 24, 2003) ("Needless to say, a co-worker's opinion of plaintiffs' job performance is obviously insufficient to show plaintiffs were meeting their employer's legitimate expectations.").

## VI. EXCLUDE EVIDENCE RE CONDUCT OF OTHER EMPLOYEES

Defendants also are concerned that some of plaintiff's witnesses may seek to testify as to their own allegations of what they consider wrongful conduct against them which occurred *after* plaintiff's employment with Fred Meyer ended. Such accusations and subjective opinions should be excluded as they do not involve plaintiff or her claims, and it

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

would be highly prejudicial to defendants to have to present evidence on and defend against multiple claims that are not part of this lawsuit.

> [T]he probative value of the testimony was so "substantially outweighed by the danger of unfair prejudice" that it definitely should have been excluded by the district court in accord with Fed.R.Evid. 403. . . . [W]ith respect to similar testimony of former employees concerning the reasons for their terminations, "even the strongest jury instructions could not have dulled the impact of a parade of witnesses, each recounting his contention that defendant had laid him off because of his age." Thus the error can hardly be characterized as harmless.

*Haskell v. Kaman Corp.*, 743 F.2d 113, 121-22 (2d Cir. 1984) (*quoting Moorhouse v. Boeing Co.*, 501 F. Supp. 390, 393 n.4 (E.D. Pa.), *aff'd*, 639 F.2d 774 (3d Cir. 1980)) (reversible error to allow former employees to testify as to their subjective opinions regarding their own performance or the plaintiff's performance, and their subjective opinions regarding their termination or the termination of other employees). *See also*, *Spence v. Maryland Cas. Co.*, 803 F. Supp. 649, 670 (W.D.N.Y. 1992) ("the probative value of subjective evidence from fellow employees regarding their employment experiences, introduced as proof of what happened to a particular plaintiff is substantially outweighed by the danger of unfair prejudice of such testimony.").

### VII. EXCLUDE ALL EVIDENCE RE DISMISSED CLAIMS

The Court dismissed on the merits plaintiff's claims of age and parental status discrimination, and "her claims for gender discrimination, violation of the Family and Medical Leave Act, and tortious interference with business relations" after plaintiff withdrew them.[1] Accordingly, defendants contend that plaintiff may not seek to introduce evidence on such claims, and may not argue a breach of public policy based on the claims dismissed. If a claim has been dismissed or withdrawn, there is no legal basis to argue public policy regarding same. Therefore, the Court should order that plaintiff may not introduce evidence

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[1] Order Regarding Motion for Summary Judgment (Docket no. 81) at 1-2.

DEFENDANTS' MOTION TO EXCLUDE POTENTIAL EVIDENCE AT TRIAL
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 7

SEADOCS:290963.1

regarding such claims, nor contend plaintiff's termination was contrary to public policy as represented by these dismissed claims.

## VIII.  CONCLUSION

The defendants respectfully ask the Court to grant their motions to exclude certain evidence as described above.

DATED this 10th day of September, 2007.

Respectfully submitted,

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone:  (206) 622-8484
Fax:  (206) 622-7485
E-mail:  jim.dickens@millernash.com
ABA No. 0610063


GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Phone:  (907) 258-4338
Fax:  (907) 258-4350
E-mail:  ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on September 10, 2007,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' MOTION TO EXCLUDE POTENTIAL EVIDENCE AT TRIAL
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 7

SEADOCS:290963.1