James R. Dickens                                    Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage AK  99501
Telephone:  (907) 258-4338

      Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>          Plaintiff,<br><br>   v.<br><br>FRED MEYER STORES, INC., a Delaware Corporation, and JAIME SAN MIGUEL,<br><br>          Defendants. | Case No. 1J-04-008-CV (RRB) |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS
WITH CITATIONS**

      Defendants Fred Meyer Stores, Inc. and Jaime San Miguel hereby request that the Court give the attached instructions to the jury during the trial of this matter.

      RESPECTFULLY SUBMITTED this 17th day of September, 2007.

      MILLER NASH LLP

      s/ James R. Dickens
      _____
      James R. Dickens
      ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101-2352
TELEPHONE: (206) 622-8484

GRUENSTEIN & HICKEY

s/ James R. Dickens
Peter Gruenstein
ABA No. 7910079

Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352
TELEPHONE: (206) 622-8484

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
AT JUNEAU

MYRNA I. JOHNSON,

                Plaintiff,

      v.

FRED MEYER STORES, INC., a
Delaware Corporation, and
JAIME SAN MIGUEL,

                Defendants.

Case No. 1J-04-008-CV (RRB)

## COURT'S INSTRUCTIONS TO THE JURY

      DATED this _____ day of _____, 2007.

_____
Ralph R. Beistline
United States District Judge

SEADOCS:283530.1

INSTRUCTION NO. _____

SUMMARY OF CLAIMS

Plaintiff Myrna Johnson brings this lawsuit against defendants Fred Meyer Stores, Inc. and Jaime San Miguel.

Plaintiff claims that she was wrongfully terminated by defendant Fred Meyer in breach of the implied covenant of good faith and fair dealing by declaring that her employment ceased because she left a counseling session on March 18, 2002.

Defendants deny this claim. Further, defendants contend that plaintiff's at-will employment terminated by her own action in walking out of a counseling session with her manager and the store director on March 18, 2002, after they advised her such actions would be deemed a voluntary quit per company policy.

The foregoing is merely a summary of the claims and defenses of the parties. You are not to take it as proof of any matter alleged unless admitted by the opposing party, and you are to consider only those matters that are admitted or established by the evidence. The claims and defenses have been outlined solely to aid you in understanding the issues.

---

9th Cir. Civil Jury Instr. 1.2 (2001)

Defendants' Proposed Jury Instruction No. 1

SEADOCS:283530.1

INSTRUCTION NO. _____

       This is the first time that an objection has been made to evidence. I want to tell you that objections are not to be held against a party. An objection is a way of asking the court to determine whether the law allows certain evidence to come before you. Unless parties object, I may not know that there is a possible problem with evidence. So when an objection is made, you should keep in mind that it is a normal part of a trial and that it signifies that one party wants me to decide whether the law allows you to hear certain evidence. If I decide that it does, the evidence will come before you, and you will decide how much weight, if any, to give it. If I decide that it does not, the evidence will be excluded. Remember that questions are not evidence. If I direct a witness not to answer a question, the question should be completely disregarded.

       From time to time the parties and I may have a conversation out of your presence or we may excuse you from the courtroom. I will try to avoid unnecessary interruptions in the flow of the trial. Sometimes, however, it is necessary for complex legal matters to be resolved before I can decide whether to admit or to exclude evidence as the law requires. All parties have a right to have the law properly applied to them. This requires that all legal questions be carefully considered so that you can hear all the relevant evidence.

---

Article 1A.01

Defendants' Proposed Jury Instruction No. 2

INSTRUCTION NO. _____

CORPORATIONS

All persons are equal before the law, and a corporation is entitled to the same fair and conscientious consideration by you as any other person.

---

9th Cir. Civil Jury Instr. 6.1 (2001)

SEADOCS:283530.1

Defendants' Proposed Jury Instruction No. 3

INSTRUCTION NO. _____

There are two kinds of evidence, direct and circumstantial. Direct evidence is direct proof of a fact, such as the testimony of an eyewitness. Circumstantial evidence is indirect proof, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You may consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence. In making that decision, you should consider all the proof in the light of reason, common sense, and experience.

Defendants' Proposed Jury Instruction No. 4

INSTRUCTION NO. _____

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

---

9th Cir. Civil Jury Instr. 5.1

SEADOCS:283530.1

Defendants' Proposed Jury Instruction No. 5

<u>INSTRUCTION NO.</u>

In deciding what the facts are, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including these:

1.    Was the witness able to see, or hear, or know the things about which that witness testified?

2.    How well was the witness able to recall and describe those things?

3.    What was the witness's manner while testifying?

4.    Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.    How reasonable was the witness's testimony considered in light of the other evidence which you believe?

6.    Was the witness's testimony contradicted by what he or she has said or done at another time, or by the testimony of other witnesses, or by other evidence?

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

These are some of the factors you may consider in deciding whether to believe testimony.

The weight of the evidence does not necessarily depend on the number of witnesses testifying on one side or the other.

Defendants' Proposed Jury Instruction No. 6

INSTRUCTION NO. _____

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which all the lawyers have agreed.

You have heard testimony in the form of depositions. Testimony given in this manner is entitled to the same consideration, and is to be judged by you as to credibility and weight, as if the witness were testifying in person.

Defendants' Proposed Jury Instruction No. 7

<u>INSTRUCTION NO.</u>

Certain things that happen during a trial are not evidence and you must not consider them as evidence in deciding the facts of this case. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules. You should not be influenced by the objection or by the court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. If testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4.      Anything you may have seen or heard when the court was not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Defendants' Proposed Jury Instruction No. 8

INSTRUCTION NO. _____

EMPLOYMENT "AT-WILL"

Plaintiff was employed "at-will" by defendant Fred Meyer Stores, Inc.  An "at-will" employment relationship may be lawfully terminated at the will of either the employer or the employee for any reason, good or not, or even no reason, simply by giving notice to the other party.  An employer is entitled to make its own subjective personnel decisions and can counsel or terminate an employee for any reason that does not violate the Alaska law on the implied covenant of good faith and fair dealing (which is defined for you in another instruction).

You may not find in favor of plaintiff in this case simply because you may disagree with the reasons offered or relied upon by defendants.  You also may not find in favor of plaintiff simply because you believe the decision to counsel plaintiff and treat her actions in leaving the counseling session as a voluntary quit was harsh or unreasonable.

---

See Comments to Ninth Circuit Model Instruction Nos. 12.2 & 14.1 (2001) and Federal Jury Practice & Instructions § 106.03 (Supp. 2000) & § 171.75 (5th Ed. 2001) referenced therein.  See also Walker v. AT&T Technologies, 995 F.2d 846 (8th Cir. 1993).

Defendants' Proposed Jury Instruction No. 9

SEADOCS:283530.1

INSTRUCTION NO. _____

THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Even though plaintiff was employed at-will by defendant Fred Meyer Stores, Inc., she could not be terminated in breach of the implied covenant of good faith and fair dealing.

Plaintiff contends that she was wrongfully terminated contrary to the implied covenant of good faith and fair dealing for at-will employees. Plaintiff has the burden to prove the following elements of this claim by a preponderance of the evidence:

(1)    That plaintiff was constructively discharged by defendant Fred Meyer. For constructive discharge, the plaintiff must prove that a reasonable person in the employee's position would have felt compelled to resign because the working conditions were so unpleasant or difficult as to be intolerable; and

(2)    That defendant Fred Meyer Stores, Inc. did not act in a manner which a reasonable person would regard as fair because plaintiff received disparate treatment compared to other similarly situated employees. A "similarly situated employee" is one who reports to the same supervisor as plaintiff, has been subject to the same standards, and has engaged in the same conduct as the plaintiff, without such differentiating or mitigating circumstances that would distinguish his or her conduct or the employer's treatment of them from the treatment of plaintiff.

If you find it to be more likely than not that plaintiff was constructively discharged, and that defendant Fred Meyer Stores, Inc. treated similarly situated employees differently than it treated the plaintiff, you must find for the plaintiff on this claim.

Defendants' Proposed Jury Instruction No. 10

However, if plaintiff fails to establish either constructive discharge or a difference in her

treatment from similarly situated employees, then you must find for defendant on this claim.

---

Pitka v. Interior Reg'l Housing, 54 P.3d 785, 790 (Alaska 2002); Era Aviations v. Seeking, 973 P.2d 1137, 1141 (Alaska 1999); Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181 (Alaska 1992)

Defendants' Proposed Jury Instruction No. 10

INSTRUCTION NO. _____

EMPLOYEE CRITICISM

An employer has the legal right to initiate a counseling session to criticize an employee's job performance. The fact that the employee's feelings were hurt by the criticism, or that she believed she might lose her job, does not support a claim of constructive discharge.

---

Pitka v. Interior Reg'l Housing, 54 P.3d 785, 790 (Alaska 2002); Era Aviations v. Seeking, 973 P.2d 1137, 1141 (Alaska 1999); Agnew v. BASF Corp., 286 F.3d 307, 309 (6th Cir. 2002); Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989)

Defendants' Proposed Jury Instruction No. 11

INSTRUCTION NO. _____

DAMAGES

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party the verdict should be rendered. If your verdict is for plaintiff Myrna Johnson, you must determine the amount of money which will reasonably and fairly compensate her for her actual damages which you find were proximately caused by defendants.

You may consider the following elements of damages on plaintiff's claim of wrongful termination in breach of the implied covenant of good faith and fair dealing:

(1)    Plaintiff's lost wages for the likely duration of her continued employment with Fred Meyer;

(2)    Plaintiff's lost benefits.

In determining the amount of net wages and fringe benefits lost because of wrongful termination, you must deduct from such net loss the money that the plaintiff earned or could have earned by making diligent efforts to obtain similar employment. These deductions include:

1.    Actual earnings plaintiff made after her termination;

2.    Damages for any period of time when plaintiff was unable to perform all or substantially all of the duties and responsibilities of her prior position at Fred Meyer; and

3.    The amount that plaintiff would have earned if she had used reasonable diligence in attempting to find other similar employment suitable to her background and experience.

Plaintiff has the burden of proving she was able to perform the job duties of her prior position at Fred Meyer for whatever time period she seeks damages.

Defendants' Proposed Jury Instruction No. 12

Defendant has the burden of proving that plaintiff did not use reasonable diligence in attempting to find other employment after her discharge.

In considering whether plaintiff used reasonable diligence in attempting to find suitable similar employment after her employment ended with Fred Meyer, you may consider such factors as whether she checked the want ads, registered with employment agencies, discussed employment opportunities with acquaintances and took other reasonable diligent action to find similar employment.  No wages should be awarded for any period of time in which the plaintiff was not actively seeking employment.

You cannot award any damages for any net lost wages and benefits from Fred Meyer for any period of time when plaintiff was unable to work, or was otherwise not working due to reasons not related to her claims herein against defendant.  Likewise, you may not award any damages for lost wages and benefits that duplicate wages and benefits actually received by the plaintiff following the termination of employment with defendant Fred Meyer.

The burden of proving damages rests with plaintiff and it is for you to determine whether any claimed damage has been proved by a preponderance of the evidence.

To make an award for any loss claimed by the plaintiff, you must find that the plaintiff has proved by a preponderance of the evidence the amount of the loss with reasonable certainty.

---

 Ruest v. Alaska Petroleum Contractors, Inc., 127 P.3d 807, 818 (Alaska 2005); Luedtke v. Nabors Drilling, Inc., 834 P.2d 1220, 1226 (Alaska 1992); Arco Alaska v. Akers, 753 P.2d 1150, 1153-54 (Alaska 1988)

Defendants' Proposed Jury Instruction No. 12

INSTRUCTION NO. _____

Members of the jury, now that you have heard all the evidence it is my duty to instruct you on the law which applies to this case. Each of you will have a copy of these instructions in the jury room. You will also have the exhibits received in evidence.

It is your duty to find the facts from the evidence in the case. To those facts you must apply the law as given in the instructions. Each juror, like the judge, must follow the law whether he or she agrees with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. This means that you must decide the case solely on the evidence and according to the law. You will recall that you took an oath promising to do that at the beginning of the trial.

In following these instructions, you must follow all of them and not single out some and ignore others; they are all important. And you are not to read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely for you to decide.

Defendants' Proposed Jury Instruction No. 13

INSTRUCTION NO. _____

When you retire, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Defendants' Proposed Jury Instruction No. 14

INSTRUCTION NO. _____

After you have reached unanimous agreement on a verdict,  your presiding juror will fill in the verdict form that has been give to you, sign and date it, and advise the bailiff outside your door that you are ready to return to the courtroom.

Defendants' Proposed Jury Instruction No. 15

<u>INSTRUCTION NO.</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal or bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you do send out a question, the law requires that I consult with the lawyers before answering it, which necessarily will take some time. You should continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

Defendants' Proposed Jury Instruction No. 16

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
AT JUNEAU

MYRNA I. JOHNSON,

                    Plaintiff,

      v.

FRED MEYER STORES, INC., a
Delaware Corporation, and
JAIME SAN MIGUEL,

                  Defendants.

Case No. 1J-04-008-CV (RRB)

## **VERDICT FORM**

        We, the jury, make the following answers to the questions submitted by the Court:

        1.     On plaintiff Myrna Johnson's claim of wrongful termination in a breach of the implied covenant of good faith and fair dealing, we find in favor of:

        ANSWER:     _____     Plaintiff

                          _____     Defendant

Defendants' Proposed Jury Instruction No. 17

If the answer to Question No. 1 is "Plaintiff," go to Question No. 2.  If the answer to Question No. 1 is "Defendant," skip Question No. 2.

2.    How much money is awarded plaintiff for lost wages on her claim?

ANSWER:    $_____

Sign and advise the bailiff.

DATED this _____ day of _____, 2007.

_____
Presiding Juror

Defendants' Proposed Jury Instruction No. 17