James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>Defendants. | Case No. 1J-04-008-CV (RRB) |

# TRIAL BRIEF OF DEFENDANTS

## I. SUMMARY

### A. Parties.

The parties hereto are Myrna I. Johnson, plaintiff, and Fred Meyer Stores, Inc., and Jaime San Miguel, defendants.

### B. Claim of Wrongful Discharge.

In plaintiff's complaint filed March 17, 2004 (Docket 1) she alleged a claim of wrongful discharge in breach of the implied covenant of fair dealing in her introduction (¶ 4); in her factual allegations (¶ 11); and in Count V (¶ 117).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Fred Meyer did not affirmatively terminate plaintiff, but she contends that Fred Meyer constructively discharged her by criticizing her job performance and counseling her that her performance needed to improve over the next 30 days.

## II. PLEADINGS AND PRE-TRIAL RULINGS

### A. Pleadings.

The key pleadings are plaintiff's complaint (Docket 1), filed March 17, 2004 and defendant's answer and affirmative defenses (Docket 9). Defendants denied plaintiff's allegations of wrongful discharge in breach of the implied covenant of good faith and fair dealing. The original parties, Myrna I. Johnson, plaintiff, and Fred Meyer Stores, Inc. and Jaime San Miguel, defendants, remain parties to the litigation at this point.

### B. Pre-Trial Rulings.

On February 9, 2007, this Court entered an order granting defendants' motion for summary judgment "with respect to Counts I - IV and VI of Plaintiff's Complaint." Order Regarding Motion for Summary Judgment (Docket 81) at 19. The Court denied defendants' motion "with respect to Count V" which the Court declared to be "a claim for wrongful termination in violation of the common law duty of good faith and fair dealing." Id. at 17. On August 21, 2007, this Court entered an Order Denying Motion to Dismiss (Docket 93) the remaining "claim for breach of the covenant of good faith and fair dealing" and then stated that this case would "proceed to trial on this single theory." Id. at 2.

The sole remaining claim to be tried beginning on October 9, 2007, is plaintiff's claim of "Defendants' wrongful discharge of Johnson in breach of the implied covenant of good faith and fair dealing" (Complaint, p. 1) as alleged in Count V – WRONGFUL DISCHARGE (page 20).

## III. EVIDENCE

Defendants anticipate that plaintiff will testify in support of her claim that she believed the counseling session with the store director, Fred Sayre, and her apparel

department manager, Jaime San Miguel, on March 18, 2002, was unwarranted and that she walked out of the meeting because she could not bear to listen to her managers explain why they were counseling her and what they wanted her to do.

From the defense side, defendants will introduce evidence as to the problems with plaintiff's performance when she returned to work on March 12, 2002, after a lengthy personal leave of absence. Despite written memos throughout the week that plaintiff and the employees she was directing were not properly completing the evening work, plaintiff's responsibilities still were not being met. This led to the counseling session with plaintiff on the afternoon of Monday, March 18, 2002, in the store director's office. At that meeting Messrs. Sayre and San Miguel advised plaintiff that her performance needed to improve over the next 30 days or she might be moved to another position. In response, plaintiff was defiant, disagreed, began to cry, and sulked out of the meeting after being advised that if she walked out of the meeting it would be deemed walking off the job contrary to company policy as set forth in the Fred Meyer Employee Responsibilities form.

Fred Meyer will introduce additional evidence that an oral warning and counseling session were not unusual; that plaintiff over-reacted; that plaintiff never sought to apologize or return to work at Fred Meyer; and that plaintiff was not discharged by the company but voluntarily quit by walking off the job. Defendants will contend that there was no constructive discharge of plaintiff and that she was not treated dissimilarly to other similarly situated employees or otherwise wrongfully discharged.

Defendants will introduce evidence that plaintiff signed the Fred Meyer Employee Responsibilities form on multiple occasions. The form states that "walking off of the job" is "accepted as an employee's voluntary resignation (quit) of her employment" and plaintiff knew this. Defendants will further introduce evidence that plaintiff knew no adverse action was being taken against her at the time of the counseling session on March 18, 2002, because she was neither being suspended nor being fired. Plaintiff knew that any future adverse

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

action was only speculative and would not occur until after 30 days and then only if she did not show improvement.

Defendants will introduce evidence that plaintiff was advised that Fred Meyer did not want her to quit, that she was told that if she walked out of the meeting it would be considered a voluntary resignation, and when she walked out of the meeting on March 18, 2002, with Messrs. Sayre and San Miguel she felt she had quit her job.

After plaintiff walked out of the store director's office, she made a second trip back up the stairs to the office and requested and received a copy of the counseling memo. Thereafter, plaintiff left the Fred Meyer store and never returned and never made any attempt personally to communicate with either the store director (Mr. Sayre) or the apparel manager (Mr. San Miguel) regarding her position or returning to Fred Meyer.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

There also will be evidence that plaintiff, who had multiple vendor jobs in the Juneau area, elected of her own volition to move to South Carolina and set up a business which failed. She since that time has not utilized her skills and training in retail to find an appropriate position with similar income.

## IV. LEGAL AUTHORITIES

Even though plaintiff has brought her action in federal court, the remaining claim is a state law claim under Alaska law.

### A. Liability in General.

Alaska recognizes only a *limited* cause of action for breach of the covenant of good faith and fair dealing in the termination of the employment contract of an at-will employee. Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123, 1130-31 (Alaska 1989). While implicit in at-will employment contract relationships,[1] this covenant does not lend itself to

[1] The Alaska Supreme Court for years has consistently held that the claim of wrongful termination in breach of the covenant of good faith and fair dealing applies to "at-will employment contracts." Mitford v. de Lasala, 666 P.2d 1000, 1007 (Alaska 1983); Luedtke v. Nabors Alaska Drilling, Inc., 834 P.2d 1220, 1223 (Alaska 1992); French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996); Belluomini v. Fred Meyer of Alaska, Inc., 993 P.2d 1009, 1012 (Alaska 1999); and Holland v. Union Oil of Cal., 993 P.2d 1026, 1032 (Alaska 1999).

precise definition. It does, however, require that the employer not impair the right of an employee to receive the benefits of her at-will employment contract. French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996). For plaintiff to prove her claim in this case, she must demonstrate that Fred Meyer impaired her right to receive some benefit of her employment-at-will contract and that it acted in bad faith. Id. There is a clear distinction in Alaska law between at-will employment and a "for cause" employment contract, and in its defense Fred Meyer does not have to prove "cause" to terminate. Era Aviation, Inc. v. Seekins, 973 P.2d 1137, 1139 (Alaska 1999). Plaintiff is presumed to be employed at-will. Blackburn v. State DOT, 103 P.3d 900, 903 (Alaska 2004). Accordingly, we begin with the premise that plaintiff was employed at-will because that is the presumption and because her claim of wrongful discharge in breach of the covenant of good faith and fair dealing requires an "at-will" status.

The Alaska Supreme Court has described the factors to be considered in evaluating this limited claim of wrongful termination in breach of the implied covenant of good faith and fair dealing. This claim may arise in two situations:

> (1) Termination in order to unfairly deprive the employee of a benefit contemplated by the employment agreement (e.g., a promised share of business profits) (*subjective* bad faith); or
>
> (2) Termination based on unconstitutional grounds, or in violation of public policy, or different treatment from that for similarly situated employees (*objective* bad faith).

Chijide v. Maniilaq Assoc. of Kotzebue, 972 P.2d 167, 172 (Alaska 1999).

The subjective prong "is not based on the employee's feelings, but rather on the employer's motives." Pitka v. Interior Reg'l Hous. Auth., 54 P.3d 785, 789 (Alaska 2002). There is no evidence in this case that plaintiff's termination involved any action taken to unfairly deprive Ms. Johnson of any benefit under her employment at-will relationship with

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Fred Meyer. *Accordingly, plaintiff cannot proceed on this alternative subjective prong of the covenant of good faith and fair dealing.*

The remaining prong requires *objective* bad faith and proof of action, such as termination on unconstitutional grounds, or termination in violation of public policy, or disparate treatment from those of similarly situated employees. Only one of these three potential limited claims is open to plaintiff.

There has been no evidence that plaintiff's termination was unconstitutional, so that theory is not available. As to a violation of public policy, plaintiff's claims of age discrimination, parental status discrimination, gender discrimination, FMLA violation, and tortious interference have been dismissed. Order (Docket 81) at 1. Therefore, she cannot pursue a breach of public policy claim based on the claims already dismissed, e.g., the age claim based on the alleged motive of Mr. San Miguel to replace her with a younger woman. Any attempt to introduce evidence based on a dismissed claim has no merit and should not be permitted.

Another contention by plaintiff is that it was bad faith as a matter of law to discharge plaintiff because she "expected" to have a career at Fred Meyer. This contention fails to meet any of the bases for a claim of wrongful termination of an at-will employee under Alaska law and should be rejected along with any alleged evidence in support thereof. "Expectation" is not a constitutional issue, not a public policy issue, and does not equate with any alleged disparate treatment to which plaintiff can point. Belluomini v. Fred Meyer of Alaska, supra, 993 P.2d at 1012-14.

There is no evidence that Fred Meyer acted in bad faith by concluding that when plaintiff walked off the job, she voluntarily terminated her status as an at-will employee. Accordingly, there will be no basis to go to the jury on this claim by plaintiff of wrongful termination in breach of the covenant of good faith and fair dealing. Belluomini, supra, 993 P.2d at 1012-14. This claim should be dismissed at the close of plaintiff's case.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

**B. Elements of Proof.**

The following are necessary elements plaintiff must prove to prevail on her wrongful termination claim. First, who was her employer? Second, was she terminated? Third, even if there was a termination, was it "wrongful"?

1. San Miguel was not plaintiff's employer; claim should be dismissed.

The claim by plaintiff of breach of her at-will contract contrary to the implied covenant of good faith and fair dealing is a contract claim – not a tort claim. Luedtke v. Nabors Alaska Drilling, Inc., 834 P.2d 1220, 1226 (Alaska 1992) ("Luedtke II"); Arco Alaska, Inc. v. Akers, 753 P.2d 1150, 1153-54 (Alaska 1988). As such, this claim may be brought only against a party to the contract – the employer. Fred Meyer admits that it was plaintiff's employer through March 18, 2002.

Jaime San Miguel was the Apparel Department manager at Fred Meyer. He did not hire plaintiff, and he did not have authority to even terminate plaintiff. Mr. San Miguel was not plaintiff's employer; he was not a party to her employment contract with Fred Meyer. There is no authority in Alaska supporting a claim against Mr. San Miguel individually to this contract claim of wrongful discharge contrary to the implied covenant of good faith and fair dealing. The claim of wrongful discharge against Mr. San Miguel should be dismissed.

2. No constructive discharge by Fred Meyer.

Fred Meyer did not affirmatively discharge plaintiff. Therefore, she must prove that she was constructively discharged by Fred Meyer. Constructive discharge is not an independent cause of action, but merely satisfies the discharge element in a claim for wrongful discharge. Pitka, supra, 54 P.3d at 790. As a matter of law, there is no claim for constructive discharge based on criticism of an employee's job performance, id., or plaintiff's "personal feelings of unfairness" or that she "might lose her job" or be demoted. Era Aviation v. Seekins, 973 P.2d 1137, 1141 (Alaska 1999).

The evidence standard to prove a claim of constructive discharge is quite high. But a counseling session, without adverse action, does not rise to the level of a constructive discharge. To make a case for constructive discharge a plaintiff must present evidence of conditions so unpleasant or difficult that a *reasonable* person in her position would have felt compelled to resign. Pitka, supra, 54 P.3d at 790; Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001). An employee's stress and discomfort with supervisory counseling does not, as a matter of law, constitute constructive discharge due to "intolerable conditions," even if that was her subjective view. 265 F.3d at 168. "[A] stressful environment does not amount to constructive discharge." Id. at 169.

In Agnew v. BASF Corp., 286 F.3d 307 (6th Cir. 2002), the employer required plaintiff Agnew to comply with a performance plan, and advised him that failing to make good progress could result in discipline up to termination. He contended this constituted an adverse employment action, and thus constructive discharge, "by unfairly criticizing his performance and instituting the Performance Improvement Plans." 286 F.3d at 309. The court of appeals held "that criticism in performance reviews and institution of performance improvement plans" did not constitute objectively intolerable conditions. Id. at 310. This is consistent with Pitka, supra, and Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989).

In Ramsey v. City of Sand Point, 936 P.2d 126 (Alaska 1997), the former police chief brought a wrongful termination suit against the City of Sand Point. Summary judgment for the City was affirmed on appeal. After reviewing Alaska law on the proof needed for a claim of wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing, the Alaska Supreme Court summarily concluded that the subjective element was not involved in Ramsey's termination. The Court then turned to the objective prong of the covenant, which requires an employer to "act in a manner which a reasonable person would regard as fair." But to avoid the broad and general contention by a former employee that a decision just was not "fair," the plaintiff must prove that she received

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

disparate treatment compared to similarly situated employees. The Court stated that where the plaintiff was employed at-will, the employer can terminate the employee without investigating the complaints or taking any further action. Therefore, in an at-will relationship, in order to carry her initial burden of proof, the plaintiff must produce evidence of disparate treatment of her compared to similarly situated other employees. The covenant of good faith may not be interpreted to simply prohibit the termination of an at-will employee as not fair because *there is no legal right in an at-will relationship to expect compliance with any procedural or substantive policy in order to remain employed*. Ramsey, 936 P.2d at 133.

Following its analysis in Ramsey, the Alaska Supreme Court has confirmed in subsequent cases that an at-will employee is not entitled to dismissal only for good cause. Witt v. State, 75 P.3d 1030, 1034 (Alaska 2003); Era Aviation v. Seekins, supra. The Court has continued to clarify that the purpose of the covenant is only to effectuate the reasonable expectations of the parties, and not to alter or to add to the terms of the at-will employment status. Witt, supra.

*Courts do not have the authority to sit as super-personnel departments reviewing the wisdom or fairness of business judgments made by employers*. Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181, 1183 (Alaska 1992); Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995). Plaintiff's wrongful termination claim is restricted to evaluation of specific objective factors, such as whether similarly situated employees were treated differently, or whether the termination violated plaintiff's unconstitutional rights, or whether the termination was contrary to public policy. Defendants contend that the evidence will fail to create an issue of fact based on any of these three approaches, and therefore dismissal of the wrongful termination claim before the case is submitted to the jury will be appropriate.

As an at-will employee, Fred Meyer had the right to conclude that plaintiff had walked off the job contrary to its policy and without the burden of having to investigate or take further action. Ramsey, supra. As an at-will employee plaintiff had no legal right to expect Fred Meyer to either follow its policy or to not follow its policy. She had no right to expect "good cause" for Fred Meyer's conclusion that she had walked off the job and therefore voluntarily terminated her employment. Witt v. State, supra. She has no right to simply argue that her termination was "not fair," as that is a subjective standard broader than "cause," and without definition as it will be interpreted differently by employees, by managers, by customers, by owners, etc. This is why the Alaska courts have described the three limited situations for this claim.

Plaintiff previously argued that there were certain issues of fact on her wrongful discharge claim, such as whether she acted "reasonably" in leaving the store manager's office. As noted above, Pitka, supra, plaintiff's subjective beliefs of reasonableness or being emotionally overwhelmed are simply not relevant and should not be admitted in evidence.

Fred Meyer contends that plaintiff will not be able to point to public policy violation by Fred Meyer in concluding that she terminated her employment by walking off the job; nor evidence that her termination for walking off the job violated the Alaska constitution; nor evidence of disparate treatment compared to other employees who walked off the job. As the plaintiff will be unable to introduce evidence justifying submitting this case to the jury, her claim of wrongful termination in breach of the covenant of good faith and fair dealing should be dismissed at the close of her case.

### C. Damages.

Plaintiff's claim of wrongful termination of an at-will contract in breach of the implied covenant of good faith and fair dealing is a contract claim for which she may seek

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

only contract damages. Luedtke II, supra, 834 P.2d at 1226; Arco Alaska v. Akers, supra, 753 P.2d at 1153-54.[2]

Any potential contract damages are limited to the unearned salary of the plaintiff for the likely duration of her employment if the wrongful discharge had not occurred (not indefinitely). Reust v. Alaska Petroleum Contractors, Inc., 127 P.3d 807, 818 (Alaska 2005); Central Bering Sea Fishermen's v. Anderson, 54 P.3d 271, 278 (Alaska 2002); Skagway City School Bd. v. Davis, 543 P.2d 218, 224-28 (Alaska 1975). From such earnings there must be deducted the money that plaintiff could have earned by making diligent efforts to obtain similar employment. Luedtke II, supra, 834 P.2d at 1226.

## V. CONCLUSION

At the conclusion of plaintiff's case there will be a motion to dismiss by defendants. We contend that based upon the law and the evidence we expect to be introduced, the Court should grant the motion and dismiss the remaining claim of wrongful termination in breach of the implied covenant of good faith and fair dealing.

RESPECTFULLY SUBMITTED this 17th day of September, 2007.

MILLER NASH LLP

s/ James R. Dickens

Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
ABA No. 0610063

[2] Furthermore, as only contract damages are available, there are no tort damages (e.g., emotional distress) or punitive damages available. Arco Alaska, supra, 753 P.2d at 1154.

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on September 17, 2007, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484