CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

MYRNA I. JOHNSON,              )
                               )
          Plaintiff,           )
                               )
    vs.                        )
                               )
FRED MEYER STORES, INC., and   )
JAIME SAN MIGUEL,              )
                               )
          Defendants.          )   Case No. J-04-008 CV (RRB)

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff MYRNA I. JOHNSON asks the court to give the enclosed proposed jury instructions in the above-entitled matter.

DATED this 17th day of September, 2007, at Juneau, Alaska.

                              Respectfully submitted,
                              CHOATE LAW FIRM LLC

                              s/ *Jessica L. Srader*
                              _____
                              JESSICA L. SRADER
                              424 N. Franklin Street
                              Juneau, AK 99801
                              Phone: (907) 586-4490
                              Fax: (907) 586-6633
                              EM: lawyers@choatelawfirm.com
                              AK Bar: 0412105

                              Attorneys for Plaintiff

1 of 15

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S JURY INSTRUCTIONS
J-04-008 CV (RRB)

# INSTRUCTION NO. 1

Under Alaska law, where employers indicate that termination will occur only for cause, they must comply or be liable for damages. While an employer need not establish personnel policies or practices, where an employer chooses to establish such policies and practices and makes them known to its employees, the employment relationship is presumably enhanced. The employer secures an orderly, cooperative and loyal work force, and the employee the peace of mind associated with job security and the conviction that he will be treated fairly. It is enough that the employer chooses, presumably in its own interest, to create an environment in which the employee believes that, whatever the personnel policies and practices, they are established and official at any given time, purport to be fair, and are applied consistently and uniformly to each employee.

If an employer desires to keep employees from relying upon the personnel manual as modifying an at-will employment contract, the employer must clearly and conspicuously tell its employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason. Personnel manuals with clear and conspicuous disclaimers will instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual.

Fred Meyer is liable for damages if you find the following:

1) The Fred Meyer employee manuals and handbooks instilled reasonable expectations of job security or that Fred Meyer employees would be provided certain job protections;
2) Plaintiff relied on the representations made by Fred Meyer in its manuals and handbooks;
3) The disclaimers in the Fred Meyer handbooks or manuals were unclear or inconspicuous; and
4) Fred Meyer failed to apply its own policies and procedures when taking adverse employment actions towards Plaintiff.

*Rutledge v. Alyeska Pipeline Service Company,* 727 P.2d 1050, 1056 (Alaska 1986).

*Jones v. Central Peninsula General Hosp.*, 779 P.2d 783, 786-789 (Alaska 1989) (citing with approval *Toussaint v. Blue Cross & Blue Shield*, 292 N.W.2d 880, 892 (1980)).

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

*Skagway City School Board v. Davis,* 543 P.2d 218, 222 (Alaska 1975).

*Hammack v. Parker Drilling Co.,* 930 F.2d 27, 27 (9th Cir. 1991) (noting that under Alaska law, an employee handbook's promise to fire only for good cause may modify an at-will employment agreement and stating, "The *Jones* court's approval of *Toussaint* makes it unlikely that Alaska courts would distinguish between oral and written employer statements.")

*Violett v. Pay N' Save Stores, Inc.,* 909 F.2d 1490 (9th Cir. 1990).

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**INSTRUCTION NO. \_\_\_\_**

Under Alaska law, where employers indicate that termination will occur only for cause, they must comply or be liable for damages. While an employer need not establish personnel policies or practices, where an employer chooses to establish such policies and practices and makes them known to its employees, the employment relationship is presumably enhanced. The employer secures an orderly, cooperative and loyal work force, and the employee the peace of mind associated with job security and the conviction that he will be treated fairly. It is enough that the employer chooses, presumably in its own interest, to create an environment in which the employee believes that, whatever the personnel policies and practices, they are established and official at any given time, purport to be fair, and are applied consistently and uniformly to each employee.

If an employer desires to keep employees from relying upon the personnel manual as modifying an at-will employment contract, the employer must clearly and conspicuously tell its employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason. Personnel manuals with clear and conspicuous disclaimers will instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual.

Fred Meyer is liable for damages if you find the following:

1) The Fred Meyer employee manuals and handbooks instilled reasonable expectations of job security or that Fred Meyer employees would be provided certain job protections;
2) Plaintiff relied on the representations made by Fred Meyer in its manuals and handbooks;
3) The disclaimers in the Fred Meyer handbooks or manuals were unclear or inconspicuous; and
4) Fred Meyer breached failed to apply its own policies and procedures when taking adverse employment actions towards Plaintiff.

**INSTRUCTION NO. 2**

Where an employer makes working conditions so intolerable that the employee is forced into an involuntary resignation, the employer is as liable for any illegal conduct involved therein as if it had formally discharged the employee. To establish constructive discharge it is not necessary that the employee actually prove that the employer acted with a specific intent of causing the employee to resign. A constructive discharge may result from a "sustained campaign of harassment" against an employee. Defendants' conduct towards Plaintiff constituted a constructive discharge if you find that a reasonable person in the Plaintiff's position would have felt compelled to resign.

*City of Fairbanks v. Rice,* 20 P.3d 1097, 1102, n. 7 (Alaska 2000).
*Pitka v. Interior Regional Housing Authority*, 54 P.3d 785, 790 (Alaska 2002).
*Beard v. Baum*, 796 P.2d 1344, 1350 (Alaska 1990) (Beard I).
*Cameron v. Beard*, 864 P.2d 538, 547 (Alaska 1993).

**INSTRUCTION NO. \_\_\_\_**

Where an employer makes working conditions so intolerable that the employee is forced into an involuntary resignation, the employer is as liable for any illegal conduct involved therein as if it had formally discharged the employee. To establish constructive discharge it is not necessary that the employee actually prove that the employer acted with a specific intent of causing the employee to resign. A constructive discharge may result from a "sustained campaign of harassment" against an employee. Defendants' conduct towards Plaintiff constituted a constructive discharge if you find that a reasonable person in the Plaintiff's position would have felt compelled to resign.

**INSTRUCTION NO. 3**

In every contract, there is an implied promise of good faith and fair dealing. This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract.

The Defendants violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that the defendants deprived the plaintiff of a benefit of the contract:

1) Intentionally; or

2) By acting in a manner that a reasonable person would regard as unfair.

*Alaska Civil Pattern Jury Instructions,* Instruction 24.15;

*Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979) ("In every contract . . . there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other party to receive the benefits of the agreement.")

*Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997) ("The covenant of good faith and fair dealing is implied in every contract in order to effectuate the reasonable expectations of the parties to the agreement, not to alter those expectations.")

*Casey v. Semco Energy, Inc.*, 92 P.3d 379, 384 (Alaska 2004) ("A party must act in subjective good faith, meaning that it cannot act to deprive the other party of the explicit benefits of the contract, and in objective good faith, which consists of acting in a manner that a reasonable person would regard as fair.")

*Pitka v. Interior Regional Housing Author.*, 54 P.3d 785, 789 (Alaska 2002) (stating that disparate employee treatment, terminations on unconstitutional grounds, and firings that violate public policy are examples of actions that may violate the objective aspect of the covenant).

**INSTRUCTION NO. \_\_\_\_\_**

In every contract, there is an implied promise of good faith and fair dealing. This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract.

The Defendants violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that the defendants deprived the plaintiff of a benefit of the contract:

1) Intentionally; or
2) By acting in a manner that a reasonable person would regard as unfair.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

**INSTRUCTION NO. 4**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was subjected to an adverse employment decision, in violation of explicit public policy, because she informed her supervisor that she intended to take leave under the Family Medical Leave Act (FMLA) in order to care for her daughter. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's need to take FMLA leave to deal with her daughter's problems was a determinative factor in the Defendant's conduct towards Plaintiff.

*Kinzel v. Discovery Drilling, Inc.,* 93 P.3d 427, 434-36 (Alaska 2004).

**INSTRUCTION NO. \_\_\_\_**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was subjected to an adverse employment decision, in violation of explicit public policy, because she informed her supervisor that she intended to take leave under the Family Medical Leave Act (FMLA) in order to care for her daughter. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's need to take FMLA leave to deal with her daughter's problems was a determinative factor in the Defendant's conduct towards Plaintiff.

**INSTRUCTION NO. 5**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was subjected to an adverse employment decision because her supervisor, Jaime San Miguel wanted to replace her with a younger, pretty, single, and more available woman, in violation of explicit public policies against age, gender, and/or parenthood discrimination. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's sex, age and/or parenthood was a determinative factor in the Defendants' conduct towards Plaintiff.

*Kinzel v. Discovery Drilling, Inc.,* 93 P.3d 427, 434-36 (Alaska 2004).

Alaska Human Rights Act, A.S. 18.80.200 et seq.

**INSTRUCTION NO. \_\_\_\_**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was subjected to an adverse employment decision because her supervisor, Jaime San Miguel wanted to replace her with a younger, pretty, single, and more available woman, in violation of explicit public policies against age, gender, and/or parenthood discrimination. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's sex, age and/or parenthood was a determinative factor in the Defendants' conduct towards Plaintiff.

**INSTRUCTION NO. 6**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was held to a more stringent standard than her male co-worker, Jaime San Miguel in violation of explicit public policies against gender discrimination. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's sex was a determinative factor in the employer's adverse employment actions towards Plaintiff.

*Kinzel v. Discovery Drilling, Inc.,* 93 P.3d 427, 434-36 (Alaska 2004).

Alaska Human Rights Act, A.S. 18.80.200 et seq.

**INSTRUCTION NO. \_\_\_\_**

A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to tort damages, as well as contract damages. The plaintiff claims that she was held to a more stringent standard than her male co-worker, Jaime San Miguel in violation of explicit public policies against gender discrimination. In order for the plaintiff to prevail on this claim, you must decide that it is more likely true than not true that the plaintiff's sex was a determinative factor in the employer's adverse employment actions towards Plaintiff.

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On September 17, 2007, I served the foregoing document described as ***Plaintiff's Proposed Jury Instructions,*** on the interested parties in this action by serving the original true copies, addressed as follows:

| | |
|---|---|
| James Dickens<br>Miller Nash LLP<br>Attorney For: Fred Meyers<br>4400 Two Union Square<br>601 Union Street<br>Seattle, WA 98101-2352<br>Phone: (206) 622-8484<br>Fax: (206) 622-7485 | Peter Gruenstein<br>Gruenstein & Hickey<br>Attorney For: Fred Meyers<br>500 L Street, Suite 401<br>Anchorage, AK 99501<br>Phone: (907) 258-4338<br>Fax: (907) 258-4350 |

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 17, 2007, at Juneau, Alaska.

                s/ Annya Ritchie
CHOATE LAW FIRM, LLC

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490