James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

**DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE**

**I. SUMMARY**

Plaintiff objects to defendants' motion to exclude certain evidence, again incorrectly contending that she has a claim that she can be terminated only "for cause." It is time for the Court to clearly reject this contention. In brief, there are three reasons to do so:

1. This Court has already ruled that plaintiff was employed at-will and may pursue only the sole remaining theory of wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing. This is the law of the case.

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 9

SEADOCS:292884.1

2. Plaintiff never alleged in her lengthy complaint that she was contending she could only be discharged for cause. No such allegation is in any of the 87 paragraphs of alleged facts, nor in any of the six Counts.

3. Even though not alleged, this plaintiff's claim of termination for cause would be unsuccessful because the Fred Meyer Employee Handbook states that "the Company may terminate this relationship at any time, for any reason, with or without cause or notice."

The Court should grant defendants' motion to exclude evidence related in any way to this new contention that plaintiff only could be dismissed for cause.

Similarly, in its February 9, 2007, Order on defendants' motion for summary judgment, the Court dismissed all claims of alleged discrimination. Accordingly, those dismissed claims, having been found to lack the merit to proceed beyond summary judgment, cannot serve as a basis to argue that plaintiff's discharge violated the public policy as set forth in any of those dismissed claims. This is the law of the case.

Finally, albeit related to the "for cause" contention, Fred Meyer had no obligation to follow any policies for an "at-will" employee.

## II. ARGUMENT

### A. Court Has Already Ruled – Only At-Will Claim Remains.

On February 9, 2007 (Docket 81) this Court's Order dismissed all claims except for Count V, "a claim for wrongful termination in violation of the common law duty of good faith and fair dealing." Id. at 17. The Court noted "that plaintiff was employed at-will" and that at-will employees may be terminated for any reason that does not violate the implied covenant of good faith and fair dealing. Id. at 18. But the Court found genuine issues of material fact regarding that claim and denied defendants' motion to dismiss. It is clear from the Order, however, that the only remaining claim is for wrongful termination of an at-will employee.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 9

SEADOCS:292884.1

When defendants filed their renewed motion to dismiss this remaining claim set forth in Count V, the Court denied the motion to dismiss (Docket 93). But the Court emphasized that the "claim for breach of the covenant of good faith and fair dealing" would "proceed to trial on this *single theory*." Id. at 2 (emphasis added). Accordingly, as the Court has ruled, and this ruling is the law of the case, plaintiff's only claim at trial is that of an at-will employee proceeding on the contention that her termination was in breach of the implied covenant of good faith and fair dealing. Therefore, the evidentiary exclusion motions by defendants should be granted to preclude any evidence that "cause" was required to terminate plaintiff.

### B. No Claim in Complaint that Plaintiff Could Be Terminated Only "For Cause."

Consistent with the Court's rulings on defendants' motions to dismiss, reviewing plaintiff's complaint there is no contention that plaintiff could be terminated only for cause. Plaintiff's lengthy 22-page complaint (Docket 1) was filed on March 1, 2004. It contains 122 separate paragraphs, with 87 alleging "facts," plus the six separate claims. The only claim not dismissed on February 9, 2007, was Count V. Plaintiff described it as follows:

> INTRODUCTION (page 1)
>
> This is a proceeding . . . to redress:
>
> * * *
>
> (4)   Defendants' wrongful discharge of Johnson in breach of the implied covenant of good faith and fair dealing;
>
> * * *
>
> FACTS (page 4)
>
> 11.   Defendants . . . wrongfully discharged Johnson and in doing so breached the covenant of good faith and fair dealing . . . .
>
> * * *

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 9

SEADOCS:292884.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

COUNT V (page 20)

WRONGFUL DISCHARGE (page 20)

> 117. Defendants breached their common law duty of good faith and fair dealing by terminating plaintiff when she left work . . . .

Plaintiff also referred to her termination as a "constructive discharge." Complaint (Docket 1), ¶ 81, page 12; ¶ 100, page 14; ¶ 102, page 15; ¶¶ 106 and 108, page 16. Those paragraphs were realleged in the remaining counts of the complaint, including paragraph 116, page 20, on the claim of wrongful discharge in Count V.

The only reasonable conclusion from all the above, as the Court already has recognized, is that plaintiff's sole remaining theory is the claim of wrongful discharge of an at-will employee in breach of the implied covenant of good faith and fair dealing. Therefore, all evidence related to a claim that plaintiff could be terminated only "for cause" should be rejected.

### C. Fred Meyer Employee Handbook Had Disclaimer.

The first pleading in which there was any suggestion that plaintiff might be trying to backdoor an implied contract claim was in plaintiff's September 5, 2006 reply (Docket 56) to defendants' motion for summary judgment. There was no prior allegation or pleading on this issue. In response, defendants produced the disclaimer from the applicable March 2001 Fred Meyer employee handbook on which plaintiff relied, which she had not included with her response.[1] The handbook states, consistent with the requirements set forth in Alaska law, as follows:

> *This handbook should not be construed and does not constitute a contract, express or implied, guaranteeing employment for any specific duration. Although we hope your employment relationship with us is long term, either you*

---

[1] Plaintiff categorically denied the existence of a disclaimer of at-will status, stating that a "review of all employment documents including [the] . . . Employee Manual . . . demonstrates that in not one place is an employee advised that their employment can be terminated for any reason, good, bad or simply at whim." Plaintiff's Opposition to Motion for Summary Judgment (Docket 56) at page 32. This statement is just plain wrong.

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 9

SEADOCS:292884.1

> *or the Company may terminate this relationship at any time, for any reason, with or without cause or notice. Please* understand that no supervisor or representative of Fred Meyer has the authority to enter into any agreement with you for employment for any specific period of time or to make any promises or commitments contrary to the foregoing.

(Emphasis added.)

Even if implied contract was a claim, which defendants strenuously contend it is not, this disclaimer meets all of the requirements for a disclaimer of an implied contract as set forth in Jones v. Central Peninsula General Hosp., 779 P.2d 783 (Alaska 1989). This case held that an employee manual does not change the employee's presumptive at-will employment status, Blackburn v. State DOT, 103 P.3d 900, 903 (Alaska 2004), when a manual clearly tells employees that the manual is not part of the employment contract and their jobs are terminable without cause by the employer with or without reason. Jones, 779 P.2d at 787.

### D. Unfair Is Not the Standard.

Plaintiff contends she should be permitted to introduce certain evidence because otherwise it just was "unfair" that she was terminated. But the vague term of what is "fair" is viewed differently in the eyes of everyone. As a result, the Alaska Supreme Court has stated that plaintiff must prove either an objective or a subjective basis for her termination that violates the implied covenant under very "limited" facts. Based upon plaintiff's evidence to date, the only possible prong of the implied covenant which she may pursue is proving dissimilar treatment of someone similarly situated.

Fred Meyer has a specific Employee Responsibilities policy, for which plaintiff signed, which states that "walking off the job" will be deemed a voluntary termination. Unless plaintiff can prove that other people walked off the job and were not terminated, defendants contend she has no claim. Her evidence must be relevant and limited to the narrow question of proving that a similarly situated employee who breached the Fred Meyer Employee Responsibilities form and was not terminated for reasons that the form states

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 9

SEADOCS:292884.1

would be terminable. She does not, however, just get to submit evidence and argue that because she was a long or devoted employee her constructive discharge was "unfair." As we noted earlier, this is an attempt to establish a claim based upon a subjective reaction and opinion, rather than a standard, and has not been accepted by the Alaska Supreme Court. Accordingly, any attempt to introduce evidence to support a claim that plaintiff's termination was "unfair" in a general sense must be rejected.

### E. Evidence that Replacement by a Pretty Woman is Inadmissible.

Plaintiff contends that she should be able to introduce evidence that Mr. San Miguel wanted to replace her with a young, pretty, single woman and he had a campaign to terminate or demote plaintiff in order to do so. Again, this is a claim of discrimination based on age or gender and it has been dismissed as a matter of law. Therefore, plaintiff should neither be permitted to introduce evidence to support such a contention nor to make such an argument to the jury.

### F. No Evidence that Fred Meyer Deviated From Any Internal Company Standards.

Plaintiff contends that certain evidence should be admitted because it demonstrates that Fred Meyer deviated from objective standards it had for either work performance or progressive discipline. But such evidence is inadmissible regarding the *limited* claim remaining.

Again, we turn to Ramsey v. City of Sand Point, 936 P.2d 126 (Alaska 1997). In that case the plaintiff contended that he was terminated in a manner which a reasonable person would regard as unfair. But the Alaska Supreme Court stated that where the employee was employed at-will (as was plaintiff Johnson herein), there is no legal right to require or expect the employer to comply with any procedural or substantive policy. Ramsey, 936 P.2d at 133. This means that Fred Meyer did not have to follow any of its policies, which may have been enacted for the purpose of good business practice but are to be interpreted as Fred Meyer

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 9

SEADOCS:292884.1

believes appropriate. The courts and the juries do not get to sit as super-personnel departments reviewing the wisdom or fairness of a business judgment made by employers. Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181, 1183 (Alaska 1992). But this is what plaintiff is seeking to do, i.e., have the jury act as a super-personnel department and decide whether or not Fred Meyer complied with its own policies. As a matter of law, for an at-will situation such as plaintiff, Fred Meyer gets to decide whether or not to follow its policies on progressive discipline, or recovery standards or whatever. Evidence in this case on those matters should be excluded. The limited evidence which is permitted must relate to proving that other employees *who walked out of a meeting and off the job* as did plaintiff were not terminated.

### G.  Affidavits Are Inadmissible.

Plaintiff contends, without any case authority, that affidavits prepared by counsel and submitted to the Alaska State Commission for Human Rights somehow are admissible in this case. They are not. Affidavits are inadmissible as hearsay. Travelers Cas. & Sur. v. Wells Fargo Bank N.A., 374 F.3d 521, 524 (7th Cir. 2004).

Plaintiff refers to Fed. R. Evid. 801(d)(1) and contends that if the declarant is available at trial then the affidavit may be admitted. The answer to that is "no," unless the affidavit is offered by the adverse party for impeachment purposes only, Santos v. Murdock, 243 F.3d 681, 684 (2d Cir. 2001); Fed. R. Evid. 613, or offered by the party calling the witness to rebut an implied charge against the declarant of recent fabrication or otherwise.

The proper procedure is for plaintiff to call her witness and have her testify consistent with the rules for examination of a party's own witness. The defendants in cross-examination may use the witness's affidavit to point out inconsistencies, if desired. But plaintiff cannot introduce into evidence the affidavit per se, because it is hearsay. Affidavits, deposition testimony, and trial testimony are not properly submitted to the jury as exhibits.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 9

SEADOCS:292884.1

The affidavits in question in this case are additionally inadmissible for reasons set forth in defendants' objections to those documents. Besides being hearsay as a matter of law, many of them contain conjecture, opinion, double hearsay and otherwise. Plaintiff may call the witnesses who submitted those declarations or affidavits, and ask them proper questions. But as an exhibit per se, those affidavits are inadmissible and the Court should so rule.

### III. CONCLUSION

Defendants believe the Court is fully aware of the issues and the limitation in plaintiff's claim. There is no claim before the Court that plaintiff could be terminated only for cause. Accordingly, all of this attempt by plaintiff to bring in questionable evidence to confuse the jury and to raise an issue is improper. The evidence relating to a claim for cause should be excluded. The other proposed evidence, testimony and affidavits is inadmissible because it is hearsay or for the other reasons set forth in defendants' arguments submitted to the Court. Defendants' motion should be granted.

RESPECTFULLY SUBMITTED this 24th day of September, 2007.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 8 of 9

SEADOCS:292884.1

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on September 24, 2007, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' REPLY RE
MOTION TO EXCLUDE CERTAIN EVIDENCE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 9 of 9

SEADOCS:292884.1