CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| FRED MEYER STORES, INC., and JAIME SAN MIGUEL, | ) |
| Defendants. | )    Case No. J-04-008 CV (RRB) |

### PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS

Pursuant to this Court's April 5, 2007, *Pretrial Order*, Plaintiff hereby submits her objections to Defendants' proposed jury instructions.

**1.  Summary of Claims, *Defendants' Proposed Jury Instruction No. 1*, p. 4**

Defendants have not provided an accurate summary of Plaintiff's claims.

Plaintiff claims that Defendants wrongfully terminated her employment at Fred Meyer in breach of the covenant of good faith and fair dealing when Defendants subjected her to a sustained campaign in order to orchestrate Plaintiff's demotion or termination, threatened her with demotion or termination, and then wrongfully terminated her from her "for cause" employment at Fred Meyer.  Plaintiff claims that Defendants' adverse employment actions towards Plaintiff were based on improper motives and bad faith.  She also claims that a reasonable person in Plaintiff's position would regard Defendants' actions toward Plaintiff as unfair because they amounted to disparate employee treatment and violated public policy.

**2.  Employment "At-Will," *Defendants' Proposed Jury Instruction No. 9*, p. 12**

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Defendants' proposed jury instruction incorrectly assumes that Johnson's employment relationship with Fred Meyer was "at-will." However, under Alaska law, where employers indicate that termination will occur only for cause, they must comply or be liable for damages.[1] Employment policy manuals may create a "for-cause" employment agreement, and whether a given manual creates a "for-cause" employment relationship must be determined on the particular facts of each case.[2] The question of whether Johnson was discharged for good cause, or whether she was discharged for another reason is a question for the jury.[3]

The *Jones* Court also held that if an employer desires to keep employees from relying upon the personnel manual as modifying their employment contract, the employer must "*clearly* and *conspicuously* tell[ ] their employees that the manual is not part of the employment contract and that their jobs are terminable at the will of the employer with or without reason."[4] Personnel manuals with clear and conspicuous disclaimers will "instill no reasonable expectations of job security and do not give employees any reason to rely on representations in the manual."[5]

Fred Meyer relies upon two primary manuals to describe the employment relationship with its employees; the Employee Handbook and the Fred Meyer Corporate Policy Handbook. These manuals repeatedly emphasize the concept that if Fred Meyer employees work hard, they will be treated fairly and rewarded with a "career" in the company (i.e., "doing what one does as a permanent occupation or lifework or for which one trains and which is undertaken as a permanent calling").[6] The Fred Meyer Corporate Policy Handbook describes in detail

---

[1] *Rutledge . Alyeska Pipeline Service Company,* 727 P.2d 1050, 1056 (Alaska 1986) ("it is well recognized that where employers indicate that termination will only occur for cause, they must comply or be liable for damages.") (citing *Toussaint v. Blue Cross & Blue Shield*, 292 N.W.2d 880, 892 (1980)); *see also, Jones v. Central Peninsula General Hosp*., 779 P.2d 783, 789 (Alaska 1989).

[2] *Jones*, 779 P.2d at 787; *See also, Skagway City School Board v. Davis,* 543 P.2d 218, 222 (Alaska 1975); *Hammack v. Parker Drilling Co.,* 930 F.2d 27,  27 (9th Cir. 1991) (noting that under Alaska law, an employee handbook's promise to fire only for good cause may modify an at-will employment agreement and stating, "The *Jones* court's approval of *Toussaint* makes it unlikely that Alaska courts would distinguish between oral and written employer statements."); *Violett v. Pay N' Save Stores, Inc.,* 909 F.2d 1490 (9th Cir. 1990).

[3] *Jones*, 779 P.2d at 789 (citing *Toussaint,* 292 N.W.2d at 896).

[4] *Jones*, 779 P.2d at 787 (emphasis added).

[5] *Jones*, 779 P.2d at 788.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

employee responsibilities and consequences.  Discharge is always described as a consequence of either a violation of some policy or when "necessary to protect the well-being of the company or its employees."  Violation of a Fred Meyer policy almost always has a disciplinary consequence, up to termination.  There simply is no need for such consequences if employees cannot expect the corollary; if they follow the policies, they will not be subject to discipline including possible termination.  Fred Meyer effectuates its policies with a progressive discipline system beginning with informal counseling, followed by a verbal warning, followed by a "verbal written warning" (i.e. a Written Warning Notice with the word "verbal" written at the top), and finally a Written Warning Notice.

Buried deep in the back of the employee handbook—after over fifty pages of Fred Meyer "career" propaganda and at least five blank pages for note-taking—the Employee Handbook contains the following disclaimer:

> This handbook should not be construed and does not constitute a contract, expressed or implied, guaranteeing employment for any specific duration. Although we hope your employment relationship with us is long term, either you or the Company may terminate this relationship at any time, for any reason, with or without cause or notice.  Please understand that no supervisor or representative of Fred Meyer has the authority to enter into any agreement with you for employment for any specific period of time or to make any promises or commitments contrary to the foregoing.

Above the copyright information on a back page in the "Corporate Policy Manual," with searching, the following disclaimer can also be found:

> This handbook is not intended to, and indeed does not bestow any additional rights to employment or employment benefits to Fred Meyer Stores employees. In addition, Fred Meyer reserves the right to depart from these guidelines and to take action up to and including immediate discharge when, in its opinion, such action is necessary to protect the well-being of the company or its employees.

These disclaimers are neither "conspicuous" nor "clear."  The manuals set out in exacting detail Fred Meyer's policies, and warn that a deviation from those policies can result in discipline up to discharge.  The disclaimers are easily overlooked because most employees do not look past the main text of the manual or to the copyright page for information about their employment.

---

[6] Webster's Online Dictionary.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

Fred Meyer's oral and written representations create the impression, contrary to the disclaimers, that Fred Meyer employees are to be provided with certain job protections. Accordingly, Johnson had every reason to believe that she had job security and that she would only be disciplined, including demotion or termination, according to Fred Meyer policies, practices and procedures. Fred Meyer should not be allowed to instill reasonable expectations of job security or dreams of a "career" in the company, and then withdraw the basis for those expectations when the employee's performance is no longer desired.

At a minimum, there is a factual dispute regarding the nature of Johnson's employment relationship with Fred Meyer. Consequently, an "at-will" jury instruction is inappropriate.

### 3. The Implied Covenant of Good Faith and Fair Dealing, *Defendants' Proposed Jury Instruction No. 10*, p. 13-14.

Defendants' proposed instruction incorrectly states that Plaintiff's employment relationship with Fred Meyer was "at-will."

Defendants' instruction is unreasonably narrow. Plaintiff's claim is not limited to disparate treatment. Plaintiff claims that Defendants' adverse employment actions towards her were based on improper motives and bad faith. She also claims that a reasonable person in Plaintiff's position would regard Defendants' actions toward Plaintiff as unfair because they amounted to disparate employee treatment and violated public policy. Because Defendants' proposed jury instruction is unreasonably narrow, Plaintiff proposes the Alaska *Civil Pattern Jury Instruction*:

"In every contract, there is an implied promise of good faith and fair dealing. This means that each party promises not to do anything to destroy or injure the right of the other party to receive the benefits of the contract.

"The Defendants violated the implied promise of good faith and fair dealing if you find that it is more likely true than not true that the defendants deprived the plaintiff of a benefit of the contract:

1)     Intentionally; or

2)     By acting in a manner that a reasonable person would regard as unfair."[7]

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

4 of 9

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Plaintiff also objects to Defendants' incorporation of "constructive discharge" as a prerequisite for Plaintiff's claim. There is a factual dispute whether Plaintiff was terminated by Fred Meyer. The "constructive discharge" definition is only necessary if the jury concludes that Johnson's tearful exodus from the extremely emotional confrontation with her large, male supervisors was a voluntary "walk-off." Accordingly, a separate jury instruction should be made regarding constructive discharge. Plaintiff proposes the following:

Even if you conclude that Plaintiff voluntarily "walked off" the job at Fred Meyer, where an employer makes working conditions so intolerable that the employee is forced into an involuntary resignation, the employer is as liable for any illegal conduct involved therein as if it had formally discharged the employee.[8] To establish constructive discharge it is not necessary that the employee actually "prove that the employer acted with a specific intent of causing the employee to resign."[9] Rather the employee "has the burden of showing that a reasonable person in the employee's position would have felt compelled to resign."[10] A constructive discharge may result from a "sustained campaign of harassment" against an employee.[11]

### 4. Employee Criticism, *Defendants' Proposed Jury Instruction No. 11*, p. 15

Defendants' jury instruction regarding employee criticism is an incorrect statement of Alaska law, and is therefore, misleading. Contrary to Defendants' assertion, *Pitka v. Interior*

---

[7] *Alaska Civil Pattern Jury Instructions,* Instruction 24.15; *Guin v. Ha*, 591 P.2d 1281, 1291 (Alaska 1979) ("In every contract . . . there is an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other party to receive the benefits of the agreement."); *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997) ("The covenant of good faith and fair dealing is implied in every contract in order to effectuate the reasonable expectations of the parties to the agreement, not to alter those expectations."); *Casey v. Semco Energy, Inc.*, 92 P.3d 379, 384 (Alaska 2004) ("A party must act in subjective good faith, meaning that it cannot act to deprive the other party of the explicit benefits of the contract, and in objective good faith, which consists of acting in a manner that a reasonable person would regard as fair."); *Pitka v. Interior Regional Housing Author.*, 54 P.3d 785, 789 (Alaska 2002) (stating that disparate employee treatment, terminations on unconstitutional grounds, and firings that violate public policy are examples of actions that may violate the objective aspect of the covenant).

[8] *Beard v. Baum*, 796 P.2d 1344, 1350 (Alaska 1990) (Beard I).

[9] *Cameron v. Beard*, 864 P.2d 538, 547 (Alaska 1993).

[10] *Cameron*, 864 P.2d at 547.

[11] *Cameron*, 864 P.2d at 547.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

*Regional Housing Author[12]* and other cases cited by Defendants do not establish a general rule that "The fact an employee's feelings were hurt by [employer] criticism, or that she believed she might lose her job, does not support a claim of constructive discharge." Instead, the Alaska Supreme court held that "criticism of job performance *alone* is not enough to create intolerable work conditions."[13] In this case, there is sufficient evidence of a sustained campaign of harassment and unwarranted criticism of Johnson's work performance.

### 5. Damages, *Defendants' Proposed Jury Instruction No. 12,* p. 16-17

Defendants' proposed jury instruction regarding damages is an incorrect statement of Alaska law. A wrongfully discharged employee is entitled to the total amount of the agreed upon salary for the unexpired term of the employment, less what she could earn by making reasonable or diligent efforts to obtain similar employment.[14] Under Alaska law, the employer has the burden of proving *both* that the employee reasonably could have gotten alternative employment *and* the amount of compensation that the employee reasonably could have earned.[15] Plaintiff attaches Alaska's *Civil Pattern Jury Instruction* as an alternative jury instruction regarding damages.

In addition, Defendants violated public policy when they wrongfully discharged Johnson in breach of the covenant of good faith and fair dealing. A breach of the covenant of good faith and fair dealing which is also in violation of an explicit public policy gives rise to

---

[12] *Pitka*, 54 P.3d at 789.

[13] *Id.* at 790 (emphasis added); *see also, Thomas v. Douglas*, 877 F.2d 1428, 1434 (9th Cir. 1989) (holding that there was insufficient evidence of any aggravating factors or differential, discriminatory or retaliatory treatment by employer and concluding that the plaintiff's "subjective personal discomfort . . . was most likely not the product of any action by appellees but, rather, the product of human nature); *Agnew v. Basf Corp.*, 286 F.2d 307, 310 (6th Cir.) ("[w]e have held that criticism in performance reviews and institution of performance improvement plans, *alone*, do not constitute objectively intolerable conditions.)

[14] *Skagway City School Board v. Davis*, 543 P.2d 218 (Alaska 1975); *Luedtke v. Nabors Alaska Drilling, Inc.*, 834 P.2d 1220, 1226 (Alaska 1992); *Redman v. Department of Education*, 519 P.2d 760, 771 (Alaska 1974); *Wien Air Alaska v. Bubbel*, 723 P.2d 627, 632 (Alaska 1986).

[15] *University of Alaska v. Chauvin*, 521 P.2d 1234, 1240 (Alaska 1974) ; *see also, Continental Insurance Co. v. Ursin Seafoods, Inc.*, 977 F.2d 587 (9th Cir. 1992) (citing *Chauvin*, 521 P.2d at 1240) ("The party alleging a failure to mitigate bears the burden of showing that the damaged party failed to make reasonable efforts or reasonable expenditures to mitigate its damages.").

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

1  tort damages, as well as contract damages.[16]  Accordingly, she may recover for all the losses

2  she suffered as a result of Defendants' unlawful conduct, including her emotional distress,

3  anxiety, humiliation, and lost self-esteem.

4

5      DATED this <u>24</u>[th] day of September, 2007, at Juneau, Alaska.

6

7                                          Respectfully submitted,

8                                          CHOATE LAW FIRM LLC

9

10                                         s/ *Jessica L. Srader*

                                           _____

11                                         JESSICA L. SRADER

12                                         424 N. Franklin Street

                                           Juneau, AK 99801

13                                         Phone: (907) 586-4490

                                           Fax: (907) 586-6633

14                                         EM: lawyers@choatelawfirm.com

                                           AK Bar: 0412105

15

16                                         Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27  _____

28  [16] *Kinzel v. Discovery Drilling, Inc.,* 93 P.3d 427, 434-36 (Alaska 2004).

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. ____**

**EMPLOYEE'S DAMAGES FOR BREACH OF EMPLOYMENT
CONTRACT FOR AN UNSPECIFIED TERM**

If you find in favor of the plaintiff, you must then decide how much money, if any, would fairly compensate the plaintiff for defendant's breach of the employment contract.

To determine the amount of damages plaintiff is entitled to receive, you must first calculate the amount of compensation agreed upon for the period from the date of the breach to the date of trial.  From this amount, you must subtract the amount of any compensation the plaintiff actually earned between the date of the breach and the date of trial which the plaintiff would not have earned if employed by the defendant.

You must then calculate the amount of compensation agreed upon for the period from the date of trial to the date on which the contract reasonably could be expected to terminate.  From this amount, you must subtract the amount of compensation which the defendant has shown it is more likely true than not true that plaintiff reasonably could be expected to earn between the date of trial and the date the contract reasonably could be expected to terminate through a diligent effort to obtain comparable employment.

To determine the amount plaintiff is entitled to receive as damages, add the result of the first computation and the result of the second computation.

*Alaska Civil Pattern Jury Instruction 24.09.*

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On <u>September 24, 2007</u>, I served the foregoing document described as ***Plaintiff's Objections to Defendants' Proposed Jury Instructions***, on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on <u>September 24, 2007</u>, at Juneau, Alaska.

s/ *Annya Ritchie*

_____
CHOATE LAW FIRM LLC

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OBJECTIONS TO DEFENDANTS' JURY INSTRUCTIONS
J-04-008 CV (RRB)

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490