James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA  98101-2352  
Telephone:  (206) 622-8484  

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK  99501  
Telephone:  (907) 258-4338  

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

## DEFENDANTS' BRIEF RE PUBLIC POLICY

### I. Pretrial Conference

At the pretrial conference with counsel on September 26, 2007, the Court outlined a tentative analysis of the remaining claim of alleged breach of the implied covenant of good faith and fair dealing:  the plaintiff must prove that she was terminated by Fred Meyer, actual or constructive, and she must prove that her termination was unfair because it was for the purpose of replacing her with a more attractive woman in whom her supervisor had a prospective romantic interest.

Defendants contend that even assuming plaintiff could prove she was terminated so she could be replaced by a prospective romantic interest, this does *not* establish a claim

under the covenant of good faith and fair dealing for a breach of public policy. Accordingly, we submit this limited brief on this issue with the goal of assisting the parties and the Court on the central issue in this case.

## II. Proving Public Policy

The Alaska Supreme Court has held that it is a breach of the implied covenant of good faith and fair dealing to discharge an at-will employee in breach of public policy. But such a policy must be found "in the common law, statutes and constitution of this state." *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123 (Alaska 1989) (*Luedtke I*). In *Luedtke I*, the Alaska Supreme Court relied on *Palmateer v. International Harvester*, 421 N.E.2d 876 (Ill. 1981), for its analysis of what is public policy. 768 P.2d at 1132. A similar analysis was set forth in *Roberts v. Dudley*, 993 P.2d 901, 905 (Wash. 2000), in which the Washington Supreme Court also relied on *Palmateer*, *supra*. The Washington court held that a plaintiff claiming wrongful discharge in breach of public policy must prove four elements of her claim, beginning with proving the existence of a clear public policy (the *clarity* element). As to "what is a clear mandate of public policy," that "is a question of law." *Roberts*, 993 P.2d at 905. But "a court may not sua sponte manufacture public policy but rather must rely on that public policy previously manifested in the constitution, a statute, or a prior court decision." *Id.* This is the same analysis noted above in *Luedtke*, and followed in the Ninth Circuit in analyzing such claims under state law. *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 971 (9th Cir. 2002). Therefore, the plaintiff herein may *not* just contend that some action by her employer (in her eyes) is "unfair" because the legal concept of "unfair" in Alaska applies only when the discharge is contrary to a recognized public policy, or constitution, or different treatment for similarly situated employees. *Chijide v. Maniilaq Assoc. of Kotzebue*, 972 P.2d 167, 172 (Alaska 1999).

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

### III. Dismissed Claims Cannot Form A Basis For A Public Policy Claim

The Court has dismissed with prejudice plaintiff's claims of age discrimination and sex discrimination. Accordingly, those dismissed claims cannot serve as a basis for plaintiff to contend that if Mr. San Miguel took action against plaintiff because he preferred a more attractive woman, this was in breach of any Alaska public policy because those claims are without merit.

Plaintiff bears the burden of showing that her discharge violated a clear mandate of public policy and the question of what constitutes a clear mandate of public policy is one of law. *Blackford v. Battelle Memorial Institute*, 57 F. Supp. 2d 1095, 1100 (E.D. Wash. 1999). Courts must ascertain the public policy, but they cannot create it and the existence of such public policy must be clear. *Id.* Courts must proceed cautiously if called upon to declare public policy absent guidance by some prior legislative or judicial expression on the subject. *Id.*

Defendants contend that the Alaska Supreme Court would follow the above analysis in requiring a clear expression of public policy before declaring that the plaintiff can prove a breach of the implied covenant of good faith and fair dealing as an at-will employee by allegedly being replaced by a more attractive woman. And where the discrimination claims have been dismissed with prejudice, there exists no public policy claim based on the dismissed claims.

### IV. The "Sweetie" Rule

To further demonstrate that plaintiff has no claim of a breach of public policy by claiming she was terminated in order to replace her with a more attractive woman, we refer the Court to some of the numerous cases regarding the "sweetie" rule.

Federal law prohibits discrimination based on sex (and other protected categories). Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* As Judge Posner stated, however, a male supervisor's romantically motivated favoritism toward a female subordinate

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

over another female employee is not sex discrimination (therefore does not breach public policy).

> Neither in purpose nor in consequence can favoritism resulting from a personal relationship be equated as sex discrimination. *Schobert v. Illinois Dept. of Transportation*, 304 F.3d 725, 733 (7th Cir. 2002); *Womack v. Runyon,* 147 F.3d 1298 (11th Cir. 1998) (per curium); *Becerra v. Dalton*, 94 F.3d 145, 149-50 (4th Cir. 1996); *DeCintio v. Westchester County Medical Center*, 807 F.2d 304, 308 (2d Cir. 1986).

*Preston v. Wisconsin Health Fund*, 397 F.3d 539, 541 (7th Cir. 2005).

Even the Equal Employment Opportunity Commission has issued a policy guideline stating it is the Commission's position that Title VII does not prohibit preferential treatment based upon a consensual romantic relationship, as both other men and other women are disadvantaged by reasons other than their genders.  See Policy Guidance on Employer Liability under Title VII for Sexual Favoritism, N-915.048.

There is no public policy of discrimination breached by favoritism for an actual or *potential* "sweetie," even when the state or federal discrimination claim has not been dismissed.  Therefore, since plaintiff Johnson's claims of discrimination based on age and sex have been dismissed, no public policy is breached if Mr. San Miguel preferred another employee (Johnna Havard) over plaintiff Myrna Johnson.[1]  Personal favoritism is not contrary to any Alaska law or public policy, and therefore plaintiff cannot pursue her claim on this theory.

## V. Conclusion

The Court should not permit plaintiff to submit her case to the jury by contending her supervisor took action to terminate her in order to have a possible romantic relationship with her successor, and that this was in breach of public policy.

---

[1] Defendants strongly dispute this contention, as plaintiff was merely counseled with no adverse employment consequences.  Her walking off the job (contrary to policy) was the result of her own unjustified speculation.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' BRIEF RE PUBLIC POLICY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 5

SEADOCS:293608.1

RESPECTFULLY SUBMITTED this 27th day of September, 2007.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail: jim.dickens@millernash.com
ABA No. 0610063

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendant
Fred Meyer Stores, Inc.

Certificate of Service

I hereby certify that on September 27, 2007, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANTS' BRIEF RE PUBLIC POLICY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 5

SEADOCS:293608.1