IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>         Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware Corporation, and JAIME SAN MIGUEL,<br><br>         Defendants. | Case No. 1:04-CV-0008-RRB<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO EXCLUDE POTENTIAL EVIDENCE AT TRIAL (DOCKET 94)** |

**I.   INTRODUCTION**

Before the Court are Defendants Fred Meyer Stores, Inc. and Jaime San Miguel ("Defendants") with a Motion to Exclude Potential Evidence at Trial at Docket 94.  Plaintiff Myrna I. Johnson ("Plaintiff") opposes Defendants' Motion at Docket 105.

The Court has considered Defendants' Motion, Plaintiff's Opposition, Defendants' Reply (Docket 106), and Defendants' Brief Re Public Policy (Docket 116).  The Court heard oral argument on September 26, 2007.  For the reasons set forth below, Defendants' Motion is **partially granted and partially denied.**

**II. BACKGROUND**

Plaintiff has asserted multiple causes of action, including: (I) gender discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; (II) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.; (III) retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq.; (IV) discrimination and harassment on the basis of age, gender, and parenthood in violation of the Alaska Human Rights Act, Alaska Stat. § 18.80.010, et seq.; (V) wrongful termination in violation of the common law covenant of good faith and fair dealing; and (VI) intentional tortuous interference with business relations.

All counts, except Count V for wrongful termination in violation of the common law covenant of good faith and fair dealing have been withdrawn or dismissed.[1]  The case is set for trial on this single claim.

///
///
///
///
///

---

[1] See Docket 81; Docket 56 at 7, n.1.

### III. STANDARD OF REVIEW

"A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial."[2]

### IV. DISCUSSION

#### 1. Evidence Regarding "For Cause" Employment

Defendants seek to exclude all evidence regarding Plaintiff's claim that she was terminable only "for cause." Plaintiff asserts that the evidence is relevant to her claim for breach of the covenant of good faith and fair dealing and underscores the unfairness of Defendants' actions.

Plaintiff was employed "at will." The disclaimer in Fred Meyer's Employee Handbook supports Defendants' assertion that Plaintiff was an "at will" employee.[3] No evidence has been presented that Plaintiff was employed for a "determinable length of time", a factor which the Alaska Supreme Court considers to be the "key difference between these two types of employment."[4] Moreover, this distinction is not relevant because _every_ contract is subject

---

[2] Campbell Indus. v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980).

[3] Docket 106 at 4-5 (emphasis added).

[4] Luedtke v. Nabors Alaska Drilling, Inc. (Luedtke I), 768 P.2d 1123, 1131 (Alaska 1989).

ORDER RE MOTION TO EXCLUDE POTENTIAL
   EVIDENCE AT TRIAL (DOCKET 94) - 3
1:04-CV-0008-RRB

to an implied covenant of good faith and fair dealing.[5]  To preserve the narrow focus of this trial, Plaintiff may not argue that her employment was terminable only "for cause."

This does not, however, prevent Plaintiff from introducing evidence relevant to her claim for breach of the covenant of good faith and fair dealing.  "At-will employees may be terminated for any reason that does not violate the implied covenant of good faith and fair dealing."[6]  The Alaska Supreme Court has explained that "the covenant is implied to effectuate, not to alter, the reasonable expectations of the parties"[7] and that it "operates as a check on employer's traditional freedom to terminate at-will employment for any reason."[8]  Hence, "an employer may not terminate an at-will employee for reasons that are antithetical to the implied covenant."[9]

Antithetical to the implied covenant are employer actions subjectively motivated by improper motives or regarded as

---

[5]   Pitka v. Interior Reg. Hous. Auth., 54 P.3d 785, 789 (Alaska 2002).

[6]   Id.; (citing Luedtke I, 768 P.2d at 1131; Era Aviation v. Seekins, 973 P.2d 1137, 1139 (Alaska 1999)).

[7]   Era Aviation, 973 P.2d at 1141 (citing Ramsey v. City of Sand Point, 936 P.2d 126, 133 (Alaska 1997)).

[8]   Id. at 1139 (citing French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996)).

[9]   Id.

objectively unfair.  "An employer may violate the implied covenant by acting with a subjectively improper motive, such as when an employer 'discharges an employee for the purpose of depriving him or her of one of the benefits of the contract.'"[10]  The subjective aspect of the covenant is based on the employer's motives, rather than the employee's feelings.[11]  To prevail, the employee must prove that the employer's decision to terminate him or her "was actually made in bad faith."[12]

"An objective breach of the implied covenant may occur where the employer does not 'act in a manner which a reasonable person would regard as fair.'"[13]  The Alaska Supreme Court has noted several examples of actions that violate the objective aspect of the covenant, including "[d]isparate employee treatment, terminations on unconstitutional grounds, and firings that violate public policy."[14]

Based on the foregoing statements of law, Defendants could have terminated Plaintiff for any legitimate reason, or no reason at all, but not for an improper reason.  The issue for

---

[10]   Pitka, 544 P.3d at 789 (citing Ramsey, 936 P.2d at 133).

[11]   Id. (citing Era Aviation, 973 P.2d at 133).

[12]   Id.

[13]   Id. (citing Ramsey, 936 P.2d at 133).

[14]   Id. (citing Era Aviation, 936 P.2d at 1139-40).

trial, then, is whether Plaintiff was terminated for an improper reason or under unfair circumstances. Plaintiff must first prove that she was actually or constructively terminated. Second, Plaintiff must prove that Defendant San Miguel disciplined and/or terminated her in order to hire Joanna Havard, an employee toward whom he apparently had a romantic interest. If Plaintiff succeeds in proving these allegations by a preponderance of the evidence, then she will be entitled to damages for breach of the covenant.[15]

        While evidence of a progressive discipline system and other benefits of the implied contract is not necessarily relevant to termination of Plaintiff's at-will employment, evidence from the Employee Handbook may be relevant to the issue of whether Defendants' purpose for disciplining and terminating Plaintiff was a pretext subjectively based on improper motives. In other words, if Defendants' purpose for disciplining and terminating Plaintiff was based on a legitimate concern about her work performance, it would be expected that progressive discipline would be applied as a benefit of the contract. On the other hand, if the discipline/termination was simply for the purpose of replacing

---

[15] The Court notes Defendants' objection that Plaintiff's claim is limited to proving "dissimilar treatment of someone similarly situated." Docket 106 at 5. However, the Court finds that Defendants construe the covenant too narrowly. Plaintiff has presented sufficient evidence to proceed under both the subjective and objective aspects of the covenant.

Plaintiff with someone toward whom Defendant San Miguel had a romantic interest, the absence of progressive discipline would suggest improper underlying motives.

    **2.    Affidavits and Hearsay Evidence**

Defendants seek to exclude all affidavits and hearsay evidence from Plaintiff's co-workers. Plaintiff argues that a blanket exclusion of affidavits and other out-of-court statements from her former co-workers would be improper because this evidence may be admissible under various exceptions to the hearsay rule.

The Court declines to impose a blanket ruling excluding all affidavits. However, an affidavit from a declarant who has not been subjected to cross examination is generally not admissible at trial. Therefore, the Court will decide questions of admissibility on a case-by-case basis.

    **3.    Evidence Regarding Plaintiff's Work Performance**

Defendants seek to exclude all testimony regarding Plaintiff's work performance and character on the grounds that it lacks foundation, is irrelevant, and constitutes inadmissible character evidence. Plaintiff submits that testimony from Plaintiff and her former co-workers regarding Plaintiff's work performance and reliability is rationally based on Fred Meyer's objective standards and work performance criteria.

As to Plaintiff's own testimony regarding her work performance and reliability, Defendants' Motion is denied. Plaintiff is entitled to present her case which necessarily will include testimony regarding the reasons and circumstances surrounding Plaintiff's discipline and termination. According to Defendants, Plaintiff voluntarily "walked off the job" after receiving a warning for allegedly poor work performance. Plaintiff's testimony is relevant and Plaintiff is competent to testify regarding her own perspective.

As to co-worker testimony regarding Plaintiff's work performance and reliability, this may also be relevant and admissible. The Court will assess such evidence on a case-by-case basis during trial.

**4.   Co-Worker Opinion Testimony**

Defendants seek to exclude opinion testimony from Plaintiff's former co-workers regarding working conditions in the apparel department and their experience working with Plaintiff, Defendant San Miguel, and other managers, on the grounds that the evidence lacks foundation, is not based on personal knowledge, and contains hearsay. Plaintiff argues that the testimony is rationally based on her co-workers' own perceptions and would assist in determining relevant facts.

The Court finds that testimony from Plaintiff's former co-workers is relevant to the issue of whether Plaintiff's work performance had actually declined or was merely a pretext for replacing Plaintiff with Havard. Accordingly, the co-worker witnesses can testify regarding factual observations that are relevant to the dispute. However, they may not offer their opinion as to the ultimate issues. Questions of admissibility will be decided on a case-by-case basis.

### 5. Evidence Regarding Conduct of Other Employees

Defendants seek to exclude evidence regarding the conduct of other employees. Plaintiff argues that evidence regarding Defendant San Miguel's work performance as a Fred Meyer manager is relevant to Plaintiff's claims of disparate treatment and constructive discharge.

While the Court hesitates to open the door very far, evidence regarding San Miguel's work performance may be admissible to the extent that it concerns Plaintiff's argument that reasons offered for her termination are pretextual. Additionally, evidence regarding San Miguel's discriminatory practices, intent, and improper motives is relevant and admissible.

### 6. Evidence Regarding Dismissed and Withdrawn Claims

Defendants seek to exclude all evidence regarding Plaintiff's claims which have been dismissed. Plaintiff argues

that evidence regarding Defendant San Miguel's discriminatory practices, intent, and motives is relevant and admissible because the reason for taking adverse employment actions and ultimately terminating Plaintiff are pivotal issues in this case.

While the dismissed claims are not admissible per se, withdrawal or dismissal of these claims does not render the supporting evidence inadmissible as to Plaintiff's claim for the breach of the covenant of good faith and fair dealing. Although Plaintiff's evidence was insufficient to support these dismissed claims, Plaintiff may introduce the same evidence to demonstrate that Defendants acted with a subjectively improper motive or in a manner which a reasonable person would regard as unfair. Regarding the latter, the evidence is relevant to show both disparate treatment and violation of public policy.[16]

## V.   CONCLUSION

For the reasons cited herein, the Court concludes the following:

---

[16] The Court notes Defendant's supplemental briefing at Docket 116, but disagrees with this narrow interpretation of public policy. Public policy is based on "the entire body of law in the State of Alaska." Luedtke v. Nabors Alaska Drilling, Inc. (Luedtke I), 768 P.2d 1123, 1132 (Alaska 1989). The jury will be permitted to decide whether Defendants' actions comport with "what is just and right" or "strike at the heart of a citizen's social rights, duties, and responsibilities." Id. (citation omitted).

(1) To preserve the narrow focus of this trial, Plaintiff may not argue that her employment with Fred Meyer was terminable only "for cause." This does not, however, prevent Plaintiff from introducing evidence relevant to her claim for breach of the covenant of good faith and fair dealing.

(2) The Court declines to impose a blanket ruling excluding all affidavits. The Court will decide questions of admissibility on a case-by-case basis.

(3) Plaintiff may testify regarding her work performance and reliability. Co-worker testimony regarding Plaintiff's work performance and reliability may also be relevant and admissible and will be assessed on a case-by-case basis during trial.

(4) Co-worker witnesses can testify regarding relevant factual observations, but may not offer opinion on ultimate issues. Admissibility will be decided on a case-by-case basis.

(5) Evidence regarding Defendant San Miguel's discriminatory practices, intent, and motives is relevant and admissible. Evidence regarding his work performance may be admissible to the extent that it concerns Plaintiff's argument that reasons offered for her termination are pretextual.

(6) Plaintiff may not introduce claims that have been dismissed, but she may introduce the underlying evidence to

demonstrate that Defendants acted with subjectively improper motives or in a manner objectively regarded as unfair.

**IT IS SO ORDERED.**

ENTERED this 1st day of October, 2007.

                                         S/RALPH R. BEISTLINE
                                         UNITED STATES DISTRICT JUDGE