James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

   Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

MYRNA I. JOHNSON,

    Plaintiff,

v.

FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,

    Defendants.

Case No. 1J-04-008-CV (RRB)

**MOTION FOR RECONSIDERATION RE ORDER REGARDING DEFENDANTS' MOTION TO EXCLUDE POTENTIAL EVIDENCE AT TRIAL**

## I. MOTION TO RECONSIDER

Defendants have carefully reviewed the Court's Order (Docket 118) regarding defendants' motion to exclude potential evidence at trial. As counsel for defendants, and as officers of the court, it is incumbent upon us to advise the Court when we believe our clients are being required to meet legal standards that are inconsistent with the law. Accordingly, defendants hereby move the Court to reconsider two aspects of its recent Order.

## II. DISCUSSION

The two issues on which defendants request reconsideration are:

1.      The Court held that the jury will be instructed to decide as a matter of public policy whether defendants' actions comport with "what is just and right" or "strike at the heart of a citizen's social rights, duties and responsibilities," citing *Luedtke v. Nabors Alaska Drilling, Inc.* (*Luedtke I*), 768 P.2d 1123, 1132 (Alaska 1989). Order at 10 n.16.

First, this was a partial quote from *Palmateer v. International Harvester*, 421 N.E.2d 876, 878-80 (Ill. 1981), describing the philosophy of why a public policy claim should be recognized, but this language itself was *not* the public policy (the public policy declared was that plaintiff could proceed with the tort of retaliatory discharge for cooperation with the police). This language was cited by the Alaska Supreme Court only as a general statement supporting the concept of recognizing terminations contrary to public policy but it was not a declaration that this philosophy was a specific public policy *per se*. The *Palmateer* court further explained that "the Achilles heel of the principle lies in the definition of public policy" and therefore to find the specific public policy the court must look to "the State's constitution and statutes and, when they are silent, in its judicial decisions." *Id.* "*The cause of action* is allowed where the public policy is clear, but *is denied where it is equally clear that only private interests are at stake*" (emphasis added). *Id.* at 880.

In *Luedtke I*, the Alaska Supreme Court accepted the rationale of *Palmateer* as to why public policy as a concept should be considered, and then analyzed extensively Alaska law to ascertain whether there was a public policy concerning employee privacy in the state statutes, treatises or case law. But the Alaska court did not accept the generalization that "what is right and just" was a statement of "public policy" by itself. *Luedtke I*, 768 P.2d at 1132-33. Thus, recognizing that it is the Court's responsibility to declare what the public policy is which may provide a basis for the plaintiff's claim, in *Luedtke I* the Alaska Supreme Court searched its constitution, statutes and common law to find the specific public

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

policy which needed protection (employee privacy). But where only "private interests are at stake," there is no public policy claim.

If the jury may decide as a matter of public policy whether the defendants' actions comport with "what is just and right" or whether those actions are "at the heart of a citizen's social rights, duties and responsibilities," this language provides no guidance to the jury.[1] If this was the law, in Alaska there is no concept of employment-at-will because every termination will be submitted to the jury to give its opinion on what they believe is "just and right." But in Alaska, and elsewhere, neither courts nor the juries are to act as super-personnel directors.[2]

Defendants contend that the appropriate procedure is as follows: (1) plaintiff must identify an alleged breach of a *specific* public policy; (2) as a matter of law, this Court then must decide if there is such a public policy (e.g., invasion of privacy, or retaliation for filing a worker's compensation claim or are there merely "private interests at stake"); and (3) the jury is instructed accordingly. If plaintiff can identify a constitutional provision, or a statute, or common law which states that the termination of plaintiff in order to replace her with another person of potential romantic interest is against "clear mandate of [Alaska] public

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[1] The Alaska Supreme Court has affirmed numerous summary judgments in claims by at-will employees of a breach of the covenant of good faith and fair dealing, confirming that this is only a limited exception to at-will status. If the standard was only what was "right and just," there is no standard and summary judgment would have been denied, or reversed on appeal. Instead, summary judgment for the employer was affirmed in *Blackburn v. State, DOT and Public Fac.*, 103 P.3d 900 (Alaska 2004); *Pitka v. Interior Reg. Housing Assn.*, 54 P.3d 785 (Alaska 2002); *Chijide v. Manila Assn. of Kotzebue*, 972 P.2d 167 (Alaska 1999); and *Ramsey v. City of Sand Point*, 936 P.2d 167 (Alaska 1997). To further emphasize the Alaska Supreme Court's requirement of how limited is this implied covenant claim for at-will employees, it reversed the *denial* of a motion for summary judgment where the plaintiff argued it was a breach of the covenant to discharge her for reasons unrelated to her job performance, i.e., personality conflict. *Era Aviation v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999) ("in the at-will employment context, it is insufficient to show that an employee was discharged for reasons unrelated to job performance; instead, the employee must show a purpose that is, in itself, improper or impermissible"). The public policy standard proposed by the Court would have precluded summary judgment in all of these cases because in every one it would have been a question for the jury. This is not the law in Alaska.

[2] "You are not permitted to substitute your judgment for that of [the employer] even if you would have acted differently had it been up to you." *Van Huff v. Sohio Alaska Petroleum Co.*, 835 P.2d 1181, 1183 (Alaska 1992) (quoting trial court jury instruction with approval).

MOTION FOR RECONSIDERATION
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 6

policy," then defendants can respond. But the proposed standard lacks the specificity required, it eliminates employment at-will as an employment status, and it opens the door to potentially unmanageable evidentiary issues. The Court should reconsider its holding in this regard.[3]

  2. The Court held that while plaintiff's dismissed claims of discrimination are not admissible *per se*, plaintiff still may introduce the same potential evidence legally found to be insufficient to support these claims to demonstrate that defendants acted with a subjectively improper motive or in a manner which a reasonable person would regard as unfair. Order at 10.

If as a matter of law a claim does not exist, it is inconsistent to hold that a plaintiff may seek to introduce this insufficient evidence to support an undefined and unclear public policy claim. Again, what is the clear mandate of public policy plaintiff is pursuing? Plaintiff cleverly has avoided squarely facing this issue. Where the legislature has enacted a statute, such as a prohibition against gender discrimination, that is the sole remedy.

If a claim has been dismissed as a matter of law, defendants contend that there can be no public policy violated by defendants' actions. It is inappropriate to permit the plaintiff to introduce the same evidence insufficient to even get to trial and then argue her theory about the dismissed claim. We ask the Court to reconsider its holding that evidence of allegedly discriminatory acts is admissible when as a matter of law these acts have been found not to set forth a cause of action under state or federal statutes.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[3] Addressing and needlessly deciding complex or unresolved state-law issues is not the province of the federal courts. This is why the federal courts normally decline to retain jurisdiction over state-law claims when all federal-law claims have been dismissed. *Shabat v. Blue Cross*, 925 F. Supp. 977, 991 (W.D.N.Y. 1996), aff'd, 108 F.3d 1370 (2d Cir. 1997); *Harrison v. Landmark Comm.*, 892 F. Supp. 199, 200 (E.D. Tenn. 1995). Or if the court elects to retain the case, but substantial issues remain as to what the state law is, the federal court may certify the case to the state supreme court to ensure that the issue is properly framed at trial.

### III. CONCLUSION

Defendants request that the Court reconsider its recent rulings that (1) plaintiff may argue to the jury that her termination was not "just and right." This is not a specific Alaska public policy based on the covenant of good faith and fair dealing for an at-will employee; and (2) plaintiff may introduce evidence of alleged discrimination that was not adequate to even make a question of fact for the jury on claims of discrimination.

RESPECTFULLY SUBMITTED this 2nd day of October, 2007.

>    MILLER NASH LLP
>
>    s/ James R. Dickens
>    Miller Nash LLP
>    4400 Two Union Square
>    601 Union Street
>    Seattle, WA 98101-2352
>    Phone: (206) 622-8484
>    Fax: (206) 622-7485
>    E-mail: jim.dickens@millernash.com
>    ABA No. 0610063
>
>    GRUENSTEIN & HICKEY
>
>    s/ Peter Gruenstein
>    Gruenstein & Hickey
>    Resolution Plaza
>    1029 W. 3rd Avenue, Suite 510
>    Anchorage, AK 99501
>    Phone: (907) 258-4338
>    Fax: (907) 258-4350
>    E-mail: ghlaw@gci.net
>    ABA No. 7910079
>
>    Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTION FOR RECONSIDERATION
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 6

SEADOCS:293846.1

<u>Certificate of Service</u>

I hereby certify that on October 2, 2007, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTION FOR RECONSIDERATION
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 6

SEADOCS:293846.1