Mark Clayton Choate, Esq., AK #8011070
Jessica L. Srader, Esq., AK #0412105
CHOATE LAW FIRM LLC
424 N. Franklin Street
Telephone: (907) 586-4490
Facsimile:  (907) 586-6633

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA AT JUNEAU**

| | |
|---|---|
| MYRNA I. JOHNSON,            )<br>                                              )<br>          Plaintiff,               )<br>                                              )<br>vs.                                        )<br>                                              )<br>FRED MEYER STORES, INC., and  )<br>JAIME SAN MIGUEL,          )<br>                                              )<br>          Defendants.          )<br>_____) | Case No. J-04-008 CV (RRB) |

## JOHNSON'S OPPOSITION TO FRED MEYER'S
## MOTION FOR RECONSIDERATION

The court has properly identified *Luedtke v. Nabors Alaska Drilling, Inc.,*[1] as the controlling law for determining whether an employer's actions towards an employee breached a public policy.  Absent from *Luedtke I* is the language, "clear mandate of public policy" that Defendant seeks to impose through its serial attempts[2] to have this court reconsider its original finding that Plaintiff may bring a claim for breach of the covenant of good faith and fair dealing because of improper motive on the part of her supervisor, Jaime San Miguel (subjective test), or for reasons which are objectively unfair (objective test).

A reading of *Luedtke I* confirms that this court is correct in concluding that the mechanism of determining whether a "public policy" exists is more subtle and more powerful than the limited and proscribed view proposed by the defendant.  In concluding that a "public policy exists protecting an employee's right to withhold certain 'private' information" the

---

[1] 768 P.2d 1123 (Alaska, 1989) [*Luedtke I*].

[2] This is at least the third attempt by Fred Meyer to reargue the Court's Order regarding Motion for Summary Judgment [Docket No. 81].

*Luedtke I* court made a broad sweep across Alaska's common law, statutes and constitution: "Thus, we look to the entire body of law in the State of Alaska for evidence of citizen rights, duties and responsibilities, to determine the public policy with regard to employee privacy."[3]

Fred Meyer is simply wrong in arguing that Alaska law only allows the finding of public policy on a "clear mandate." That is not the standard. Rather, this court, as it has properly done in this matter, must follow the example of the Alaska Supreme Court in *Luedtke I* and look to the entire body of Alaska law to determine the public policy with regard to terminating an employee for an improper purpose, or as the court framed it: "Plaintiff must prove that Defendant San Miguel disciplined and/or terminated her in order to hire Joanna Havard, an employee toward whom he apparently had a romantic interest."

Defendant has already asserted that its position is that Plaintiff has no claim for breach of public policy for termination in "order to replace her with a more attractive woman."[4] Calling this the "sweetie" rule, Fred Meyer points to EEOC guidelines and other law outside the State of Alaska in an attempt to support this proposition.[5] Fortunately for Alaska's citizens, that is not our law or our public policy.

Alaska law prohibits discrimination on the basis of gender. Alaska Stat. § 18.80.220 specifically makes it unlawful for an employer to condition *any aspect* of employment on the basis of the person's "age, physical or mental disability, sex, marital status, changes in marital status, pregnancy, or parenthood, when the reasonable demands of the position do not require distinction on the basis of age, physical or mental disability, sex, marital status, changes in marital status, pregnancy, or parenthood." Alaska's Constitution specifically describes as an "Inherent Right" the right to the "enjoyment of the rewards of their own industry."[6] Alaska's

---

[3] *Luedtke I,* 768 P.2d at 1133.

[4] Defendant's Brief re: Public Policy [Docket No. 116]

[5] The "Sweetie" rule does not deal with termination but rather the provision of promotions and other job benefits because of romantic relationships at work. The rule was analyzed in some detail by the California Supreme Court in *Miller v. Department of Corrections,* 115 P.3d 77 (2005). The court in that case found that an employee may "establish an actionable claim of sexual harassment under the FEHA (California's Fair Employment & Housing Act) by demonstrating that widespread sexual favoritism was severe or pervasive enough to alter his or her working conditions and create a hostile work environment."

[6] The Constitution of the State of Alaska, § 1.1.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
OPPOSITION TO MOTION FOR RECONSIDERATION
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

common law prohibits and sanctions sexual harassment and discrimination in the workplace. The best examples of this are *Norcon, Inc. v. Kotowski,*[7] and *VECO, Inc. v. Rosebrock.*[8]

Quite simply, in Alaska, it is against public policy for an employer to discharge or force out of a job an employee who is doing her job properly for the purpose of replacing her with someone whom that employer has a romantic interest. While the term "sweetie" rule sounds benign, if it were the law in Alaska, it would undermine the basic rights of employment for all workers.

If Myrna Johnson could be terminated by San Miguel in order to replace her with a younger, prettier woman he had an interest in dating, given the importance of her employment and her unquestioned record of high performance and loyalty, it begs the question of what she would be expected to do to try and keep her job. Should she make herself available for "a date"? How about wearing sexually provocative clothing? Should she provide a neck rub or massage for her hardworking manager to keep his eyes off younger and prettier potential job applicants? In sum, such a result would require employees to consider as part of the rubric of maintaining employment, their willingness to be available or compete sexually against other employees or potential job applicants to maintain their jobs, obtain promotions, or receive better treatment. Given that no lawful job in Alaska requires being available sexually or romantically to your supervisor, Alaska's public policy abhors the "sweetie" rule and anything resembling it.

Under Alaska law, bad motive is the subjective prong of the test for determination of breach of the covenant of good faith and fair dealing. This Court is correct in concluding that terminating or forcing the constructive discharge of an employee in order to replace her with someone the supervisor has a romantic interest in, or is sexually interested, is a breach of Alaska's broad public policy. Alaskans do not want their spouses, significant others, parents, children or friends, subjected to job loss or discrimination because of their supervisor's romantic interests. Any other conclusion would vitiate the covenant of good faith and fair dealing and start Alaska employment law on a "slippery slope" where job performance and job

---

[7] 971 P.2d 158 (Alaska, 1999).

[8] 970 P.2d 906 (Alaska, 1999).

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

security would be at the ever present risk of a manager or supervisor's legally unchecked and unrestrained libido.

As the *Luedtke I* court demonstrated, the lack of a private right of action for breach of the Constitution's privacy protections did not prevent those constitutional protections from being considered part of Alaska's broad public policy in support of the right to privacy. Similarly, conduct by Mr. San Miguel which goes to support either the subjective or objective elements of breach of the covenant of good faith and fair dealing are properly admitted in this matter.

Fred Meyer is simply incorrect when it states that the law in Alaska requires a "clear mandate of public policy". The Alaska Supreme Court's process of finding a public policy protecting the right to privacy in the employment context in *Luedtke I* demonstrates the broad range of sources the court, and attorneys, may look to in order to determine whether conduct violates public policy. Conditioning any term of employment on an employer's romantic interest is not a "private interest." It is of public importance and concern that no employee in this state has his or her employment conditioned on his or her sexual attractiveness, willingness or availability *or in the alternative,* upon the sexual attractiveness, willingness or availability of competitors for his or her job.

The court's Order correctly states the law and identifies both the broad public policy at issue in this matter. Accordingly, Fred Meyer's Motion for Reconsideration should be denied.

DATED this 4th day of October, 2007 at Juneau, Alaska.

>                    Respectfully submitted,
>                    CHOATE LAW FIRM LLC
>
>                    s/*Mark Choate*
>                    _____
>                    MARK CHOATE
>                    424 N. Franklin Street
>                    Juneau, AK 99801
>                    Phone: (907) 586-4490
>                    Fax: (907) 586-6633
>                    EM: lawyers@choatelawfirm.com
>                    AK Bar: 8011070
>
>                    Attorneys for Plaintiff

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
OPPOSITION TO MOTION FOR RECONSIDERATION
J-04-008 CV (RRB)

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On October 4, 2007, I served the foregoing document described as ***Johnson's Opposition to Fred Meyer's Motion for Reconsideration,*** on the interested parties in this action by serving the original true copies, addressed as follows:

| | |
|---|---|
| James Dickens | |
| Miller Nash LLP | Peter Gruenstein |
| Attorney For: Fred Meyers | Gruenstein & Hickey |
| 4400 Two Union Square | Attorney For: Fred Meyers |
| 601 Union Street | 500 L Street, Suite 401 |
| Seattle, WA 98101-2352 | Anchorage, AK 99501 |
| Phone: (206) 622-8484 | Phone: (907) 258-4338 |
| Fax: (206) 622-7485 | Fax: (907) 258-4350 |

☐ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s).

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☒ By electronic service through the court of record's electronic service system.

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 4, 2007 at Juneau, Alaska.

s/ *Annya Ritchie*

_____
CHOATE LAW FIRM LLC

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
OPPOSITION TO MOTION FOR RECONSIDERATION
J-04-008 CV (RRB)