IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>          Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware Corporation, and JAIME SAN MIGUEL,<br><br>          Defendants. | Case No. 1:04-cv-0008-RRB<br><br>**ORDER REGARDING MOTION FOR RECONSIDERATION AT DOCKET 122** |

The issue for trial is whether Defendants violated the implied covenant of good faith and fair dealing by acting with improper motives or bad faith or in a manner which a reasonable person would regard as unfair. Plaintiff has presented sufficient evidence for both the subjective aspect of the covenant (i.e., employer acted with improper motive or in bad faith) and the objective aspect of the covenant (i.e., employer acted in a manner which a reasonable person would regard as unfair[1]).

---

[1] The Alaska Supreme Court has identified three examples of actions which violate the objective aspect of the covenant of good faith and fair dealing: (1) disparate employee treatment, (2) terminations on unconstitutional grounds, and (3) firings that violate public policy. See Pitka v. Interior Hous. Auth., 54 P.3d

ORDER RE MOTION FOR RECONSIDERATION - 1
1:04-CV-0008-RRB

In addition to improper motive and unfairness in the form of disparate treatment, Plaintiff argues that Defendants' actions violate public policies against age, gender, and parenthood discrimination, and retaliation against employees for taking leave under the federal Family Medical Leave Act ("FMLA"). Plaintiff's claims on these grounds have been dismissed.

This Court, in its Order at Docket 118, held that Plaintiff may not introduce these dismissed claims, but held that she may introduce the underlying evidence to demonstrate that Defendants acted with subjectively improper motives or in a manner objectively regarded as unfair, including violation of public policy.[2] The Court noted that it disagreed with Defendants' narrow interpretation of public policy.[3] On this general issue Defendants move for reconsideration.

After thoroughly reviewing the matter, it is the Court's view that, given the previous dismissal of Plaintiff's discrimination and retaliation claims, Plaintiff cannot now argue violation of public policy as a separate theory of recovery. Evidence relating to these claims is only admissible to the extent that it is relevant to Plaintiff's remaining claim for violation of

---

785, 789 (Alaska 2002). <u>However, there is no indication that this constitutes an exhaustive list.</u>

   [2]    Docket 118 at 11-12.

   [3]    <u>Id.</u> at 10, n.16.

the implied covenant of good faith and fair dealing.  While Alaska does not appear to embrace the so-called "sweetie rule" proposed by Defendants[4], there also does not appear to be an explicit public policy in Alaska prohibiting an employer from discharging an at-will employee in order to replace her with someone else - even if motivated by a hoped-for romantic interest.  While the statutes and case law cited by Plaintiff stand for important public policies, these policies are not at issue here.  Because there is no explicit public policy prohibiting Defendants' alleged actions, and because this Court declines to announce one in the absence of persuasive authority, Plaintiff may not use the phrase "public policy" at trial.  The Court's Order at Docket 118 is hereby amended by striking footnote 16 and the accompanying sentence.

    Whether there has been a breach of public policy is significant because Plaintiff has requested a jury instruction on tort damages, in addition to contract damages.[5]  The Alaska Supreme Court has held that tort damages are allowable for a breach of the covenant of good faith and fair dealing only if the employer's actions also violate an explicit public policy.[6]  As that does not

---

[4]    <u>See</u> Docket 116 at 3-4.

[5]    Docket 102 at 9-14.

[6]    <u>Kinzel v. Discovery Drilling, Inc.</u>, 93 P.3d 427, 437-38 (9th Cir. 2004).

appear to be the case here, tort damages are therefore not appropriate under the facts of this case.

        **IT IS SO ORDERED.**

    ENTERED this 5th day of October, 2007.

                              s/RALPH R. BEISTLINE
                              UNITED STATES DISTRICT JUDGE