James R. Dickens                                                          Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

    Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>            Defendants. | Case No. 1J-04-008-CV (RRB) |

### MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS AND INDIVIDUAL DEFENDANT

#### I. MOTIONS

Defendants Fred Meyer Stores, Inc. and Jaime San Miguel hereby submit the following motions for decision before trial. The purpose is to streamline the parties' focus at trial on the sole remaining claim.

    A.    Defendants move to dismiss Jaime San Miguel as an individual defendant; and

    B.    Defendants move for an order declaring that its proposed jury instructions on the implied covenant of good faith and fair dealing, both as to liability

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 11

SEADOCS:321249.1

and damages, Defendants' Nos. 9, 10, 11 and 12, are the ones which will be submitted to the jury as the law in this case.

## II. PROCEDURAL HISTORY

### A.   Wrongful Discharge Claim.

In plaintiff's complaint filed March 17, 2004 (Docket 1) she alleged "wrongful discharge in breach of the implied covenant of good faith and fair dealing" (Introduction, ¶ 4 and ¶ 11). In Count V, the only count not dismissed on summary judgment, she alleged a claim of wrongful discharge because:

> 117.   Defendants breached their common law duty of good faith and fair dealing by terminating Plaintiff when she left work because she was emotionally distraught . . . .

### B.   Pre-Trial Rulings.

1.   On February 9, 2007, this Court entered an order (Docket 81) granting defendants' motion for summary judgment "with respect to Counts I - IV and VI of Plaintiff's Complaint." Id. at 19.  The Court denied defendants' motion "with respect to Count V" which the Court recognized as "a claim for wrongful termination in violation of the common law duty of good faith and fair dealing." Id. at 17.

2.   On October 5, 2007, this Court entered an order (Docket 127) declaring (a) that "Plaintiff cannot now argue violation of public policy as a separate theory of recovery"; (b) that "Plaintiff may not use the phrase 'public policy' at trial"; and (c) that "tort damages are therefore not appropriate under the facts of this case." Id. 2-4.

3.   On March 6, 2008, the Court held a telephonic conference with counsel for the purpose of setting a new trial date after the Alaska Supreme Court

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 11

SEADOCS:321249.1

declined to decide the certified question presented to it in November 2007. As a result of the conference a new trial date was set for August 11, 2008.

During the trial-setting conference it became apparent that the parties still have differing views of the potentially relevant and admissible evidence at trial and the appropriate jury instructions. Accordingly, defendants bring this motion with the goal of further clarifying the legal issues (and therefore the relevant evidence) at trial so that it may proceed smoothly for the court, the jury, and the parties.

### III.  DISCUSSION

#### A.  Wrongful Discharge Claim Very Narrow.

The sole remaining claim to be tried beginning on August 11, 2008, is plaintiff's claim of wrongful discharge of Johnson in breach of the "common law duty of good faith and fair dealing" as alleged in Count V.

Alaska recognizes only a *limited* cause of action for breach of the implied covenant of good faith and fair dealing in the termination of the employment of an at-will employee. Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123, 1130-31 (Alaska 1989). While implicit in at-will employment contract relationships,[1] this covenant does not lend itself to precise definition. It does, however, require that the employer not impair the right of an employee to receive the benefits of her at-will employment contract. French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996). For plaintiff to prove her claim in this case, she must demonstrate that Fred Meyer impaired her right to receive some benefit of her employment-at-will contract and that it acted in bad faith. Id.

---

[1] The Alaska Supreme Court has consistently held that the claim of wrongful termination in breach of the covenant of good faith and fair dealing applies to "at-will employment contracts." Mitford v. de Lasala, 666 P.2d 1000, 1007 (Alaska 1983); Luedtke v. Nabors Alaska Drilling, Inc., 834 P.2d 1220, 1223 (Alaska 1992); French v. Jadon, Inc., 911 P.2d 20, 24 (Alaska 1996); Belluomini v. Fred Meyer of Alaska, Inc., 993 P.2d 1009, 1012 (Alaska 1999); and Holland v. Union Oil of Cal., 993 P.2d 1026, 1032 (Alaska 1999).

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 11

SEADOCS:321249.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Plaintiff is presumed to be employed at-will. Blackburn v. State DOT, 103 P.3d 900, 903 (Alaska 2004). The Court already has declared that plaintiff was employed at-will and that her claim of wrongful discharge in breach of the covenant of good faith and fair dealing is based on her "at-will" status. There is a clear distinction in Alaska law between at-will employment and a "for cause" employment contract, and in its defense Fred Meyer does *not* have to prove "cause" to terminate. Era Aviation, Inc. v. Seekins, 973 P.2d 1137, 1139 (Alaska 1999).

The factors to be considered in evaluating this limited claim of wrongful termination of an at-will employee in breach of the implied covenant of good faith and fair dealing include:

(1) Was the employee terminated in order to unfairly deprive her of a benefit contemplated by the at-will employment relationship (e.g., a promised share of business profits) (*subjective* bad faith); or

(2) Was the employee terminated on unconstitutional grounds, or in violation of public policy, or for reasons different from that for similarly situated employees (*objective* bad faith).

Chijide v. Maniilaq Assoc. of Kotzebue, 972 P.2d 167, 172 (Alaska 1999).

**B.   What Claims Are NOT at Issue.**

1.   The subjective prong "is not based on the employee's feelings, but rather on the employer's motives." Pitka v. Interior Reg'l Hous. Auth., 54 P.3d 785, 789 (Alaska 2002). There is no evidence in this case that plaintiff's termination involved any action taken to unfairly deprive Ms. Johnson of any benefit under her employment at-will relationship with Fred Meyer. *Accordingly, plaintiff cannot proceed on this alternative subjective prong of the covenant of good faith and fair dealing that she was terminated to deprive her of a benefit.*

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 11

SEADOCS:321249.1

2.	The remaining prong requires *objective* bad faith and proof of action, such as termination on unconstitutional grounds, or termination in violation of public policy, or disparate treatment from that for similarly situated employees. Only one of these three potential limited claims is open to plaintiff.

a.	*There has been no evidence that plaintiff's termination was unconstitutional, so that theory is not available.*

b.	Another contention by plaintiff is that it was bad faith as a matter of law to discharge plaintiff because she "expected" to have a career at Fred Meyer. This is one of many arguments recently advanced by plaintiff, but never pled. *"Expectation," however, is not a constitutional issue, not a public policy issue, and does not equate with any alleged disparate treatment to which plaintiff can point.* This contention fails to meet any of the bases for a claim of wrongful termination of an *at-will* employee under Alaska law and should be rejected along with any alleged evidence in support thereof. Belluomini v. Fred Meyer of Alaska, supra, 993 P.2d at 1012-14.

c.	*Plaintiff has no claim for breach of Fred Meyer policies under an implied contract theory either.* Again, her remaining claim is based on her at-will status, and not upon breach of any express or implied employment contract which she never pled in her 122 separate paragraphs and six counts. Therefore, no claim of a breach of any express or implied contract should be permitted, and no evidence or argument about company policies or procedures is relevant.

d.	*No tort claim.* Despite plaintiff's efforts to convince the Court to permit her to argue that she was terminated because her supervisor favored a "sweetie," that is a tort claim which the Court already has dismissed and the Alaska Supreme Court declined to review.

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 11

SEADOCS:321249.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

     e. *There is no cause of action for "fairness" under Alaska law.*  Plaintiff alternatively tries to argue that the evidence of favoritism toward another female employee over plaintiff should be admissible.  NO!  This in part is the issue addressed in the Court's October 5, 2007, order granting defendant's motion for reconsideration and recognizing that permitting the jury to decide "what is just and right" actually provides no guidance to the jury.  If this was the law in Alaska there would be no employment-at-will because every termination claim would be submitted to the jury for its opinion on what is "just and right."  But in Alaska, neither courts or the juries are to act as super-personnel directors.[2]  Accordingly, plaintiff cannot introduce evidence or argue that her termination was not "fair" because there is no such legal claim.[3]  She must prove disparate treatment (which she cannot do).

### C. Elements of Proof.

The following are necessary elements plaintiff must prove to prevail on her wrongful termination claim.  First, who was her employer?  Second, was she terminated by Fred Meyer directly?  Third, was she constructively discharged?  Fourth, even if there was a constructive termination, was it "wrongful"?

---

[2] "You are not permitted to substitute your judgment for that of [the employer] even if you would have acted differently had it been up to you."  *Van Huff v. Sohio Alaska Petroleum Co.*, 835 P.2d 1181, 1183 (Alaska 1992) (quoting trial court jury instruction with approval).

[3] The Alaska Supreme Court continues to affirm summary judgments on claims by at-will employees of a breach of the covenant of good faith and fair dealing.  If the standard was what was "fair," summary judgments would have been denied.  Instead, summary judgments for the employer were affirmed in *Blackburn v. State, DOT and Public Fac.*, 103 P.3d 900 (Alaska 2004); *Pitka v. Interior Reg. Housing Assn.*, 54 P.3d 785 (Alaska 2002); *Chijide v. Manila Assn. of Kotzebue*, 972 P.2d 167 (Alaska 1999); and *Ramsey v. City of Sand Point*, 936 P.2d 167 (Alaska 1997). Moreover, *denial* of a motion for summary judgment was reversed where the plaintiff argued it was a breach of the covenant to discharge her for personality conflict.  *Era Aviation v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999) ("in the at-will employment context, it is insufficient to show that an employee was discharged for reasons unrelated to job performance").

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 11

SEADOCS:321249.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

1. <u>San Miguel was not plaintiff's employer; the claim against him personally should be dismissed.</u>

The claim by plaintiff of a breach of her employment at-will contract contrary to the implied covenant of good faith and fair dealing is a contract claim – not a tort claim. <u>Luedtke v. Nabors Alaska Drilling, Inc.</u>, 834 P.2d 1220, 1226 (Alaska 1992) ("Luedtke II"); <u>Arco Alaska, Inc. v. Akers</u>, 753 P.2d 1150, 1153-54 (Alaska 1988). As such, this claim may be brought only against a party to the contract – the employer. Fred Meyer admits that it was plaintiff's employer through March 18, 2002.

Jaime San Miguel was the Apparel Department manager at Fred Meyer. He did not hire plaintiff, and he did not have authority to even terminate plaintiff. Mr. San Miguel was <u>not</u> plaintiff's employer; he was <u>not</u> a party to her employment contract with Fred Meyer. There is no authority in Alaska supporting a claim against Mr. San Miguel individually for wrongful discharge contrary to the implied covenant of good faith and fair dealing. The claim of wrongful discharge against Mr. San Miguel personally should be dismissed.

2. <u>No constructive discharge by Fred Meyer.</u>

Fred Meyer did not affirmatively discharge plaintiff. Therefore, she must prove that she was constructively discharged by Fred Meyer. Constructive discharge is not an independent cause of action, but merely satisfies the discharge element in a claim for wrongful discharge. <u>Pitka</u>, <u>supra</u>, 54 P.3d at 790. As a matter of law, there is no claim for constructive discharge based on criticism of an employee's job performance, <u>id.</u>, or plaintiff's "personal feelings of unfairness" or that she "might lose her job" or be demoted. <u>Era Aviation v. Seekins</u>, 973 P.2d 1137, 1141 (Alaska 1999).

The evidence standard to prove a claim of constructive discharge is quite high. But a counseling session, without adverse action, does not rise to the level of a

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 11

SEADOCS:321249.1

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

constructive discharge. To make a case for constructive discharge a plaintiff must present evidence of conditions so unpleasant or difficult that a *reasonable* person in her position would have felt compelled to resign. Pitka, supra, 54 P.3d at 790; Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001). An employee's stress and discomfort with supervisory counseling does not, as a matter of law, constitute constructive discharge due to "intolerable conditions," even if that was her subjective view. 265 F.3d at 168. "[A] stressful environment does not amount to constructive discharge." Id. at 169.

In Agnew v. BASF Corp., 286 F.3d 307 (6th Cir. 2002), the employer required plaintiff Agnew to comply with a performance plan, and advised him that failing to make good progress could result in discipline up to termination. He contended this constituted an adverse employment action, and thus constructive discharge, "by unfairly criticizing his performance and instituting the Performance Improvement Plans." 286 F.3d at 309. The Court of Appeals held "that criticism in performance reviews and institution of performance improvement plans" did not constitute objectively intolerable conditions. Id. at 310. This is consistent with Pitka, supra, and Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989).

       3.    No requirement to follow company policy where employed at-will.

In Ramsey v. City of Sand Point, 936 P.2d 126 (Alaska 1997), the former police chief brought a wrongful termination suit against the City of Sand Point. Summary judgment for the City was affirmed on appeal. The Alaska Supreme Court addressed the objective prong of the covenant, which requires an employer to "act in a manner which a reasonable person would regard as fair," and held that an employee may not simply contend that a decision just was not "fair," but instead the plaintiff must prove that she received disparate treatment compared to similarly situated

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 8 of 11

SEADOCS:321249.1

employees. The covenant may not be interpreted to simply prohibit the termination of an at-will employee as not fair because *there is no legal right in an at-will relationship to expect compliance with any procedural or substantive policy in order to remain employed*. Ramsey, 936 P.2d at 133. Plaintiff never pled an implied contract claim, but this is one of the improper arguments she continues to make.

### 4. No requirement to dismiss at-will employee only for cause.

Following its analysis in Ramsey, the Alaska Supreme Court has confirmed in subsequent cases that an at-will employee is not entitled to dismissal only for good cause. Witt v. State, 75 P.3d 1030, 1034 (Alaska 2003); Era Aviation v. Seekins, supra. The Court has continued to clarify that the purpose of the covenant is only to effectuate the reasonable expectations of the parties, and not to alter or to add to the terms of the at-will employment status. Witt, supra. Accordingly, plaintiff has no claim for cause based on the sole remaining claim, nor did she ever plead such a claim.

### 5. Courts do not have the authority to sit as super-personnel departments reviewing the wisdom or fairness of business judgments made by employers.

See Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181, 1183 (Alaska 1992); Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 781 (8th Cir. 1995), which so held. Plaintiff's wrongful termination claim, therefore, is restricted to evaluation of specific objective factors, such as whether similarly situated employees were treated differently.

### 6. Court should adopt Defendants' Proposed Jury Instructions.

Defendants' proposed jury instructions, No. 9 on Employment "At-Will"; No. 10 on the Implied Covenant of Good Faith and Fair Dealing; and No. 11, Employee Criticism, are correct statements of the law which the jury must address, and this Court should so rule in advance of trial. See copies attached hereto.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 9 of 11

SEADOCS:321249.1

### D. Damages.

Plaintiff's claim of wrongful termination of an at-will contract in breach of the implied covenant of good faith and fair dealing is a contract claim for which she may seek only contract damages. Luedtke II, supra, 834 P.2d at 1226; Arco Alaska v. Akers, supra, 753 P.2d at 1153-54.[4]

Any potential contract damages are limited to the unearned salary of the plaintiff for the likely duration of her employment if the wrongful discharge had not occurred (not indefinitely). Reust v. Alaska Petroleum Contractors, Inc., 127 P.3d 807, 818 (Alaska 2005); Central Bering Sea Fishermen's v. Anderson, 54 P.3d 271, 278 (Alaska 2002); Skagway City School Bd. v. Davis, 543 P.2d 218, 224-28 (Alaska 1975). From such earnings there must be deducted the money that plaintiff could have earned by making diligent efforts to obtain similar employment. Luedtke II, supra, 834 P.2d at 1226. See Defendants' Proposed Jury Instruction No. 12 attached hereto. The Court should declare in advance of trial that this is the proper damages instruction for the jury.

## IV. CONCLUSION

The Court should grant defendants' motions and (A) dismiss the remaining claim of wrongful termination against Mr. San Miguel individually, and (B) declare that the jury instructions to be given are Defendants' Proposed Instruction Nos. 9, 10, 11 and 12.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[4] Furthermore, as only contract damages are available, there are no tort damages (e.g., emotional distress) or punitive damages available. Arco Alaska, supra, 753 P.2d at 1154.

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 10 of 11

SEADOCS:321249.1

RESPECTFULLY SUBMITTED this 12th day of March, 2008.

        MILLER NASH LLP

        s/ James R. Dickens
        Miller Nash LLP
        4400 Two Union Square
        601 Union Street
        Seattle, WA 98101-2352
        Phone:  (206) 622-8484
        Fax:  (206) 622-7485
        E-mail:
           jim.dickens@millernash.com
        ABA No. 0610063

        GRUENSTEIN & HICKEY

        s/ Peter Gruenstein
        Gruenstein & Hickey
        Resolution Plaza
        1029 W. 3rd Avenue, Suite 510
        Anchorage, AK 99501
        Phone:  (907) 258-4338
        Fax:  (907) 258-4350
        E-mail:  ghlaw@gci.net
        ABA No. 7910079

        Attorneys for Defendants

<u>Certificate of Service</u>

I hereby certify that on March 12, 2008, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

MOTIONS BY DEFENDANTS RE JURY INSTRUCTIONS
AND INDIVIDUAL DEFENDANT
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 11 of 11

SEADOCS:321249.1