INSTRUCTION NO. _____

EMPLOYMENT "AT-WILL"

Plaintiff was employed "at-will" by defendant Fred Meyer Stores, Inc. An "at-will" employment relationship may be lawfully terminated at the will of either the employer or the employee for any reason, good or not, or even no reason, simply by giving notice to the other party. An employer is entitled to make its own subjective personnel decisions and can counsel or terminate an employee for any reason that does not violate the Alaska law on the implied covenant of good faith and fair dealing (which is defined for you in another instruction).

You may not find in favor of plaintiff in this case simply because you may disagree with the reasons offered or relied upon by defendants. You also may not find in favor of plaintiff simply because you believe the decision to counsel plaintiff and treat her actions in leaving the counseling session as a voluntary quit was harsh or unreasonable.

---

See Comments to Ninth Circuit Model Instruction Nos. 12.2 & 14.1 (2001) and Federal Jury Practice & Instructions § 106.03 (Supp. 2000) & § 171.75 (5th Ed. 2001) referenced therein. See also Walker v. AT&T Technologies, 995 F.2d 846 (8th Cir. 1993).

Defendants' Proposed Jury Instruction No. 9

SEADOCS:283530.1

INSTRUCTION NO. ____

THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Even though plaintiff was employed at-will by defendant Fred Meyer Stores, Inc., she could not be terminated in breach of the implied covenant of good faith and fair dealing.

Plaintiff contends that she was wrongfully terminated contrary to the implied covenant of good faith and fair dealing for at-will employees. Plaintiff has the burden to prove the following elements of this claim by a preponderance of the evidence:

(1) That plaintiff was constructively discharged by defendant Fred Meyer. For constructive discharge, the plaintiff must prove that a reasonable person in the employee's position would have felt compelled to resign because the working conditions were so unpleasant or difficult as to be intolerable; and

(2) That defendant Fred Meyer Stores, Inc. did not act in a manner which a reasonable person would regard as fair because plaintiff received disparate treatment compared to other similarly situated employees. A "similarly situated employee" is one who reports to the same supervisor as plaintiff, has been subject to the same standards, and has engaged in the same conduct as the plaintiff, without such differentiating or mitigating circumstances that would distinguish his or her conduct or the employer's treatment of them from the treatment of plaintiff.

If you find it to be more likely than not that plaintiff was constructively discharged, and that defendant Fred Meyer Stores, Inc. treated similarly situated employees differently than it treated the plaintiff, you must find for the plaintiff on this claim.

Defendants' Proposed Jury Instruction No. 10

SEADOCS:283530.1

However, if plaintiff fails to establish either constructive discharge or a difference in her treatment from similarly situated employees, then you must find for defendant on this claim.

---

Pitka v. Interior Reg'l Housing, 54 P.3d 785, 790 (Alaska 2002); Era Aviations v. Seeking, 973 P.2d 1137, 1141 (Alaska 1999); Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181 (Alaska 1992)

Defendants' Proposed Jury Instruction No. 10

SEADOCS:283530.1

INSTRUCTION NO. \_\_\_\_

EMPLOYEE CRITICISM

An employer has the legal right to initiate a counseling session to criticize an employee's job performance. The fact that the employee's feelings were hurt by the criticism, or that she believed she might lose her job, does not support a claim of constructive discharge.

---

Pitka v. Interior Reg'l Housing, 54 P.3d 785, 790 (Alaska 2002); Era Aviations v. Seeking, 973 P.2d 1137, 1141 (Alaska 1999); Agnew v. BASF Corp., 286 F.3d 307, 309 (6th Cir. 2002); Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989)

Defendants' Proposed Jury Instruction No. 11

SEADOCS:283530.1

INSTRUCTION NO. _____

DAMAGES

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages, the court does not mean to suggest for which party the verdict should be rendered. If your verdict is for plaintiff Myrna Johnson, you must determine the amount of money which will reasonably and fairly compensate her for her actual damages which you find were proximately caused by defendants.

You may consider the following elements of damages on plaintiff's claim of wrongful termination in breach of the implied covenant of good faith and fair dealing:

(1) Plaintiff's lost wages for the likely duration of her continued employment with Fred Meyer;

(2) Plaintiff's lost benefits.

In determining the amount of net wages and fringe benefits lost because of wrongful termination, you must deduct from such net loss the money that the plaintiff earned or could have earned by making diligent efforts to obtain similar employment. These deductions include:

1. Actual earnings plaintiff made after her termination;

2. Damages for any period of time when plaintiff was unable to perform all or substantially all of the duties and responsibilities of her prior position at Fred Meyer; and

3. The amount that plaintiff would have earned if she had used reasonable diligence in attempting to find other similar employment suitable to her background and experience.

Plaintiff has the burden of proving she was able to perform the job duties of her prior position at Fred Meyer for whatever time period she seeks damages.

Defendants' Proposed Jury Instruction No. 12

SEADOCS:283530.1

Defendant has the burden of proving that plaintiff did not use reasonable diligence in attempting to find other employment after her discharge.

In considering whether plaintiff used reasonable diligence in attempting to find suitable similar employment after her employment ended with Fred Meyer, you may consider such factors as whether she checked the want ads, registered with employment agencies, discussed employment opportunities with acquaintances and took other reasonable diligent action to find similar employment. No wages should be awarded for any period of time in which the plaintiff was not actively seeking employment.

You cannot award any damages for any net lost wages and benefits from Fred Meyer for any period of time when plaintiff was unable to work, or was otherwise not working due to reasons not related to her claims herein against defendant. Likewise, you may not award any damages for lost wages and benefits that duplicate wages and benefits actually received by the plaintiff following the termination of employment with defendant Fred Meyer.

The burden of proving damages rests with plaintiff and it is for you to determine whether any claimed damage has been proved by a preponderance of the evidence.

To make an award for any loss claimed by the plaintiff, you must find that the plaintiff has proved by a preponderance of the evidence the amount of the loss with reasonable certainty.

---

Ruest v. Alaska Petroleum Contractors, Inc., 127 P.3d 807, 818 (Alaska 2005); Luedtke v. Nabors Drilling, Inc., 834 P.2d 1220, 1226 (Alaska 1992); Arco Alaska v. Akers, 753 P.2d 1150, 1153-54 (Alaska 1988)

Defendants' Proposed Jury Instruction No. 12

SEADOCS:283530.1