UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

MYRNA I. JOHNSON, )
)
    Plaintiff, )
)
vs. )
)
FRED MEYER STORES, INC., and )
JAIME SAN MIGUEL, )
)
    Defendants. )  Case No. J-04-008 CV (RRB)
)

**PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION RE JURY INSTRUCTIONS**

I

SUMMARY

This Court has ruled on four prior occasions that Plaintiff may go to trial on the claim that her termination by Fred Meyer was in breach of the covenant of good faith and fair dealing on both the subjective and objective prongs of the test.[1]

Unfortunately, much like Bill Murray in the 1992 film "Groundhog Day", we appear to be stuck in an endless loop. Defendants' latest *Motion re Jury Instructions*[2] is nothing more than a very thinly disguised attempt to have this Court revisit and reconsider those four prior rulings. Reconsideration of these decided issues is improper at this time and offensive to the judicial process.

Defendants' Motion re Jury Instructions should be struck and on this fifth repetition, the Court should award fees and costs.

---

[1] See Docket 81 Order on MSJ
See Docket 93 Order Denying Motion to Dismiss
See Docket 118 Order on Evidentiary Motions
See Docket 127 Order on Motion for Reconsideration
[2] See Docket 137.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

## II.
## PRIOR RULINGS BY THE COURT

1. <u>Order on Motion for Summary Judgment</u>: Defendants initially attempted to obtain summary judgment on all of Plaintiff's claims including her breach of covenant claim.[3] On February 9, 2007 this Court, in granting in part and denying in part that motion, ruled that Plaintiff could bring her breach of covenant claim to the jury. It held that genuine issues of material fact exist from which the jury could conclude that Defendants' actions were based on improper motives or were unfair.[4] No reconsideration or timely review was sought of that decision.

2. <u>Order on Motion to Dismiss</u>: More than five months later, Defendants took a second bite of the apple, attempting then for the *second time* to challenge that decision on the covenant by filing a *Motion to Dismiss Wrongful Termination Claim*.[5] This Court denied that motion as untimely and improper and reaffirmed Plaintiff's right to go to jury on her covenant claim:

> " Defendants do not assert any recognized ground for relief under Rule 60. Moreover, *after carefully reviewing the briefing, the Court remains persuaded that Plaintiff does state a claim for breach of the covenant of good faith and fair dealing* and there are sufficient factual disputes surrounding the circumstances of Plaintiff's termination to permit the matter to proceed to trial on this single theory."[6]

3. <u>Order on Motion to Exclude Evidence</u>: Defendants then filed a *Motion to Exclude Evidence*,[7] once again challenging the Court's decision on the covenant, arguing that evidence intrinsic to the breach of covenant claim should be excluded. On October 1, this Court denied that motion and concluded *for the third time* that Plaintiff could bring her breach of covenant claim on both the subjective and objective prongs of the test. This Court then set

---

[3] See Docket 45.
[4] See Docket 81.
[5] See Docket 86.
[6] See Docket 93 at p. 2. Emphasis added.
[7] See Docket 94.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

out in great detail the legal and factual basis for its conclusions that the breach of covenant claim could go to the jury.[8]

  4.  <u>Order on Motion for Reconsideration</u>: Defendants then moved for reconsideration of that order, challenging the Court's finding that the jury could decide whether termination for replacement by a prospective romantic interest was a violation of explicit public policy.[9] The Court's order on that motion reaffirmed *for the fourth time* that Plaintiff had presented sufficient evidence for both the subjective and objective aspects of the covenant.[10]

### III.

### ARGUMENT

A simple review of Defendants' *Motion re Jury Instruction*[11] demonstrates that it is Groundhog Day once again. Defendants do not propose jury instructions consistent with this Court's prior orders. Rather, a basic reading of this most recent motion confirms that it is nothing more than a *fifth attempt* to reargue the facts and law as to the covenant.

A comparison of the language and arguments in the *Motion re Jury Instructions*[12] with the Defendants' *Motion to Dismiss*[13] filed last July, confirms that in large part, huge portions of the current motion are pulled *verbatim* from the earlier motion. That motion, containing the many of the exact same arguments, was properly characterized by this Court last August as an untimely motion for reconsideration and denied.

Two brief examples illustrate that Defendants' most recent motion is simply another attempt to seek reconsideration of the Court's four prior orders. First, despite this Court having ruled repeatedly that Plaintiff may bring her claim under the subjective (bad faith) prong of the test, Defendants argue in their current motion:

> "There is no evidence in this case that Plaintiff's termination involved any action taken to unfairly deprive Ms. Johnson of any benefit under her employment at-will relationship with Fred Meyer. *Accordingly, Plaintiff cannot proceed on this alternative*

---

[8] See Docket 118.
[9] See Docket 122.
[10] The Court unfortunately reversed its prior ruling on the public policy claim. Plaintiff's claim for breach of the covenant remains in full force and effect.
[11] See Docket 137.
[12] See Docket 137.
[13] See Docket 93.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

*subjective prong of the covenant of good faith and fair dealing that she was terminated to deprive her of a benefit.*"[14]

Second, despite this Court having ruled four separate times that Plaintiff may bring her breach of covenant claim under the objective (unfairness) prong of the test, Defendants argue that there is no basis for bringing that claim:

> *"Expectation," however is not a constitutional issue, not a public policy issue, and does not equate with any alleged disparate treatment to which Plaintiff can point.*"[15]

This latest attempt to reargue this Court's prior decision is unsupported by even nominal reference to a rule which would permit reconsideration to occur. These arguments were found to be untimely last summer. Nothing has happened which would give the Defendants cause or a right to return to these settled issues. Instead, Defendants once more attempt to "back door" their arguments, circumventing the Federal Rules and disregarding the huge amount of time and effort that has gone into arriving at the Court's prior rulings.

## IV.
## CONCLUSION

While endless repetition can be an object for humor and entertainment in a movie, one can choose to turn it off. Unfortunately, Plaintiff has no "remote control" to stop the endless rewind by Defendants to a point in time they select to "once again" attempt to change the future by rearguing what has occurred in the past. Groundhog Day must end.

This Court must exercise its inherent power to enforce its own four prior orders and compel parties to follow the procedural rules which govern motion practice. The judicial hand must firmly stop Defendants' repeated efforts to reargue the law of the case. Defendants' *Motion re Jury Instructions* should be struck as an improper and untimely attempt to reconsider and reargue settled legal issues in this matter. Fees and costs should be awarded to compensate Plaintiff for her counsel's time and to deter this conduct in the future.

---

[14] See Docket 137 at page 4 emphasis in the original.
[15] See Docket 137 at page 5 emphasis in the original.

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)

DATED Friday, April 04, 2008, at Juneau, Alaska.

Respectfully submitted,
CHOATE LAW FIRM LLC

s/Mark Choate
_____
MARK CHOATE
424 N. Franklin Street
Juneau, AK 99801
Phone: (907) 586-4490
Fax: (907) 586-6633
EM: lawyers@choatelawfirm.com
AK Bar: 8011070

Attorneys for Plaintiff

5 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)

# PROOF OF SERVICE

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On April 4, 2008, I served the foregoing document described as **PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By electronic service through the Court of record's electronic service system,

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 4, 2008 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

6 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION RE JURY INSTRUCTIONS
J-04-008 CV (RRB)