James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

MYRNA I. JOHNSON,

    Plaintiff,

v.

FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,

    Defendants.

Case No. 1J-04-008-CV (RRB)

## REPLY BRIEF BY DEFENDANT FRED MEYER RE MOTION TO STRIKE AND JURY INSTRUCTIONS

### I. Introduction

The Court ruled on October 5, 2007 (Docket 127) that plaintiff cannot pursue a claim of alleged favoritism for a "sweetie" as a claim for violation of Alaska public policy, nor use the phrase "public policy" at trial, nor pursue "tort damages." When the Alaska Supreme Court declined to accept certification of the issue addressed by this Court's October 5, 2007, decision, the case was returned to federal court for trial. Thereafter, this Court promptly scheduled a conference with counsel on March 6, 2008, for the purpose of selecting a new trial date.

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 6

SEADOCS:327569.1

During the conference on March 6, 2008, the parties discussed the key legal issues which relate to the appropriate jury instructions for the sole remaining claim. These instructions must be addressed at some point, but it is important do so sooner, rather than later, as the Court recognized during the March 6, 2008, conference. A prompt decision on these instructions before we travel to Juneau for the trial on August 11, 2008, will aid the Court and the parties to frame and control the issues and evidence at trial. For plaintiff to suggest that it is improper to address and confirm the jury instructions before trial is simply a failure to recognize that the jury instructions must be addressed sometime. This may be either at trial, which may interrupt the presentation of evidence, or prior to trial in order to streamline the case for the Court, the jury, and the parties.

In her response to defendant Fred Meyer's motion, plaintiff declined to even address the merits of defendant's proposed jury instructions on her sole remaining claim of an alleged breach of the covenant of good faith and fair dealing on a contract basis. Plaintiff did not identify any incorrect statements of the law in defendant's proposed jury instructions. Plaintiff did not discuss any alternate jury instructions. Therefore, the reasonable conclusion is that plaintiff's motion to strike defendant's motion to accept its proposed jury instructions is a procedural tactic to avoid having this Court focus on the defendant's proposed jury instructions. Fred Meyer contends its proposed jury instructions are correct statements of Alaska law regarding the limited remaining claim. Accordingly, defendant Fred Meyer asks the Court to enter an order confirming that defendant's proposed jury instructions Nos. 9, 10, 11, and 12 will be the instructions on liability and damages submitted to the jury. A proposed order is submitted herewith.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 6

SEADOCS:327569.1

## II. Discussion

### A. Motion to Strike Should Be Denied.

For the reasons set forth in the defense counsel's declaration submitted herewith, plaintiff's proposed motion to strike defendant's motion as to the correct jury instructions should be denied. The Court's last Order dated October 5, 2007, (Docket 127) sets forth the law in this case to be applied at trial, notwithstanding any prior motions or orders. Accordingly, the parties now must submit appropriate jury instructions consistent with the October 5, 2007, Order. Defendant Fred Meyer is not asking for a dismissal of the sole remaining implied covenant claim, but simply a decision by the Court that defendant Fred Meyer's proposed jury instructions are appropriate. This decision should be made now to properly frame and control the issues at trial. The motion to strike should be denied.

### B. The Sole Remaining Claim is a Contract Claim.

Defendant's concern is that without an early decision on the jury instructions, plaintiff will continue to improperly contend that she should be able to argue the amorphous, and legally unsupported, concept that her constructive discharge was "unfair." But "unfair" is not a legal claim or a standard under Alaska employment law even under the implied covenant of good faith and fair dealing.

Plaintiff was an at-will employee. A wrongful discharge claim under the covenant for an at-will employee is very narrow. Accordingly, it is incumbent upon the parties to present to the Court jury instructions that permit both sides to argue their respective positions in the case, but that do not permit plaintiff to pursue claims which are not at issue. For example, the subjective prong requires proof by plaintiff that the employer acted to deprive plaintiff of a benefit under the contract. Pitka v. Interior Reg'l Hous. Auth., 54 P.3d 785, 789 (Alaska 2002). Plaintiff has not pointed to any evidence which suggests that her alleged constructive discharge was to deprive

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 6

SEADOCS:327569.1

her of some benefit of her employment-at-will relationship. Therefore, no instruction is appropriate on the subjective prong.

On the objective approach, as defendant noted, there is no suggestion by plaintiff previously or in particular response to the present motion that her termination was unconstitutional, so that theory is not available to her. Nor is there any claim in the complaint for breach of an implied contract, so that argument is foreclosed. Nor, as the Court ruled on October 5, 2007, is there a legal basis to argue for a tort claim.

As defendant referenced in its motion regarding the proper jury instructions, there are certain elements of proof about which the jury is to be advised. Plaintiff has not disagreed. The remaining question is simply whether the instructions proposed by defendant Fred Meyer, none of which have been disputed by plaintiff, should be declared to be the law of the case as it will be submitted to the jury. Briefly, those jury instructions which Fred Meyer has asked the Court to confirm include the following:

> Defendant's Proposed Jury Instruction No. 9. This instruction sets forth the employment "at-will" standard. The instruction is based on the model instruction for the Ninth Circuit and is consistent with Alaska law. Defendant's Proposed Jury Instruction No. 9 should be approved by this Court in advance of trial.

> Defendant's Proposed Jury Instruction No. 10. This instruction addresses the implied covenant of good faith and fair dealing under Alaska law. This instruction properly sets forth Alaska law. It notes that even though plaintiff was employed at-will, she could not be terminated in breach of the implied covenant of good faith and fair dealing and then sets forth plaintiff's burden of proof. Defendant's Proposed Jury Instruction No. 10 should be approved by the Court in advance of trial.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 6

SEADOCS:327569.1

<u>Defendant's Proposed Jury Instruction No. 11</u>. This jury instruction properly states that an employer has the legal right to initiate a counseling session to criticize an employee's job performance. Again, this is consistent with Alaska state law. Jury Instruction No. 11 should be approved by the Court in advance of trial.

<u>Defendant's Proposed Jury Instruction No. 12</u>. This is the damages instruction which states that plaintiff may recover lost wages for the likely duration of her continued employment with Fred Meyer and any lost benefits, less offsets as noted, if there is liability. Defendant cites multiple Alaska state law cases supporting this damage instruction. Defendant's Proposed Jury Instruction No. 12 should be approved in advance of trial.

### III. Conclusion

For the reasons set forth herein and in its initial motion, defendant Fred Meyer contends the Court should approve in advance of trial its proposed jury instructions Nos. 9, 10, 11, and 12. Plaintiff did not dispute the correctness of these instructions. An advance decision before trial that these are the instructions which will be given to the jury will benefit the Court in framing the issues and controlling the evidence, and will assist the parties in their preparation and focus at trial.

RESPECTFULLY SUBMITTED this 18th day of April, 2008.

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail:
   jim.dickens@millernash.com
ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 6

SEADOCS:327569.1

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

<u>Certificate of Service</u>

I hereby certify that on April 18, 2008, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

REPLY BRIEF BY DEFENDANT FRED MEYER
RE MOTION TO STRIKE AND JURY INSTRUCTIONS
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 6

SEADOCS:327569.1