James R. Dickens                                    Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

    Attorneys for Defendants

MILLER NASH LLP<br>ATTORNEYS AT LAW<br>4400 TWO UNION SQUARE<br>601 UNION STREET, SEATTLE WA 98101-2352<br>TELEPHONE (206) 622-8484

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

MYRNA I. JOHNSON,

            Plaintiff,

    v.                                              Case No. 1J-04-008-CV (RRB)

FRED MEYER STORES, INC., a
Delaware corporation; and JAIME SAN
MIGUEL,

            Defendants.

## NOTICE OF INTENT TO IMPEACH PLAINTIFF
## RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY

### I. SUMMARY

A.    Plaintiff Myrna Johnson was recently convicted of a felony.  She pled guilty in December 2007 to the federal crime of trafficking in counterfeit goods. Accordingly, defendant Fred Meyer Stores, Inc., hereby gives notice that it will impeach plaintiff at trial because her federal felony conviction for trafficking in counterfeit goods is a crime of dishonesty.

B.    Fred Meyer hereby moves for an order permitting further discovery from plaintiff because the events relating to plaintiff's felony conviction impact her

NOTICE OF INTENT TO IMPEACH PLAINTIFF
RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 6

SEADOCS:344390.1

alleged damages. Plaintiff's actions in engaging in this criminal activity warrant additional discovery and instructions on alleged damages due to her failure to mitigate by not seeking lawful employment.

## II. FACTS

After leaving Fred Meyer's employ in Juneau, Alaska, plaintiff moved to South Carolina. She opened a store which the government later concluded was selling counterfeit women's apparel under the names of Tommy Hilfiger, Louis Vuitton, Gucci, Prada, Burberry, Kate Spade, Oakley, and Coach.

Plaintiff was initially charged in state court with selling counterfeit products. Later she was indicted in federal court and on November 21, 2006, the United States attorney for the District of South Carolina charged Myrna Johnson with violating 18 U.S.C. § 2320(a) (i.e., trafficking in counterfeit goods). The indictment stated, in part:

> Defendant MYRNA I. JOHNSON, *intentionally* did traffic and attempt to traffic ... and *knowingly used counterfeit marks* on and in connection with such goods ..., which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which counterfeit marks was likely to cause confusion, to cause mistake, and *to deceive*.

(Emphasis added.) Exhibit 1 attached.

On October 25, 2007, plaintiff entered into a plea agreement. See Exhibit 2 attached.

On December 4, 2007, plaintiff pled guilty to Count One of the Indictment. Exhibit 3 attached.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

NOTICE OF INTENT TO IMPEACH PLAINTIFF
RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 6

On June 17, 2008, defendant received Johnson's Supplemental Disclosure with the attached Judgment in a Criminal Case, entered by Senior U.S. District Judge Matthew J. Perry, Jr., on April 15, 2008. See Exhibit 4 attached.[1]

## III. ISSUES

A.    Was plaintiff's guilty plea to the crime of intentionally and knowingly trafficking in counterfeit goods a crime of dishonesty which can be used by Fred Meyer to impeach plaintiff at trial?

B.    May defendant obtain further discovery from plaintiff re her crime and its effect on her claim for damages?

## IV. DISCUSSION

A.    Impeachment.  Fed. R. Evid. 609(a)(2) permits a party to use the prior conviction of a witness to attack the witness's character for truthfulness, regardless of the punishment, if "the elements of the crime require proof or admission of an act of dishonesty or false statement by the witness," and the conviction is less than ten years.

Congress intended crimes of "dishonesty" to include those involving deceit, untruthfulness, or falsification. U.S. v. Brackeen, 969 F.2d 827, 830 (9th Cir. 1992). The statutory elements of 18 U.S.C. § 2320 establish that trafficking in counterfeit goods is a crime of dishonesty and untruthfulness because it involves deceit by the knowing use of a false mark identical or indistinguishable from a registered mark.

The Ninth Circuit has held that counterfeiting is a crime of dishonesty and therefore conviction of this crime is admissible for impeachment purposes under Fed. R. Evid. 609. See U.S. v. Cuozzo, 962 F.2d 945, 948 (9th Cir. 1992); U.S. v. Harris,

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

---

[1] After receiving the supplemental disclosure, defendant initiated a review of the criminal file in South Carolina district court and obtained copies of Exhibits 1, 2 and 3 hereto. These three exhibits were not previously produced for defendant by plaintiff. Review of the criminal file prompted the present submission.

NOTICE OF INTENT TO IMPEACH PLAINTIFF
RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 6

SEADOCS:344390.1

738 F.2d 1068, 1073 (9th Cir. 1984) (counterfeiting involves dishonesty and fraud); and U.S. v. Dixon, 547 F.2d 1079, 1084 n.3 (9th Cir. 1976).    Other circuit courts similarly have held that counterfeiting is a crime of dishonesty and conviction thereof is admissible for impeachment purposes under Fed. R. Evid. 609.    U.S. v. Morrow, 977 F.2d 222, 228 (6th Cir. 1992); and U.S. v. Noble, 754 F.2d 1324, 1331 (7th Cir. 1985) ("counterfeiting is an offense in the nature of *crimen falsi*.    We agree with the district court's decision that the prior counterfeiting conviction was admissible [under Rule 609(a)(2)]").

The fact that plaintiff's conviction was based on a guilty plea is still a "conviction" for purposes of Fed. R. Evid. 609.    It is irrelevant whether the conviction is the product of a guilty plea, a bench trial, or a jury trial.    See Harris, 738 F.2d at 1073; and U.S. v. Pardo, 636 F.2d 535, 545 (D.C. Cir. 1980).

B.    Motion for limited discovery.    The recent disclosure of plaintiff's felony conviction is highly relevant to plaintiff's claim for damages.    To the extent plaintiff failed to look for lawful employment, but instead engaged in unlawful activity, is relevant to her duty to mitigate.

Defendant now needs further discovery from plaintiff to ascertain the impact on her alleged damages for the time she devoted to the unlawful activity.    This discovery also should extend to the additional time she spent in defending the initial state and the federal felony indictments.    Such discovery should include both further deposition testimony by plaintiff and production of all of her federal and state tax returns to date which have not been produced, i.e., 2006 and 2007 tax returns. Defendant expects that such a deposition may be conducted by telephone and should not exceed two hours.

Finally, defendant will be submitting supplemental jury instructions advising the jury that for the time frame when plaintiff was engaged in this unlawful felonious

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WA 98101-2352
TELEPHONE (206) 622-8484

SEADOCS:344390.1

activity, to include the time she spent defending herself after being charged, she cannot seek damages and an instruction as to the evaluation of plaintiff's credibility given this conviction.

## V. CONCLUSION

A.    Trafficking in counterfeit goods is a crime of dishonesty because the deceptive nature of the crime is explicit in 18 U.S.C. § 2320. The case law confirms that a person who deals in counterfeit items is committing a crime of dishonesty. Accordingly, plaintiff's guilty plea to the crime of trafficking in counterfeit goods may be used to impeach her in the current litigation.

B.    Defendant should be permitted both further discovery from plaintiff at this time, and supplemental jury instructions related to plaintiff's felony plea.

DATED this _15th_ day of _July_, 2008.

Respectfully submitted,

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail:
    jim.dickens@millernash.com
ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

NOTICE OF INTENT TO IMPEACH PLAINTIFF
RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 6

SEADOCS:344390.1

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

Certificate of Service

I hereby certify that on July 15 , 2008,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

NOTICE OF INTENT TO IMPEACH PLAINTIFF
RE FELONY CONVICTION; MOTION FOR FURTHER DISCOVERY
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 6

SEADOCS:344390.1