IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 0:06 – 1223 |
| | ) | 18 USC § 2320(a) |
| v. | ) | |
| | ) | |
| MYRNA I. JOHNSON | ) | INDICTMENT |

<u>COUNT 1</u>

THE GRAND JURY CHARGES:

From on or about October 26, 2004, through on or about December 31, 2004, in the District of South Carolina, Defendant MYRNA I. JOHNSON, intentionally did traffic and attempt to traffic in goods, that is, wallets, purses, duffel bags, socks, shoes, sunglasses, and key chains, and knowingly used counterfeit marks on and in connection with such goods, that is marks for Tommy Hilfiger, Louis Vuitton, Gucci, Prada, Burberry, Kate Spade, Oakley, and Coach, which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which counterfeit marks was likely to cause confusion, to cause mistake, and to deceive;

In violation of Title 18, United States Code, Section 2320(a).

A  TRUE  BILL

s/Foreperson
FOREPERSON

s/Reginald I. Lloyd
REGINALD I. LLOYD    (WDH)
UNITED STATES ATTORNEY

Exhibit 1 Page 1 of 1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 0:06-1223 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| MYRNA JOHNSON | ) | |
| | ) | |

**General Provisions**

This PLEA AGREEMENT is made this 25TH day of October, 2007, between the United States of America, as represented by United States Attorney REGINALD I. LLOYD, Assistant United States Attorney Winston D. Holliday, Jr.; the Defendant, **MYRNA JOHNSON**, and Defendant's Attorney, J. Christopher Mills, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as follows:

1. The Defendant agrees to plead guilty to Count One of the Indictment now pending, which charges Trafficking in Counterfeit Goods, a violation of Title 18, United States Code, Section 2320(a).

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

**Count One–Trafficking in Counterfeit Goods, § 2320(a)**

On or about October 26, 2004, through on or about December 31, 2004, in the District of South Carolina, the Defendant

    1. The Defendant intentionally and knowingly;

    2. Trafficked or attempted to traffic in goods bearing a counterfeit mark;

    3. Said mark being identical or substantially indistinguishable from a mark

Exhibit 2 Page 1 of 7

in use and registered for such goods at the United States Patent and Trademark Office.

**Possible Penalties for 18 U.S.C. §2320(a)**

$2,000,000 fine; 10 years imprisonment; 3 years supervised release; $100 special assessment.

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

   (A) <u>Fines:</u> The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

   (B) <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

3. The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application

Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4. The Defendant agrees that all facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that he waives any argument that facts that determine his offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

(A) the Defendant will not be permitted to withdraw her plea of guilty to the offenses described above;

(B) all additional charges known to the Government may be filed in the appropriate district;

(C) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

9. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences;

(C) in a prosecution for perjury or giving a false statement; or

(D) in the event the Defendant breaches any of the terms of the Plea Agreement.

10. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the

Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw her plea.

### Merger and Other Provisions

11. The Attorneys for the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

**The value of the infringing items for purposes of computing the appropriate sentencing guideline range is $15,495.**

The Defendant understands that this stipulation is not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw her plea should this stipulation not be accepted. Further, the Defendant understands and acknowledges that this stipulation is binding on the Government only in the event the Defendant complies with ALL the terms of this Agreement and does not contest the above stipulation or any readily provable relevant conduct.

12. The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for her offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that she receive the one level decrease

set forth in § 3E1.1(b), and requests that this provision be considered as that request.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

10/25/07
DATE

_____
DATE

10-29-07
DATE

_____
MYRNA JOHNSON, Defendant

_____
J. Christopher Mills
Attorney for the Defendant

REGINALD I. LLOYD
UNITED STATES ATTORNEY

BY: _____
Winston D. Holliday, Jr.
Assistant U. S. Attorney

-7-

Exhibit 2  Page 7 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

**UNITED STATES OF AMERICA**

VS                                        CR NO. 0:06-1223-MJP

**MYRNA I. JOHNSON**

## PLEA

The defendant, **MYRNA I. JOHNSON**, having withdrawn HER plea of Not Guilty entered 3/6/07, pleads **GUILTY** to Count **ONE** of the **INDICTMENT** after arraignment in open court.

_____
(Signed) Defendant

COLUMBIA, South Carolina
December 4, 2007

Exhibit 3 Page 1 of 1

RECEIVED
JUN 17 2008
MILLER NASH LLP

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA AT JUNEAU

MYRNA I. JOHNSON,

    Plaintiff,

vs.

FRED MEYER STORES, INC., and
JAIME SAN MIGUEL,

    Defendants.

Case No. J-04-008 CV (RRB)

### JOHNSON'S SUPPLEMENTAL DISCLOSURE DATED JUNE 13, 2008

COMES NOW the plaintiff(s), by and through their counsel of record, Choate Law Firm LLC, and pursuant to Civil Rule 26 (a) (2) hereby supplements the following records:

| Category | Location |
|---|---|
| U.S District Court Judgment concerning case No. 0:06-1223-MJP | Attached. |

DATED this 13th day of June, 2008.

Respectfully submitted,
CHOATE LAW FIRM LLC

_____
MARK CHOATE # 8011070
Attorneys for Plaintiff

1 of 2

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
Supplemental Disclosures Dated 6-13-08
J-04-008 CV (RRB)

Exhibit 4 Page 1 of 6

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is, 424 N. Franklin St, Juneau, AK 99801.

On June 13, 2008, I served the foregoing document described as ***JOHNSON'S SUPPLEMENTAL DISCLOSURE DATED JUNE 13, 2008***, on the interested parties in this action by serving the original true copies, addressed as follows:

| | |
|---|---|
| James Dickens<br>Miller Nash LLP<br>Attorney For: Fred Meyers<br>4400 Two Union Square<br>601 Union Street<br>Seattle, WA 98101-2352<br>Phone: (206) 622-8484<br>Fax: (206) 622-7485 | Peter Gruenstein<br>Gruenstein & Hickey<br>Attorney For: Fred Meyers<br>500 L Street, Suite 401<br>Anchorage, AK 99501<br>Phone: (907) 258-4338<br>Fax: (907) 258-4350 |

☒ By mail, I deposited such envelope(s) in the mail at Juneau, Alaska, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Juneau, Alaska, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ By personal service, I delivered such envelope(s) by hand to the ☐ office(s); ☐ the court box of the addressee(s)..

☐ By facsimile, I transmitted such documents from Juneau, Alaska, to the offices of the addressee(s).

☐ By email, I transmitted such documents from Juneau, Alaska, to the email address of the addressee(s).

☐ By electronic service through the court of record's electronic service system,.

☒ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on June 13, 2008 at Juneau, Alaska.

CHOATE LAW FIRM, LLC

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
Supplemental Disclosures Dated 6-13-08
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

Exhibit 4 Page 2 of 6

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| vs. | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: <u>0:06-1223-MJP</u> (001) |
| MYRNA I. JOHNSON | US Marshal's Number: <u>15204-171</u> |
| | <u>J. Christopher Mills, Esq.</u><br>Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count(s) <u>one</u> of the Indictment on <u>12/4/2007</u>
☐ pleaded nolo contendere to count(s) on which was accepted by the court.
☐ was found guilty on count(s) on after a plea of not guilty.
Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2320(a) | Please see indictment | 12/31/2004 | one |

The defendant is sentenced as provided in pages 2 through <u>4</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States.
☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

4/10/2008
Date of Imposition of Judgment

Signature of Judicial Officer

Matthew J. Perry, Jr., Sr., U.S. District Judge
Name and Title of Judicial Officer

4/15/08
Date

Exhibit <u>4</u> Page <u>3</u> of <u>6</u>

DEFENDANT: <u>MYRNA I. JOHNSON</u>
CASE NUMBER: <u>0:06-1223-MJP</u> (001)

# PROBATION

The defendant is hereby sentenced to probation for a term of <u>1 year</u>.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

- ■ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ■ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable)
- ■ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)
- ☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not commit another federal, state or local crime during the term of supervision.

Exhibit <u>4</u> Page <u>4</u> of <u>6</u>

AO 245B (SCD Rev. 8/06) Judgment in a Criminal Case
Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: MYRNA I. JOHNSON
CASE NUMBER: 0:06-1223-MJP (001)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|         | **Assessment** | **Fine** | **Restitution** |
|---------|----------------|----------|-----------------|
| Totals: | $ 100.00       | $ na     | $ na            |

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

> If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . $

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.
  ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Exhibit 4  Page 5 of 6

AO 245B    SCD (Rev. 8/06) Judgment in a Criminal Case
             Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: <u>MYRNA I. JOHNSON</u>
CASE NUMBER: <u>0:06-1223-MJP</u> (001)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ■   Lump sum payment of <u>$100.00</u> due immediately, balance due

        ☐ not later than , or

        ☐ in accordance with    ☐ C,    ☐ D, or    ☐ E below; or

B   ☐   Payments to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ E below); or

C   ☐   Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence after the date of this judgment; or

D   ☐   Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   ☐   Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Exhibit <u>4</u>   Page <u>6</u> of <u>6</u>