**INSTRUCTION NO. A**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

The instructions given to you at the beginning of the trial are still applicable and I will not take up your time reading them again. You will have the full set of the Court's instructions with you in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. B**

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Myrna Johnson, the Plaintiff in this case, brings this lawsuit against Fred Meyer Stores, Inc., the Defendant. Plaintiff, a former employee in Fred Meyer's Juneau store, claims that she was wrongfully terminated/fired from her job with Fred Meyer. She contends that her termination was in bad faith, based on improper motives, and in a manner and for reasons which a reasonable person would regard as unfair. Plaintiff claims that Defendant's actions violated what is known in the law as the implied covenant of good faith and fair dealing.

Defendant denies this claim and contends that Plaintiff terminated/quit her employment when she walked out of a counseling session with her manager and the store director on March 18, 2002, after they allegedly advised her that such actions would be deemed a voluntary resignation per company policy. Further, Defendant contends that even if Plaintiff's departure is viewed as a discharge, it was not in violation of the covenant of good faith and fair dealing.

**INSTRUCTION NO. C**

Plaintiff was an "at-will employee" of Fred Meyer Stores, Inc. As such, she could be terminated for any reason or for no reason, but she could not be terminated for an improper reason, i.e., for a reason that violates the implied covenant of good faith and fair dealing.

An employer violates the covenant of good faith and fair dealing when it acts with improper motive or in bad faith. An employer also violates the covenant of good faith and fair dealing if the employer acts in a manner which a reasonable person would regard as unfair under the circumstances.

**INSTRUCTION NO. D**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**INSTRUCTION NO. E**

Where an employer makes working conditions so intolerable that the employee is forced into voluntary resignation, the resignation may be treated as a discharge. This is known as "constructive discharge." A constructive discharge may result from a sustained campaign of harassment against an employee such that the employee would have felt compelled to resign.

**INSTRUCTION NO. F**

An employer has the legal right to initiate a counseling session to criticize an employee's job performance so long as the counseling session is not a pretext for otherwise improper employer conduct.

The fact that the employee's feelings were hurt by legitimate criticism does not, standing alone, create intolerable work place conditions in support of a claim of constructive discharge.

**INSTRUCTION NO. G**

All persons are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any other person.

**INSTRUCTION NO. H**

Under the law, a corporation is a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. I

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any economic losses you find she sustained that was caused by the defendant.

Your award must be based upon the evidence and not upon speculation, guesswork, or conjecture.

**INSTRUCTION NO. J**

In determining the measure of damages, you should consider the reasonable value of wages, benefits, or employment opportunities plaintiff lost, if any, from the date her employment ended to the present time. This should be offset by any monies or benefits plaintiff actually received from other sources during this time frame.

**INSTRUCTION NO. K**

The plaintiff has the duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.   That the plaintiff failed to use reasonable efforts to mitigate damages; and

2.   The amount by which damages would have been mitigated.

Any monies or benefits plaintiff should have received through reasonable efforts to mitigate should be offset against the value of any losses caused by defendant.