James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Telephone: (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338

    Attorneys for Defendants

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>FRED MEYER STORES, INC., a Delaware corporation; and JAIME SAN MIGUEL,<br><br>    Defendants. | Case No. 1J-04-008-CV (RRB) |

## DEFENDANT'S MEMO
## RE IMPEACHMENT OF PLAINTIFF AFTER DEPOSITION

### I. Introduction

Defendant gave notice of intent to impeach plaintiff for dishonesty based on her felony plea. Plaintiff opposed and on August 5, 2008, the Court denied the request, without prejudice, until after plaintiff's deposition. Now that plaintiff has been deposed defendant asks the Court to consider its request to impeach plaintiff.

### II. Discussion

Plaintiff was deposed on August 6, 2008. In this deposition she admitted that Ex. 6 was a true and accurate copy of the Indictment, Count 1, filed against her by the

United States Attorney for the District of South Carolina in November 2006. See copy attached. She also admitted that Ex. 7, copy attached, was a true and accurate copy of her plea of "GUILTY to Count ONE of the INDICTMENT." Her testimony confirms defendant's right, under Fed. R. Evid. 609(a)(2), to impeach her for her plea of guilty to a crime of dishonesty which included "The use of . . . counterfeit marks . . . likely to cause confusion, to cause mistake, and to deceive." See Ex. 6.

Ms. Johnson argued previously that her conviction of intentionally and knowingly trafficking in counterfeit goods was not a crime of dishonesty because she allegedly did not deceive the direct purchasers of the counterfeit goods. But even if the direct purchasers were not deceived by Ms. Johnson's action (although this is unlikely), intentionally and knowingly trafficking in counterfeit goods is still a crime of dishonesty because (1) the deceptive nature of the crime is explicit in 18 U.S.C. § 2320 and (2) the crime encompasses elements of deceit and untruthfulness. Accordingly, Ms. Johnson's prior conviction under 18 U.S.C. § 2320 should be held as proper for Fred Meyer to use for impeachment purposes per Fed. R. Evid. 609(a)(2).

### A.     Fred Meyer Never Incorrectly Cited 18 U.S.C. §2320.

On page two of its original motion, Fred Meyer properly quoted Ms. Johnson's *indictment*, see Ex. 6 attached, which stated "Defendant MYRNA I. JOHNSON, *intentionally* did traffic and attempt to traffic…and *knowingly used counterfeit marks* on and in connection with such goods…,and the use of which counterfeit marks was *likely to cause confusion, to cause mistake, and to deceive*. (Emphasis added.) Fred Meyer was not citing 18 U.S.C. § 2320(a), but was accurately quoting to this Court the language in the indictment of defendant.

The fact that the indictment stated that Ms. Johnson's use of counterfeit marks "was likely to cause confusion, to cause mistake, *and* to deceive" supports Fred

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S MEMO RE IMPEACHMENT OF PLAINTIFF
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 6

SEADOCS:350100.1

Meyer's argument that intentionally and knowingly trafficking in counterfeit goods is a crime of dishonesty. When establishing whether a prior conviction is a crime of dishonesty, a proponent can rely on the indictment, in addition to the statutory elements. See Moore's Federal Rules Pamphlet 2007, Part 2: Federal Rules of Evidence § 609.4[4] (2007) (citations omitted). Because Ms. Johnson's indictment accused her of causing confusion, mistake, *and* deceiving, it follows that her plea to "Count One of the Indictment" is a plea to a crime which included deceit. Accordingly, Ms. Johnson's indictment supports a finding that intentionally and knowingly trafficking in counterfeit goods is a crime of dishonesty that can be used for impeachment purposes as a matter of law per Fed. R. Evid. 609(a)(2).

**B.     Intentionally and Knowingly Trafficking in Counterfeit Goods is a Crime of Dishonesty.**

The elements of deceit and untruthfulness are embedded in the crime of intentionally and knowingly trafficking in counterfeit goods, and as a consequence, it is a crime of dishonesty. First, and most obvious, is the fact that the word "deceive" appears on the face of the pertinent statute, and therefore the deceptive nature of the crime is explicit. See 18 U.S.C. § 2320(e). Second, because the crime involves counterfeit goods, it is clear that the crime must encompass some element of deceit and untruthfulness. In her opposition, Ms. Johnson argued that because she did not intend to deceive her direct purchasers, her conviction was not a crime of dishonesty. The policy behind 18 U.S.C. § 2320, however, is to protect not only the direct purchasers, but also (a) the purchasing *public*, and (b) the trademark holder's *reputation for quality goods*. See U.S. v. Torkington, 812 F.2d 1347, 1352-53 (11th Cir. 1987). Thus, even if Ms. Johnson did not deceive some of her direct purchasers, she still deceived both the purchasing public and the trademark holders. Consequently, she committed a crime of dishonesty.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Consider that after Ms. Johnson sold a counterfeit product to a direct purchaser, the purchasing *public* was able to view the counterfeit product obtained by that purchaser and falsely conclude that the poorer quality product was authentic. Accordingly, Ms. Johnson was *deceiving* the purchasing public by supplying counterfeit goods that could be mistaken for an authentic good and, simultaneously, contributed to the *untruthful* representation of a trademark holder's good to the purchasing public.

In addition, Ms. Johnson was deceptive and untruthful towards the actual trademark holders when she intentionally and knowingly trafficked in counterfeit goods because she never received permission from the pertinent trademark holders to sell items containing their trademarks (albeit, fake versions). Instead, Ms. Johnson proceeded to use a falsified version of the trademarks. Because Ms. Johnson did not disclose her actions to the true owners of the trademarks, her actions were *deceptive* and untruthful. Accordingly, because the crime of intentionally and knowingly trafficking in counterfeit goods involves both deceit and untruthfulness, it is clear that it is a crime of dishonesty that can be used for impeachment purposes.

### C.  **No Balancing Test Under Rule 609(a)(2).**

Pursuant to Rule 609(a)(2), evidence that any witness has been convicted of a crime "*shall be admitted*" if it involves dishonesty or a false statement, regardless of the punishment. The Rule does not allow a balancing of the probative value against the prejudicial effect. See Fed. R. Evid. 609(a)(2). Thus, the Court does not have discretion to exclude prior convictions of crimes involving dishonesty or false statement. See S.E.C. v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000). Accordingly, Ms. Johnson's argument regarding the probative value and the balancing prejudicial effect under Fed. R. Evid. 609(a)(1) is not applicable.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

### III. Conclusion

Trafficking in counterfeit goods is a crime of dishonesty because the deceptive nature of the crime is explicit in 18 U.S.C. § 2320 and because the crime encompasses elements of deceit and untruthfulness. Accordingly, plaintiff's guilty plea to the crime of trafficking in counterfeit goods may be used by Fred Meyer to impeach her in the current litigation per Fed. R. Evid. 609(a)(2) and the relevant case law. Defendant asks the Court to reconsider its ruling and permit impeachment of plaintiff as appropriate.

DATED this 6th day of August. 2008.

Respectfully submitted,

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485
E-mail:
    jim.dickens@millernash.com
ABA No. 0610063

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350
E-mail: ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendants

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S MEMO RE IMPEACHMENT OF PLAINTIFF
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 6

SEADOCS:350100.1

Certificate of Service

I hereby certify that on August 6, 2008, a copy of the foregoing was served electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT'S MEMO RE IMPEACHMENT OF PLAINTIFF
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 6

SEADOCS:350100.1