IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>         Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware corporation,<br><br>         Defendant. | Case No. 1:04-cv-0008-RRB<br><br>**ORDER RE LAW OF THE CASE** |

     As there continues to be disagreement between the parties and understandable confusion regarding the law of case, the Court restates the law as the Court understands it and as previously set forth in the Court's prior orders.

     Defendant Fred Meyer seeks to narrowly limit Plaintiff's legal theory based on the implied covenant of good faith and fair dealing. This covenant applies to all employees who are employed at will. "At-will employees may be terminated for any reason that does not violate the implied covenant of good faith and fair dealing."[1]

---

[1] <u>Pitka v. Interior Reg. Hous. Auth.</u>, 54 P.3d 785, 789 (Alaska 2002).

ORDER RE RE LAW OF THE CASE - 1
1:04-CV-0008-RRB

The covenant of good faith and fair dealing consists of subjective and objective elements, either one of which may constitute violation of the covenant.[2] Upon further consideration, however, the Court is inclined not to instruct the jury regarding the objective element, for it is unclear and really adds little to Plaintiff's claims.

According to the Alaska Supreme Court, an employer violates the covenant when it acts "with subjectively improper motive, <u>such as</u> when it 'discharges an employee for the purpose of depriving him or her of one of the benefits of the contract.'"[3]

Defendant continues to argue – incorrectly in this Court's opinion – that Plaintiff cannot proceed under the subjective element of the covenant because Plaintiff has not alleged the existence of an employment contract.  The Alaska Supreme Court's use of the phrase "such as" in the above quotation from <u>Pitka</u> indicates that deprivation of contractual benefits is an <u>example</u> of subjective violation of the covenant, but not necessarily the only way in which the subjective element of the covenant may be violated.

Thus, the issue for the jury is not whether Plaintiff was deprived of a benefit of a contract, but rather whether Defendant

---

[2]   <u>See</u> Docket 81 at 17-19 (Order of Feb. 9, 2007).

[3]   <u>Pitka</u>, 54 P.3d at 789 (emphasis added).

acted with "subjectively improper motive" in discharging Plaintiff.[4] To succeed, Plaintiff "must present proof that the employer's decision to terminate . . . her 'was actually made in bad faith.'"[5] While evidence of Defendant's progressive discipline system is not necessarily relevant to termination of Plaintiff's at-will employment, evidence from the Employee Handbook may be relevant to the issue of whether Defendant's purpose for disciplining and terminating Plaintiff was a pretext for subjectively improper motives or bad faith.[6] The Court will give a clarifying instruction on this point if so requested.

"An objective breach of the implied covenant may occur where the employer does not 'act in a manner which a reasonable person would regard as fair.'"[7] The Alaska Supreme Court has identified three examples of actions which violate the objective aspect of the covenant: (1) disparate employee treatment, (2) terminations on unconstitutional ground, and (3) firings that violate public policy.[8] Plaintiff does not allege disparate treatment or termination on unconstitutional grounds.

---

[4]   Id. (citation omitted).

[5]   Id. (citation omitted).

[6]   See Docket 118 at 6 (Order of Oct. 1, 2007).

[7]   Pitka, 54 P.3d at 789 (citation omitted).

[8]   Id.

ORDER RE RE LAW OF THE CASE - 3
1:04-CV-0008-RRB

Regarding the third example, the parties have not identified, and the Court has not found, any explicit "public policy" in Alaska which would prohibit an employer from discharging an at-will employee in order to replace her with someone else – even if the discharge is motivated by a hoped-for romantic interest.[9] When given the opportunity to address this question upon the parties' joint certification, the Alaska Supreme Court declined to answer the certified question.[10] The absence of such a "public policy" means that Plaintiff is not entitled to receive tort damages if successful in proving her case.[11] It does not mean, however, that Plaintiff cannot present evidence that Jaime San Miguel had romantic interests in Joanna Havard and discharged Plaintiff in order to advance that interest by hiring Havard. Such evidence may be relevant to Defendant's subjective motivations under the subjective element of the covenant.

Although none of the examples explicitly recognized by the Alaska Supreme Court as violations of the objective element of the covenant exist in this case, the Alaska Supreme Court has never indicated that these three examples constitute an exhaustive list.

---

[9] See Docket 127 at 3.

[10] See Docket 133.

[11] Kinzel v. Discovery Drilling, Inc., 93 P.3d 427, 437-38 (9th Cir. 2004).

This Court has been of the opinion throughout this litigation that these were only examples and not intended to be an exhaustive statement of the only ways in which the covenant can be objectively breached.[12]  Thus, the test under the objective element would not be whether Plaintiff's case neatly fits into one of the three examples noted by the Alaska Supreme Court, but rather whether the employer acted in a manner which a reasonable person would regard as unfair.  Although additional guidance on the objective element would be helpful, none appears to exist.

After further considering the matter, the Court concludes that it cannot ask the jury to decide whether an action is "unfair" without providing additional guidance.  Such an instruction would be too broad and obliterate the distinction between "at-will" and "for cause" employees.  Conversely, eliminating the instruction regarding objective breach will do much to simply the instruction with little detriment to Plaintiff because any action qualifying as "unfair" would likely either be based on improper motives or taken in bad faith and thus be covered by the subjective breach instruction.  Therefore, in order to avoid confusion the Court will not instruct jury as to the objective element of the covenant.

ENTERED this 7th day of August, 2008.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[12]    See, e.g., Docket 127 at 1-2 n.1.

ORDER RE RE LAW OF THE CASE - 5
1:04-CV-0008-RRB