James R. Dickens  
MILLER NASH LLP  
4400 Two Union Square  
601 Union Street  
Seattle, WA  98101-2352  
Telephone: (206) 622-8484

Hon. Ralph R. Beistline

Peter Gruenstein  
GRUENSTEIN & HICKEY  
Resolution Plaza  
1029 W. 3rd Avenue, Suite 510  
Anchorage, AK  99501  
Telephone: (907) 258-4338

    Attorneys for Defendant

UNITED STATES DISTRICT COURT  
DISTRICT OF ALASKA

MYRNA I. JOHNSON,

        Plaintiff,

  v.

FRED MEYER STORES, INC., a Delaware corporation,

        Defendant.

Case No. 1J-04-008-CV (RRB)

**DEFENDANT FRED MEYER'S RENEWED MOTIONS IN LIMINE**

### I. INTRODUCTION

      On August 7, 2008, the parties through their counsel had a pretrial conference with the Court regarding plaintiff's sole remaining claim of an alleged breach of the implied covenant of good faith and fair dealing.  As a result of that conference Fred Meyer contends that the Court should review defendant's prior motions and exclude evidence *in limine* (Doc. 94) that plaintiff could be terminated only "for cause"; exclude evidence of plaintiff's work performance and character; exclude opinion testimony; and exclude evidence of other employee conduct).  See also defendant's reply on such motions (Doc. 106) at pp. 3-7.  The specific evidence that Fred Meyer asks be ruled inadmissible at the time includes:

     1.     Any evidence or contention that plaintiff could only be terminated "for cause" (never pled and not an element of the covenant).

     2.     Any claim or contention that there was an implied contract claim with Fred Meyer based upon the employee handbook (for which there was a disclaimer) or internal company standards (never pled and not an element of the covenant).

     3.     That plaintiff was terminated so her supervisor could replace her with a pretty young single woman ("sweetie rule" – already dismissed and review denied by Alaska Supreme Court).

## II. PLAINTIFF'S POTENTIAL EVIDENCE

Defense counsel asked the Court during the pretrial conference to require plaintiff to present an offer of proof before trial begins. Only a single limited claim remains of an alleged breach of implied the covenant of good faith and fair dealing. Plaintiff's counsel said this was "frustrating" to answer this question and gave no outline of the alleged claim and evidence other than Fred Meyer's actions were "unfair". Later, however, as we were discussing the jury instructions plaintiff's counsel contended she would present her claim of a breach of the implied covenant of good faith and fair dealing as follows:

     1.     That Fred Meyer made a decision before plaintiff returned from her leave of absence in March 2002 to replace her with a young single woman, Johnna Havard, because plaintiff's supervisor had a romantic interest in Ms. Havard and this constituted bad intent.

     2.     That Fred Meyer was unhappy because plaintiff had taken emergency leave and therefore plaintiff was discharged in bad faith.

     3.     That Fred Meyer's conduct was unfair because it did not follow its own policies in constructively discharging plaintiff.

Fred Meyer contends that even if all of the above allegations are true, they fail to state a claim under a remaining cause of action for a breach of the implied covenant of good faith and fair dealing under Alaska state law. Accordingly, such evidence regarding these

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S RENEWED MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 7

SEADOCS:350335.1

contentions should be precluded, and if this is all plaintiff intends to present then her remaining claim should be dismissed.

### III.  DISCUSSION

#### A.  No claim because of alleged "sweetie"

The Court already decided this issue in its Order of October 5, 2007. (Doc. 127). This Court's Order stated:

> "[G]iven the previous dismissal of Plaintiff's discrimination and retaliation claims, Plaintiff cannot now argue violation of public policy as a separate recovery. . . . There also does not appear to be an explicit public policy in Alaska prohibiting an employer from discharging an at-will employee in order to replace her with someone else – even if motivated by a hoped-for romantic interest."

This was the correct ruling. The case law agrees. See Preston v. Wisconsin Health Fund, 397 F.3d 539, 541 (7th Cir. 2005). Plaintiff was aggrieved by this ruling and on the eve of trial asked for a continuance to certify this issue to the Alaska Supreme Court. But the Alaska Supreme Court declined to accept this issue for a ruling. We think the obvious reason is because this Court already had ruled correctly. Accordingly, it is the law of the case that an alleged romantic interest by plaintiff's supervisor in another woman is not a basis for a claim under the implied covenant of good faith and fair dealing and therefore alleged evidence of same should not be permitted to support the claim of a breach of the covenant of good faith and fair dealing.

If it is not a violation of public policy to prefer a "sweetie", Fred Meyer contends that there cannot be a "subjectively improper motive" in discharging plaintiff because of her supervisor's preference for a "sweetie". This simply cannot be "bad faith" as a matter of law. Fred Meyer respectfully disagrees with the contrary conclusion in the Court's most recent Order re Law of the Case (Document 163). What is the legally "bad faith" in such an alleged preference? There is none.

Plaintiff's motion *in limine* should be granted on this issue of no evidence re preference for a "sweetie."

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

### B. No claim for alleged breach of Fred Meyer policies.

As Fred Meyer previously set forth in its motion to exclude potential evidence at trial (Doc. 94), there is no claim that plaintiff's termination could only be "for cause." Therefore, no evidence should be permitted with regard to an implied contract; or that progressive discipline is part of an implied or just cause contract; or that other employees had experience in working with plaintiff in the apparel department; or co-worker contentions or opinions that Jaime San Miguel terminated plaintiff for reasons other than her job performance. This potential evidence is not relevant and it should be held as not admissible.

The allegation that it was "unfair" to terminate plaintiff by not following Fred Meyer policies does not fall within the possible claims under the covenant. Whether there are other "unfair" examples that fit within the covenant is a burden the plaintiff must carry initially. Defendant contends that even if we proceed on the theory that the three or four broad examples of covenant claims are not exclusive (although it is hard to visualize any claims that would not fit within them), plaintiff must present a prima facie case that, as a matter of law, satisfies this Court that it would fit within the Alaska Supreme Court's decisions. The jury should not be permitted to decide, without qualification or definition from this Court, that something is just "unfair" (as plaintiff alleges). This erodes the at-will doctrine and improperly permits the jury to act as a super personnel review board.

See also defendant's previous reply on its motion to exclude evidence (Doc. 106) noting that in the complaint there is no claim that plaintiff could be terminated only "for cause" and there was no "implied contract" claim. But as plaintiff's counsel disclosed during the pretrial conference, he wants to contend that Fred Meyer forced the plaintiff out because it was "unfair" and that Fred Meyer did not follow policies and procedures. This is not a claim properly based on the implied covenant of good faith and fair dealing. This is a claim for a breach of an implied contract which was not alleged in the lengthy complaint and evidence of which should be excluded.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

### C.   Objections to other evidence – exhibits and testimony

Based on prior statements by plaintiff, or her counsel, Fred Meyer believes plaintiff will try to present a claim other than that permitted by the limited cause of action for an alleged breach of the implied covenant of good faith and fair dealing.  Accordingly, we continue to raise objections to much of the proposed witness testimony and exhibits by plaintiff.

An action for breach of the implied covenant of good faith and fair dealing regarding the termination of an at-will employee is *limited*.  Luedtke v. Nabors Alaska Drilling, Inc., 768 P.2d 1123, 1130-31 (Alaska 1989).  Stated another way the "implied covenant [is] a narrow, judicially created exception to at-will employment." Miller v. Safeway, 170 P.3d 655 (Alaska 2007).

The Alaska Supreme Court has said there are two situations where a claim arises, with limiting bases:

(1)   Termination to deprive an employee of a benefit under the employment agreement, e.g., a promised share business profits (subjective bad faith); or

(2)   (a) Termination based on (a) unconstitutional grounds; or (b) in violation of public policy; or (c) different treatment from that for a similarly situated employee (objective bad faith).

Chijide v. Maniilaq, 972 P.2d 167, 172 (Alaska 1999).

These are the parameters.  Does some other fact pattern fit within?  Plaintiff must prove this to the Court before her claim proceeds to the jury.

The allegation that Fred Meyer was unhappy with plaintiff because she took an emergency leave has already been dismissed and does not state a claim.

### D.   Dismiss remaining covenant claim.

These claims as mentioned during the pretrial conference are the focus of plaintiff's case.  Therefore, not only should the Court restrict any evidence in support thereof but it

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

should dismiss plaintiff's claims before taking up the substantial time, effort and resources of the parties, the Court, and everyone else.

The closest Alaska case to plaintiff's present allegations is Ramsey v. City of Sand Point, 936 P.2d 126 (Alaska 1997). To avoid the broad contention by the former employee Ramsey that the decision to terminate him was just not "fair" (as Johnson alleges herein), the Alaska Supreme Court held that the plaintiff must prove she received "disparate treatment" compared to similarly situated employees. But when the plaintiff is employed at-will, the employer can terminate the employee without investigating or taking any further action. Ramsey. Plaintiff has no evidence of disparate treatment. And as the Court held in Ramsey, there is no legal right in an at-will relationship to expect compliance by the employer with any procedural or substantive policy. Accordingly, it is clear that if plaintiff Johnson herein seeks to bring in co-workers to testify about how hard she worked, or was trained, or a former supervisor who left Fred Meyer years before plaintiff severed her employment by walking off the job, this evidence is irrelevant and should be excluded. Juries do not have the authority to act as super personnel departments and review the wisdom or fairness of business judgments made by employers. Van Huff v. Sohio Alaska Petroleum Co., 835 P.2d 1181, 1183 (Alaska 1992).

## IV. CONCLUSION

The Court must be vigilant to ensure that the plaintiff's evidence has some relationship to her limited cause of action for an alleged breach of the implied covenant of good faith and fair dealing. From the representations made so far about plaintiff's case it is obvious that she broadly will contend the separation of her employment was just "unfair" because she was a long-time employee and it just was not "right" that she was counseled, and that her supervisor was not a nice guy. Such contentions fail to state a claim for a breach of the covenant. The evidence should be limited as set forth above. If this is the evidence

/ / /

/ / /

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

proposed by plaintiff the Court should grant defendant's motion to dismiss the remaining cause of action for alleged breach of the implied covenant of good faith and fair dealing.

DATED this 8th day of August, 2008.

> Respectfully submitted,
>
> MILLER NASH LLP
>
> s/ James R. Dickens
> Miller Nash LLP
> 4400 Two Union Square
> 601 Union Street
> Seattle, WA  98101-2352
> Phone:  (206) 622-8484
> Fax:  (206) 622-7485
> E-mail:  jim.dickens@millernash.com
> ABA No. 0610063
>
> GRUENSTEIN & HICKEY
>
> s/ Peter Gruenstein
> Gruenstein & Hickey
> Resolution Plaza
> 1029 W. 3rd Avenue, Suite 510
> Anchorage, AK  99501
> Phone:  (907) 258-4338
> Fax:  (907) 258-4350
> E-mail:  ghlaw@gci.net
> ABA No. 7910079
>
> Attorneys for Defendant

Certificate of Service

I hereby certify that on August 8, 2008,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S RENEWED MOTIONS IN LIMINE
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 7 of 7

SEADOCS:350335.1