IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>      Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC., a Delaware corporation,<br><br>      Defendant. | Case No. 1:04-cv-0008-RRB<br><br>**<u>ORDER RE RENEWED MOTIONS IN LIMINE AT DOCKET 165</u>** |

       Although the Plaintiff has yet to respond to Defendant's most recent pleading, the Court indicates its tentative views below.

       If Plaintiff succeeds in establishing that she was fired so that her supervisor could hire a woman with whom he had a hoped-for romantic interest, then Plaintiff may recover as a violation of the implied covenant of good faith and fair dealing because firing under these circumstances would be based on improper motives and bad faith as a matter of law. The Court believes that the Alaska Supreme Court would agree. This, therefore, is the law of the case. The so-called "sweetie rule" has never been recognized in Alaska or the Ninth Circuit and is not before this Court.

Defendant's unduly narrow construction of the covenant of good faith and fair dealing reduces the covenant to a mere tag along claim which could only exist alongside separate claims based on constitutional or statutory violations.  There is no authority for this narrow rendering.  The covenant of good faith and fair dealing is an independent cause of action and is often the only cause of action available to at-will employees.  Nevertheless, it "operates as a check on employers' traditional freedom to terminate at-will employment for any reason."  ERA Aviation, Inc. v. Seekins, 973 P.2d 1137, 1139 (Alaska 1999).

Defendant's motion to exclude evidence that Plaintiff was terminated so that her supervisor could replace her with a "pretty young single woman" is therefore **DENIED**.

The Court has already granted Defendant's motion to exclude any evidence or contention that Plaintiff could only be terminated "for cause."  See Docket 118, pp. 3-4 (Order of October 1, 2007).  This aspect of Defendant's motion is moot.

Defendant's motion to exclude any evidence or contention that Plaintiff had an implied contract with Fred Meyer based on the employee handbook or internal company standards is **GRANTED.**  This matter was addressed yesterday at Docket 163, p. 3, and in the

Court's order of October 1, 2007, at Docket 118, pp. 6-7.  The Court will not re-visit these rulings again.

    **IT IS SO ORDERED.**

    ENTERED this 8TH day of August, 2008.

                                                    _____
                                                  S/RALPH R. BEISTLINE
                                                  UNITED STATES DISTRICT JUDGE