IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

MYRNA I. JOHNSON,

       Plaintiff,

vs.

FRED MEYER STORES, INC., A
Delaware corporation,

       Defendant.

Case No. 1:04-cv-0008-RRB

**INSTRUCTIONS TO THE JURY**

**INSTRUCTION NO. 1**

Ladies and gentlemen: You are now the jury in this case and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.    Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

## INSTRUCTION NO. 2

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Myrna Johnson, the Plaintiff in this case, brings this lawsuit against Fred Meyer Stores, Inc., the Defendant. Plaintiff, a former employee in Fred Meyer's Juneau store, claims that she was wrongfully terminated/fired from her job with Fred Meyer. Plaintiff contends that her termination was in bad faith and based on improper motives. Plaintiff claims that Defendant's actions violated what is known in the law as the implied covenant of good faith and fair dealing.

Defendant denies this claim and contends that Plaintiff terminated/quit her employment when she walked out of a counseling session with her manager and the store director on March 18, 2002, after they allegedly advised her that such actions would be deemed a voluntary resignation per company policy. Further, Defendant contends that even if Plaintiff's departure is viewed as a discharge, it was not done for an improper motive or in violation of the implied covenant of good faith and fair dealing.

**INSTRUCTION NO. 3**

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits which are received into evidence; and

3.   any facts to which the lawyers have agreed.

## INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

(1) statements and arguments of the attorneys;

(2) questions and objections of the attorneys;

(3) testimony that I instruct you to disregard; and

(4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## INSTRUCTION NO. 5

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

### INSTRUCTION NO. 6

A fact may be proved by direct evidence, by circumstantial evidence, or both.

Direct evidence is given when a witness testifies of his own actual and personal knowledge of the facts in issue to be proved.

Circumstantial evidence is given when a witness testifies to facts from which the jury may infer other and connected facts which usually and reasonably follow from the facts testified to according to the common experience of mankind.

Let me give you an example.

If before you go to bed on a winter night, you look out your window and see it snowing and you reach out the window and feel it on your hand, you have personal knowledge that it is snowing.  This is direct evidence.

But, if when you go to sleep the sky and the ground are clear and when you later awaken and the ground is white and covered with snow, you conclude that it snowed even though you did not see the snow fall.  This is circumstantial evidence.

Neither type of evidence, that is neither direct nor circumstantial, is entitled to any greater weight than the other.

INSTRUCTION NO. 7

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

### INSTRUCTION NO. 9

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## INSTRUCTION NO. 10

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

## INSTRUCTION NO. 11

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room.  No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 12

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 13

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

## INSTRUCTION NO. 14

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

INSTRUCTION NO. 15

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

The instructions given to you at the beginning of the trial are still applicable and I will not take up your time reading them again. You will have the full set of the Court's instructions with you in the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**INSTRUCTION NO. 16**

Plaintiff was an "at-will employee" of Fred Meyer Stores, Inc.  As such, she could be terminated for any reason or for no reason, but she could not be terminated for an improper reason, i.e., for a reason that violates the implied covenant of good faith and fair dealing.

## INSTRUCTION NO. 17

An employer violates the covenant of good faith and fair dealing when it acts with improper motive or in bad faith.

It is a breach of the covenant of good faith and fair dealing if a supervisor terminates an employee for the purpose of hiring another employee for whom he had a hoped for romantic interest.

## INSTRUCTION NO. 18

The Defendant maintains that the Plaintiff resigned or quit and that she was not terminated.  If you find that the Plaintiff did resign or quit, then you must find for the Defendant unless she was "constructively discharged."

Where an employer makes working conditions so unpleasant or difficult as to be intolerable, such that a reasonable person in the employee's position would have felt compelled to resign, this resignation may be treated as a discharge.  This is known as "constructive discharge."

### INSTRUCTION NO. 19

An employer has the legal right to initiate a counseling session to criticize an employee's job performance so long as the counseling session is not a pretext for otherwise improper employer conduct.

An employer is entitled to make its own subjective personnel decisions and can counsel or terminate any employee for any reason that does not violate the Alaska law on the implied covenant of good faith and fair dealing.

The fact that the employee's feelings were hurt by legitimate criticism does not, standing alone, create intolerable work place conditions in support of a claim of constructive discharge.

**INSTRUCTION NO. 20**

All persons are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any other person.

## INSTRUCTION NO. 21

Under the law, a corporation is a person.  It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

## INSTRUCTION NO. 22

The evidence that Plaintiff was convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe Plaintiff, or how much weight to give to her testimony, but for no other purpose.

## INSTRUCTION NO. 23

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any economic losses you find she sustained that was caused by the defendant.

Your award must be based upon the evidence and not upon speculation, guesswork, or conjecture.

INSTRUCTION NO. 24

In determining the measure of damages, you should consider the reasonable value of wages, benefits, or employment opportunities plaintiff lost, if any, from the date her employment ended to the likely duration of her continued employment with Fred Meyer had she not left the company when she did.  This should be offset by any monies or benefits plaintiff actually received from other sources during this time frame.

**INSTRUCTION NO. 25**

The Plaintiff has the duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

The Defendant has the burden of proving by a preponderance of the evidence:

1.    That the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

Any monies or benefits Plaintiff should have received through reasonable efforts to mitigate should be offset against the value of any losses caused by Defendant.

INSTRUCTION NO. 26

The presentation of evidence is now complete. At this point in the trial, counsel have the right to argue the case to you. The arguments of counsel, based upon study and thought, may be, and usually are, distinctly helpful. However, it should be remembered that arguments of counsel are not evidence and cannot rightly be considered as such. It is your duty to give careful attention to the arguments of counsel, so far as the same are based upon the evidence which you have heard and the proper deductions therefrom, and the law as given to you by the Court in these instructions. But arguments of counsel, if they depart from the facts or from the law, should be disregarded. Counsel, although acting in the best of good faith, may be mistaken in their recollection of testimony given during the trial. You are the ones to finally determine what testimony was given in this case, as well as what conclusions of fact should be drawn from the testimony and other evidence.

## INSTRUCTION NO. 27

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 28

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 29

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## INSTRUCTION NO. 30

On the day you reach your verdict, if you should agree upon your verdict before 5:00 p.m., you should have your foreperson date and sign the verdict form unanimously agreed upon by your members and return it immediately into open court in the presence of the entire jury, together with any exhibits and these instructions.

In the event that you do not arrive at a verdict before 5:00 p.m., you may go to your homes or place of abode for the night, but you must return to the jury room to continue your deliberations at 9:00 a.m. the following morning.

ENTERED this 15 day of August, 2008.

*Redacted Signature*

RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE