James R. Dickens                                           Hon. Ralph R. Beistline
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

    Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>FRED MEYER STORES, INC., a Delaware corporation,<br><br>           Defendant. | Case No. 1J-04-008-CV (RRB) |

**DEFENDANT'S OPPOSITION TO PROPOSED JUDGMENT**

**I.  SUMMARY**

    Defendant Fred Meyer Stores, Inc., opposes the proposed judgment submitted on behalf of plaintiff Myrna I. Johnson.   The proposed judgment is premature because defendant has filed a motion to set aside the jury verdict; it is improper because it includes prejudgment interest; it is improper as to the rate of post-judgment interest; and it improperly awards undetermined costs and attorney fees on bases yet to be determined.  Accordingly, defendant asks that no judgment be entered until the Court rules upon the pending post-verdict motion.  If judgment is entered thereafter it must be consistent with the appropriate form of judgment, a copy of which is attached hereto as Exhibit 1.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

## II. DISCUSSION

1.    Premature to enter judgment.

Defendant filed a post-verdict motion on August 28, 2008, asking the Court to set aside the verdict and enter judgment in favor of defendant Fred Meyer. Until that motion is decided, entry of judgment is premature.

2.    No prejudgment interest.

Interest allowed on money judgments recovered in a civil case in federal district court is governed by 28 U.S.C. §1961. Under that statute, interest only begins "from the date of the entry of the judgment." Accordingly, prejudgment interest may not be recovered by plaintiff and should not be an element of the judgment.

3.    Appropriate interest is Treasury one year yield rate.

Per 28 U.S.C. §1961(a), the interest on the money judgment recovered in federal district court "shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield." This interest rate is published by the Board of Governors of the Federal Reserve System, and the appropriate interest rate is the interest calculated for the calendar week preceding the date of the judgment.

If judgment was entered as of August 29, 2008, then we look to the appropriate Treasury yield (as defined) for the week ending August 22, 2008, and that interest yield is 2.12%. Accordingly, if judgment was entered now it would be 2.12%. Plaintiff's proposed judgment interest rate of 7.75% per annum is inappropriate for a civil money judgment recovered in federal district court and should not be allowed.

4.    Costs.

Plaintiff may be able to recover certain statutory costs, but the proposed judgment she has submitted does not indicate the amount or the basis therefor, but only that she is permitted an award of costs in an amount to be later entered. Accordingly, other than the generic reference to recovery of "costs," until plaintiff files an appropriate application to tax costs in her favor, anything other than the general category of "costs" should not be noted on

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

the judgment form.  An award of costs is governed by Fed. R. Civ. P. 54(d)(1), and defendant is entitled to have notice of the proposed cost application and an opportunity to respond.  Plaintiff's proposed judgment is incorrect in providing for any award until subsequent application is made.

     5.    <u>Attorney fees</u>.

Defendant opposes any award of attorney fees to plaintiff.  Attorney fees are governed by Fed. R. Civ. P. 54(d)(2), requiring any claim for attorney fees to be made by motion within 14 days after entry of judgment and specifying the statute, rule or other grounds entitling the plaintiff to an award of attorney fees.  Defendant is entitled (and hereby so requests) an opportunity to respond to any request for attorney fees or costs.

Defendant Fred Meyer contends plaintiff is not entitled to any award of attorney fees.

## III.  CONCLUSION

The appropriate form of judgment is attached hereto as Exhibit 1.  Entering judgment now would be premature; there is no basis to award prejudgment interest; no basis to award post-judgment interest at any rate other than 2.12% or whatever the appropriate rate is if and when judgment is entered; and no basis on which plaintiff may recover attorney fees.

DATED this 29th day of August, 2008.

Respectfully submitted,

MILLER NASH LLP

s/ James R. Dickens
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone:  (206) 622-8484
Fax:  (206) 622-7485
E-mail:  jim.dickens@millernash.com
ABA No. 0610063

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

GRUENSTEIN & HICKEY

s/ Peter Gruenstein
Gruenstein & Hickey
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Phone:  (907) 258-4338
Fax:  (907) 258-4350
E-mail:  ghlaw@gci.net
ABA No. 7910079

Attorneys for Defendant

Certificate of Service

I hereby certify that on August 29, 2008,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484