Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff(s)

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON, ) | |
| ) Plaintiff, ) | |
| ) vs. ) | |
| ) FRED MEYER STORES, INC., ) | |
| ) Defendant. ) | J-04-008 CV (RRB) |
| ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT FRED MEYER'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant has requested that this Court disregard the jury verdict in this matter and enter judgment as a matter of law. In making this argument, Defendant recycles once again its legal arguments that have been considered and rejected by this Court repeatedly over the course of this litigation. This Court can summarily reject Defendant's improper attempt to reargue the law of the case and to mischaracterize the underlying evidence. Defendant's Motion for Judgment as a Matter of Law should be denied.

I.  <u>The Law Of The Case Is That Plaintiff Could Bring a Claim For Breach Of The Subjective Prong Of The Covenant Of Good Faith And Fair Dealing</u>.

This Court in its Order Re: Law of the Case at Docket 163 restated its prior finding(s) that Plaintiff could bring a claim for breach of the covenant of good faith and fair dealing on the subjective prong. Specifically, this Court held that an employer who terminates an

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

employee in order to replace her with someone whom he has a "hoped-for" romantic interest, has acted in bad faith. This was the Court's Order on the law of the case. This was the "Rule" given to the jury. The jury had no difficulty in concluding that this conduct occurred and that it was wrongful.

Defendant raises no new arguments on this decided legal issue. Neither the Court nor counsel for Plaintiff should have to repeat these arguments again. Counsel for the Defendant simply doesn't get it. He can make these arguments to the 9th Circuit. The record has been made *ad nauseum.* Nothing further needs to done by this Court other than to refer to its prior Order(s) and once again reject Defendant's claim that the firing of an employee under these circumstances is *not* in breach of the covenant of good faith and fair dealing.

II. <u>Defendant Has Always Had Notice That Plaintiff Claimed She Was Wrongfully Terminated Or Alternatively Constructively Discharged</u>.

Defendant's second argument has also been repeatedly rejected by this Court. Defendant argues that it had no notice that Plaintiff claimed she was wrongfully terminated. Instead, Defendant argues that it was only on notice of a "constructive discharge" claim. This argument is simply incorrect. A quick review of some of Defendant's own pleadings confirms that it has known and addressed the wrongful discharge claim *and* the alternative constructive discharge claim.

Defendant's Motion for Summary Judgment, filed on July 31, 2006 at Docket 45, described Plaintiff's claim for wrongful discharge as follows:

> "Plaintiff alleges in her complaint that the defendants breached a common law covenant 'by terminating plaintiff when she left work because she was emotionally distraught over defendant's unlawful discriminatory, harassing, and retaliatory conduct towards her…."[1]

---

[1] At page 25.

2 of 6
*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)  [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANT FRED MEYER'S MOTION FOR JUDGMENT AS A MATTER OF LAW
J-04-008 CV (RRB)

In Defendant's Motion to Dismiss, dated July 20, 2007 at Docket 86, Defendant recognized that Plaintiff had claims for both wrongful discharge and constructive discharge.

> "Consider the following necessary elements to the wrongful termination in breach of covenant claim. First, was there a termination? No, because plaintiff walked off the job when she knew that waling off the job would be considered *her* voluntary resignation. Second, even if there was a termination by Fred Meyer, was it "wrongful"?[2]

Defendant erroneously states that in Plaintiff's Trial Brief, filed September 17, 2007 at Docket 103, "the *only* theory of termination was constructive discharge."[3] However, if one looks at the Trial Brief, it is clear that Plaintiff claimed she was terminated from her employment and did not "voluntarily" walk-off. In that same brief, Plaintiff also advances the alternate theory of constructive discharge.[4]

Defendant's argument that it was surprised and unready for Plaintiff's wrongful discharge claim is simply belied by its own pleadings and even the most cursory review of the record. The Court should reject this argument was well.

### III. A Reasonable Jury Did Find that Plaintiff Was Terminated By The Actions Of Her Supervisor.

Defendant next argues that "no reasonable jury could find that plaintiff's supervisor terminated her to hire someone in whom he had a romantic interest." First, it is clear from the verdict in this matter that this is exactly what the jury found. Defendant then takes another tack in challenging the jury's findings. It argues that because Mr. San Miguel didn't have the authority to fire Plaintiff, the fact that she was fired by his supervisors, either Fred Sayre or Mary Lucas, insulates the Defendant from a finding of breach of the covenant of good faith and fair dealing.

---

[2] At page 5.
[3] Motion for Judgment as a Matter of Law at page. 8
[4] Plaintiff's Trial Brief at pp. 10-12.

3 of 6
*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB)   [23003].*
PLAINTIFF'S OPPOSITION TO DEFENDANT FRED MEYER'S MOTION FOR JUDGMENT AS A MATTER OF LAW
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

This argument fails for the obvious reason. Both Plaintiff *and* Defendant argued at trial that San Miguel was working within the course and scope of his employment and that his actions, if wrongful, could be imputed to the Defendant under the doctrine of *respondeat superior*. Defendant never disassociated or attempted to disassociate itself from Mr. San Miguel or his actions that led to the wrongful discharge of Plaintiff. Quite simply, Defendant never claimed that the master/servant doctrine should not apply. It is too late to do so now. The jury had more than enough evidence to conclude that San Miguel's conduct led to the termination of Plaintiff, irrespective of who actually approved her firing.

Finally, Defendant's citation to *Kouvchinov v. Parametric Technology Corp.,*[5] provides no assistance in this matter. *Kouvchinov* was an ERISA case involving the claim of tort damages from the wrongful denial of Short Term Disability (STD) benefits. It simply has no relevance to this action and does not stand for the proposition set forth by the Defendant.

IV.   <u>Counsel's Closing Was Proper And Caused No Prejudice</u>.

Defendant's remaining claim is that Plaintiff's counsel acted improperly in arguing that "Fred Meyer is a big company and has lots of money."[6] Any suggestion that Defendant is a "big company" with "lots of money" was not new information to the jury. The relative size of Defendant, its operations in multiple states with extensive infrastructure, training and procedures, was all testified to by witnesses at trial. Therefore, there can be no claim that merely describing Fred Meyer in that manner was prejudicial in itself.

More importantly, there was no request that Fred Meyer be punished or pay damages in excess of those incurred by Plaintiff because of its size or relative wealth. In fact, Plaintiff's damage claim was circumscribed by the dismissal of her tort claims. She could only ask for

---

[5] ___F.3d___, 2008 WL 3191283 (1st Cir.2008)

[6] Counsel has no recollection of making such a statement but does recall Defendant's counsel improperly arguing that Plaintiff's business closure was related to her felony charge – in explicit disregard of this Court's orders on that matter.

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

1  past and future economic loss.  It is apparent from the modest award in this matter that the jury
2  awarded Plaintiff every dollar of her past economic loss but absolutely none for the future.  For
3  these reasons, not only was there no request to penalize Defendant in this matter because of its
4  relative size or financial strength, it simply didn't happen.  Plaintiff's counsel's arguments were
5  appropriate and created no harm or prejudice to Defendant.

V. <u>Conclusion</u>.

Defendant Fred Meyer Stores, Inc.'s Motion for Judgment as a Matter of Law should be denied.  The Court correctly ruled on numerous occasions on the law of the case.  Defendant has always had notice that Plaintiff claimed she was wrongfully discharged and in the alternative, constructively discharged.  A reasonable jury could find that Jaime San Miguel's actions caused the termination of Plaintiff.  Finally, any comments at closing regarding the Defendant's size and relevant wealth were not intended to prejudice Defendant and did not do so.

DATED Monday, September 08, 2008, at Juneau, Alaska.

> Respectfully submitted,
> CHOATE LAW FIRM LLC
>
> s/*Mark Choate*
> _____
> MARK CHOATE
> 424 N. Franklin Street
> Juneau, AK 99801
> Phone: (907) 586-4490
> Fax: (907) 586-6633
> EM: lawyers@choatelawfirm.com
> AK Bar: 8011070
>
> Attorneys for Plaintiff(s)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

# **PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On September 8, 2008, I served the foregoing document described as PLAINTIFF'S OPPOSITION TO DEFENDANT FRED MEYER'S MOTION FOR JUDGMENT AS A MATTER OF LAW, on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyers
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyers
500 L Street, Suite 401
Anchorage, AK  99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By electronic service through the court of record's electronic service system,

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 8, 2008 at Juneau, Alaska.

s/*Mark Choate*

———————————————
CHOATE LAW FIRM, LLC

**CHOATE LAW FIRM LLC**
424 North Franklin Street
Juneau, Alaska  99801
(907) 586-4490