Mark Clayton Choate, Esq., AK #8011070
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (907) 586-6633

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT JUNEAU

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>FRED MEYER STORES, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  J-04-008 CV (RRB)<br>) |

### PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST

Plaintiff moves for an award of prejudgment interest pursuant to L.R. 58.1(d) and Alaska Stat. § 09.30.070.

I.  Relief Requested.

Plaintiff requests that the Court award prejudgment interest in the amount of $54,609.00 on the August 15, 2008 jury verdict of $208,000.00.

II.  Relevant Backround.

This case went to trial on Plaintiff's complaint that she was wrongfully discharged. The jury concluded that she was "terminated" from her employment in "bad faith" and awarded $208,000.00 in damages. For these reasons, Plaintiff was the "prevailing party" for purposes of awarding prejudgment interests, costs and attorneys' fees.[1]

---

[1] ARCP 82.

1 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)

III.     Applicable Law.

In diversity cases, state law must be applied in determining whether prejudgment interest should be awarded.[2]   In Alaska prejudgment interest is a substantive right of an injured party to allow that party to recover for economic loss occasioned by his inability to use the award of damages between the injury and judgment.[3]   Alaska law presumes that prejudgment interest will be awarded on verdicts for damages.[4]

The prejudgment interest rate is set by Alaska Stat. § 09.30.070 which provides that "the rate of interest on judgments and decrees for the payment of money, including prejudgment interest, is three percentage points above the 12th Federal Reserve District discount rate in effect on January 2 of the year in which the judgment or decree is entered..."

Prejudgment interest on awards entered in 2008 is set by the Court System pursuant to statute at 7.75%. The Alaska Court System website provides a simple way to determine how prejudgment interest is to be calculated.[5]

---

[2] *In re Exxon Valdez*, 484 F.3d 1098 (9th Cir. 2007) *See also: Commercial Union Ins. Co. v. Walbrook Ins. Co.*, (1st Cir. 1994) 41 F.3d 764, 774.

[3] *City and Borough of Juneau v. Commercial Union Ins. Co.*, 598 P.2d 957 at 959 (Alaska, 1979) citing *Davis v. Chism*, 513 P.2d 475, 480-81 (Alaska 1973); *State v. Phillips*, 470 P.2d 266 at 273-74 (Alaska, 1970).

[4] *Alaska Housing Finance Corp. v. Salvucci*, 950 P.2d 1116 at 1126 (Alaska, 1997)

[5] **How to Determine Pre- and Post- Judgment Interest Rates - 2008**
1.  Is there a contract that sets the interest rate? If not, go to #2
2.  Is there a statute other than AS 09.30.070 that sets the interest rate?[1] If not, go to #3
3.  When did the cause of action accrue?[2]

   a. Before August 7, 1997: Both the pre- and post- judgment interest rates are 10.5%[3]

   b. On or After August 7, 1997: Both pre- and post- judgment interest rates will be the interest rate for the year in which the judgment is entered.[4] **For judgments entered in 2008, this rate is 7.75%.**

http://www.state.ak.us/courts/int.htm

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

IV. <u>Argument</u>.

Plaintiff asked the jury to award her past damages calculated on the difference between her expected Fred Meyer earnings as compared to what she actually earned for 40 hours per week work between 2002 and 2008. She was earning approximately $40,000.00 per year at the time of her wrongful termination. She averaged $20,000.00 per year in earnings since her termination.[6] The difference between her Fred Meyer earnings as a First Assistant and her post-termination earnings was approximately $20,000.00 per year.

Plaintiff also argued that had she not been terminated, she would have been promoted from First Assistant to the Apparel Manager in approximately two years. Trial testimony was that the Apparel Manager earned approximately $57,500.00 per year. Plaintiff asked the jury in calculating her damages to award her the difference between the Apparel Manager's salary and her post-termination income for the time period after the jury determined she reasonably would have been promoted.

The jury award of $208,000.00 appears to have accepted Plaintiff's arguments in regards to damages, awarding $20,000.00 in 2002, $20,000.00 in 2003 and then, assumed a promotion in 2004 to Apparel Manager and awarded her the difference between the Manager's earnings and her actual earnings, rounded to $36,000.00 per year, from 2004 through August 2008.

The following table confirms that this is most likely how the jury reached its award:

|       | Actual Earnings | Expected    | Loss       | Jury Award (Estimate) |
|-------|-----------------|-------------|------------|-----------------------|
| 2001: | $39,739.93      | $39,739.93  | $00.00     | $00.00                |
| 2002: | $20,029.28      | $39,739.93  | $19,710.65 | $20,000.00            |

---

[6] With the exception of 2003 when she earned only $7,000.00 in unemployment income.

3 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

| | | | | |
|---|---|---|---|---|
| 2003: | $7,000.00 | $39,739.93 | $32,739.93[7] | $20,000.00 |
| 2004: | $20,000.00 | $57,500.00 | $37,500.00 | $36,000.00 |
| 2005: | $20,823.39 | $57,500.00 | $36,676.61 | $36,000.00 |
| 2006: | $20,640.00 | $57,500.00 | $36,860.00 | $36,000.00 |
| 2007: | $20,882.50 | $57,500.00 | $36,617.50 | $36,000.00 |
| 2008: | $13,466.25 | $38,666.00 | <u>$25,199.75</u> | <u>$24,000.00[8]</u> |
| TOTAL | | | $225,304.44 | $208,000.00 |

Because the jury's award was for Plaintiff's past economic losses, it is appropriate to award prejudgment interest on those sums. The accompanying letter from Dr. David Reaume, Ph.D., calculates prejudgment interest on Plaintiff's lost earnings based on the above table which most reasonably reflects the basis for the jury's award of $208,000. Dr. Reaume calculates that prejudgment interest on the jury award of $208,000.00 is $54,609.00.[9]

V. Conclusion.

As prevailing party, Plaintiff is entitled on the principal amount of $208,000.00 to an award of prejudgment interest in the amount of $54,609.00. This results in a total award of $262,609.00 before costs and attorney's fees. The Court should direct the Clerk of Court to add this prejudgment interest amount to the Judgment entered in this matter.

---

[7] Plaintiff was in the Philippines for the first 4 months of 2003 and as such, was unavailable to work for part of that year. The jury did not award her actual $32,739.93 in lost wages – but rather rounded to $20,000.00, the same as awarded in the previous year.

[8] The jury awarded 2/3rds of a year in lost wages (8 months out of 12) for 2008.

[9] Letter from Dr. David Reaume, Ph.D. (Attachment "A")

4 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

1   DATED Thursday, September 11, 2008, at Juneau, Alaska.

Respectfully submitted,

CHOATE LAW FIRM LLC

s/ Mark Choate

MARK CHOATE
AK Bar: 8011070

Attorneys for Plaintiff(s)

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

5 of 6

*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)

**PROOF OF SERVICE**

STATE OF ALASKA, FIRST JUDICIAL DISTRICT AT JUNEAU

I am employed in the City and Borough of Juneau, State of Alaska. I am over the age of 18 and not a party to the within action. My business address is 424 N. Franklin Street, Juneau, AK 99801.

On September 11, 2008, I served the foregoing document described as **PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST,** on the interested parties in this action by serving the original true copies, addressed as follows:

James Dickens
Miller Nash LLP
Attorney For: Fred Meyer Stores, Inc.
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352
Phone: (206) 622-8484
Fax: (206) 622-7485

Peter Gruenstein
Gruenstein & Hickey
Attorney For: Fred Meyer Stores, Inc.
500 L Street, Suite 401
Anchorage, AK 99501
Phone: (907) 258-4338
Fax: (907) 258-4350

☒ By electronic service through the court of record's electronic service system,

☐ (State) I declare under penalty of perjury under the laws of the State of Alaska that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 11, 2008 at Juneau, Alaska.

_____
CHOATE LAW FIRM, LLC

CHOATE LAW FIRM LLC
424 North Franklin Street
Juneau, Alaska 99801
(907) 586-4490

6 of 6
*Johnson, Myrna v. Fred Meyer (J-04-008 CV RRB) [23003].*
PLAINTIFF'S MOTION FOR AWARD OF PREJUDGMENT INTEREST
J-04-008 CV (RRB)