James R. Dickens
MILLER NASH LLP
4400 Two Union Square
601 Union Street
Seattle, WA  98101-2352
Telephone:  (206) 622-8484

Peter Gruenstein
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK  99501
Telephone:  (907) 258-4338

  Attorneys for Defendant

Hon. Ralph R. Beistline

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| MYRNA I. JOHNSON,<br><br>    Plaintiff,<br><br> v.<br><br>FRED MEYER STORES, INC., a Delaware corporation,<br><br>    Defendant. | Case No. 1J-04-008-CV (RRB) |

### DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW

### I. INTRODUCTION

On August 28, 2008, defendant Fred Meyer Stores, Inc. filed its Rule 50 post-trial motion.  Defendant's motion detailed three separate and independent bases for entering judgment in favor of Fred Meyer as a matter of law, notwithstanding the jury verdict.  The undisputed facts were set forth, and supporting cases and analysis were provided.

On September 8, 2008, plaintiff filed her opposition.  On the key issue of whether Jury Instruction No. 17 correctly stated Alaska law, plaintiff neither sought to distinguish the Alaska cases on which Fred Meyer relied, nor cited contrary Alaska authority, nor advanced any argument in support of her position.  This was consistent with plaintiff's position in

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 1 of 8

SEADOCS:356927.1

failing to address a key legal issue with analysis and case authority. Instead, all plaintiff contended was that the Court should refer to its prior orders, improperly placing the onus on the Court.

Defendant contends plaintiff's side-stepping and avoidance approach to the legal issue and authorities in defendant's motion is because plaintiff cannot justify the law as set forth in Jury Instruction No. 17. Similar limited and unsupported comments complete plaintiff's opposition to the other Rule 50 and new trial arguments submitted by defendant.

Plaintiff has presented no factual or legal bases justifying denial of Fred Meyer's motion for judgment as a matter of law. Defendant's motion should be granted.

## II.  ARGUMENT

### A.  Instruction No. 17 fails to state a claim under Alaska law.

Defendant Fred Meyer argued that Instruction No. 17 failed to state a claim under Alaska law. This was because there was no violation of public policy, as this Court agreed in its October 5, 2007, Order. Cases from other jurisdictions and the EEOC guidelines consistently have held that it is not unlawful to have preferential treatment for "a protégé, old friend, close relative, or love interest."

Defendant further argued that if it was not unlawful to favor a "hoped-for" love interest over another employee, as a matter of Alaska law there could not be a subjectively improper motive, i.e., bad faith, in doing so. Plaintiff did not respond to these legal arguments by citing Alaska cases supporting her position, or even making any argument in response. Plaintiff likely recognized she has no legal basis to oppose the motion, and elected to simply suggest the issue had been resolved.

Fed. R. Civ. P. 50 provides the parties the opportunity to evaluate the facts and law at trial after such matters have crystallized through the closing arguments and jury verdict. This rule permits further consideration because there are situations (and this case is one) where post-trial judgment as a matter of law is proper and should be granted.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 2 of 8

SEADOCS:356927.1

In preparing our Rule 50 motion, Fred Meyer analyzed *every* Alaska Supreme Court decision discussing the subjective prong of the covenant of good faith and fair dealing and when a claim might be pursued under it. We began with the first (and only) case finding a viable claim – *Mitford v. de Lasala*, 666 P.2d 1000, 1006 (Alaska 1983). It held that the employer's motive must have been *to deprive the employee of an economic benefit* in order to state a claim for breach of the covenant under the subjective prong. Plaintiff Johnson <u>never</u> provided any legal authority or argument suggesting any standard beyond this limited one requiring deprivation of an economic benefit before applying an analysis under the subjective prong. Fred Meyer contends that a decision to replace an employee with a hoped-for love interest is not bad faith as a matter of law as set forth in Instruction No. 17.

All subsequent Alaska cases since *Mitford* have continued to hold that unless there is a deprivation of an economic benefit, "the subjective element of the covenant is not implicated." *Ramsey v. City of Sand Point*, 936 P.2d 126, 133 (Alaska 1997). Plaintiff did not discuss nor distinguish *Ramsey*.

The Alaska cases further have held that there is no claim under the subjective prong based on a discharge for reasons unrelated to job performance, such as a personality dispute. *Era Aviation v. Seekins*, 973 P.2d 1137, 1141 (Alaska 1999). Again, plaintiff declined to distinguish or cite other Alaska authority to the contrary.

The only reasonable conclusion from plaintiff's non-response on the issue of whether Instruction No. 17 was a correct statement of the law is that she has no Alaska cases in support of her position. We agree – there are none.

It was error to instruct the jury in Instruction No. 17 that as a matter of law it was bad faith if plaintiff's supervisor terminated her in order to replace her with a hoped-for romantic interest. The jury verdict should be set aside and per Fed. R. Civ. P. 50 judgment should be entered in favor of defendant Fred Meyer Stores, Inc.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 3 of 8

SEADOCS:356927.1

### B. Only claim at trial was constructive discharge.

Plaintiff misstates her position in prior pleadings two or three years ago, and fails to address defendant's argument that at trial the only claim was constructive discharge. Both cites by plaintiff to defendant's pleadings in 2006 and 2007 reference only plaintiff's claim of "constructive discharge." (A claim of "wrongful discharge" may be because of either direct termination or "constructive discharge," so reference to "wrongful discharge" does not equate to a claim of direct termination.)

Plaintiff does not dispute that *constructive discharge* was the only theory in the following pretrial pleading submitted in September 2007 and as discussed at trial:

1. Plaintiff's jury instructions (see No. 2)
2. Plaintiff's trial brief (see pp. 11-15)
3. Defendant's jury instructions (see No. 10)
4. Defendant's trial brief (see pp. 7-10)[1]
5. The Court's proposed jury instructions distributed at the pretrial conference on August 7, 2008 (proposed Instruction E)
6. The advance summary given to the jury prior to *voir dire*
7. The Court's revised instruction given to counsel and discussed on the second day of trial, August 12, 2008.

Constructive discharge was the only theory plaintiff alleged at trial before the close of her case and defendant's motion to dismiss. Plaintiff did not identify a jury instruction on a direct termination claim in her opposition memorandum because there was none.

Fred Meyer contends that the jury never should have been given the option to decide whether plaintiff was directly terminated by Fred Meyer, rather than constructively discharged. Therefore, as the jury did <u>not</u> find that plaintiff was constructively discharged, there is no legal basis for a conclusion of wrongful discharge in bad faith contrary to the

---

[1] "Fred Meyer did not affirmatively discharge plaintiff. Therefore, she must prove that she was constructively discharged by Fred Meyer. Constructive discharge is not an independent cause of action, but merely satisfies the discharge element in a claim of wrongful discharge." Trial Brief of Defendants at 7.

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 4 of 8

SEADOCS:356927.1

covenant. The jury verdict should be set aside and judgment should be entered in favor of defendant Fred Meyer on this alternative basis.

### C.      Plaintiff's supervisor did not terminate her.

Plaintiff's response makes no sense – legally or factually – on the issue of whether a reasonable jury could have found that consistent with Instruction No. 17 plaintiff's supervisor (Jaime San Miguel) "terminated her to hire someone in whom he had a romantic interest."

Plaintiff suggests that (a) even though Mr. San Miguel had no authority to terminate plaintiff; (b) even though Mr. San Miguel did not suggest or request of Mr. Sayre that plaintiff be terminated; (c) even though Mr. Sayre and Ms. Hill had no clue that Mr. San Miguel (allegedly) was interested in replacing plaintiff with another woman; and (d) even though Ms. Hill knew only that plaintiff walked out of a counseling session, somehow Fred Meyer still is liable to plaintiff for "bad faith" termination. This is not the law and this is not consistent with what the jury had to conclude under Instruction No. 17 to find for plaintiff.

"Bad faith" requires bad intent by the *decision-maker*. In our case the decision-maker who terminated plaintiff was Mary Lucas Hill and she knew only that plaintiff walked off the job. Ms. Hill did not have "bad intent" based on what she knew when she processed the termination documents. Perhaps her perception was incorrect, but that still does not lead to a finding of "bad faith." The cite to *Kouvchinov v. Parametric Technology Corp.*, ____ F.3d ____, 2008 WL 3191283 (1st Cir. 2008), was to illustrate that *only the mindset of the decision-maker*, Ms. Hill, was at issue on the analysis of "bad faith," and there is no evidence that she had "bad faith" required in Instruction No. 17.

Instruction No. 17 required that plaintiff be "terminated" by her supervisor, Mr. San Miguel. Fred Meyer may be liable for actions by Mr. San Miguel, but it is not liable for actions he never took, including a termination he never had the authority to make, nor which he recommended, nor which he made. The jury verdict should be set aside and judgment entered for Fred Meyer because no reasonable jury could have found that plaintiff's

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 5 of 8

SEADOCS:356927.1

"supervisor," Mr. San Miguel, "terminated" her in order to replace her with a hoped-for romantic interest.

### D. The comments by plaintiff's counsel in closing were improper.

Plaintiff's counsel is a very experienced trial attorney. He certainly knows that it is black letter law that the ability (or inability) of a party to pay a judgment is a prohibited subject in arguing to the jury. This is because it is improper to appeal to the sympathy, passion, or prejudice of the jury, and this includes the impropriety of arguing the wealth of the defendant to pay a judgment.

Plaintiff's counsel contends when he argued to the jury in his rebuttal that "Fred Meyer is a big company and has lots of money" (and therefore, implicitly, can pay a "big judgment"), this was proper because these are just facts and "not new information to the jury," so it was not "prejudicial" to Fred Meyer.

A lot of information is "just facts," but that does not make it either admissible or the proper subject of closing argument. Otherwise, a defendant could argue that it cannot afford to pay, or the plaintiff does not need the money because she is rich, etc. But the jury must resolve the case based solely on the evidence and the law, and not on the basis of an appeal by plaintiff's counsel to help the "poor" plaintiff because the "wealthy" corporation can pay her money.

Contrary to plaintiff's comment about the size of the jury verdict, the evidence demonstrated that plaintiff had earned more money between the date she left Fred Meyer and trial than she would have earned if she had worked at Fred Meyer during that same time frame, and she was projected to make more money in the future at U-Haul than she was earning at Fred Meyer at the time her employment ended. The jury verdict was tainted by the improper urging of plaintiff's counsel to make an award because "Fred Meyer was a big company with lots of money."

Plaintiff's counsel cleverly made his improper arguments to the jury at the very end of his closing rebuttal, thus seeking to take advantage of the principle of "last heard, longest

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 6 of 8

SEADOCS:356927.1

remembered." This demonstrates an intent to improperly appeal to the jury by emphasizing this point at the end of his argument.

Fred Meyer urges the Court to find as a matter of law in its favor on any of the alternate reasons set forth above. However, if this is not done, at a minimum a new trial should be directed because of the improper comments by plaintiff's counsel in closing.

### III. CONCLUSION

The Court should grant defendant Fred Meyer's motion for judgment as a matter of law.

DATED this 12th day of September, 2008.

          Respectfully submitted,

          MILLER NASH LLP

          s/ James R. Dickens
          Miller Nash LLP
          4400 Two Union Square
          601 Union Street
          Seattle, WA  98101-2352
          Phone:  (206) 622-8484
          Fax:  (206) 622-7485
          E-mail:  jim.dickens@millernash.com
          ABA No. 0610063

          GRUENSTEIN & HICKEY

          s/ Peter Gruenstein
          Gruenstein & Hickey
          Resolution Plaza
          1029 W. 3rd Avenue, Suite 510
          Anchorage, AK  99501
          Phone:  (907) 258-4338
          Fax:  (907) 258-4350
          E-mail:  ghlaw@gci.net
          ABA No. 7910079

          Attorneys for Defendant

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

Certificate of Service

I hereby certify that on September 12, 2008,
a copy of the foregoing was served
electronically on:

Mark Choate
lawyers@choatelawfirm.com

s/ James R. Dickens

MILLER NASH LLP
ATTORNEYS AT LAW
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WA 98101-2352
TELEPHONE (206) 622-8484

DEFENDANT FRED MEYER'S REPLY BRIEF ON MOTION FOR JUDGMENT AS A MATTER OF LAW
Johnson v. Fred Meyer
Case No. 1J-04-008-CV
Page 8 of 8

SEADOCS:356927.1